# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

Debtor,

Highland Capital Management, L.P.,

Appellee,

v.

NexPoint Asset Management, L.P., formerly known as Highland Capital Management Fund Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Real Estate Partners, L.L.C., formerly known as HCRE Partners L.L.C.; Highland Capital Management Services, Incorporated; James Dondero,

Appellants.

_____

In the Matter of: Highland Capital Management, L.P.,

Debtor,

James D. Dondero,

Appellant,

v.

Highland Capital Management, L.P.,

Appellee.

Appeal from the United States District Court for the
Northern District of Texas, the Honorable Brantley Starr
Civ. Act. No. 3:21-cv-00881-X

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

Debtor,

Highland Capital Management, L.P.,

Appellee,

v.

NexPoint Asset Management, L.P., formerly known as Highland
Capital Management Fund Advisors, L.P.,

Appellant.

Appeal from the United States District Court for the
Northern District of Texas, the Honorable Brantley Starr
Civ. Act. No. 3:21-cv-00881-X

## APPELLANTS' RECORD EXCERPTS

Deborah Deitsch-Perez, Esq.
Michael Aigen, Esq.
**STINSON LLP**
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
**ATTORNEYS FOR APPELLANTS**

Davor Rukavina
Julian P. Vasek
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
**ATTORNEYS FOR APPELLANTS
NEXPOINT ASSET MANAGEMENT,
L.P. (F/K/A HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS,
L.P.) and NEXPOINT ADVISORS, L.P.**

# TABLE OF CONTENTS

| Tab | Date | Description | ROA Cite |
|-----|------|-------------|----------|
| 1. | Original Record | Docket Sheet (21-00881) | 1-24 |
| 2. | Original Record | Docket Sheet (21-00880) | 11793-11800 |
| 3. | Original Record | Docket Sheet (21-01010) | 13321-13327 |
| 4. | Original Record | Docket Sheet (21-01378) | 17519-17527 |
| 5. | Original Record | Docket Sheet (21-01379) | 18215-18222 |
| 6. | Original Record | Docket Sheet (21-03160) | 18888-18890 |
| 7. | Original Record | Docket Sheet (21-03179) | 18956-18958 |
| 8. | Original Record | Docket Sheet (21-03207) | 19038-19041 |
| 9. | Original Record | Docket Sheet (21-03162) | 19110-19113 |
| 10. | Original Record | Docket Sheet (22-00789) | 19179-19181 |
| 11. | Supp. Record | Updated Docket Sheet (21-00881) | 19212-19241 |
| 12. | Supp. Record | Supplemental Record Designations (Bankruptcy Court) | 28289-28354 |
| **Notices of Appeal** | | | |
| 13. | 9/1/23 | NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) Notice of Appeal (21-00881, Dkt. 154) | 11688-11690 |
| 14. | 9/1/23 | NexPoint Advisors L.P. Notice of Appeal (21-00881, Dkt. 155) | 11691-11693 |
| 15. | 9/1/23 | NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) Notice of Appeal (21-00881, Dkt. 156) | 11694-11696 |
| 16. | 9/1/23 | Highland Capital Management Services, Inc. Notice of Appeal (21-00881, Dkt. 157) | 11697-11699 |

1

| Tab | Date | Description | ROA Cite |
|---|---|---|---|
| 17. | 9/1/23 | James Dondero Notice of Appeal (21-00881, Dkt. 158) | 11700-11702 |
| **Orders/Judgments Appealed** | | | |
| 18. | 8/3/23 | Amended Final Judgment against NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) (21-00881, Dkt. 144) | 11635-11637 |
| 19. | 8/3/23 | Amended Final Judgment against NexPoint Advisors, L.P. (21-00881, Dkt. 145) | 11638-11640 |
| 20. | 8/3/23 | Amended Final Judgment against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) (21-00881, Dkt. 146) | 11641-11645 |
| 21. | 8/3/23 | Amended Final Judgment against Highland Capital Management Services, Inc. (21-00881, Dkt. 147) | 11646-11650 |
| 22. | 8/3/23 | Amended Final Judgment against James Dondero (21-00881, Dkt. 148) | 11651-11654 |
| 23. | 7/6/23 | Electronic Order (21-00881, Dkt. 129) | 19232 |
| 23. | 7/6/23 | Electronic Order (21-00881, Dkt. 131) | 19232 |
| 23. | 7/6/23 | Electronic Order (21-00881, Dkt. 135) | 19232 |
| **Other Orders or Rulings Sought to be Reviewed** | | | |
| 24. | 7/6/23 | Order Adopting Report and Recommendation and Final Judgment (21-00881, Dkt. 133) | 8491-8493 |
| 25. | 7/6/23 | Order Adopting Report and Recommendation and Final Judgment (21-00881, Dkt. 128) | 8482-8490 |
| 26. | 7/6/23 | Order Adopting Report and Recommendation (21-00881, Dkt. 127) | 8480-8481 |
| **Supporting Opinions, Findings of Fact, Conclusions of Law, or Transcript Pages of Orders Delivered Orally** | | | |
| 27. | 1/17/23 | Supplement to the October 12, 2022 Report and Recommendation: Regarding Attorneys' Fees and Transmitting Proposed Form of Judgment (21-00881, Dkt. 97-1) | 8212-8237 |
| 28. | 11/10/22 | Supplement to Report and Recommendation dated July 19, 2022 Transmitting Proposed Forms of Judgment (21-00881, Dkt. 89-1) | 7961-7993 |

CORE/3522697.0002/187736827.4

| Tab | Date | Description | ROA Cite |
|---|---|---|---|
| 29. | 11/10/22 | Supplement to Report and Recommendation dated July 19, 2022 Transmitting Proposed Forms of Judgment (21-00881, Dkts. 83-1) [also filed at Dkts. 80-82] | 7848-7880 |
| 30. | 10/11/22 | Report and Recommendation regarding Highland Capital Management, L.P.'s Motion for Summary Judgment against Highland Capital Management Fund Advisors, L.P. (21-00881, Dkt. 71-1) | 7605-7654 |
| 31. | 7/19/22 | Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment against All Five Note Maker Defendants (with Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions (21-00881, Dkt. 50-1) [also filed at Dkts. 90-93] | 7204-7248 |
| 32. | 9/14/21 | Order [adopting Report and Recommendation at Dkt. 2-1] (21-00881, Dkt. 14) | 471-472 |
| 33. | 7/8/21 | Report and Recommendation to District Court Proposing that It: (A) Grant Defendant's Motion to Withdraw the Reference at Such Time as Bankruptcy Court Certifies that Action is Trial Ready; and (B) Defer Pretrial Matters to Bankruptcy Court (21-00881, Dkt. 2-1) | 277-288 |
| **Optional Contents** | | | |
| 34. | 1/19/22 | Declaration of James Dondero | 43800-43805 |
| 35. | 1/20/22 | Declaration of James Dondero | 74580-74601 |
| 36. | 6/30/22 | Declaration of James Dondero | 74880-74890 |

Respectfully submitted this 11th day of March, 2024,

CORE/3522697.0002/187736827.4

By: */s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez, Esq.
Michael Aigen, Esq.
**STINSON LLP**
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

Davor Rukavina
Julian P. Vasek
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile

**ATTORNEYS FOR APPELLANTS**

CORE/3522697.0002/187736827.4

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, the foregoing Motion was electronically filed using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

By: */s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

CORE/3522697.0002/187736827.4

# TAB 1
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00881-X

| | |
|---|---|
| Highland Capital Management LP et al v. NexPoint Asset Management LP | Date Filed: 04/18/2021 |
| Assigned to: Judge Brantley Starr | Jury Demand: None |
| Case in other court:  BK Court 19-34054-sgj11, Adversary, 21-03004-sgj | Nature of Suit: 423 Bankruptcy: Withdrawal 28 USC 157 |
| USCA5, 23-10911 | Jurisdiction: Federal Question |

Cause: 28:0157 Motion for Withdrawal of Reference

**Debtor**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Melissa S Hayward** |
| | | Hayward PLLC |
| | | 10501 N Central Expressway, Suite 106 |
| | | Dallas, TX 75231 |
| | | 972-755-7100 |
| | | Fax: 972-755-7104 |
| | | Email: mhayward@haywardfirm.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |

**Plaintiff**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Zachery Z Annable** |
| | | Hayward PLLC |
| | | 10501 N Central Expressway, Suite 106 |
| | | Dallas, TX 75231 |
| | | 972-755-7108 |
| | | Fax: 972-755-7110 |
| | | Email: zannable@haywardfirm.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **Gregory V Demo** |
| | | Pachulski Stang Ziehl & Jones LLP |
| | | 780 Third Avenue, 34th Floor |
| | | New York, NY 10017 |
| | | 212-561-7700 |
| | | Fax: 212-561-7777 |
| | | Email: gdemo@pszjlaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Not Admitted* |
| | | |
| | | **Hayley R Winograd** |
| | | Pachulski Stang Ziehl & Jones LLP |
| | | 780 Third Avenue, 34th Floor |

New York, NY 10017
212-561-7732
Email: hayleywinograd@gmail.com
*Bar Status: Not Admitted*

**Ira D Kharasch**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-277-6910
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Suite 34th Floor
New York, NY 10017
212-561-7760
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jordan A Kroop**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Suite 34th Floor
New York, NY 10017-2024
212-561-7700
Fax: 212-561-7777
Email: Jkroop@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Melissa S Hayward**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Consol Defendant**

**NexPoint Asset Management LP**
*formerly known as*
Highland Capital Management Fund
Advisors LP

represented by **Davor Rukavina**
Munsch Hardt Kopf & Harr PC
500 N Akard St
Ste 3800
Dallas, TX 75201
214-855-7587
Email: drukavina@munsch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
Munsch Hardt Kopf & Harr PC
500 N. Akard St
Suite 3800
Dallas, TX 75201
214-855-7500
Fax: 214-855-7584
Email: jvasek@munsch.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**Nextpoint Real Estate Partners LLC**
*formerly known as*
HCRE Partners LLC

represented by **Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lauren Kessler Drawhorn**
Wick Phillips Gould & Martin LLP
100 Throckmorton Street
Suite 1500
Fort Worth, TX 76102

817-332-7788
Fax: 817-332-7789
Email: lauren.drawhorn@wickphillips.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**NexPoint Advisors LP**                    represented by    **Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**Highland Capital Management Services Inc**    represented by    **Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lauren Kessler Drawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**James Dondero**                    represented by    **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bryan Christopher Assink**
Bonds Ellis Eppich Schafer Jones LLP

420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
Email: bryan.assink@bondsellis.com
*TERMINATED: 08/17/2022*
*Bar Status: Admitted/In Good Standing*

**Clay M Taylor**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton
Suite 1000
Fort Worth, TX 76102
817-779-4300
Email: clay.taylor@bondsellis.com
*TERMINATED: 08/17/2022*
*Bar Status: Admitted/In Good Standing*

**D Michael Lynn**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**Nancy Dondero**                    represented by **Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**The Dugaboy Investment Trust**                 represented by   **Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Douglas Draper**
Heller, Draper & Horn, L.L.C.
650 Poydras Street
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: ddraper@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Greta M Brouphy**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, TX 70130
504-299-3300
*Bar Status: Not Admitted*

**Julian Preston Vasek**
(See above for address)

*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Leslie A Collins**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: lcollins@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Highland Capital Management Fund Advisors LP**
*TERMINATED: 07/06/2023*

represented by **Davor Rukavina**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Consol Defendant**

**HCRE Partners LLC**
*n/k/a NexPoint Real Estate Partners LLC*
*TERMINATED: 07/06/2023*

represented by **Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lauren Kessler Drawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)

**Bankruptcy Judge**

Stacey G Jernigan             represented by   **Stacey G Jernigan**
                                  US Bankruptcy Court
                                  Chambers of Judge Stacey G C Jernigan
                                  1100 Commerce St
                                  Room 1254
                                  Dallas, TX 75242-1496
                                  214-753-2040
                                  Email: sgj_settings@txnb.uscourts.gov
                                  PRO SE

V.

**Notice Only**

Case Admin Sup             represented by   **Case Admin Sup**
                                    Email: txnb_appeals@txnb.uscourts.gov
                                    PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2021 | 1 (p.25) | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 21-3004 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.25) Motion to withdraw the reference, # 2 (p.276) Brief in Support of Motion, # 3 (p.289) Appendix in Support) (Whitaker - TXNB, Sheniqua) (Entered: 04/18/2021) |
| 04/18/2021 | | New Case Notes: A filing fee has been paid. (mjr) (Entered: 04/19/2021) |
| 07/09/2021 | 2 (p.276) | NOTICE of Report and Recommendation in re: Motion to withdraw the reference filed by Case Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 07/09/2021) |
| 07/16/2021 | 3 (p.289) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12058091) filed by Highland Capital Management LP (Attachments: # 1 (p.25) Certificate of Good Standing)Attorney Jeffrey N Pomerantz added to party Highland Capital Management LP(pty:dbpos) (Pomerantz, Jeffrey) (Entered: 07/16/2021) |
| 07/19/2021 | 4 | ELECTRONIC ORDER granting 3 (p.289) Application for Admission Pro Hac Vice of Jeffrey N. Pomerantz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 7/19/2021) (chmb) (Entered: 07/19/2021) |

| | | |
|---|---|---|
| 07/22/2021 | 5 (p.295) | Limited OBJECTION filed by Highland Capital Management Fund Advisors LP re: 2 (p.276) NOTICE of Report and Recommendation. (Attachments: # 1 (p.25) Appendix) (Vasek, Julian) Modified text on 7/23/2021 (mjr). (Entered: 07/22/2021) |
| 07/28/2021 | 6 (p.438) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12093578) filed by Highland Capital Management LP (Attachments: # 1 (p.25) Certificate of Good Standing)Attorney Gregory V Demo added to party Highland Capital Management LP(pty:dbpos) (Demo, Gregory) (Entered: 07/28/2021) |
| 07/29/2021 | 7 | ELECTRONIC ORDER granting 6 (p.438) Application for Admission Pro Hac Vice of Gregory V. Demo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 7/29/2021) (chmb) (Entered: 07/29/2021) |
| 07/30/2021 | 8 (p.444) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12099438) filed by Highland Capital Management LP (Attachments: # 1 (p.25) Certificate of Good Standing)Attorney John A Morris added to party Highland Capital Management LP(pty:dbpos) (Morris, John) (Entered: 07/30/2021) |
| 08/05/2021 | 9 (p.450) | REPLY filed by Highland Capital Management LP re: 5 (p.295) Limited OBJECTION. (Annable, Zachery) Modified text on 8/6/2021 (mjr). (Entered: 08/05/2021) |
| 08/06/2021 | 10 (p.458) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP. (Annable, Zachery) (Entered: 08/06/2021) |
| 08/06/2021 | 11 | ***DISREGARD, FILED IN WRONG CASE*** CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP. (Annable, Zachery) Docket text modified on 8/6/2021 (twd). (Entered: 08/06/2021) |
| 08/06/2021 | 12 (p.461) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 9 (p.450) Reply (Annable, Zachery) (Entered: 08/06/2021) |
| 08/12/2021 | 13 (p.466) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 10 (p.458) Cert. Of Interested Persons/Disclosure Statement (Annable, Zachery) (Entered: 08/12/2021) |
| 09/14/2021 | 14 (p.471) | Order Accepting 2 (p.276) - 1 Report and Recommendation. This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court's concludes this case is ready for trial, that Court should notify this Court, and this Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 9/14/2021) (jmg) (Entered: 09/14/2021) |
| 09/15/2021 | 15 | ELECTRONIC ORDER granting 8 (p.444) Application for Admission Pro Hac Vice of John A. Morris. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 9/15/2021) (chmb) (Entered: 09/15/2021) |
| 12/11/2021 | 16 (p.473) | MOTION to Consolidate Cases filed by Highland Capital Management Fund Advisors LP (Attachments: # 1 (p.25) Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party Highland Capital Management Fund Advisors |

| | | |
|---|---|---|
| | | LP(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 17 (p.483) | Brief/Memorandum in Support filed by Highland Capital Management Fund Advisors LP re 16 (p.473) MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 18 (p.491) | Appendix in Support filed by Highland Capital Management Fund Advisors LP re 17 (p.483) Brief/Memorandum in Support of Motion. (Attachments: # 1 (p.25) Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/13/2021 | 19 (p.504) | NOTICE of *First Motion to Consolidate Notes Actions* re: 16 (p.473) MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 (p.25) Exhibit(s) A, # 2 (p.276) Exhibit(s) B, # 3 (p.289) Exhibit(s) C) (Annable, Zachery) (Entered: 12/13/2021) |
| 12/17/2021 | 20 (p.555) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 19 (p.504) Notice (Other) (Annable, Zachery) (Entered: 12/17/2021) |
| 12/27/2021 | 21 (p.560) | NOTICE of *Objection to Plaintiff's Motion to Consolidate* re: 19 (p.504) Notice (Other) filed by Highland Capital Management Fund Advisors LP (Attachments: # 1 (p.25) Exhibit(s)) (Vasek, Julian) (Entered: 12/27/2021) |
| 12/27/2021 | 22 | RESPONSE filed by Highland Capital Management LP re: 16 (p.473) MOTION to Consolidate Cases (Annable, Zachery) (Entered: 12/27/2021) |
| 12/30/2021 | 23 (p.573) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 22 Response/Objection (Annable, Zachery) (Entered: 12/30/2021) |
| 01/06/2022 | 24 (p.578) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. NexPoint Advisors LP, James Dondero, Nancy Dondero, The Dugaboy Investment Trust, Highland Capital Management Services Inc and HCRE Partners LLC added to case pursuant to consolidation. Attorneys Deborah Rose Deitsch-Perez, Michael P Aigen, Lauren Kessler Drawhorn, Davor Rukavina, Julian Preston Vasek, Daniel P Elms, Bryan Christopher Assink, Clay M Taylor, D Michael Lynn, Douglas Draper, Greta M Brouphy, Leslie A Collins added to case pursuant to consolidation. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/12/2022 | 25 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard motion-response-reply deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |
| 01/12/2022 | 26 (p.581) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 24 (p.578) Order Consolidating Cases (Annable, Zachery) (Entered: 01/12/2022) |
| 01/14/2022 | 27 (p.586) | |

| | | |
|---|---|---|
| | | MOTION for Ruling on Pending Objections in Administratively Closed Consolidated Cases filed by NexPoint Advisors LP with Brief/Memorandum in Support. (Attachments: # 1 (p.25) NexPoint Objection, # 2 (p.276) Brief, # 3 (p.289) Appendix, # 4 HCRE Objection, # 5 (p.295) HCMS Objection, # 6 (p.438) Proposed Order) (Vasek, Julian) (Entered: 01/14/2022) |
| 01/14/2022 | 28 (p.1526) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jordan A. Kroop (Filing fee $100; Receipt number 0539-12527117) filed by Highland Capital Management LP (Attachments: # 1 (p.25) Certificate of Good Standing) (Hayward, Melissa) (Entered: 01/14/2022) |
| 01/18/2022 | 29 | ELECTRONIC ORDER granting 28 (p.1526) Application for Admission Pro Hac Vice of Jordan A. Kroop. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 1/18/2022) (chmb) (Entered: 01/18/2022) |
| 01/20/2022 | 30 (p.1533) | ORDER GRANTING CONSTRUED AGREED MOTION TO CONSOLIDATE THE NOTE CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Attorney Michael P Aigen for Nancy Dondero added to case pursuant to consolidation. The Court STAYS the consolidated appellate proceedings of the Note Cases (No. 3:21-cv-881) and ORDERS the parties to comply with their agreement to forego action in this Courtincluding briefinguntil the Bankruptcy Court has entered its order on the motion for summary judgment. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |
| 01/20/2022 | | Case Stayed per 30 (p.1533) Order. (mjr) (Entered: 01/21/2022) |
| 01/21/2022 | 31 (p.1536) | MOTION Defendant James Dondero's Motion for Entry of an Order on Pending Motion filed by James Dondero (Deitsch-Perez, Deborah) (Entered: 01/21/2022) |
| 01/24/2022 | 32 (p.1539) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Hayley R. Winograd (Filing fee $100; Receipt number 0539-12544805) filed by Highland Capital Management LP (Attachments: # 1 (p.25) Certificate of Good Standing)Attorney Melissa S Hayward added to party Highland Capital Management LP(pty:dbpos) (Hayward, Melissa) (Entered: 01/24/2022) |
| 01/26/2022 | 33 | ELECTRONIC ORDER granting 32 (p.1539) Application for Admission Pro Hac Vice of Hayley R. Winograd. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 1/26/2022) (chmb) (Entered: 01/26/2022) |
| 01/27/2022 | 34 (p.1544) | OBJECTION filed by Highland Capital Management Fund Advisors LP *to Bankruptcy Court's Order Denying Motion to Amend Answer*. (Attachments: # 1 (p.25) Proposed Order) (Vasek, Julian) Modified event on 1/28/2022 (mla). (Entered: 01/27/2022) |
| 01/27/2022 | 35 (p.1549) | Brief/Memorandum in Support filed by Highland Capital Management Fund Advisors LP re 34 (p.1544) MOTION for Reconsideration *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer* (Vasek, Julian) (Entered: 01/27/2022) |
| 01/27/2022 | 36 (p.1574) | Appendix in Support filed by Highland Capital Management Fund Advisors LP re 34 (p.1544) MOTION for Reconsideration *Objection to Bankruptcy Court's Order* |

| | | |
|---|---|---|
| | | *Denying Motion to Amend Answer*, 35 (p.1549) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.25) Part 2) (Vasek, Julian) (Entered: 01/27/2022) |
| 01/31/2022 | 37 (p.4306) | RESPONSE AND OBJECTION filed by Highland Capital Management LP re: 27 (p.586) MOTION for Ruling on Pending Objections in Administratively Closed Consolidated Cases (Annable, Zachery) (Entered: 01/31/2022) |
| 01/31/2022 | 38 (p.4309) | Brief/Memorandum in Support filed by Highland Capital Management LP re 37 (p.4306) Response/Objection (Annable, Zachery) (Entered: 01/31/2022) |
| 01/31/2022 | 39 (p.4341) | Appendix in Support filed by Highland Capital Management LP re 37 (p.4306) Response/Objection (Annable, Zachery) (Entered: 01/31/2022) |
| 02/04/2022 | 40 (p.6121) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 38 (p.4309) Brief/Memorandum in Support of Motion, 37 (p.4306) Response/Objection, 39 (p.4341) Appendix in Support (Annable, Zachery) (Entered: 02/04/2022) |
| 02/14/2022 | 41 (p.6125) | REPLY filed by NexPoint Advisors LP re: 38 (p.4309) Brief/Memorandum in Support of Motion (Vasek, Julian) (Entered: 02/14/2022) |
| 02/14/2022 | 42 (p.6140) | Appendix in Support filed by NexPoint Advisors LP re 41 (p.6125) Reply (Vasek, Julian) (Entered: 02/14/2022) |
| 02/14/2022 | 43 (p.6238) | NOTICE of *Joinder to Reply Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* re: 41 (p.6125) Reply filed by HCRE Partners LLC, Highland Capital Management Services Inc (Deitsch-Perez, Deborah) (Entered: 02/14/2022) |
| 02/17/2022 | 44 (p.6241) | RESPONSE AND OBJECTION filed by Highland Capital Management LP re: 34 (p.1544) *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer* (Annable, Zachery) Modified docket text on 2/18/2022 (oyh). (Entered: 02/17/2022) |
| 02/17/2022 | 45 (p.6244) | Brief/Memorandum in Support filed by Highland Capital Management LP re 44 (p.6241) Response/Objection (Annable, Zachery) (Entered: 02/17/2022) |
| 02/17/2022 | 46 (p.6276) | Appendix in Support filed by Highland Capital Management LP re 45 (p.6244) Brief/Memorandum in Support (Annable, Zachery) Modified linkage and docket text on 2/18/2022 (oyh). (Entered: 02/17/2022) |
| 02/21/2022 | 47 (p.7181) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 44 (p.6241) Response/Objection, 46 (p.6276) Appendix in Support, 45 (p.6244) Brief/Memorandum in Support of Motion (Annable, Zachery) (Entered: 02/21/2022) |
| 03/02/2022 | 48 (p.7185) | REPLY filed by Highland Capital Management Fund Advisors LP re: 44 (p.6241) Response/Objection, 45 (p.6244) Brief/Memorandum in Support of Motion (Vasek, Julian) (Entered: 03/02/2022) |
| 04/20/2022 | 49 (p.7200) | ORDER CONSOLIDATING CASES: Member case(s) 3:22-cv-789 consolidated with lead case 3:21-cv-881. Attorney Michael P Aigen for Highland Capital Management Fund Advisors LP added to case pursuant to consolidation. (Ordered by Judge Brantley Starr on 4/20/2022) (ygl) (Entered: 04/20/2022) |
| 07/20/2022 | 50 (p.7202) | NOTICE of Report and Recommendation to District Court (Adversary No. 21-03004-sgj Lead Civ. Act. No. 3:21-cv-00881: Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with |

| | | |
|---|---|---|
| | | respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation by U.S. Bankruptcy Judge) (Whitaker - TXNB, Sheniqua) Modified text on 8/17/2022 per USBC (svc). Modified text per TXNB clerk on on 12/6/2022 (ykp). (Entered: 07/20/2022) |
| 07/20/2022 | 51 | ELECTRONIC ORDER: In light of the Bankruptcy Court's report and recommendation [Doc. No. 50], the Court ORDERS defendants NexPoint Advisors, L.P., Highland Capital ManagementServices, Inc., HCRE Partners, LLC, and James Dondero to notify the Court by Monday, July 25 of whether the defendants' motions at Docket Numbers 27 and 31 are moot, or whether these parties still seek rulings from the Court on those motions. (Ordered by Judge Brantley Starr on 7/20/2022) (chmb) (Entered: 07/20/2022) |
| 07/25/2022 | 52 (p.7249) | RESPONSE filed by James Dondero, HCRE Partners LLC, Highland Capital Management Services Inc, NexPoint Advisors LP re: 51 Order, (Deitsch-Perez, Deborah) (Entered: 07/25/2022) |
| 07/26/2022 | 53 (p.7254) | NOTICE of *Stipulation for Objection to Report and Recommendation in Notes Litigation* filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Deitsch-Perez, Deborah) (Entered: 07/26/2022) |
| 07/28/2022 | 54 (p.7265) | REPLY filed by Highland Capital Management LP re: 52 (p.7249) Response/Objection (Annable, Zachery) (Entered: 07/28/2022) |
| 08/03/2022 | 55 (p.7270) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 54 (p.7265) Reply (Annable, Zachery) (Entered: 08/03/2022) |
| 08/08/2022 | 56 (p.7273) | Unopposed MOTION for Leave to File Brief in Excess of Page Limitations filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Attachments: # 1 (p.25) Proposed Order) (Deitsch-Perez, Deborah) (Entered: 08/08/2022) |
| 08/08/2022 | 57 (p.7279) | MOTION for Expedited Consideration re 56 (p.7273) Unopposed MOTION for Leave to File Brief in Excess of Page Limitations filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Deitsch-Perez, Deborah) (Entered: 08/08/2022) |
| 08/11/2022 | 58 | ELECTRONIC ORDER granting 57 (p.7279) Motion. (Ordered by Judge Brantley Starr on 8/11/2022) (chmb) (Entered: 08/11/2022) |
| 08/11/2022 | 59 | ELECTRONIC ORDER granting 56 (p.7273) Motion for Leave to File. The Court GRANTS the defendants' motion to file briefs in excess of the standard page limit. The defendants may file up to two briefs with up to an aggregate of 83 pages. (Ordered by Judge Brantley Starr on 8/11/2022) (chmb) (Entered: 08/11/2022) |
| 08/16/2022 | 60 (p.7283) | Unopposed MOTION to Withdraw as Attorney filed by James Dondero with Brief/Memorandum in Support. (Attachments: # 1 (p.25) Proposed Order) (Taylor, Clay) (Entered: 08/16/2022) |
| 08/17/2022 | 61 | ELECTRONIC ORDER granting 60 (p.7283) Motion to Withdraw as Attorney. Attorney Bryan Christopher Assink and Clay M Taylor terminated (Ordered by Judge Brantley Starr on 8/17/2022) (chmb) (Entered: 08/17/2022) |

| | | |
|---|---|---|
| 08/23/2022 | 62 (p.7290) | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 50 (p.7202) Notice (Other), (Deitsch-Perez, Deborah) (Entered: 08/23/2022) |
| 09/21/2022 | 63 (p.7385) | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP, The Dugaboy Investment Trust re: 50 (p.7202) Notice (Other), 62 (p.7290) Response/Objection (Attachments: # 1 (p.25) Filing Letter) (Rukavina, Davor) (Entered: 09/21/2022) |
| 09/22/2022 | 64 (p.7481) | Unopposed MOTION for Leave to File Brief in Excess of Page Limitations under Local Rule 7.2(c) filed by Highland Capital Management LP (Attachments: # 1 (p.25) Proposed Order) (Hayward, Melissa) (Entered: 09/22/2022) |
| 09/23/2022 | 65 (p.7487) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 64 (p.7481) Unopposed MOTION for Leave to File Brief in Excess of Page Limitations under Local Rule 7.2(c) (Annable, Zachery) (Entered: 09/23/2022) |
| 09/27/2022 | 66 | ELECTRONIC ORDER granting 64 (p.7481) Motion for Leave to File. The Court GRANTS the plaintiff's motion to file a brief in excess of the standard page limit. The plaintiff may file a brief up to 83 pages. (Ordered by Judge Brantley Starr on 9/27/2022) (chmb) (Entered: 09/27/2022) |
| 09/27/2022 | 67 (p.7490) | RESPONSE filed by Highland Capital Management LP re: 63 (p.7385) Response/Objection, (Annable, Zachery) (Entered: 09/27/2022) |
| 09/27/2022 | 68 (p.7494) | Brief/Memorandum in Support filed by Highland Capital Management LP re 67 (p.7490) Response/Objection (Annable, Zachery) (Entered: 09/27/2022) |
| 10/03/2022 | 69 (p.7589) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 67 (p.7490) Response/Objection, 68 (p.7494) Brief/Memorandum in Support of Motion (Hayward, Melissa) (Entered: 10/03/2022) |
| 10/11/2022 | 70 (p.7593) | REPLY filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 67 (p.7490) Response/Objection (Deitsch-Perez, Deborah) (Entered: 10/11/2022) |
| 10/12/2022 | 71 (p.7604) | NOTICE of Report and Recommendation to District Court regarding Highland Capital Management, L.P.'s motion for summary judgment against Highland Capital Management Fund Advisors, L.P. (Adversary No. 21-03082-sgj) filed by Case Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text on 12/6/2022 (ykp). (Entered: 10/12/2022) |
| 10/12/2022 | 72 (p.7655) | MOTION to Strike 70 (p.7593) Reply (), MOTION for Leave to File Sur-Reply filed by Highland Capital Management LP (Annable, Zachery) (Entered: 10/12/2022) |
| 10/12/2022 | 73 (p.7661) | Brief/Memorandum in Support filed by Highland Capital Management LP re 72 (p.7655) MOTION to Strike 70 (p.7593) Reply MOTION for Leave to File Sur-Reply (Annable, Zachery) (Entered: 10/12/2022) |
| 10/14/2022 | 74 (p.7667) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 73 (p.7661) Brief/Memorandum in Support of Motion, 72 (p.7655) MOTION to Strike 70 (p.7593) Reply MOTION for Leave to File Sur-Reply (Annable, Zachery) |

| | | |
|---|---|---|
| | | (Entered: 10/14/2022) |
| 10/18/2022 | 75 (p.7671) | NOTICE of *Stipulation Regarding Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* filed by Highland Capital Management LP (Attachments: # 1 (p.25) Exhibit(s) A--Stipulation) (Annable, Zachery) (Entered: 10/18/2022) |
| 10/20/2022 | 76 (p.7680) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 75 (p.7671) Notice (Other), (Annable, Zachery) (Entered: 10/20/2022) |
| 10/28/2022 | 77 (p.7684) | RESPONSE filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 72 (p.7655) MOTION to Strike 70 (p.7593) Reply MOTION for Leave to File Sur-Reply (Deitsch-Perez, Deborah) (Entered: 10/28/2022) |
| 11/02/2022 | 78 (p.7690) | OBJECTION filed by Highland Capital Management Fund Advisors LP re: 71 (p.7604) Notice (Other), (Deitsch-Perez, Deborah) (Entered: 11/02/2022) |
| 11/11/2022 | 79 (p.7733) | REPLY filed by Highland Capital Management LP re: 72 (p.7655) MOTION to Strike 70 (p.7593) Reply MOTION for Leave to File Sur-Reply. (Annable, Zachery) Modified text on 11/14/2022 (sxf). (Entered: 11/11/2022) |
| 11/14/2022 | 80 (p.7745) | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01010 (Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 90 (p.7994) NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 (p.25) Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 11/14/2022 (ykp). Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 81 (p.7779) | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-00880(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 91 (p.8040) NOTICE of Report and Recommendation to District Court , filed by Case Admin Sup (Attachments: # 1 (p.25) Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 82 (p.7813) | NOTICE of Supplement to Report and Recommendation Dated July 19,2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01379(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 93 (p.8132) Notice of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 (p.25) Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 83 (p.7847) | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01378(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 92 (p.8086) NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 (p.25) Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |

| 11/16/2022 | 84 (p.7881) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 79 (p.7733) Reply (Annable, Zachery) (Entered: 11/16/2022) |
|---|---|---|
| 11/23/2022 | 85 (p.7885) | RESPONSE filed by Highland Capital Management LP re: 78 (p.7690) Objection (Annable, Zachery) Modified text on 11/28/2022 (mms). (Entered: 11/23/2022) |
| 11/23/2022 | 86 (p.7888) | Brief/Memorandum in Support filed by Highland Capital Management LP re 85 (p.7885) Response/Objection *(Highland Capital Management, L.P.'s Brief in Support of Response to Defendant's Objection to Report and Recommendation)* (Annable, Zachery) (Entered: 11/23/2022) |
| 11/28/2022 | 87 (p.7933) | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 80 (p.7745) Notice (Other), (Aigen, Michael) (Entered: 11/28/2022) |
| 11/29/2022 | 88 (p.7956) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 86 (p.7888) Brief/Memorandum in Support of Motion, 85 (p.7885) Response/Objection (Annable, Zachery) (Entered: 11/29/2022) |
| 12/05/2022 | 89 (p.7960) | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in re: Civ. Act. No. Lead 3:21-cv-00881 re: 50 (p.7202) NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 (p.25) Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 12/05/2022) |
| 12/06/2022 | 90 (p.7994) | NOTICE of Report and Recommendation to District Court (Adversary No. 21-03003-sgjCiv. Act. No. 3:21-cv-01010(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 91 (p.8040) | NOTICE of Report and Recommendation to District Court (Adversary No.: 21-03005-sgj Civ. Act. No. 3:21-cv-00880(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 92 (p.8086) | NOTICE of Report and Recommendation to District Court ( Adversary No.: 21-03006-sgjCiv. Act. No. 3:21-cv-01378(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions filed by Case Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 93 (p.8132) | Notice of Report and Recommendation to District Court ( Adversary No.: 21-03007-sgj Civ. Act. No. 3:21-cv-01379(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions filed by Case |

| | | |
|---|---|---|
| | | Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/12/2022 | 94 (p.8178) | RESPONSE filed by Highland Capital Management LP re: 87 (p.7933) Response/Objection (Annable, Zachery) (Entered: 12/12/2022) |
| 12/12/2022 | 95 (p.8183) | Brief/Memorandum in Support filed by Highland Capital Management LP re 94 (p.8178) Response/Objection (Annable, Zachery) (Entered: 12/12/2022) |
| 12/13/2022 | 96 (p.8207) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 94 (p.8178) Response/Objection, 95 (p.8183) Brief/Memorandum in Support of Motion (Annable, Zachery) (Entered: 12/13/2022) |
| 01/17/2023 | 97 (p.8211) | NOTICE of Supplement to the October 12, 2022 Report and Recommendation: Regarding attorneys' fees and transmitting proposed form of judgment re: 71 (p.7604) Notice (Other), filed by Case Admin Sup (Attachments: # 1 (p.25) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 01/17/2023) |
| 01/31/2023 | 98 (p.8238) | OBJECTION filed by Highland Capital Management Fund Advisors LP re: 97 (p.8211) NOTICE of Supplement to the October 12, 2022 Report and Recommendation (Aigen, Michael) Modified text on 2/1/2023 (ykp). (Entered: 01/31/2023) |
| 02/14/2023 | 99 (p.8256) | RESPONSE filed by Highland Capital Management LP re: 98 (p.8238) Response/Objection (Annable, Zachery) (Entered: 02/14/2023) |
| 02/14/2023 | 100 (p.8259) | Brief/Memorandum in Support filed by Highland Capital Management LP re 99 (p.8256) Response/Objection (Annable, Zachery) (Entered: 02/14/2023) |
| 02/16/2023 | 101 (p.8277) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 99 (p.8256) Response/Objection, 100 (p.8259) Brief/Memorandum in Support of Motion (Annable, Zachery) (Entered: 02/16/2023) |
| 02/24/2023 | 102 (p.8281) | MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* filed by Highland Capital Management LP (Attachments: # 1 (p.25) Exhibit(s) A, # 2 (p.276) Proposed Order) (Annable, Zachery) (Entered: 02/24/2023) |
| 03/01/2023 | 103 (p.8329) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 102 (p.8281) MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 03/01/2023) |
| 03/03/2023 | 104 (p.8335) | RESPONSE filed by James Dondero, Nancy Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 102 (p.8281) MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Deitsch-Perez, Deborah) (Entered: 03/03/2023) |
| 03/03/2023 | 105 (p.8345) | Appendix in Support filed by James Dondero, Nancy Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re 104 (p.8335) Response/Objection, *Defendants' Response to Motion for Leave to File Brief in Excess of Page Limits* (Deitsch-Perez, Deborah) (Entered: 03/03/2023) |
| 03/07/2023 | | |

| | 106 (p.8379) | REPLY filed by Highland Capital Management LP re: 102 (p.8281) MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 03/07/2023) |
|---|---|---|
| 03/07/2023 | 107 (p.8384) | Appendix in Support filed by Highland Capital Management LP re 106 (p.8379) Reply (Annable, Zachery) (Entered: 03/07/2023) |
| 03/09/2023 | 108 (p.8416) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 107 (p.8384) Appendix in Support, 106 (p.8379) Reply (Annable, Zachery) (Entered: 03/09/2023) |
| 05/18/2023 | 109 (p.8422) | Unopposed MOTION to Amend/Correct *(Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)* filed by Highland Capital Management LP (Attachments: # 1 (p.25) Proposed Order) (Annable, Zachery) (Entered: 05/18/2023) |
| 05/18/2023 | 110 (p.8431) | AFFIDAVIT re 109 (p.8422) Unopposed MOTION to Amend/Correct *(Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)* *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)* by Highland Capital Management LP. (Attachments: # 1 (p.25) Exhibit(s) A, # 2 (p.276) Exhibit(s) B) (Annable, Zachery) (Entered: 05/18/2023) |
| 05/23/2023 | 111 (p.8443) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 109 (p.8422) Unopposed MOTION to Amend/Correct *(Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)*, 110 (p.8431) Affidavit, (Annable, Zachery) (Entered: 05/23/2023) |
| 06/08/2023 | 112 | Electronic Standing Order - If they have not already done so, all attorneys appearing in this case must file a Certificate Regarding Judge-Specific Requirements on the docket attesting that they have read, and will comply with, the judge-specific requirements for this Court, including the Court's order concerning generative artificial intelligence. The judge-specific requirements and a template Certificate may be found at: Certificate Regarding Judge-Specific Requirements. To file the Certificate, please use the event entitled Certificate Regarding Judge-Specific Requirements. This event is located in the Other Documents selection, which is under the Other Filings category of the Civil page in ECF. Please contact the ECF help desk at 214-753-2633 for filing assistance. (Ordered by Judge Brantley Starr on 6/8/2023) (twd) (Entered: 06/08/2023) |
| 06/13/2023 | 113 (p.8447) | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 114 (p.8450) | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 115 (p.8453) | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 116 (p.8456) | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 117 (p.8459) | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |

| 06/13/2023 | 118 (p.8462) | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
|---|---|---|
| 06/13/2023 | 119 (p.8465) | Certificate Regarding Judge-Specific Requirements. (Hayward, Melissa) (Entered: 06/13/2023) |
| 06/13/2023 | 120 (p.8468) | Certificate Regarding REP Judge-Specific Requirements. (Rukavina, Davor) (Entered: 06/13/2023) |
| 06/13/2023 | 121 (p.8470) | Certificate Regarding Judge-Specific Requirements. (Vasek, Julian) (Entered: 06/13/2023) |
| 06/14/2023 | 122 (p.8472) | ***PLEASE DISREGARD ENTRY; ATTORNEY TO RE-FILE*** Certificate Regarding Judge-Specific Requirements. (Elms, Daniel) Modified docket text on 6/14/2023 (oyh). (Entered: 06/14/2023) |
| 06/14/2023 | 123 (p.8474) | Certificate Regarding Judge-Specific Requirements. (Aigen, Michael) (Entered: 06/14/2023) |
| 06/14/2023 | 124 (p.8476) | Certificate Regarding Judge-Specific Requirements. (Deitsch-Perez, Deborah) (Entered: 06/14/2023) |
| 06/14/2023 | 125 (p.8478) | Certificate Regarding Judge-Specific Requirements. (Elms, Daniel) (Entered: 06/14/2023) |
| 07/06/2023 | 126 | ELECTRONIC ORDER: Having reviewed the supporting affidavit and exhibits, the Court GRANTS the motion to amend case caption. The case caption shall be amended to reflect the following name changes: (1) defendant HCRE Partners, LLC/NexPoint REP shall be identified hereafter as NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC); and (2) defendant Highland Capital Management Fund Advisors, L.P./NexPoint AM shall be identified hereafter as NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.). These names shall be used in all future pleadings and documents filed or issued by the Court and any other party in this case. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 127 (p.8480) | ORDER: The Court GRANTS the motion for entry of order on Defendant James Dondero pending objection in Consolidated Case No. 3:21-cv-1010-X (Doc. 3). The Court OVERRULES that objection. The Court ACCEPTS the Report and Recommendation in Consolidated Case No. 3:21-cv-1010-X (Doc. 2). This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court concludes this case is ready for trial, it shall notify the Court, and the Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 128 (p.8482) | ORDER: After careful consideration, the Court OVERRULES Defendants objections to the Report and Recommendation, OVERRULES Defendants objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS partial summary judgment in these five cases for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 129 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |

| | | |
|---|---|---|
| 07/06/2023 | 130 | ELECTRONIC ORDER: After careful consideration, the Court OVERRULES the objection at Doc. 34 (p.1544) . (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 131 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 132 | ELECTRONIC ORDER granting 102 (p.8281) Motion for Leave to File. (Clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 133 (p.8491) | ORDER: After careful consideration, the Court OVERRULES the objections to the Report and Recommendation, OVERRULES the objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS summary judgment in this case for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 134 (p.8494) | Memorandum of Law in Support of its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by Highland Capital Management LP. (axm) (Entered: 07/06/2023) |
| 07/10/2023 | 135 | ELECTRONIC ORDER: The Court clarifies that its Electronic Orders at Docs. 129 and 131 dismissed as moot the motions at Docs. 27 (p.586) and 72 (p.7655) . (Ordered by Judge Brantley Starr on 7/10/2023) (chmb) (Entered: 07/10/2023) |
| 07/14/2023 | 136 (p.8535) | MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by Highland Capital Management LP (Attachments: # 1 (p.25) Exhibit(s) A--Proposed Order) (Annable, Zachery) (Entered: 07/14/2023) |
| 07/14/2023 | 137 (p.8545) | Brief/Memorandum in Support filed by Highland Capital Management LP re 136 (p.8535) MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Annable, Zachery) (Entered: 07/14/2023) |
| 07/14/2023 | 138 (p.8585) | Appendix in Support filed by Highland Capital Management LP re 137 (p.8545) Brief/Memorandum in Support (Attachments: # 1 (p.25) Exhibit(s) 1, # 2 (p.276) Exhibit(s) 2, # 3 (p.289) Exhibit(s) 3, # 4 (p.295) Exhibit(s) 4, # 5 (p.295) Exhibit(s) 5, # 6 (p.438) Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 (p.444) Exhibit(s) 8, # 9 (p.450) Exhibit(s) 9, # 10 (p.458) Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 (p.461) Exhibit(s) 12, # 13 (p.466) Exhibit(s) 13, # 14 (p.471) Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 (p.473) Exhibit(s) 16, # 17 (p.483) Exhibit(s) 17, # 18 (p.491) Exhibit(s) 18, # 19 (p.504) Exhibit(s) 19, # 20 (p.555) Exhibit(s) 20, # 21 (p.560) Exhibit(s) 21, # 22 Exhibit(s) 22, # 23 (p.573) Exhibit(s) 23, # 24 (p.578) Exhibit(s) 24, # 25 Exhibit(s) 25, # 26 (p.581) Exhibit(s) 26, # 27 (p.586) Exhibit(s) 27, # 28 (p.1526) Exhibit(s) 28, # 29 Exhibit(s) 29, # 30 (p.1533) Exhibit(s) 30, # 31 (p.1536) Exhibit(s) 31, # 32 (p.1539) Exhibit(s) 32, # 33 Exhibit(s) 33, # 34 (p.1544) Exhibit(s) 34, # 35 (p.1549) Exhibit(s) 35, # 36 (p.1574) Exhibit(s) 36, # 37 (p.4306) Exhibit(s) 37, # 38 (p.4309) Exhibit(s) 38, # 39 (p.4341) Exhibit(s) 39, # 40 (p.6121) Exhibit(s) 40, # 41 (p.6125) Exhibit(s) 41, # 42 (p.6140) Exhibit(s) 42, # 43 (p.6238) Exhibit(s) 43, # 44 (p.6241) Exhibit(s) 44, # 45 (p.6244) Exhibit(s) 45, # 46 (p.6276) Exhibit(s) 46, # 47 (p.7181) Exhibit(s) 47, # 48 (p.7185) Exhibit(s) 48, # 49 (p.7200) Exhibit(s) 49, # 50 (p.7202) Exhibit(s) 50, # 51 Exhibit(s) 51, # 52 (p.7249) Exhibit(s) 52, # 53 (p.7254) Exhibit(s) 53, # 54 (p.7265) Exhibit(s) 54, # 55 (p.7270) Exhibit(s) 55, # 56 (p.7273) Exhibit(s) 56, # 57 (p.7279) Exhibit(s) 57, # 58 Exhibit(s) 58, # 59 Exhibit(s) 59, # 60 (p.7283) Exhibit(s) 60, # 61 Exhibit(s) |

| | | |
|---|---|---|
| | | 61, # 62 (p.7290) Exhibit(s) 62, # 63 (p.7385) Exhibit(s) 63, # 64 (p.7481) Exhibit(s) 64, # 65 (p.7487) Exhibit(s) 65, # 66 Exhibit(s) 66, # 67 (p.7490) Exhibit(s) 67, # 68 (p.7494) Exhibit(s) 68, # 69 (p.7589) Exhibit(s) 69, # 70 (p.7593) Exhibit(s) 70, # 71 (p.7604) Exhibit(s) 71, # 72 (p.7655) Exhibit(s) 72, # 73 (p.7661) Exhibit(s) 73, # 74 (p.7667) Exhibit(s) 74, # 75 (p.7671) Exhibit(s) 75, # 76 (p.7680) Exhibit(s) 76, # 77 (p.7684) Exhibit(s) 77, # 78 (p.7690) Exhibit(s) 78, # 79 (p.7733) Exhibit(s) 79, # 80 (p.7745) Exhibit(s) 80) (Annable, Zachery) Modified linkage and docket text on 7/17/2023 (oyh). (Entered: 07/14/2023) |
| 08/01/2023 | 139 (p.11518) | MOTION for Order Approving Stipulation Regarding Finality of Judgments and Entry of Amended Final Judgments in Notes Actions filed by Highland Capital Management LP (Attachments: # 1 (p.25) Exhibit(s) A--Proposed Order) (Annable, Zachery) (Entered: 08/01/2023) |
| 08/01/2023 | 140 (p.11566) | MOTION for Order Approving Stipulation for the Bonding of Judgments and Stays of Execution Pending Appeals filed by James Dondero, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP, Nextpoint Real Estate Partners LP (Attachments: # 1 (p.25) Exhibit(s)) (Deitsch-Perez, Deborah) (Entered: 08/01/2023) |
| 08/01/2023 | 141 (p.11579) | Joint MOTION to Extend Time Regarding Briefing on HCMLP's Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC (Attachments: # 1 (p.25) Exhibit(s), # 2 (p.276) Exhibit(s)) (Deitsch-Perez, Deborah) (Entered: 08/01/2023) |
| 08/03/2023 | 142 (p.11593) | ORDER granting 139 (p.11518) Motion. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 143 (p.11631) | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, LP F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 144 (p.11635) | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, LP F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP. The Court clarifies that this Amended Final Judgment pertains to different matters than the Court's previous order at Doc. 143 (p.11631) . (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 145 (p.11638) | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ADVISORS, LP. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 146 (p.11641) | AMENDED FINAL JUDGMENT AGAINST NEXPOINT REAL ESTATE PARTNERS LLC F/K/A HCRE PARTNERS LLC. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 147 (p.11646) | AMENDED FINAL JUDGMENT AGAINST HIGHLAND CAPITAL MANAGEMENT SERVICES INC. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 148 (p.11651) | AMENDED FINAL JUDGMENT AGAINST JAMES DONDERO. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | | |

| | 149 (p.11655) | ORDER granting 140 (p.11566) Motion. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
|---|---|---|
| 08/03/2023 | 150 (p.11663) | ORDER granting 141 (p.11579) Motion to Extend Time. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/10/2023 | 151 (p.11670) | NOTICE of *Bonding* re: 147 (p.11646) Order, 143 (p.11631) Order, 145 (p.11638) Order, 149 (p.11655) Order on Motion for Miscellaneous Relief, 144 (p.11635) Order, filed by Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP (Attachments: # 1 (p.25) Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 08/10/2023) |
| 08/28/2023 | 152 (p.11679) | NOTICE of *Bonding* re: 148 (p.11651) Order, 146 (p.11641) Order, 149 (p.11655) Order on Motion for Miscellaneous Relief filed by James Dondero, Nextpoint Real Estate Partners LLC (Attachments: # 1 (p.25) Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 08/28/2023) |
| 09/01/2023 | 153 (p.11684) | NOTICE OF INTERLOCUTORY APPEAL as to 130 Order, 143 (p.11631) Order to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004597. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 154 (p.11688) | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 135 Order, 144 (p.11635) Order, to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004678. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 155 (p.11691) | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 145 (p.11638) Order, 135 Order to the Fifth Circuit by NexPoint Advisors LP. Filing fee $505, receipt number ATXNDC-14004735. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF |

| | | |
|---|---|---|
| | | attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) Modified filer per attorney request on 9/8/2023 (sxf). (Entered: 09/01/2023) |
| 09/01/2023 | 156 (p.11694) | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 146 (p.11641) Order, 135 Order to the Fifth Circuit by Nextpoint Real Estate Partners LLC. Filing fee $505, receipt number ATXNDC-14004774. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 157 (p.11697) | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 147 (p.11646) Order, 131 Order on Motion to Strike, Order on Motion for Leave to File, 135 Order to the Fifth Circuit by Highland Capital Management Services Inc. Filing fee $505, receipt number ATXNDC-14004844. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 158 (p.11700) | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 148 (p.11651) Order, 135 Order to the Fifth Circuit by James Dondero. Filing fee $505, receipt number ATXNDC-14004882. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/10/2023 | | USCA Case Number 23-10911 in USCA5 for 157 (p.11697) Notice of Appeal filed by Highland Capital Management Services Inc, 155 (p.11691) Notice of Appeal |

| | | |
|---|---|---|
| | | filed by NexPoint Advisors LP, <u>156 (p.11694)</u> Notice of Appeal filed by Nextpoint Real Estate Partners LLC, <u>154 (p.11688)</u> Notice of Appeal filed by NexPoint Asset Management LP. (axm) (Entered: 09/10/2023) |
| 09/15/2023 | <u>159</u><br><u>(p.11703)</u> | DESIGNATION of Record on Appeal by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC re <u>158 (p.11700)</u> Notice of Appeal,,,, <u>153 (p.11684)</u> Notice of Appeal,,,, <u>157 (p.11697)</u> Notice of Appeal,,,, <u>155 (p.11691)</u> Notice of Appeal,,,,, <u>156 (p.11694)</u> Notice of Appeal,,,, <u>154 (p.11688)</u> Notice of Appeal,,,, (Deitsch-Perez, Deborah) (Entered: 09/15/2023) |

# TAB 2

**APPELLANTS' RECORD EXCERPTS**

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00880-X

Highland Capital Management LP et al v. NexPoint Advisors LP

Assigned to: Judge Brantley Starr

Lead case: 3:21-cv-00881-X

Member case: (View Member Case)

 Case in other court:  BK Court 19-34054-sgj11, Adversary,
                                     21-03005-sgj

Cause: 28:0157 Motion for Withdrawal of Reference

Date Filed: 04/18/2021

Date Terminated: 01/06/2022

Jury Demand: None

Nature of Suit: 423 Bankruptcy: Withdrawal 28 USC 157

Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Plaintiff**

**Highland Capital Management LP**

represented by **Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**

23-10911.11793

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Suite 34th Floor
New York, NY 10017
212-561-7760
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Defendant**

**NexPoint Advisors LP**                    represented by **Deborah Rose Deitsch-Perez**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
Munsch Hardt Kopf & Harr PC
500 N Akard St
Ste 3800
Dallas, TX 75201
214-855-7587
Email: drukavina@munsch.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
Munsch Hardt Kopf & Harr PC
500 N. Akard St
Suite 3800
Dallas, TX 75201
214-855-7500
Fax: 214-855-7584
Email: jvasek@munsch.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**James Dondero**                    represented by **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bryan Christopher Assink**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
Email: bryan.assink@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Clay M Taylor**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton
Suite 1000
Fort Worth, TX 76102
817-779-4300
Email: clay.taylor@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Nancy Dondero**                    represented by   **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Defendant**

**The Dugaboy Investment Trust**     represented by   **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Douglas Draper**
Heller, Draper & Horn, L.L.C.
650 Poydras Street
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: ddraper@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Greta M Brouphy**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, TX 70130
504-299-3300
*Bar Status: Not Admitted*

**Leslie A Collins**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: lcollins@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Bankruptcy Judge**

**Stacey G Jernigan**     represented by   **Stacey G Jernigan**
US Bankruptcy Court
Chambers of Judge Stacey G C Jernigan
1100 Commerce St
Room 1254
Dallas, TX 75242-1496
214-753-2040
Email: sgj_settings@txnb.uscourts.gov
PRO SE

V.

**Interested Party**

23-10911.11796

**Highland Capital Management Fund Advisors LP**  represented by  **Julian Preston Vasek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Notice Only**

**Case Admin Sup**  represented by  **Case Admin Sup**
Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2021 | 1 (p.11801) | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 21-03005 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.11801) Motion to withdraw the reference, # 2 (p.12084) Brief in Support of Motion, # 3 (p.12089) Appendix in Support) (Whitaker - TXNB, Sheniqua) (Entered: 04/18/2021) |
| 04/18/2021 |  | New Case Notes: A filing fee has been paid. (mjr) (Entered: 04/19/2021) |
| 04/20/2021 | 2 (p.12084) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11815426) filed by Highland Capital Management LP (Attachments: # 1 (p.11801) Certificate of Good Standing) (Demo, Gregory) (Entered: 04/20/2021) |
| 04/20/2021 | 3 (p.12089) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jeffrey N. Pomerantz (Filing fee $100; Receipt number 0539-11815563) filed by Highland Capital Management LP (Attachments: # 1 (p.11801) Certificate of Good Standing) (Hayward, Melissa) (Entered: 04/20/2021) |
| 04/21/2021 | 4 (p.12094) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11822959) filed by Highland Capital Management LP (Attachments: # 1 (p.11801) Certificate of Good Standing) (Morris, John) (Entered: |

| | | |
|---|---|---|
| | | 04/21/2021) |
| 05/03/2021 | 5 (p.12100) | ORDER granting 3 (p.12089) Application for Admission Pro Hac Vice of Jeffrey Pomerantz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge Sam R Cummings on 5/3/2021) (ndt) (Entered: 05/03/2021) |
| 05/03/2021 | 6 (p.12101) | ORDER granting 2 (p.12084) Application for Admission Pro Hac Vice of Gregory Demo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge Sam R Cummings on 5/3/2021) (ndt) (Entered: 05/03/2021) |
| 05/03/2021 | 7 (p.12102) | ORDER granting 4 (p.12094) Application for Admission Pro Hac Vice of John Morris. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge Sam R Cummings on 5/3/2021) (ndt) (Entered: 05/03/2021) |
| 07/09/2021 | 8 (p.12103) | NOTICE of Report and Recommendation in re: Motion to withdraw the reference filed by Case Admin Sup (Attachments: # 1 (p.11801) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 07/09/2021) |
| 07/22/2021 | 9 (p.12116) | Limited OBJECTION filed by NexPoint Advisors LP re: 8 (p.12103) NOTICE of Report and Recommendation. (Attachments: # 1 (p.11801) Appendix) (Vasek, Julian) Modified text on 7/23/2021 (mjr). (Entered: 07/22/2021) |
| 07/28/2021 | 10 (p.12261) | Order Adopting 8 (p.12103) Report and Recommendation. IT IS ORDERED the Defendant's Motion to Withdraw Reference shall be granted. IT IS FURTHER ORDERED that the Bankruptcy Court shall handle all pretrial matters, which shall in turn be considered by the undersigned Senior United States District Judge. IT IS FURTHER ORDERED that this civil action be STAYED pending further Order from the Court. (Ordered by Senior Judge Sam R Cummings on 7/28/2021) (jmg) (Main Document 10 replaced with text searchable doc on 8/2/2021) (ali) (Entered: 07/28/2021) |
| 12/10/2021 | 11 (p.12263) | MOTION to Consolidate Cases filed by NexPoint Advisors LP, James Dondero, Nancy Dondero, The Dugaboy Investment Trust (Attachments: # 1 (p.11801) Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party NexPoint Advisors LP(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party James Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party Nancy Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party The Dugaboy Investment Trust(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 12 (p.12273) | |

| | | |
|---|---|---|
| | | Brief/Memorandum in Support filed by James Dondero, Nancy Dondero, NexPoint Advisors LP, The Dugaboy Investment Trust re 11 (p.12263) MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 13 (p.12281) | Appendix in Support filed by James Dondero, Nancy Dondero, NexPoint Advisors LP, The Dugaboy Investment Trust re: 12 (p.12273) Brief/Memorandum in Support of Motion. (Attachments: # 1 (p.11801) Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/13/2021 | 14 (p.12294) | NOTICE of *First Motion to Consolidate Notes Actions* re: 11 (p.12263) MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 (p.11801) Exhibit(s) A, # 2 (p.12084) Exhibit(s) B, # 3 (p.12089) Exhibit(s) C) (Annable, Zachery) (Entered: 12/13/2021) |
| 12/16/2021 | 15 (p.12345) | ORDER REASSIGNING CASE. Case reassigned to Judge Brantley Starr for all further proceedings. Senior Judge Sam R Cummings no longer assigned to case. (Ordered by Senior Judge Sam R Cummings on 12/16/2021) (ygl) (Entered: 12/16/2021) |
| 12/17/2021 | 16 (p.12346) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 14 (p.12294) Notice (Other) (Annable, Zachery) (Entered: 12/17/2021) |
| 12/21/2021 | 17 (p.12351) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 15 (p.12345) Order Reassigning Case (Annable, Zachery) (Entered: 12/21/2021) |
| 12/27/2021 | 18 (p.12356) | NOTICE of *Objection to Plaintiff's Motion to Consolidate* re: 14 (p.12294) Notice (Other) filed by Highland Capital Management Fund Advisors, L.P. (Attachments: # 1 (p.11801) Exhibit(s)) (Vasek, Julian) (Entered: 12/27/2021) |
| 12/27/2021 | 19 (p.12369) | RESPONSE filed by Highland Capital Management LP re: 11 (p.12263) MOTION to Consolidate Cases (Annable, Zachery) (Entered: 12/27/2021) |
| 12/30/2021 | 20 (p.12380) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 19 (p.12369) Response/Objection (Annable, Zachery) (Entered: 12/30/2021) |
| 01/05/2022 | 21 (p.12385) | MOTION for Reconsideration *of and Objection To Bankruptcy Court's Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* filed by NexPoint Advisors LP (Attachments: # 1 (p.11801) Proposed Order) (Vasek, Julian) (Entered: 01/05/2022) |
| 01/05/2022 | 22 (p.12390) | Brief/Memorandum in Support filed by NexPoint Advisors LP re 21 (p.12385) MOTION for Reconsideration *of and Objection To Bankruptcy Court's Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* (Vasek, Julian) (Entered: 01/05/2022) |

| 01/05/2022 | 23 (p.12411) | Appendix in Support filed by NexPoint Advisors LP re 21 (p.12385) MOTION for Reconsideration *of and Objection To Bankruptcy Court's Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* (Vasek, Julian) (Entered: 01/05/2022) |
|---|---|---|
| 01/06/2022 | 24 (p.13310) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881-X. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/12/2022 | 25 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard motion-response-reply deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |

# TAB 3
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-01010-X

| | |
|---|---|
| Highland Capital Management LP et al v. Dondero | Date Filed: 05/04/2021 |
| Assigned to: Judge Brantley Starr | Date Terminated: 01/06/2022 |
| Lead case: 3:21-cv-00881-X | Jury Demand: None |
| Member case: (View Member Case) | Nature of Suit: 423 Bankruptcy: Withdrawal |
| Case in other court:  BK Court, 10-34054-sgj11, Adversary number, 21-03003-sgj | 28 USC 157 |
| | Jurisdiction: Federal Question |
| Cause: 28:0157 Motion for Withdrawal of Reference | |

**Debtor**

**Highland Capital Manangement LP**

**Debtor**

**CLO Holdco Ltd**

**Plaintiff**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Zachery Z Annable** |
| | | Hayward PLLC |
| | | 10501 N Central Expressway, Suite 106 |
| | | Dallas, TX 75231 |
| | | 972-755-7108 |
| | | Fax: 972-755-7110 |
| | | Email: zannable@haywardfirm.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **Melissa S Hayward** |
| | | Hayward PLLC |
| | | 10501 N Central Expressway, Suite 106 |
| | | Dallas, TX 75231 |
| | | 972-755-7100 |
| | | Fax: 972-755-7104 |
| | | Email: mhayward@haywardfirm.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |

V.

**Defendant**

| | | |
|---|---|---|
| **James D Dondero** | represented by | **Deborah Rose Deitsch-Perez** |
| | | Stinson LLP |
| | | 2200 Ross Avenue |
| | | Suite 2900 |

23-10911.13321

Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bryan Christopher Assink**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
Email: bryan.assink@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Clay M Taylor**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton
Suite 1000
Fort Worth, TX 76102
817-779-4300
Email: clay.taylor@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**D Michael Lynn**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Nancy Dondero**                          represented by   **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

<span style="color:red">**23-10911.13322**</span>

**Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**The Dugaboy Investment Trust**                    represented by    **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Douglas Draper**
Heller, Draper & Horn, L.L.C.
650 Poydras Street
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: ddraper@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Greta M Brouphy**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, TX 70130
504-299-3300
*Bar Status: Not Admitted*

**Leslie A Collins**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: lcollins@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Bankruptcy Judge**

**Stacey G Jernigan**                            represented by    **Stacey G Jernigan**
                                                                   US Bankruptcy Court
                                                                   Chambers of Judge Stacey G C Jernigan
                                                                   1100 Commerce St
                                                                   Room 1254
                                                                   Dallas, TX 75242-1496
                                                                   214-753-2040
                                                                   Email: sgj_settings@txnb.uscourts.gov
                                                                   PRO SE

V.

**Interested Party**

**Highland Capital Management Fund**             represented by    **Davor Rukavina**
**Advisors LP**                                                    Munsch Hardt Kopf & Harr PC
                                                                   500 N Akard St
                                                                   Ste 3800
                                                                   Dallas, TX 75201
                                                                   214-855-7587
                                                                   Email: drukavina@munsch.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Bar Status: Admitted/In Good Standing*

                                                                   **Julian Preston Vasek**
                                                                   Munsch Hardt Kopf & Harr PC
                                                                   500 N. Akard St
                                                                   Suite 3800
                                                                   Dallas, TX 75201
                                                                   214-855-7500
                                                                   Fax: 214-855-7584
                                                                   Email: jvasek@munsch.com
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Bar Status: Admitted/In Good Standing*

V.

**Notice Only**

**Case Admin Sup**                               represented by    **Case Admin Sup**
                                                                   Email: txnb_appeals@txnb.uscourts.gov
                                                                   PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2021 | 1 (p.13328) | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 21-3003 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless |

| | | |
|---|---|---|
| | | exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.13328) Motion to withdraw the reference) (Whitaker - TXNB, Sheniqua) (Entered: 05/04/2021) |
| 05/04/2021 | | New Case Notes: A filing fee has been paid. (oyh) (Entered: 05/04/2021) |
| 07/07/2021 | 2 (p.13351) | NOTICE of Report and Recommendation in re: Motion to withdraw the reference filed by Case Admin Sup (Attachments: # 1 (p.13328) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 07/07/2021) |
| 07/21/2021 | 3 (p.13367) | OBJECTION filed by James D Dondero re: 2 (p.13351) Report and Recommendation. (Assink, Bryan) Modified text on 8/5/2021 (axm). (Entered: 07/21/2021) |
| 07/21/2021 | 4 (p.13383) | Appendix in Support filed by James D Dondero re 3 (p.13367) Response/Objection. (Assink, Bryan) Modified text and linkage on 7/22/2021 (jmg). (Entered: 07/21/2021) |
| 08/04/2021 | 5 (p.13536) | REPLY filed by Highland Capital Management LP re: 3 (p.13367) Limited Objection to Report and Recommendation. (Annable, Zachery) Modified text on 8/5/2021 (axm). (Entered: 08/04/2021) |
| 08/05/2021 | 6 (p.13546) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 5 (p.13536) Reply (Annable, Zachery) (Entered: 08/05/2021) |
| 08/06/2021 | 7 (p.13551) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP. (Annable, Zachery) (Entered: 08/06/2021) |
| 08/12/2021 | 8 (p.13554) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 7 (p.13551) Cert. Of Interested Persons/Disclosure Statement (Annable, Zachery) (Entered: 08/12/2021) |
| 10/14/2021 | 9 (p.13559) | NOTICE of Attorney Appearance by Melissa S Hayward on behalf of Highland Capital Management LP. (Filer confirms contact info in ECF is current.) (Hayward, Melissa) (Entered: 10/14/2021) |
| 12/07/2021 | 10 (p.13561) | MOTION to Consolidate Cases *(Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions)* filed by Highland Capital Management LP (Attachments: # 1 (p.13328) Exhibit(s) A--Proposed Order) (Annable, Zachery) (Entered: 12/07/2021) |
| 12/07/2021 | 11 (p.13571) | Brief/Memorandum in Support filed by Highland Capital Management LP re 10 (p.13561) MOTION to Consolidate Cases *(Highland Capital Management, L.P.'s Motion to Consolidate* |

| | | |
|---|---|---|
| | | *Notes Actions)* (Annable, Zachery) (Entered: 12/07/2021) |
| 12/07/2021 | 12 (p.13601) | Appendix in Support filed by Highland Capital Management LP re 11 (p.13571) Brief in Support (Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions) (Attachments: # 1 (p.13328) Appendix Part 1, # 2 (p.13351) Appendix Part 2, # 3 (p.13367) Appendix Part 3, # 4 (p.13383) Appendix Part 4, # 5 (p.13536) Appendix Part 5, # 6 (p.13546) Appendix Part 6, # 7 (p.13551) Appendix Part 7, # 8 (p.13554) Appendix Part 8) (Annable, Zachery) Modified text and linkage on 12/8/2021. (jmg) (Entered: 12/07/2021) |
| 12/11/2021 | 13 (p.17264) | MOTION to Consolidate Cases filed by James D Dondero, Nancy Dondero, The Dugaboy Investment Trust (Attachments: # 1 (p.13328) Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party James D Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party Nancy Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party The Dugaboy Investment Trust(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 14 (p.17274) | Brief/Memorandum in Support filed by James D Dondero, Nancy Dondero, The Dugaboy Investment Trust re 13 (p.17264) MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 15 (p.17282) | Appendix in Support filed by James D Dondero, Nancy Dondero, The Dugaboy Investment Trust re 14 (p.17274) Brief/Memorandum in Support of Motion. (Attachments: # 1 (p.13328) Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/11/2021 | 16 (p.17295) | RESPONSE filed by James D Dondero, Nancy Dondero, The Dugaboy Investment Trust re: 10 (p.13561) MOTION to Consolidate Cases. (Deitsch-Perez, Deborah) Modified text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/11/2021 | 17 (p.17303) | Appendix in Support filed by James D Dondero, Nancy Dondero, The Dugaboy Investment Trust re 16 (p.17295) Response/Objection (Attachments: # 1 (p.13328) Exhibit(s) A) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/13/2021 | 18 (p.17316) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 10 (p.13561) MOTION to Consolidate Cases *(Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions)*, 11 (p.13571) Brief/Memorandum in Support of Motion, 12 (p.13601) Appendix in Support, (Annable, Zachery) (Entered: 12/13/2021) |
| 12/13/2021 | 19 (p.17320) | NOTICE of *First Motion to Consolidate Notes Actions* re: 10 (p.13561) MOTION to Consolidate Cases *(Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions)*, 13 (p.17264) MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 (p.13328) Exhibit(s) A, # 2 (p.13351) Exhibit(s) B, # 3 (p.13367) Exhibit(s) C) |

| | | (Annable, Zachery) (Entered: 12/13/2021) |
|---|---|---|
| 12/16/2021 | 20 (p.17371) | OBJECTION filed by Highland Capital Management Fund Advisors, L.P. re: 10 (p.13561) MOTION to Consolidate Cases *(Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions)* (Rukavina, Davor) (Entered: 12/16/2021) |
| 12/16/2021 | 21 (p.17381) | Appendix in Support filed by Highland Capital Management Fund Advisors, L.P. re 20 (p.17371) Response/Objection (Rukavina, Davor) (Entered: 12/16/2021) |
| 12/16/2021 | 22 (p.17482) | ORDER: IT IS ORDERED that this action is hereby TRANSFERRED to the docket of Judge Brantley Starr for possible consolidation with Case Number 3:21-CV-0881-X and shall henceforth carry the suffix letter X. (Ordered by Judge Ada Brown on 12/16/2021) (jmg) (Entered: 12/16/2021) |
| 12/17/2021 | 23 (p.17483) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 19 (p.17320) Notice (Other), (Annable, Zachery) (Entered: 12/17/2021) |
| 12/21/2021 | 24 (p.17488) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 22 (p.17482) Order Reassigning Case, (Annable, Zachery) (Entered: 12/21/2021) |
| 12/27/2021 | 25 (p.17493) | RESPONSE filed by Highland Capital Management LP re: 13 (p.17264) MOTION to Consolidate Cases (Annable, Zachery) (Entered: 12/27/2021) |
| 12/30/2021 | 26 (p.17504) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 25 (p.17493) Response/Objection (Annable, Zachery) (Entered: 12/30/2021) |
| 01/06/2022 | 27 (p.17509) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881-X. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/12/2022 | 28 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard motion-response-reply deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |

# TAB 4
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-01378-X

Highland Capital Management LP et al v. Highland Capital
Management Services, Inc
Assigned to: Judge Brantley Starr
Lead case: 3:21-cv-00881-X
Member case: (View Member Case)
 Case in other court:       BK Court, 19-34054-sgj11;
                      Adversary Number, 21-03006-sgj
Cause: 28:0157 Motion for Withdrawal of Reference

Date Filed: 06/14/2021
Date Terminated: 01/06/2022
Jury Demand: None
Nature of Suit: 423 Bankruptcy: Withdrawal
28 USC 157
Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Plaintiff**

**Highland Capital Management LP**

represented by **Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

John A Morris
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Suite 34th Floor
New York, NY 10017
212-561-7760
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Defendant**

**Highland Capital Management Services Inc**                      represented by **Michael P Aigen**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lauren Kessler Drawhorn**
Wick Phillips Gould & Martin LLP
100 Throckmorton Street
Suite 1500
Fort Worth, TX 76102
817-332-7788
Fax: 817-332-7789
Email: lauren.drawhorn@wickphillips.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**James Dondero**                      represented by **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Bryan Christopher Assink**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
Email: bryan.assink@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Clay M Taylor**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton
Suite 1000
Fort Worth, TX 76102
817-779-4300
Email: clay.taylor@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Nancy Dondero**                    represented by    **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

| | | |
|---|---|---|
| **The Dugaboy Investment Trust** | represented by | **Deborah Rose Deitsch-Perez**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Douglas Draper**<br>Heller, Draper & Horn, L.L.C.<br>650 Poydras Street<br>New Orleans, LA 70130<br>504-299-3300<br>Fax: 504-299-3399<br>Email: ddraper@hellerdraper.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |
| | | **Greta M Brouphy**<br>Heller Draper & Horn LLC<br>650 Poydras St<br>Suite 2500<br>New Orleans, TX 70130<br>504-299-3300<br>*Bar Status: Not Admitted* |
| | | **Leslie A Collins**<br>Heller Draper & Horn LLC<br>650 Poydras St<br>Suite 2500<br>New Orleans, LA 70130<br>504-299-3300<br>Fax: 504-299-3399<br>Email: lcollins@hellerdraper.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**<u>Bankruptcy Judge</u>**

| | | |
|---|---|---|
| **Stacey G Jernigan** | represented by | **Stacey G Jernigan**<br>US Bankruptcy Court<br>Chambers of Judge Stacey G C Jernigan<br>1100 Commerce St<br>Room 1254<br>Dallas, TX 75242-1496<br>214-753-2040<br>Email: sgj_settings@txnb.uscourts.gov<br>PRO SE |

V.

**<u>Interested Party</u>**

| | | |
|---|---|---|
| **Highland Capital Management Fund Advisors LP** | represented by | **Julian Preston Vasek**<br>Munsch Hardt Kopf & Harr PC<br>500 N. Akard St |

Suite 3800
Dallas, TX 75201
214-855-7500
Fax: 214-855-7584
Email: jvasek@munsch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
Munsch Hardt Kopf & Harr PC
500 N Akard St
Ste 3800
Dallas, TX 75201
214-855-7587
Email: drukavina@munsch.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Notice Only**

**Case Admin Sup**                        represented by  **Case Admin Sup**
                                                          Email: txnb_appeals@txnb.uscourts.gov
                                                          PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2021 | 1 (p.17528) | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 21-03006 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.17528) Motion to withdraw the reference, # 2 (p.17809) Brief in Support of Motion, # 3 (p.17822) Support Document) (Whitaker - TXNB, Sheniqua) (Entered: 06/14/2021) |
| 06/14/2021 | | New Case Notes: A filing fee has been paid. (ygl) (Entered: 06/14/2021) |
| 07/15/2021 | 2 (p.17809) | Notice of transmittal of Report and Recommendation to the District Court in bankruptcy case number 21-03006 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission |

| | | |
|---|---|---|
| | | requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.17528) Report and Recommendation EOD 7/14/2021) (Blanco - TXNB, Juan) (Entered: 07/15/2021) |
| 07/16/2021 | 3 (p.17822) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12058257) filed by Highland Capital Management LP (Attachments: # 1 (p.17528) Certificate of Good Standing)Attorney Jeffrey N Pomerantz added to party Highland Capital Management LP(pty:dbpos) (Pomerantz, Jeffrey) (Entered: 07/16/2021) |
| 07/23/2021 | 4 | ELECTRONIC ORDER granting 3 (p.17822) Application for Admission Pro Hac Vice of Jeffrey N. Pomerantz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge David C Godbey on 7/23/2021) (chmb) (Entered: 07/23/2021) |
| 07/26/2021 | 5 (p.17828) | ORDER ON MOTION TO WITHDRAW REFERENCE: The Court hereby adopts the recommendation of the United States Bankruptcy Judge Stacey G. C. Jernigan, as follows: upon certification by the Bankruptcy Court that the parties are ready for trial, the Court will withdraw the reference. The Court refers all pretrial matters to the Bankruptcy Court. (Ordered by Judge David C Godbey on 7/26/2021) (mla) (Entered: 07/26/2021) |
| 07/27/2021 | 6 (p.17829) | OBJECTION filed by Highland Capital Management Services Inc re: 2 (p.17809) Notice of transmittal of Report and Recommendation to the District Court (Deitsch-Perez, Deborah) (Entered: 07/27/2021) |
| 07/27/2021 | 7 (p.17846) | Appendix in Support filed by Highland Capital Management Services Inc re 6 (p.17829) Response/Objection *to Report and Recommendation to District Court on the Motion to Withdraw the Reference* (Deitsch-Perez, Deborah) (Entered: 07/27/2021) |
| 07/27/2021 | 8 (p.18031) | MOTION for Reconsideration re 5 (p.17828) Order Accepting/Adopting Findings and Recommendations, filed by Highland Capital Management Services Inc (Deitsch-Perez, Deborah) (Entered: 07/27/2021) |
| 07/28/2021 | 9 (p.18038) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12093588) filed by Highland Capital Management LP (Attachments: # 1 (p.17528) Certificate of Good Standing)Attorney Gregory V Demo added to party Highland Capital Management LP(pty:dbpos) (Demo, Gregory) (Entered: 07/28/2021) |
| 07/30/2021 | 10 | ELECTRONIC ORDER granting 9 (p.18038) Application for Admission Pro Hac Vice of Gregory V. Demo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). |

| | | (Ordered by Judge David C Godbey on 7/30/2021) (chmb) (Entered: 07/30/2021) |
|---|---|---|
| 07/30/2021 | 11 (p.18044) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12099442) filed by Highland Capital Management LP (Attachments: # 1 (p.17528) Certificate of Good Standing)Attorney John A Morris added to party Highland Capital Management LP(pty:dbpos) (Morris, John) (Entered: 07/30/2021) |
| 08/09/2021 | 12 | ELECTRONIC ORDER granting 11 (p.18044) Application for Admission Pro Hac Vice of John A. Morris. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge David C Godbey on 8/9/2021) (chmb) (Entered: 08/09/2021) |
| 08/16/2021 | 13 (p.18050) | RESPONSE filed by Highland Capital Management LP re: 8 (p.18031) MOTION for Reconsideration re 5 (p.17828) Order Accepting/Adopting Findings and Recommendation. (Annable, Zachery) (Entered: 08/16/2021) |
| 08/17/2021 | 14 (p.18062) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 13 (p.18050) Response/Objection (Annable, Zachery) (Entered: 08/17/2021) |
| 12/07/2021 | 15 (p.18067) | ORDER denying 8 (p.18031) Motion for Reconsideration re: 5 (p.17828) Order Accepting/Adopting Findings and Recommendations. (Ordered by Judge David C Godbey on 12/7/2021) (mjr) (Entered: 12/07/2021) |
| 12/11/2021 | 16 (p.18072) | MOTION to Consolidate Cases filed by Highland Capital Management Services Inc, James Dondero, Nancy Dondero, The Dugaboy Investment Trust (Attachments: # 1 (p.17528) Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party James Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party Nancy Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party The Dugaboy Investment Trust(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 17 (p.18082) | Brief/Memorandum in Support filed by James Dondero, Nancy Dondero, Highland Capital Management Services Inc, The Dugaboy Investment Trust re 16 (p.18072) MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 18 (p.18090) | Appendix in Support filed by James Dondero, Nancy Dondero, Highland Capital Management Services Inc, The Dugaboy Investment Trust re 17 (p.18082) Brief/Memorandum in Support of Motion. (Attachments: # 1 (p.17528) Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/13/2021 | 19 (p.18103) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 15 (p.18067) Order on Motion for Reconsideration (Annable, Zachery) (Entered: 12/13/2021) |

| Date | Entry | Description |
|---|---|---|
| 12/13/2021 | 20 (p.18108) | NOTICE of *First Motion to Consolidate Notes Actions* re: 16 (p.18072) MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 (p.17528) Exhibit(s) A, # 2 (p.17809) Exhibit(s) B, # 3 (p.17822) Exhibit(s) C) (Annable, Zachery) (Entered: 12/13/2021) |
| 12/17/2021 | 21 (p.18159) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 20 (p.18108) Notice (Other) (Annable, Zachery) (Entered: 12/17/2021) |
| 12/27/2021 | 22 (p.18164) | NOTICE of *Objection to Plaintiff's Motion to Consolidate* re: 20 (p.18108) Notice (Other) filed by Highland Capital Management Fund Advisors, L.P. (Attachments: # 1 (p.17528) Exhibit(s)) (Vasek, Julian) (Entered: 12/27/2021) |
| 12/27/2021 | 23 (p.18177) | RESPONSE filed by Highland Capital Management LP re: 16 (p.18072) MOTION to Consolidate Cases (Annable, Zachery) (Entered: 12/27/2021) |
| 12/30/2021 | 24 (p.18188) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 23 (p.18177) Response/Objection (Annable, Zachery) (Entered: 12/30/2021) |
| 01/04/2022 | 25 (p.18193) | ORDER: The above-referenced matter is transferred to the docket of the Honorable Judge Brantley Starr, who has a related case. All future pleadings shall be filed under case number 3:21-CV-1378-X. (Ordered by Judge David C Godbey on 1/4/2022) (jmg) (Entered: 01/04/2022) |
| 01/05/2022 | 26 (p.18194) | MOTION for Reconsideration *of and Objection to Bankruptcy Court's Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* filed by Highland Capital Management Services Inc (Deitsch-Perez, Deborah) (Entered: 01/05/2022) |
| 01/06/2022 | 27 (p.18198) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881-X. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/07/2022 | 28 (p.18201) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 25 (p.18193) Order Reassigning Case, (Annable, Zachery) (Entered: 01/07/2022) |
| 01/12/2022 | 29 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard |

| | | motion-response-reply deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |

23-10911.17527

# TAB 5
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-01379-X

| | |
|---|---|
| Highland Capital Management LP et al v. HCRE Partners LLC | Date Filed: 06/14/2021 |
| Assigned to: Judge Brantley Starr | Date Terminated: 01/06/2022 |
| Lead case: 3:21-cv-00881-X | Jury Demand: None |
| Member case: (View Member Case) | Nature of Suit: 423 Bankruptcy: Withdrawal |
| Case in other court:  BK Court 19-34054-sgj11, Adversary No, | 28 USC 157 |
| 21-03007-sgj | Jurisdiction: Federal Question |
| Cause: 28:0157 Motion for Withdrawal of Reference | |

**Debtor**

**Highland Capital Management LP**

**Plaintiff**

**Highland Capital Management LP**          represented by     **Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Suite 34th Floor
New York, NY 10017
212-561-7760
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Defendant**

**HCRE Partners LLC**                     represented by     **Deborah Rose Deitsch-Perez**
*n/k/a NexPoint Real Estate Partners LLC*                    Stinson LLP
                                                            2200 Ross Avenue
                                                            Suite 2900
                                                            Dallas, TX 75201
                                                            214-560-2201
                                                            Email: deborah.deitsch-perez@stinson.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Admitted/In Good Standing*

                                                            **Michael P Aigen**
                                                            Stinson LLP
                                                            2200 Ross Avenue
                                                            Suite 2900
                                                            Dallas, TX 75201
                                                            214-560-2201
                                                            Email: michael.aigen@stinson.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Admitted/In Good Standing*

                                                            **Lauren Kessler Drawhorn**
                                                            Wick Phillips Gould & Martin LLP
                                                            100 Throckmorton Street
                                                            Suite 1500
                                                            Fort Worth, TX 76102
                                                            817-332-7788
                                                            Fax: 817-332-7789
                                                            Email: lauren.drawhorn@wickphillips.com
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Admitted/In Good Standing*

**Defendant**

**James Dondero**                          represented by     **Deborah Rose Deitsch-Perez**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Bryan Christopher Assink**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
Email: bryan.assink@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Clay M Taylor**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton
Suite 1000
Fort Worth, TX 76102
817-779-4300
Email: clay.taylor@bondsellis.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

Nancy Dondero         represented by   **Deborah Rose Deitsch-Perez**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

| The Dugaboy Investment Trust | represented by | **Douglas Draper**<br>Heller, Draper & Horn, L.L.C.<br>650 Poydras Street<br>New Orleans, LA 70130<br>504-299-3300<br>Fax: 504-299-3399<br>Email: ddraper@hellerdraper.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |
|---|---|---|
| | | **Greta M Brouphy**<br>Heller Draper & Horn LLC<br>650 Poydras St<br>Suite 2500<br>New Orleans, TX 70130<br>504-299-3300<br>*Bar Status: Not Admitted* |
| | | **Leslie A Collins**<br>Heller Draper & Horn LLC<br>650 Poydras St<br>Suite 2500<br>New Orleans, LA 70130<br>504-299-3300<br>Fax: 504-299-3399<br>Email: lcollins@hellerdraper.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**Bankruptcy Judge**

| Stacey G Jernigan | represented by | **Stacey G Jernigan**<br>US Bankruptcy Court<br>Chambers of Judge Stacey G C Jernigan<br>1100 Commerce St<br>Room 1254<br>Dallas, TX 75242-1496<br>214-753-2040<br>Email: sgj_settings@txnb.uscourts.gov<br>PRO SE |
|---|---|---|

V.

**Interested Party**

| Highland Capital Management Fund Advisors LP | represented by | **Julian Preston Vasek**<br>Munsch Hardt Kopf & Harr PC<br>500 N. Akard St<br>Suite 3800<br>Dallas, TX 75201<br>214-855-7500<br>Fax: 214-855-7584<br>Email: jvasek@munsch.com |
|---|---|---|

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
Munsch Hardt Kopf & Harr PC
500 N Akard St
Ste 3800
Dallas, TX 75201
214-855-7587
Email: drukavina@munsch.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**<u>Notice Only</u>**

**Case Admin Sup**                          represented by  **Case Admin Sup**
Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2021 | <u>1 (p.18223)</u> | Notice of transmittal of motion for Withdrawal of Reference in <u>bankruptcy case</u> number 21-3007 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the <u>Judges Copy Requirements</u> is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: <u>Attorney Information - Bar Membership</u>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # <u>1 (p.18223)</u> Motion to withdraw the reference, # <u>2</u> Brief in Support of Motion, # <u>3 (p.18505)</u> Support Document) (Whitaker - TXNB, Sheniqua) (Entered: 06/14/2021) |
| 06/14/2021 | | New Case Notes: A filing fee has been paid. (mjr) (Entered: 06/14/2021) |
| 06/16/2021 | 2 | Court Request for Recusal: Senior Judge A. Joe Fish recused. Pursuant to instruction in Special Order 3-249, the Clerk has reassigned the case to Judge Brantley Starr for all further proceedings. Future filings should indicate the case number as: 3:21-cv-1379-X. (ctf) (Entered: 06/16/2021) |
| 07/15/2021 | <u>3 (p.18505)</u> | Notice of transmittal of Report and Recommendation to the District Court <u>bankruptcy case</u> number 21-03007 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the <u>Judges Copy Requirements</u> is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking |

23-10911.18219

| | | |
|---|---|---|
| | | here: <u>Attorney Information - Bar Membership</u>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # <u>1 (p.18223)</u> Report and Recommendation EOD 7/14/2021) (Blanco - TXNB, Juan) (Entered: 07/15/2021) |
| 07/16/2021 | <u>4 (p.18518)</u> | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12058285) filed by Highland Capital Management LP (Attachments: # <u>1 (p.18223)</u> Certificate of Good Standing)Attorney Jeffrey N Pomerantz added to party Highland Capital Management LP(pty:dbpos) (Pomerantz, Jeffrey) (Entered: 07/16/2021) |
| 07/27/2021 | <u>5 (p.18524)</u> | OBJECTION filed by HCRE Partners LLC re: <u>3 (p.18505)</u> Notice of transmittal of Report and Recommendation to the District Court (Deitsch-Perez, Deborah) (Entered: 07/27/2021) |
| 07/27/2021 | <u>6 (p.18541)</u> | Appendix in Support filed by HCRE Partners LLC re <u>5 (p.18524)</u> Response/Objection *to Report and Recommendation to District Court on the Motion to Withdraw the Reference* (Deitsch-Perez, Deborah) (Entered: 07/27/2021) |
| 07/28/2021 | <u>7 (p.18726)</u> | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12093597) filed by Highland Capital Management LP (Attachments: # <u>1 (p.18223)</u> Certificate of Good Standing)Attorney Gregory V Demo added to party Highland Capital Management LP(pty:dbpos) (Demo, Gregory) (Entered: 07/28/2021) |
| 07/29/2021 | 8 | ELECTRONIC ORDER granting <u>4 (p.18518)</u> Application for Admission Pro Hac Vice of Jeffrey N. Pomerantz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 7/29/2021) (chmb) (Entered: 07/29/2021) |
| 07/29/2021 | 9 | ELECTRONIC ORDER granting <u>7 (p.18726)</u> Application for Admission Pro Hac Vice of Gregory V. Demo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 7/29/2021) (chmb) (Entered: 07/29/2021) |
| 07/30/2021 | <u>10 (p.18732)</u> | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12099448) filed by Highland Capital Management LP (Attachments: # <u>1 (p.18223)</u> Certificate of Good Standing)Attorney John A Morris added to party Highland Capital Management LP(pty:dbpos) (Morris, John) (Entered: 07/30/2021) |
| 08/05/2021 | 11 | ELECTRONIC ORDER granting <u>10 (p.18732)</u> Application for Admission Pro Hac Vice of John A. Morris. Important Reminder: Unless excused for cause, an attorney who is not an ECF user |

| | | must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 8/5/2021) (chmb) (Entered: 08/05/2021) |
|---|---|---|
| 08/10/2021 | 12 (p.18738) | REPLY filed by Highland Capital Management LP re: 5 (p.18524) Response/Objection (Annable, Zachery) (Entered: 08/10/2021) |
| 08/13/2021 | 13 (p.18748) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 12 (p.18738) Reply (Annable, Zachery) (Entered: 08/13/2021) |
| 08/17/2021 | 14 (p.18753) | Order Accepting 3 (p.18505) Bankruptcy Court's Report and Recommendation. The Court will grant the motion upon certification from the Bankruptcy Court that the case is ready for trial, and the Court further refers all pre-trial matters to the Bankruptcy Court. (Ordered by Judge Brantley Starr on 8/17/2021) (ygl) (Entered: 08/17/2021) |
| 12/11/2021 | 15 (p.18755) | MOTION to Consolidate Cases filed by HCRE Partners LLC, James Dondero, Nancy Dondero, The Dugaboy Investment Trust (Attachments: # 1 (p.18223) Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party James Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party Nancy Dondero(pty:dft), Attorney Deborah Rose Deitsch-Perez added to party The Dugaboy Investment Trust(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 16 (p.18765) | Brief/Memorandum in Support filed by James Dondero, Nancy Dondero, HCRE Partners LLC, The Dugaboy Investment Trust re 15 (p.18755) MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 17 (p.18773) | Appendix in Support filed by James Dondero, Nancy Dondero, HCRE Partners LLC, The Dugaboy Investment Trust re 16 (p.18765) Brief/Memorandum in Support of Motion. (Attachments: # 1 (p.18223) Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/13/2021 | 18 (p.18786) | NOTICE of *First Motion to Consolidate Notes Actions* re: 15 (p.18755) MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 (p.18223) Exhibit(s) A, # 2 Exhibit(s) B, # 3 (p.18505) Exhibit(s) C) (Annable, Zachery) (Entered: 12/13/2021) |
| 12/17/2021 | 19 (p.18837) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 18 (p.18786) Notice (Other) (Annable, Zachery) (Entered: 12/17/2021) |
| 12/27/2021 | 20 (p.18842) | NOTICE of *Objection to Plaintiff's Motion to Consolidate* re: 18 (p.18786) Notice (Other) filed by Highland Capital Management Fund Advisors, L.P. (Attachments: # 1 (p.18223) Exhibit(s)) (Vasek, Julian) (Entered: 12/27/2021) |
| 12/27/2021 | 21 (p.18855) | RESPONSE filed by Highland Capital Management LP re: 15 (p.18755) MOTION to Consolidate Cases (Annable, Zachery) |

| | | |
|---|---|---|
| | | (Entered: 12/27/2021) |
| 12/30/2021 | 22 (p.18866) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 21 (p.18855) Response/Objection (Annable, Zachery) (Entered: 12/30/2021) |
| 01/05/2022 | 23 (p.18871) | MOTION for Reconsideration *of and Objection to Bankruptcy Court's Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* filed by HCRE Partners LLC (Attachments: # 1 (p.18223) Proposed Order) (Deitsch-Perez, Deborah) (Entered: 01/05/2022) |
| 01/06/2022 | 24 (p.18877) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881-X. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/12/2022 | 25 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard motion-response-reply deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |

# TAB 6
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:21-cv-03160-X

Dondero et al v. Highland Capital Management LP

Assigned to: Judge Brantley Starr

Lead case: 3:21-cv-00881-X

Member case: (View Member Case)

Case in other court:  BK Court, 19-34054, Adversary Number, 21-03003

Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 12/17/2021

Date Terminated: 01/20/2022

Jury Demand: None

Nature of Suit: 422 Bankruptcy: Appeal 28 USC 158

Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Appellant**

**James D Dondero**                    represented by    **Deborah Rose Deitsch-Perez**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Appellant**

**Nancy Dondero**                    represented by    **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Appellant**

**The Dugaboy Investment Trust**                    represented by    **Douglas Draper**
Heller, Draper & Horn, L.L.C.
650 Poydras Street
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: ddraper@hellerdraper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Appellee**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Melissa S Hayward** |
| | | Hayward PLLC |
| | | 10501 N Central Expressway, Suite 106 |
| | | Dallas, TX 75231 |
| | | 972-755-7100 |
| | | Fax: 972-755-7104 |
| | | Email: mhayward@haywardfirm.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |

**Bankruptcy Judge**

| | | |
|---|---|---|
| **Stacey G Jernigan** | represented by | **Stacey G Jernigan** |
| | | US Bankruptcy Court |
| | | Chambers of Judge Stacey G C Jernigan |
| | | 1100 Commerce St |
| | | Room 1254 |
| | | Dallas, TX 75242-1496 |
| | | 214-753-2040 |
| | | Email: sgj_settings@txnb.uscourts.gov |
| | | PRO SE |

V.

**Notice Only**

| | | |
|---|---|---|
| **Case Admin Sup** | represented by | **Case Admin Sup** |
| | | Email: txnb_appeals@txnb.uscourts.gov |
| | | PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2021 | 1 (p.18891) | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 21-03003 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3160. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.18891) Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/17/2021) |
| 12/17/2021 | | New Case Notes: A filing fee has been paid. (ndt) (Entered: 12/20/2021) |

| 01/18/2022 | [2](p.18943) | Joint STIPULATION *Consolidating and Staying Briefing on Appeal of Motions to Compel Arbitration* by James D Dondero, Nancy Dondero. (Aigen, Michael) (Entered: 01/18/2022) |
|---|---|---|
| 01/19/2022 | [3](p.18949) | ORDER REASSIGNING CASE. Case reassigned to Judge Brantley Starr for all further proceedings. Senior Judge Sam R Cummings no longer assigned to case. (Ordered by Senior Judge Sam R Cummings on 1/19/2022) (ndt) (Entered: 01/19/2022) |
| 01/20/2022 | [4](p.18950) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |

# TAB 7
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-03179-X

Dondero et al v. Highland Capital Management LP
Assigned to: Judge Brantley Starr
Lead case: 3:21-cv-00881-X
Member case: (View Member Case)
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 12/21/2021
Date Terminated: 01/20/2022
Jury Demand: None
Nature of Suit: 422 Bankruptcy: Appeal 28 USC 158
Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Appellant**

**Nancy Dondero**                          represented by   **Deborah Rose Deitsch-Perez**
                                                            Stinson LLP
                                                            2200 Ross Avenue
                                                            Suite 2900
                                                            Dallas, TX 75201
                                                            214-560-2201
                                                            Email: deborah.deitsch-perez@stinson.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Admitted/In Good Standing*

**Appellant**

**James D Dondero**                        represented by   **Deborah Rose Deitsch-Perez**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Admitted/In Good Standing*

**Appellant**

**The Dugaboy Investment Trust**          represented by   **Douglas Draper**
                                                            Heller, Draper & Horn, L.L.C.
                                                            650 Poydras Street
                                                            New Orleans, LA 70130
                                                            504-299-3300
                                                            Fax: 504-299-3399
                                                            Email: ddraper@hellerdraper.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Not Admitted*

V.

**Appellee**

**Highland Capital Management LP**     represented by   **Melissa S Hayward**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

**Stacey G Jernigan**     represented by   **Stacey G Jernigan**
US Bankruptcy Court
Chambers of Judge Stacey G C Jernigan
1100 Commerce St
Room 1254
Dallas, TX 75242-1496
214-753-2040
Email: sgj_settings@txnb.uscourts.gov
PRO SE

V.

**Notice Only**

**Case Admin Sup**     represented by   **Case Admin Sup**
Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/2021 | 1 (p.18959) | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 21-3006 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3179. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a |

| | | |
|---|---|---|
| | | sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also <u>District Court Local Bankruptcy Rule</u> 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: <u>Attorney Information - Bar Membership</u>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # <u>1 (p.18959)</u> Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/21/2021) |
| 12/21/2021 | | New Case Notes: A filing fee has been paid. (ndt) (Entered: 12/21/2021) |
| 01/18/2022 | <u>2 (p.19025)</u> | Joint STIPULATION *Consolidating and Staying Briefing on Appeal of Motions to Compel Arbitration* by James D Dondero, Nancy Dondero. (Aigen, Michael) (Entered: 01/18/2022) |
| 01/20/2022 | <u>3 (p.19031)</u> | ORDER REASSIGNING CASE. This matter is TRANSFERRED to the docket of the Honorable Brantley Starr. All future pleadings in this case shall be filed under Cause No. 3:21-cv-00881-X. Chief Judge Barbara M. G. Lynn no longer assigned to case. (Ordered by Chief Judge Barbara M. G. Lynn on 1/20/2022) (ykp) (Entered: 01/20/2022) |
| 01/20/2022 | <u>4 (p.19032)</u> | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |

# TAB 8

**APPELLANTS' RECORD EXCERPTS**

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-03207-X

Dondero et al v. Highland Capital Management LP
Assigned to: Judge Brantley Starr
Lead case: 3:21-cv-00881-X
Member case: (View Member Case)
 Case in other court:  BK Court, 19-34054-sgj11, Adversary No,
                                     21-03007-sgj
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 12/23/2021
Date Terminated: 01/20/2022
Jury Demand: None
Nature of Suit: 422 Bankruptcy: Appeal 28 USC 158
Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Appellant**

**James D Dondero**                      represented by    **Deborah Rose Deitsch-Perez**
                                                                                  Stinson LLP
                                                                                  2200 Ross Avenue
                                                                                  Suite 2900
                                                                                  Dallas, TX 75201
                                                                                  214-560-2201
                                                                                  Email: deborah.deitsch-perez@stinson.com
                                                                                  *LEAD ATTORNEY*
                                                                                  *ATTORNEY TO BE NOTICED*
                                                                                  *Bar Status: Admitted/In Good Standing*

                                                                                  **Bryan Christopher Assink**
                                                                                  Bonds Ellis Eppich Schafer Jones LLP
                                                                                  420 Throckmorton St
                                                                                  Suite 1000
                                                                                  Fort Worth, TX 76102
                                                                                  817-405-6900
                                                                                  Fax: 817-405-6902
                                                                                  Email: bryan.assink@bondsellis.com
                                                                                  *ATTORNEY TO BE NOTICED*
                                                                                  *Bar Status: Admitted/In Good Standing*

                                                                                  **Clay M Taylor**
                                                                                  Bonds Ellis Eppich Schafer Jones LLP
                                                                                  420 Throckmorton
                                                                                  Suite 1000
                                                                                  Fort Worth, TX 76102
                                                                                  817-779-4300
                                                                                  Email: clay.taylor@bondsellis.com
                                                                                  *ATTORNEY TO BE NOTICED*
                                                                                  *Bar Status: Admitted/In Good Standing*

Michael P Aigen
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Appellant**

**Nancy Dondero**    represented by

**Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Appellant**

**The Dugaboy Investment Trust**    represented by

**Douglas Draper**
Heller, Draper & Horn, L.L.C.
650 Poydras Street
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: ddraper@hellerdraper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Greta M Brouphy**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, TX 70130
504-299-3300
*Bar Status: Not Admitted*

**Leslie A Collins**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: lcollins@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Appellee**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Melissa S Hayward** |

Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

| | | |
|---|---|---|
| **Stacey G Jernigan** | represented by | **Stacey G Jernigan** |

US Bankruptcy Court
Chambers of Judge Stacey G C Jernigan
1100 Commerce St
Room 1254
Dallas, TX 75242-1496
214-753-2040
Email: sgj_settings@txnb.uscourts.gov
PRO SE

V.

**Notice Only**

| | | |
|---|---|---|
| **Case Admin Sup** | represented by | **Case Admin Sup** |

Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 12/23/2021 | 1 (p.19042) | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in <u>bankruptcy case</u> number 21-03007 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3207. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to <u>Fed. R. Bankr. P.</u> 8009, before |

| | | the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.19042) Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/23/2021) |
|---|---|---|
| 12/23/2021 | | New Case Notes: A filing fee has been paid. (axm) (Entered: 12/23/2021) |
| 01/18/2022 | 2 (p.19096) | Joint STIPULATION *Consolidating and Staying Briefing on Appeal of Motions to Compel Arbitration* by James D Dondero, Nancy Dondero. (Aigen, Michael) (Entered: 01/18/2022) |
| 01/20/2022 | 3 (p.19102) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |
| 01/21/2022 | 4 (p.19105) | ORDER: The above-numbered case is hereby transferred to the docket of the Honorable Judge Brantley Starr, as it is related to Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P., Civil Action No. 3:21-cv-881-X. All future pleadings shall be filed under case number 3:21-cv-881-X. (Ordered by Judge Karen Gren Scholer on 1/21/2022) (mjr) (Entered: 01/21/2022) |

# TAB 9
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-03162-X

Dondero et al v. Highland Capital Management LP
Assigned to: Judge Brantley Starr
Lead case: 3:21-cv-00881-X
Member case: (View Member Case)
 Case in other court:  BK Court, 19-34054, Adversary Number,
                                    21-03005
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 12/17/2021
Date Terminated: 01/20/2022
Jury Demand: None
Nature of Suit: 422 Bankruptcy: Appeal 28 USC 158
Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Appellant**

**James D Dondero**                                    represented by    **Deborah Rose Deitsch-Perez**
                                                                          Stinson LLP
                                                                          2200 Ross Avenue
                                                                          Suite 2900
                                                                          Dallas, TX 75201
                                                                          214-560-2201
                                                                          Email: deborah.deitsch-perez@stinson.com
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*
                                                                          *Bar Status: Admitted/In Good Standing*

                                                                          **Bryan Christopher Assink**
                                                                          Bonds Ellis Eppich Schafer Jones LLP
                                                                          420 Throckmorton St
                                                                          Suite 1000
                                                                          Fort Worth, TX 76102
                                                                          817-405-6900
                                                                          Fax: 817-405-6902
                                                                          Email: bryan.assink@bondsellis.com
                                                                          *ATTORNEY TO BE NOTICED*
                                                                          *Bar Status: Admitted/In Good Standing*

                                                                          **Clay M Taylor**
                                                                          Bonds Ellis Eppich Schafer Jones LLP
                                                                          420 Throckmorton
                                                                          Suite 1000
                                                                          Fort Worth, TX 76102
                                                                          817-779-4300
                                                                          Email: clay.taylor@bondsellis.com
                                                                          *ATTORNEY TO BE NOTICED*
                                                                          *Bar Status: Admitted/In Good Standing*

Michael P Aigen
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Appellant**

**Nancy Dondero**                    represented by   **Deborah Rose Deitsch-Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Appellant**

**The Dugaboy Investment Trust**     represented by   **Douglas Draper**
Heller, Draper & Horn, L.L.C.
650 Poydras Street
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: ddraper@hellerdraper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Greta M Brouphy**
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, TX 70130
504-299-3300
*Bar Status: Not Admitted*

Leslie A Collins
Heller Draper & Horn LLC
650 Poydras St
Suite 2500
New Orleans, LA 70130
504-299-3300
Fax: 504-299-3399
Email: lcollins@hellerdraper.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Appellee**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Melissa S Hayward** |

Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

| | | |
|---|---|---|
| **Stacey G Jernigan** | represented by | **Stacey G Jernigan** |

US Bankruptcy Court
Chambers of Judge Stacey G C Jernigan
1100 Commerce St
Room 1254
Dallas, TX 75242-1496
214-753-2040
Email: sgj_settings@txnb.uscourts.gov
PRO SE

V.

**Notice Only**

| | | |
|---|---|---|
| **Case Admin Sup** | represented by | **Case Admin Sup** |

Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2021 | 1 (p.19114) | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 21-03005 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3162. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before |

| | | |
|---|---|---|
| | | the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.19114) Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/17/2021) |
| 12/17/2021 | | New Case Notes: A filing fee has been paid. (ndt) (Entered: 12/20/2021) |
| 01/18/2022 | 2 (p.19166) | Joint STIPULATION *Consolidating and Staying Briefing on Appeal of Motions to Compel Arbitration* by James D Dondero, Nancy Dondero. (Aigen, Michael) (Entered: 01/18/2022) |
| 01/20/2022 | 3 | ELECTRONIC ORDER REASSIGNING CASE. Case reassigned to Judge Brantley Starr for possible consolidation and all further proceedings. Judge Ed Kinkeade no longer assigned to case. (Ordered by Judge Ed Kinkeade on 1/20/2022) (chmb) (Entered: 01/20/2022) |
| 01/20/2022 | 4 (p.19172) | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |

# TAB 10
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:22-cv-00789-X

Highland Capital Management LP et al v. Highland Capital
Management Fund Advisors LP
Assigned to: Judge Brantley Starr
Lead case: 3:21-cv-00881-X
Member case: (View Member Case)
 Case in other court:  BK Court 19-34054-sgj11; Adversay No,
                          21-03082-sgj
Cause: 28:0157 Motion for Withdrawal of Reference

Date Filed: 04/06/2022
Jury Demand: None
Nature of Suit: 423 Bankruptcy: Withdrawal
28 USC 157
Jurisdiction: Federal Question

**Debtor**

**Highland Capital Management LP**

**Plaintiff**

**Highland Capital Management LP**                  represented by   **Zachery Z Annable**
                                                                     Hayward PLLC
                                                                     10501 N Central Expressway, Suite 106
                                                                     Dallas, TX 75231
                                                                     972-755-7108
                                                                     Fax: 972-755-7110
                                                                     Email: zannable@haywardfirm.com
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*
                                                                     *Bar Status: Admitted/In Good Standing*

                                                                     **Melissa S Hayward**
                                                                     Hayward PLLC
                                                                     10501 N Central Expressway, Suite 106
                                                                     Dallas, TX 75231
                                                                     972-755-7100
                                                                     Fax: 972-755-7104
                                                                     Email: mhayward@haywardfirm.com
                                                                     *ATTORNEY TO BE NOTICED*
                                                                     *Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Highland Capital Management Fund**                represented by   **Michael P Aigen**
**Advisors LP**                                                     Stinson LLP
                                                                     2200 Ross Avenue
                                                                     Suite 2900
                                                                     Dallas, TX 75201
                                                                     214-560-2201

23-10911.19179

Email: michael.aigen@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

**Stacey G Jernigan**                    represented by    **Stacey G Jernigan**
                                                           US Bankruptcy Court
                                                           Chambers of Judge Stacey G C Jernigan
                                                           1100 Commerce St
                                                           Room 1254
                                                           Dallas, TX 75242-1496
                                                           214-753-2040
                                                           Email: sgj_settings@txnb.uscourts.gov
                                                           PRO SE

V.

**Notice Only**

**Case Admin Sup**                       represented by    **Case Admin Sup**
                                                           Email: txnb_appeals@txnb.uscourts.gov
                                                           PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2022 | 1 (p.19182) | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 21-03082 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.19182) Motion to withdraw the reference) (Whitaker - TXNB, Sheniqua) (Entered: 04/06/2022) |
| 04/06/2022 | | New Case Notes: A filing fee has been paid. (mjr) (Entered: 04/07/2022) |
| 04/07/2022 | 2 (p.19192) | |

| | | NOTICE of Report and Recommendation from the United States Bankruptcy Court filed by Case Admin Sup (Attachments: # 1 (p.19182) Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 04/07/2022) |
|---|---|---|
| 04/08/2022 | 3 | ELECTRONIC ORDER REASSIGNING CASE. Case reassigned to Judge Brantley Starr for all further proceedings. Judge Ed Kinkeade no longer assigned to case. (Ordered by Judge Ed Kinkeade on 4/8/2022) (chmb) (Entered: 04/08/2022) |
| 04/20/2022 | 4 (p.19203) | ORDER CONSOLIDATING CASES: Member case(s) 3:22-cv-789 consolidated with lead case 3:21-cv-881. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-cv-881. (Ordered by Judge Brantley Starr on 4/20/2022) (ygl) (Entered: 04/20/2022) |
| 06/08/2023 | 5 | Electronic Standing Order - If they have not already done so, all attorneys appearing in this case must file a Certificate Regarding Judge-Specific Requirements on the docket attesting that they have read, and will comply with, the judge-specific requirements for this Court, including the Court's order concerning generative artificial intelligence. The judge-specific requirements and a template Certificate may be found at:  Certificate Regarding Judge-Specific Requirements. To file the Certificate, please use the event entitled Certificate Regarding Judge-Specific Requirements. This event is located in the Other Documents selection, which is under the Other Filings category of the Civil page in ECF. Please contact the ECF help desk at 214-753-2633 for filing assistance. (Ordered by Judge Brantley Starr on 6/8/2023) (twd) (Entered: 06/08/2023) |
| 06/14/2023 | 6 (p.19205) | Certificate Regarding Judge-Specific Requirements. (Aigen, Michael) (Entered: 06/14/2023) |
| 06/14/2023 | 7 (p.19207) | Certificate Regarding Judge-Specific Requirements. (Deitsch-Perez, Deborah) (Entered: 06/14/2023) |

# TAB 11
## APPELLANTS' RECORD EXCERPTS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00881-X

Highland Capital Management LP et al v. NexPoint Asset Management LP

Assigned to: Judge Brantley Starr

Case in other court:  BK Court 19-34054-sgj11, Adversary, 21-03004-sgj

USCA5, 23-10911

Cause: 28:0157 Motion for Withdrawal of Reference

Date Filed: 04/18/2021
Jury Demand: None
Nature of Suit: 423 Bankruptcy: Withdrawal 28 USC 157
Jurisdiction: Federal Question

**Debtor**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Melissa S Hayward** |
| | | Hayward PLLC |
| | | 10501 N Central Expressway, Suite 106 |
| | | Dallas, TX 75231 |
| | | 972-755-7100 |
| | | Fax: 972-755-7104 |
| | | Email: mhayward@haywardfirm.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |

**Interested Party**

| | | |
|---|---|---|
| **Highland Income Fund** | represented by | **Artoush Varshosaz** |
| *Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)* | | K & L Gates LLP |
| | | 1717 Main Street, Suite 2800 |
| | | Dallas, TX 75201 |
| | | 214-939-5659 |
| | | Fax: 214-939-5849 |
| | | Email: artoush.varshosaz@klgates.com |
| | | *TERMINATED: 12/15/2023* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **A Lee Hogewood, III** |
| | | K&L Gates |
| | | 301 Hillsborough Street |
| | | Suite 1200 |
| | | Raleigh, NC 27603 |
| | | 919-743-7306 |
| | | Email: lee.hogewood@klgates.com |
| | | *TERMINATED: 12/15/2023* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Not Admitted* |

**Interested Party**

**NexPoint Strategic Opportunities Fund
n/k/a NexPoint Diversified Real Estate
Trust**
*Party and attorney are active (attorney has
been terminated to restrict access to sealed
filings.)*

represented by

**Artoush Varshosaz**
(See above for address)
*TERMINATED: 12/15/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**A Lee Hogewood, III**
(See above for address)
*TERMINATED: 12/15/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Interested Party**

**Highland Global Allocation Fund**
*Party and attorney are active (attorney has
been terminated to restrict access to sealed
filings.)*

represented by

**Artoush Varshosaz**
(See above for address)
*TERMINATED: 12/15/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**A Lee Hogewood, III**
(See above for address)
*TERMINATED: 12/15/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Interested Party**

**NexPoint Capital, Inc.**
*Party and attorney are active (attorney has
been terminated to restrict access to sealed
filings.)*

represented by

**Artoush Varshosaz**
(See above for address)
*TERMINATED: 12/15/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**A Lee Hogewood, III**
(See above for address)
*TERMINATED: 12/15/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Interested Party**

**Hunter Mountain Investment Trust**


V.

**Creditor**

**Charitable DAF Fund, L.P.**

**Creditor**

**CLO Holdco, Ltd.**

<u>**Plaintiff**</u>

**Highland Capital Management LP**         represented by    **Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Hayley R Winograd**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: hayleywinograd@gmail.com
*Bar Status: Not Admitted*

**Ira D Kharasch**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-277-6910
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Ste 13th Floor
Los Angeles, CA 90066
310-277-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jordan A Kroop**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Suite 34th Floor
New York, NY 10017-2024
212-561-7700
Fax: 212-561-7777
Email: Jkroop@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Melissa S Hayward**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Consol Defendant**

**NexPoint Asset Management LP**
*formerly known as*
Highland Capital Management Fund
Advisors LP

represented by **Davor Rukavina**
Munsch Hardt Kopf & Harr PC
500 N Akard St
Suite 4000
Dallas, TX 75201
214-855-7587
Email: drukavina@munsch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: deborah.deitsch-perez@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
Munsch Hardt Kopf and Harr

500 N Akard Street
Suite 4000
Dallas, TX 75201
214-855-7528
Email: jvasek@munsch.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
Stinson LLP
2200 Ross Avenue
Suite 2900
Dallas, TX 75201
214-560-2201
Email: michael.aigen@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**Nextpoint Real Estate Partners LLC**    represented by  **Deborah Rose Deitsch-Perez**
*formerly known as*                                       (See above for address)
HCRE Partners LLC                                         *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Admitted/In Good Standing*

**Lauren Kessler Drawhorn**
Wick Phillips Gould & Martin LLP
100 Throckmorton Street
Suite 1500
Fort Worth, TX 76102
817-332-7788
Fax: 817-332-7789
Email: lauren.drawhorn@wickphillips.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**NexPoint Advisors LP**    represented by  **Davor Rukavina**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*
                                            *Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

| | | |
|---|---|---|
| **Highland Capital Management Services Inc** | represented by | **Deborah Rose Deitsch-Perez** |

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lauren Kessler Drawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

| | | |
|---|---|---|
| **James Dondero** | represented by | **Deborah Rose Deitsch-Perez** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bryan Christopher Assink**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000
Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
Email: bryan.assink@bondsellis.com
*TERMINATED: 08/17/2022*
*Bar Status: Admitted/In Good Standing*

**Clay Marshall Taylor**
Dentons US LLP
2000 McKinney
Suite 1900
Dallas, TX 76102
214-647-2496
Email: clay.taylor@dentons.com
*TERMINATED: 08/17/2022*
*Bar Status: Admitted/In Good Standing*

**D Michael Lynn**
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St
Suite 1000

Fort Worth, TX 76102
817-405-6900
Fax: 817-405-6902
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

**Nancy Dondero**                    represented by **Daniel P Elms**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3660
Fax: 214-665-3601
Email: elmsd@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Davor Rukavina**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael P Aigen**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Consol Defendant**

| | | |
|---|---|---|
| The Dugaboy Investment Trust | represented by | **Davor Rukavina**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Deborah Rose Deitsch-Perez**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Douglas Draper**<br>Heller, Draper & Horn, L.L.C.<br>650 Poydras Street<br>New Orleans, LA 70130<br>504-299-3300<br>Fax: 504-299-3399<br>Email: ddraper@hellerdraper.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |
| | | **Greta M Brouphy**<br>Heller Draper & Horn LLC<br>650 Poydras St<br>Suite 2500<br>New Orleans, TX 70130<br>504-299-3300<br>*Bar Status: Not Admitted* |
| | | **Julian Preston Vasek**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Leslie A Collins**<br>Heller Draper & Horn LLC<br>650 Poydras St<br>Suite 2500<br>New Orleans, LA 70130<br>504-299-3300<br>Fax: 504-299-3399<br>Email: lcollins@hellerdraper.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**Defendant**

| | | |
|---|---|---|
| **Highland Capital Management Fund Advisors LP**<br>*TERMINATED: 07/06/2023* | represented by | **Davor Rukavina**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Michael P Aigen**<br>(See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Deborah Rose Deitsch-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julian Preston Vasek**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Consol Defendant**

**HCRE Partners LLC**              represented by    **Deborah Rose Deitsch-Perez**
*n/k/a NexPoint Real Estate Partners LLC*              (See above for address)
*TERMINATED: 07/06/2023*                               *ATTORNEY TO BE NOTICED*
                                                       *Bar Status: Admitted/In Good Standing*

                                                   **Lauren Kessler Drawhorn**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Bar Status: Admitted/In Good Standing*

                                                   **Michael P Aigen**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

**Stacey G Jernigan**              represented by    **Stacey G Jernigan**
                                                   US Bankruptcy Court
                                                   Chambers of Judge Stacey G C Jernigan
                                                   1100 Commerce St
                                                   Room 1254
                                                   Dallas, TX 75242-1496
                                                   214-753-2040
                                                   Email: sgj_settings@txnb.uscourts.gov
                                                   PRO SE

V.

**Notice Only**

**Case Admin Sup**                represented by    **Case Admin Sup**
                                                   Email: txnb_appeals@txnb.uscourts.gov
                                                   PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2021 | 1 | Notice of transmittal of motion for Withdrawal of Reference in <u>bankruptcy case</u> number 21-3004 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the <u>Judges Copy Requirements</u> is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: <u>Attorney Information - Bar Membership</u>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # <u>1</u> Motion to withdraw the reference, # <u>2</u> Brief in Support of Motion, # <u>3</u> Appendix in Support) (Whitaker - TXNB, Sheniqua) (Entered: 04/18/2021) |
| 04/18/2021 | | New Case Notes: A filing fee has been paid. (mjr) (Entered: 04/19/2021) |
| 07/09/2021 | 2 | NOTICE of Report and Recommendation in re: Motion to withdraw the reference filed by Case Admin Sup (Attachments: # <u>1</u> Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 07/09/2021) |
| 07/16/2021 | 3 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12058091) filed by Highland Capital Management LP (Attachments: # <u>1</u> Certificate of Good Standing)Attorney Jeffrey N Pomerantz added to party Highland Capital Management LP(pty:dbpos) (Pomerantz, Jeffrey) (Entered: 07/16/2021) |
| 07/19/2021 | 4 | ELECTRONIC ORDER granting <u>3</u> Application for Admission Pro Hac Vice of Jeffrey N. Pomerantz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 7/19/2021) (chmb) (Entered: 07/19/2021) |
| 07/22/2021 | 5 | Limited OBJECTION filed by Highland Capital Management Fund Advisors LP re: <u>2</u> NOTICE of Report and Recommendation. (Attachments: # <u>1</u> Appendix) (Vasek, Julian) Modified text on 7/23/2021 (mjr). (Entered: 07/22/2021) |
| 07/28/2021 | 6 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12093578) filed by Highland Capital Management LP (Attachments: # <u>1</u> Certificate of Good Standing)Attorney Gregory V Demo added to party Highland Capital Management LP(pty:dbpos) (Demo, Gregory) (Entered: 07/28/2021) |
| 07/29/2021 | 7 | ELECTRONIC ORDER granting <u>6</u> Application for Admission Pro Hac Vice of Gregory V. Demo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 7/29/2021) (chmb) (Entered: 07/29/2021) |
| 07/30/2021 | 8 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-12099438) filed by Highland Capital Management LP (Attachments: # <u>1</u> Certificate of Good Standing)Attorney John A Morris added to party Highland Capital Management LP(pty:dbpos) (Morris, John) (Entered: 07/30/2021) |
| 08/05/2021 | 9 | REPLY filed by Highland Capital Management LP re: <u>5</u> Limited OBJECTION. (Annable, Zachery) Modified text on 8/6/2021 (mjr). (Entered: 08/05/2021) |

| 08/06/2021 | 10 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP. (Annable, Zachery) (Entered: 08/06/2021) |
|---|---|---|
| 08/06/2021 | 11 (p.19242) | ***DISREGARD, FILED IN WRONG CASE*** CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP. (Annable, Zachery) Docket text modified on 8/6/2021 (twd). (Entered: 08/06/2021) |
| 08/06/2021 | 12 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 9 Reply (Annable, Zachery) (Entered: 08/06/2021) |
| 08/12/2021 | 13 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 10 Cert. Of Interested Persons/Disclosure Statement (Annable, Zachery) (Entered: 08/12/2021) |
| 09/14/2021 | 14 | Order Accepting 2 - 1 Report and Recommendation. This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court's concludes this case is ready for trial, that Court should notify this Court, and this Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 9/14/2021) (jmg) (Entered: 09/14/2021) |
| 09/15/2021 | 15 | ELECTRONIC ORDER granting 8 Application for Admission Pro Hac Vice of John A. Morris. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 9/15/2021) (chmb) (Entered: 09/15/2021) |
| 12/11/2021 | 16 | MOTION to Consolidate Cases filed by Highland Capital Management Fund Advisors LP (Attachments: # 1 Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party Highland Capital Management Fund Advisors LP(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 17 | Brief/Memorandum in Support filed by Highland Capital Management Fund Advisors LP re 16 MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 18 | Appendix in Support filed by Highland Capital Management Fund Advisors LP re 17 Brief/Memorandum in Support of Motion. (Attachments: # 1 Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/13/2021 | 19 | NOTICE of *First Motion to Consolidate Notes Actions* re: 16 MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C) (Annable, Zachery) (Entered: 12/13/2021) |
| 12/17/2021 | 20 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 19 Notice (Other) (Annable, Zachery) (Entered: 12/17/2021) |
| 12/27/2021 | 21 | NOTICE of *Objection to Plaintiff's Motion to Consolidate* re: 19 Notice (Other) filed by Highland Capital Management Fund Advisors LP (Attachments: # 1 Exhibit(s)) (Vasek, Julian) (Entered: 12/27/2021) |
| 12/27/2021 | 22 (p.19245) | RESPONSE filed by Highland Capital Management LP re: 16 MOTION to Consolidate Cases (Annable, Zachery) (Entered: 12/27/2021) |
| 12/30/2021 | 23 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 22 (p.19245) Response/Objection (Annable, Zachery) (Entered: 12/30/2021) |

| | | |
|---|---|---|
| 01/06/2022 | 24 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. NexPoint Advisors LP, James Dondero, Nancy Dondero, The Dugaboy Investment Trust, Highland Capital Management Services Inc and HCRE Partners LLC added to case pursuant to consolidation. Attorneys Deborah Rose Deitsch-Perez, Michael P Aigen, Lauren Kessler Drawhorn, Davor Rukavina, Julian Preston Vasek, Daniel P Elms, Bryan Christopher Assink, Clay M Taylor, D Michael Lynn, Douglas Draper, Greta M Brouphy, Leslie A Collins added to case pursuant to consolidation. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/12/2022 | 25 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard motion-response-reply deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |
| 01/12/2022 | 26 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 24 Order Consolidating Cases (Annable, Zachery) (Entered: 01/12/2022) |
| 01/14/2022 | 27 | MOTION for Ruling on Pending Objections in Administratively Closed Consolidated Cases filed by NexPoint Advisors LP with Brief/Memorandum in Support. (Attachments: # 1 NexPoint Objection, # 2 Brief, # 3 Appendix, # 4 HCRE Objection, # 5 HCMS Objection, # 6 Proposed Order) (Vasek, Julian) (Entered: 01/14/2022) |
| 01/14/2022 | 28 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jordan A. Kroop (Filing fee $100; Receipt number 0539-12527117) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing) (Hayward, Melissa) (Entered: 01/14/2022) |
| 01/18/2022 | 29 | ELECTRONIC ORDER granting 28 Application for Admission Pro Hac Vice of Jordan A. Kroop. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 1/18/2022) (chmb) (Entered: 01/18/2022) |
| 01/20/2022 | 30 | ORDER GRANTING CONSTRUED AGREED MOTION TO CONSOLIDATE THE NOTE CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Attorney Michael P Aigen for Nancy Dondero added to case pursuant to consolidation. The Court STAYS the consolidated appellate proceedings of the Note Cases (No. 3:21-cv-881) and ORDERS the parties to comply with their agreement to forego action in this Courtincluding briefinguntil the Bankruptcy Court has entered its order on the motion for summary judgment. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |
| 01/20/2022 | | Case Stayed per 30 Order. (mjr) (Entered: 01/21/2022) |

| 01/21/2022 | 31 | MOTION Defendant James Dondero's Motion for Entry of an Order on Pending Motion filed by James Dondero (Deitsch-Perez, Deborah) (Entered: 01/21/2022) |
|---|---|---|
| 01/24/2022 | 32 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Hayley R. Winograd (Filing fee $100; Receipt number 0539-12544805) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing)Attorney Melissa S Hayward added to party Highland Capital Management LP(pty:dbpos) (Hayward, Melissa) (Entered: 01/24/2022) |
| 01/26/2022 | 33 | ELECTRONIC ORDER granting 32 Application for Admission Pro Hac Vice of Hayley R. Winograd. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 1/26/2022) (chmb) (Entered: 01/26/2022) |
| 01/27/2022 | 34 | OBJECTION filed by Highland Capital Management Fund Advisors LP *to Bankruptcy Court's Order Denying Motion to Amend Answer*. (Attachments: # 1 Proposed Order) (Vasek, Julian) Modified event on 1/28/2022 (mla). (Entered: 01/27/2022) |
| 01/27/2022 | 35 | Brief/Memorandum in Support filed by Highland Capital Management Fund Advisors LP re 34 MOTION for Reconsideration *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer* (Vasek, Julian) (Entered: 01/27/2022) |
| 01/27/2022 | 36 | Appendix in Support filed by Highland Capital Management Fund Advisors LP re 34 MOTION for Reconsideration *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer*, 35 Brief/Memorandum in Support of Motion (Attachments: # 1 Part 2) (Vasek, Julian) (Entered: 01/27/2022) |
| 01/31/2022 | 37 | RESPONSE AND OBJECTION filed by Highland Capital Management LP re: 27 MOTION for Ruling on Pending Objections in Administratively Closed Consolidated Cases (Annable, Zachery) (Entered: 01/31/2022) |
| 01/31/2022 | 38 | Brief/Memorandum in Support filed by Highland Capital Management LP re 37 Response/Objection (Annable, Zachery) (Entered: 01/31/2022) |
| 01/31/2022 | 39 | Appendix in Support filed by Highland Capital Management LP re 37 Response/Objection (Annable, Zachery) (Entered: 01/31/2022) |
| 02/04/2022 | 40 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 38 Brief/Memorandum in Support of Motion, 37 Response/Objection, 39 Appendix in Support (Annable, Zachery) (Entered: 02/04/2022) |
| 02/14/2022 | 41 | REPLY filed by NexPoint Advisors LP re: 38 Brief/Memorandum in Support of Motion (Vasek, Julian) (Entered: 02/14/2022) |
| 02/14/2022 | 42 | Appendix in Support filed by NexPoint Advisors LP re 41 Reply (Vasek, Julian) (Entered: 02/14/2022) |
| 02/14/2022 | 43 | NOTICE of *Joinder to Reply Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* re: 41 Reply filed by HCRE Partners LLC, Highland Capital Management Services Inc (Deitsch-Perez, Deborah) (Entered: 02/14/2022) |
| 02/17/2022 | 44 | RESPONSE AND OBJECTION filed by Highland Capital Management LP re: 34 *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer* (Annable, Zachery) Modified docket text on 2/18/2022 (oyh). (Entered: |

| | | |
|---|---|---|
| | | 02/17/2022) |
| 02/17/2022 | 45 | Brief/Memorandum in Support filed by Highland Capital Management LP re 44 Response/Objection (Annable, Zachery) (Entered: 02/17/2022) |
| 02/17/2022 | 46 | Appendix in Support filed by Highland Capital Management LP re 45 Brief/Memorandum in Support (Annable, Zachery) Modified linkage and docket text on 2/18/2022 (oyh). (Entered: 02/17/2022) |
| 02/21/2022 | 47 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 44 Response/Objection, 46 Appendix in Support, 45 Brief/Memorandum in Support of Motion (Annable, Zachery) (Entered: 02/21/2022) |
| 03/02/2022 | 48 | REPLY filed by Highland Capital Management Fund Advisors LP re: 44 Response/Objection, 45 Brief/Memorandum in Support of Motion (Vasek, Julian) (Entered: 03/02/2022) |
| 04/20/2022 | 49 | ORDER CONSOLIDATING CASES: Member case(s) 3:22-cv-789 consolidated with lead case 3:21-cv-881. Attorney Michael P Aigen for Highland Capital Management Fund Advisors LP added to case pursuant to consolidation. (Ordered by Judge Brantley Starr on 4/20/2022) (ygl) (Entered: 04/20/2022) |
| 07/20/2022 | 50 | NOTICE of Report and Recommendation to District Court (Adversary No. 21-03004-sgj Lead Civ. Act. No. 3:21-cv-00881: Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation by U.S. Bankruptcy Judge) (Whitaker - TXNB, Sheniqua) Modified text on 8/17/2022 per USBC (svc). Modified text per TXNB clerk on on 12/6/2022 (ykp). (Entered: 07/20/2022) |
| 07/20/2022 | 51 | ELECTRONIC ORDER: In light of the Bankruptcy Court's report and recommendation [Doc. No. 50], the Court ORDERS defendants NexPoint Advisors, L.P., Highland Capital ManagementServices, Inc., HCRE Partners, LLC, and James Dondero to notify the Court by Monday, July 25 of whether the defendants' motions at Docket Numbers 27 and 31 are moot, or whether these parties still seek rulings from the Court on those motions. (Ordered by Judge Brantley Starr on 7/20/2022) (chmb) (Entered: 07/20/2022) |
| 07/25/2022 | 52 | RESPONSE filed by James Dondero, HCRE Partners LLC, Highland Capital Management Services Inc, NexPoint Advisors LP re: 51 Order, (Deitsch-Perez, Deborah) (Entered: 07/25/2022) |
| 07/26/2022 | 53 | NOTICE of *Stipulation for Objection to Report and Recommendation in Notes Litigation* filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Deitsch-Perez, Deborah) (Entered: 07/26/2022) |
| 07/28/2022 | 54 | REPLY filed by Highland Capital Management LP re: 52 Response/Objection (Annable, Zachery) (Entered: 07/28/2022) |
| 08/03/2022 | 55 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 54 Reply (Annable, Zachery) (Entered: 08/03/2022) |
| 08/08/2022 | 56 | Unopposed MOTION for Leave to File Brief in Excess of Page Limitations filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund |

| | | |
|---|---|---|
| | | Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Attachments: # 1 Proposed Order) (Deitsch-Perez, Deborah) (Entered: 08/08/2022) |
| 08/08/2022 | 57 | MOTION for Expedited Consideration re 56 Unopposed MOTION for Leave to File Brief in Excess of Page Limitations filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Deitsch-Perez, Deborah) (Entered: 08/08/2022) |
| 08/11/2022 | 58 | ELECTRONIC ORDER granting 57 Motion. (Ordered by Judge Brantley Starr on 8/11/2022) (chmb) (Entered: 08/11/2022) |
| 08/11/2022 | 59 | ELECTRONIC ORDER granting 56 Motion for Leave to File. The Court GRANTS the defendants' motion to file briefs in excess of the standard page limit. The defendants may file up to two briefs with up to an aggregate of 83 pages. (Ordered by Judge Brantley Starr on 8/11/2022) (chmb) (Entered: 08/11/2022) |
| 08/16/2022 | 60 | Unopposed MOTION to Withdraw as Attorney filed by James Dondero with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Taylor, Clay) (Entered: 08/16/2022) |
| 08/17/2022 | 61 | ELECTRONIC ORDER granting 60 Motion to Withdraw as Attorney. Attorney Bryan Christopher Assink and Clay M Taylor terminated (Ordered by Judge Brantley Starr on 8/17/2022) (chmb) (Entered: 08/17/2022) |
| 08/23/2022 | 62 | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 50 Notice (Other), (Deitsch-Perez, Deborah) (Entered: 08/23/2022) |
| 09/21/2022 | 63 | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP, The Dugaboy Investment Trust re: 50 Notice (Other), 62 Response/Objection (Attachments: # 1 Filing Letter) (Rukavina, Davor) (Entered: 09/21/2022) |
| 09/22/2022 | 64 | Unopposed MOTION for Leave to File Brief in Excess of Page Limitations under Local Rule 7.2(c) filed by Highland Capital Management LP (Attachments: # 1 Proposed Order) (Hayward, Melissa) (Entered: 09/22/2022) |
| 09/23/2022 | 65 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 64 Unopposed MOTION for Leave to File Brief in Excess of Page Limitations under Local Rule 7.2(c) (Annable, Zachery) (Entered: 09/23/2022) |
| 09/27/2022 | 66 | ELECTRONIC ORDER granting 64 Motion for Leave to File. The Court GRANTS the plaintiff's motion to file a brief in excess of the standard page limit. The plaintiff may file a brief up to 83 pages. (Ordered by Judge Brantley Starr on 9/27/2022) (chmb) (Entered: 09/27/2022) |
| 09/27/2022 | 67 | RESPONSE filed by Highland Capital Management LP re: 63 Response/Objection, (Annable, Zachery) (Entered: 09/27/2022) |
| 09/27/2022 | 68 | Brief/Memorandum in Support filed by Highland Capital Management LP re 67 Response/Objection (Annable, Zachery) (Entered: 09/27/2022) |
| 10/03/2022 | 69 | |

| | | CERTIFICATE OF SERVICE by Highland Capital Management LP re 67 Response/Objection, 68 Brief/Memorandum in Support of Motion (Hayward, Melissa) (Entered: 10/03/2022) |
|---|---|---|
| 10/11/2022 | 70 | REPLY filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 67 Response/Objection (Deitsch-Perez, Deborah) (Entered: 10/11/2022) |
| 10/12/2022 | 71 | NOTICE of Report and Recommendation to District Court regarding Highland Capital Management, L.P.'s motion for summary judgment against Highland Capital Management Fund Advisors, L.P. (Adversary No. 21-03082-sgj) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text on 12/6/2022 (ykp). (Entered: 10/12/2022) |
| 10/12/2022 | 72 | MOTION to Strike 70 Reply (), MOTION for Leave to File Sur-Reply filed by Highland Capital Management LP (Annable, Zachery) (Entered: 10/12/2022) |
| 10/12/2022 | 73 | Brief/Memorandum in Support filed by Highland Capital Management LP re 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply (Annable, Zachery) (Entered: 10/12/2022) |
| 10/14/2022 | 74 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 73 Brief/Memorandum in Support of Motion, 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply (Annable, Zachery) (Entered: 10/14/2022) |
| 10/18/2022 | 75 | NOTICE of *Stipulation Regarding Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A--Stipulation) (Annable, Zachery) (Entered: 10/18/2022) |
| 10/20/2022 | 76 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 75 Notice (Other), (Annable, Zachery) (Entered: 10/20/2022) |
| 10/28/2022 | 77 | RESPONSE filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply (Deitsch-Perez, Deborah) (Entered: 10/28/2022) |
| 11/02/2022 | 78 | OBJECTION filed by Highland Capital Management Fund Advisors LP re: 71 Notice (Other), (Deitsch-Perez, Deborah) (Entered: 11/02/2022) |
| 11/11/2022 | 79 | REPLY filed by Highland Capital Management LP re: 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply. (Annable, Zachery) Modified text on 11/14/2022 (sxf). (Entered: 11/11/2022) |
| 11/14/2022 | 80 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01010 (Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 90 NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 11/14/2022 (ykp). Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 81 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, |

| | | |
|---|---|---|
| | | Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-00880(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 91 NOTICE of Report and Recommendation to District Court , filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 82 | NOTICE of Supplement to Report and Recommendation Dated July 19,2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01379(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 93 Notice of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 83 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01378(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 92 NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/16/2022 | 84 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 79 Reply (Annable, Zachery) (Entered: 11/16/2022) |
| 11/23/2022 | 85 | RESPONSE filed by Highland Capital Management LP re: 78 Objection (Annable, Zachery) Modified text on 11/28/2022 (mms). (Entered: 11/23/2022) |
| 11/23/2022 | 86 | Brief/Memorandum in Support filed by Highland Capital Management LP re 85 Response/Objection (Highland Capital Management, L.P.'s Brief in Support of Response to Defendant's Objection to Report and Recommendation) (Annable, Zachery) (Entered: 11/23/2022) |
| 11/28/2022 | 87 | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 80 Notice (Other), (Aigen, Michael) (Entered: 11/28/2022) |
| 11/29/2022 | 88 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 86 Brief/Memorandum in Support of Motion, 85 Response/Objection (Annable, Zachery) (Entered: 11/29/2022) |
| 12/05/2022 | 89 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in re: Civ. Act. No. Lead 3:21-cv-00881 re: 50 NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 12/05/2022) |
| 12/06/2022 | 90 | NOTICE of Report and Recommendation to District Court (Adversary No. 21-03003-sgjCiv. Act. No. 3:21-cv-01010(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: |

| | | |
|---|---|---|
| | | 12/06/2022) |
| 12/06/2022 | 91 | NOTICE of Report and Recommendation to District Court (Adversary No.: 21-03005-sgj Civ. Act. No. 3:21-cv-00880(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 92 | NOTICE of Report and Recommendation to District Court ( Adversary No.: 21-03006-sgjCiv. Act. No. 3:21-cv-01378(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 93 | Notice of Report and Recommendation to District Court ( Adversary No.: 21-03007-sgj Civ. Act. No. 3:21-cv-01379(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/12/2022 | 94 | RESPONSE filed by Highland Capital Management LP re: 87 Response/Objection (Annable, Zachery) (Entered: 12/12/2022) |
| 12/12/2022 | 95 | Brief/Memorandum in Support filed by Highland Capital Management LP re 94 Response/Objection (Annable, Zachery) (Entered: 12/12/2022) |
| 12/13/2022 | 96 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 94 Response/Objection, 95 Brief/Memorandum in Support of Motion (Annable, Zachery) (Entered: 12/13/2022) |
| 01/17/2023 | 97 | NOTICE of Supplement to the October 12, 2022 Report and Recommendation: Regarding attorneys' fees and transmitting proposed form of judgment re: 71 Notice (Other), filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 01/17/2023) |
| 01/31/2023 | 98 | OBJECTION filed by Highland Capital Management Fund Advisors LP re: 97 NOTICE of Supplement to the October 12, 2022 Report and Recommendation (Aigen, Michael) Modified text on 2/1/2023 (ykp). (Entered: 01/31/2023) |
| 02/14/2023 | 99 | RESPONSE filed by Highland Capital Management LP re: 98 Response/Objection (Annable, Zachery) (Entered: 02/14/2023) |
| 02/14/2023 | 100 | Brief/Memorandum in Support filed by Highland Capital Management LP re 99 Response/Objection (Annable, Zachery) (Entered: 02/14/2023) |
| 02/16/2023 | 101 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 99 Response/Objection, 100 Brief/Memorandum in Support of Motion (Annable, Zachery) (Entered: 02/16/2023) |
| 02/24/2023 | 102 | MOTION for Leave to File Brief in Excess of Page Limits (*Highland Capital* |

| | | |
|---|---|---|
| | | *Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Annable, Zachery) (Entered: 02/24/2023) |
| 03/01/2023 | 103 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 102 MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 03/01/2023) |
| 03/03/2023 | 104 | RESPONSE filed by James Dondero, Nancy Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 102 MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Deitsch-Perez, Deborah) (Entered: 03/03/2023) |
| 03/03/2023 | 105 | Appendix in Support filed by James Dondero, Nancy Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re 104 Response/Objection, *Defendants' Response to Motion for Leave to File Brief in Excess of Page Limits* (Deitsch-Perez, Deborah) (Entered: 03/03/2023) |
| 03/07/2023 | 106 | REPLY filed by Highland Capital Management LP re: 102 MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 03/07/2023) |
| 03/07/2023 | 107 | Appendix in Support filed by Highland Capital Management LP re 106 Reply (Annable, Zachery) (Entered: 03/07/2023) |
| 03/09/2023 | 108 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 107 Appendix in Support, 106 Reply (Annable, Zachery) (Entered: 03/09/2023) |
| 05/18/2023 | 109 | Unopposed MOTION to Amend/Correct *(Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)* filed by Highland Capital Management LP (Attachments: # 1 Proposed Order) (Annable, Zachery) (Entered: 05/18/2023) |
| 05/18/2023 | 110 | AFFIDAVIT re 109 Unopposed MOTION to Amend/Correct *(Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption) (Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)* by Highland Capital Management LP. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Annable, Zachery) (Entered: 05/18/2023) |
| 05/23/2023 | 111 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 109 Unopposed MOTION to Amend/Correct *(Highland Capital Management, L.P.'s Unopposed Motion to Amend Case Caption)*, 110 Affidavit, (Annable, Zachery) (Entered: 05/23/2023) |
| 06/08/2023 | 112 | Electronic Standing Order - If they have not already done so, all attorneys appearing in this case must file a Certificate Regarding Judge-Specific Requirements on the docket attesting that they have read, and will comply with, the judge-specific requirements for this Court, including the Court's order concerning generative artificial intelligence. The judge-specific requirements and a template Certificate may be found at: Certificate Regarding Judge-Specific Requirements. To file the Certificate, please use the event entitled Certificate Regarding |

| | | |
|---|---|---|
| | | Judge-Specific Requirements. This event is located in the Other Documents selection, which is under the Other Filings category of the Civil page in ECF. Please contact the ECF help desk at 214-753-2633 for filing assistance. (Ordered by Judge Brantley Starr on 6/8/2023) (twd) (Entered: 06/08/2023) |
| 06/13/2023 | 113 | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 114 | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 115 | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 116 | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 117 | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 118 | Certificate Regarding Judge-Specific Requirements. (Annable, Zachery) (Entered: 06/13/2023) |
| 06/13/2023 | 119 | Certificate Regarding Judge-Specific Requirements. (Hayward, Melissa) (Entered: 06/13/2023) |
| 06/13/2023 | 120 | Certificate Regarding Judge-Specific Requirements. (Rukavina, Davor) (Entered: 06/13/2023) |
| 06/13/2023 | 121 | Certificate Regarding Judge-Specific Requirements. (Vasek, Julian) (Entered: 06/13/2023) |
| 06/14/2023 | 122 | ***PLEASE DISREGARD ENTRY; ATTORNEY TO RE-FILE*** Certificate Regarding Judge-Specific Requirements. (Elms, Daniel) Modified docket text on 6/14/2023 (oyh). (Entered: 06/14/2023) |
| 06/14/2023 | 123 | Certificate Regarding Judge-Specific Requirements. (Aigen, Michael) (Entered: 06/14/2023) |
| 06/14/2023 | 124 | Certificate Regarding Judge-Specific Requirements. (Deitsch-Perez, Deborah) (Entered: 06/14/2023) |
| 06/14/2023 | 125 | Certificate Regarding Judge-Specific Requirements. (Elms, Daniel) (Entered: 06/14/2023) |
| 07/06/2023 | 126 | ELECTRONIC ORDER: Having reviewed the supporting affidavit and exhibits, the Court GRANTS the motion to amend case caption. The case caption shall be amended to reflect the following name changes: (1) defendant HCRE Partners, LLC/NexPoint REP shall be identified hereafter as NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC); and (2) defendant Highland Capital Management Fund Advisors, L.P./NexPoint AM shall be identified hereafter as NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.). These names shall be used in all future pleadings and documents filed or issued by the Court and any other party in this case. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 127 | ORDER: The Court GRANTS the motion for entry of order on Defendant James |

| | | |
|---|---|---|
| | | Donderos pending objection in Consolidated Case No. 3:21-cv-1010-X (Doc. 3). The Court OVERRULES that objection. The Court ACCEPTS the Report and Recommendation in Consolidated Case No. 3:21-cv-1010-X (Doc. 2). This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court concludes this case is ready for trial, it shall notify the Court, and the Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 128 | ORDER: After careful consideration, the Court OVERRULES Defendants objections to the Report and Recommendation, OVERRULES Defendants objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS partial summary judgment in these five cases for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 129 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 130 | ELECTRONIC ORDER: After careful consideration, the Court OVERRULES the objection at Doc. 34 . (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 131 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 132 | ELECTRONIC ORDER granting 102 Motion for Leave to File. (Clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 133 | ORDER: After careful consideration, the Court OVERRULES the objections to the Report and Recommendation, OVERRULES the objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS summary judgment in this case for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 134 | Memorandum of Law in Support of its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by Highland Capital Management LP. (axm) (Entered: 07/06/2023) |
| 07/10/2023 | 135 | ELECTRONIC ORDER: The Court clarifies that its Electronic Orders at Docs. 129 and 131 dismissed as moot the motions at Docs. 27 and 72 . (Ordered by Judge Brantley Starr on 7/10/2023) (chmb) (Entered: 07/10/2023) |
| 07/14/2023 | 136 | MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A--Proposed Order) (Annable, Zachery) (Entered: 07/14/2023) |
| 07/14/2023 | 137 | Brief/Memorandum in Support filed by Highland Capital Management LP re 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Annable, Zachery) (Entered: 07/14/2023) |
| 07/14/2023 | 138 | Appendix in Support filed by Highland Capital Management LP re 137 Brief/Memorandum in Support (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 |

| | | |
|---|---|---|
| | | Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 (p.19242) Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 Exhibit(s) 16, # 17 Exhibit(s) 17, # 18 Exhibit(s) 18, # 19 Exhibit(s) 19, # 20 Exhibit(s) 20, # 21 Exhibit(s) 21, # 22 (p.19245) Exhibit(s) 22, # 23 Exhibit(s) 23, # 24 Exhibit(s) 24, # 25 Exhibit(s) 25, # 26 Exhibit(s) 26, # 27 Exhibit(s) 27, # 28 Exhibit(s) 28, # 29 Exhibit(s) 29, # 30 Exhibit(s) 30, # 31 Exhibit(s) 31, # 32 Exhibit(s) 32, # 33 Exhibit(s) 33, # 34 Exhibit(s) 34, # 35 Exhibit(s) 35, # 36 Exhibit(s) 36, # 37 Exhibit(s) 37, # 38 Exhibit(s) 38, # 39 Exhibit(s) 39, # 40 Exhibit(s) 40, # 41 Exhibit(s) 41, # 42 Exhibit(s) 42, # 43 Exhibit(s) 43, # 44 Exhibit(s) 44, # 45 Exhibit(s) 45, # 46 Exhibit(s) 46, # 47 Exhibit(s) 47, # 48 Exhibit(s) 48, # 49 Exhibit(s) 49, # 50 Exhibit(s) 50, # 51 Exhibit(s) 51, # 52 Exhibit(s) 52, # 53 Exhibit(s) 53, # 54 Exhibit(s) 54, # 55 Exhibit(s) 55, # 56 Exhibit(s) 56, # 57 Exhibit(s) 57, # 58 Exhibit(s) 58, # 59 Exhibit(s) 59, # 60 Exhibit(s) 60, # 61 Exhibit(s) 61, # 62 Exhibit(s) 62, # 63 Exhibit(s) 63, # 64 Exhibit(s) 64, # 65 Exhibit(s) 65, # 66 Exhibit(s) 66, # 67 Exhibit(s) 67, # 68 Exhibit(s) 68, # 69 Exhibit(s) 69, # 70 Exhibit(s) 70, # 71 Exhibit(s) 71, # 72 Exhibit(s) 72, # 73 Exhibit(s) 73, # 74 Exhibit(s) 74, # 75 Exhibit(s) 75, # 76 Exhibit(s) 76, # 77 Exhibit(s) 77, # 78 Exhibit(s) 78, # 79 Exhibit(s) 79, # 80 Exhibit(s) 80) (Annable, Zachery) Modified linkage and docket text on 7/17/2023 (oyh). (Entered: 07/14/2023) |
| 08/01/2023 | 139 | MOTION for Order Approving Stipulation Regarding Finality of Judgments and Entry of Amended Final Judgments in Notes Actions filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A--Proposed Order) (Annable, Zachery) (Entered: 08/01/2023) |
| 08/01/2023 | 140 | MOTION for Order Approving Stipulation for the Bonding of Judgments and Stays of Execution Pending Appeals filed by James Dondero, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP, Nextpoint Real Estate Partners LLC (Attachments: # 1 Exhibit(s)) (Deitsch-Perez, Deborah) (Entered: 08/01/2023) |
| 08/01/2023 | 141 | Joint MOTION to Extend Time Regarding Briefing on HCMLP's Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (Deitsch-Perez, Deborah) (Entered: 08/01/2023) |
| 08/03/2023 | 142 | ORDER granting 139 Motion. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 143 | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, LP F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 144 | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, LP F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP. The Court clarifies that this Amended Final Judgment pertains to different matters than the Court's previous order at Doc. 143 . (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 145 | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ADVISORS, LP. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |

| 08/03/2023 | 146 | AMENDED FINAL JUDGMENT AGAINST NEXPOINT REAL ESTATE PARTNERS LLC F/K/A HCRE PARTNERS LLC. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
|---|---|---|
| 08/03/2023 | 147 | AMENDED FINAL JUDGMENT AGAINST HIGHLAND CAPITAL MANAGEMENT SERVICES INC. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 148 | AMENDED FINAL JUDGMENT AGAINST JAMES DONDERO. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 149 | ORDER granting 140 Motion. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 150 | ORDER granting 141 Motion to Extend Time. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/10/2023 | 151 | NOTICE of *Bonding* re: 147 Order, 143 Order, 145 Order, 149 Order on Motion for Miscellaneous Relief, 144 Order, filed by Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 08/10/2023) |
| 08/28/2023 | 152 | NOTICE of *Bonding* re: 148 Order, 146 Order, 149 Order on Motion for Miscellaneous Relief filed by James Dondero, Nextpoint Real Estate Partners LLC (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 08/28/2023) |
| 09/01/2023 | 153 | NOTICE OF INTERLOCUTORY APPEAL as to 130 Order, 143 Order to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004597. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 154 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 135 Order, 144 Order, to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004678. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 155 | |

| | | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 145 Order, 135 Order to the Fifth Circuit by NexPoint Advisors LP. Filing fee $505, receipt number ATXNDC-14004735. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) Modified filer per attorney request on 9/8/2023 (sxf). (Entered: 09/01/2023) |
|---|---|---|
| 09/01/2023 | 156 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 146 Order, 135 Order to the Fifth Circuit by Nextpoint Real Estate Partners LLC. Filing fee $505, receipt number ATXNDC-14004774. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 157 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 147 Order, 131 Order on Motion to Strike, Order on Motion for Leave to File, 135 Order to the Fifth Circuit by Highland Capital Management Services Inc. Filing fee $505, receipt number ATXNDC-14004844. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 158 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 148 Order, 135 Order to the Fifth Circuit by James Dondero. Filing fee $505, receipt number ATXNDC-14004882. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by |

| | | |
|---|---|---|
| | | all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/10/2023 | | USCA Case Number 23-10911 in USCA5 for 157 Notice of Appeal filed by Highland Capital Management Services Inc, 155 Notice of Appeal filed by NexPoint Advisors LP, 156 Notice of Appeal filed by Nextpoint Real Estate Partners LLC, 154 Notice of Appeal filed by NexPoint Asset Management LP. (axm) (Entered: 09/10/2023) |
| 09/15/2023 | 159 | DESIGNATION of Record on Appeal by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC re 158 Notice of Appeal, 153 Notice of Appeal, 157 Notice of Appeal, 155 Notice of Appeal, 156 Notice of Appeal, 154 Notice of Appeal. (Deitsch-Perez, Deborah) (Entered: 09/15/2023) |
| 09/22/2023 | | Record on Appeal for USCA5 23-10911 (related to 157 , 155 , 156 , 154 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 09/22/2023) |
| 09/22/2023 | | Record on Appeal for USCA5 23-10921 (related to 153 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 09/22/2023) |
| 10/04/2023 | 160 (p.19256) | NOTICE of *Bonding* re: 147 Order, 143 Order, 148 Order, 145 Order, 146 Order, 149 Order on Motion for Miscellaneous Relief, 144 Order, filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 10/04/2023) |
| 10/12/2023 | 161 (p.19260) | NOTICE of *Bonding* re: 148 Order, 149 Order on Motion for Miscellaneous Relief filed by James Dondero (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 10/12/2023) |
| 10/16/2023 | | |

| | 186 (p.75500) | CLERK ORDER of USCA as to 154 , 155 , 156 , 157 , 158 Notice of Appeal. The court has granted the motion to supplement or correct the record in this case. (axm) (Entered: 01/26/2024) |
|---|---|---|
| 11/01/2023 | 162 (p.19264) | NOTICE of *Bonding* re: 147 Order, 143 Order, 148 Order, 145 Order, 146 Order, 149 Order on Motion for Miscellaneous Relief, 144 Order, filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 11/01/2023) |
| 11/08/2023 | 163 (p.19268) | RESPONSE filed by Highland Capital Management LP re: 162 (p.19264) Notice (Other), (Annable, Zachery) (Entered: 11/08/2023) |
| 12/15/2023 | 164 (p.19271) | Joint Agreed Emergency MOTION for Approval of Stipulation *Regarding Briefing on Highland Capital Management, L.P.'s Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC, The Dugaboy Investment Trust re 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Deitsch-Perez, Deborah) (Entered: 12/15/2023) |
| 12/15/2023 | 165 (p.19285) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney A. Lee Hogewood, III (Filing fee $100; Receipt number ATXNDC-14249869) filed by Highland Income Fund, NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate Trust, Highland Global Allocation Fund, NexPoint Capital, Inc. (Attachments: # 1 Exhibit(s) Certificate of Good Standing, # 2 Proposed Order). Party Highland Income Fund added.Attorney Artoush Varshosaz added to party Highland Income Fund(pty:ip), Attorney Artoush Varshosaz added to party NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate Trust(pty:ip), Attorney Artoush Varshosaz added to party Highland Global Allocation Fund(pty:ip), Attorney Artoush Varshosaz added to party NexPoint Capital, Inc.(pty:ip) (Varshosaz, Artoush) (Entered: 12/15/2023) |
| 12/15/2023 | 166 (p.19290) | OBJECTION filed by Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate Trust re: 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Attachments: # 1 Exhibit(s) A, # 2 Declaration(s) Ethan Powell) (Varshosaz, Artoush) (Entered: 12/15/2023) |
| 12/15/2023 | 167 (p.19311) | Memorandum in Opposition filed by Charitable DAF Fund, L.P., CLO Holdco, Ltd. re: 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Phillips, Louis) Modified text on 12/26/2023 (axm). (Entered: 12/15/2023) |
| 12/15/2023 | 168 (p.19343) | OBJECTION filed by Nancy Dondero re: 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Elms, Daniel) (Entered: 12/15/2023) |
| 12/15/2023 | 169 (p.19361) | Appendix in Support filed by Nancy Dondero re 168 (p.19343) Response/Objection *to Motion to Deem Various Parties Vexatious Litigants* (Elms, Daniel) (Entered: 12/15/2023) |
| 12/15/2023 | 170 (p.20606) | (Amended) Appendix in Support filed by Nancy Dondero re 168 (p.19343) Response/Objection *Motion to Deem Various Parties Vexatious Litigants* (Elms, |

| | | |
|---|---|---|
| | | Daniel) Modified text and linkage on 12/26/2023 (axm). (Entered: 12/15/2023) |
| 12/15/2023 | 171 (p.21856) | RESPONSE AND OBJECTION filed by Hunter Mountain Investment Trust re: 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (McEntire, Sawnie) (Entered: 12/15/2023) |
| 12/15/2023 | 172 (p.21881) | Appendix in Support filed by Hunter Mountain Investment Trust re 171 (p.21856) Response/Objection (Attachments: # 1 Exhibit(s) Ex. 1, # 2 Exhibit(s) Ex.2, # 3 Exhibit(s) Ex. 3, # 4 Exhibit(s) Ex. 4, # 5 Exhibit(s) Ex. 5, # 6 Exhibit(s) Ex. 6, # 7 Exhibit(s) Ex. 7, # 8 Exhibit(s) Ex. 8, # 9 Exhibit(s) Ex. 9, # 10 Exhibit(s) Ex. 10, # 11 (p.19242) Exhibit(s) Ex. 11, # 12 Exhibit(s) Ex. 12, # 13 Exhibit(s) Ex. 13, # 14 Exhibit(s) Ex. 14, # 15 Exhibit(s) Ex. 15, # 16 Exhibit(s) Ex. 16, # 17 Exhibit(s) Ex. 17, # 18 Exhibit(s) Ex. 18, # 19 Exhibit(s) Ex. 19, # 20 Exhibit(s) Ex. 20, # 21 Exhibit(s) Ex. 21) (McEntire, Sawnie) (Entered: 12/15/2023) |
| 12/16/2023 | 173 (p.24607) | RESPONSE AND OBJECTION filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC, The Dugaboy Investment Trust re: 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Deitsch-Perez, Deborah) (Entered: 12/16/2023) |
| 12/16/2023 | 174 (p.24661) | Appendix in Support filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC, The Dugaboy Investment Trust re 173 (p.24607) Response/Objection, (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 (p.19242) Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 Exhibit(s) 16, # 17 Exhibit(s) 17, # 18 Exhibit(s) 18, # 19 Exhibit(s) 19, # 20 Exhibit(s) 20, # 21 Exhibit(s) 21, # 22 (p.19245) Exhibit(s) 22, # 23 Exhibit(s) 23, # 24 Exhibit(s) 24, # 25 Exhibit(s) 25, # 26 Exhibit(s) 26, # 27 Exhibit(s) 27, # 28 Exhibit(s) 28, # 29 Exhibit(s) 29, # 30 Exhibit(s) 30, # 31 Exhibit(s) 31, # 32 Exhibit(s) 32, # 33 Exhibit(s) 33, # 34 Exhibit(s) 34, # 35 Exhibit(s) 35, # 36 Exhibit(s) 36, # 37 Exhibit(s) 37, # 38 Exhibit(s) 38, # 39 Exhibit(s) 39, # 40 Exhibit(s) 40, # 41 Exhibit(s) 41, # 42 Exhibit(s) 42, # 43 Exhibit(s) 43, # 44 Exhibit(s) 44, # 45 Exhibit(s) 45, # 46 Exhibit(s) 46, # 47 Exhibit(s) 47, # 48 Exhibit(s) 48, # 49 Exhibit(s) 49, # 50 Exhibit(s) 50, # 51 Exhibit(s) 51, # 52 Exhibit(s) 52, # 53 Exhibit(s) 53, # 54 Exhibit(s) 54, # 55 Exhibit(s) 55, # 56 Exhibit(s) 56, # 57 Exhibit(s) 57, # 58 Exhibit(s) 58, # 59 Exhibit(s) 59, # 60 Exhibit(s) 60, # 61 Exhibit(s) 61, # 62 Exhibit(s) 62, # 63 Exhibit(s) 63, # 64 Exhibit(s) 64, # 65 Exhibit(s) 65, # 66 Exhibit(s) 66, # 67 Exhibit(s) 67, # 68 Exhibit(s) 68, # 69 Exhibit(s) 69, # 70 Exhibit(s) 70, # 71 Exhibit(s) 71, # 72 Exhibit(s) 72, # 73 Exhibit(s) 73, # 74 Exhibit(s) 74, # 75 Exhibit(s) 75, # 76 Exhibit(s) 76, # 77 Exhibit(s) 77, # 78 Exhibit(s) 78, # 79 Exhibit(s) 79, # 80 Exhibit(s) 80, # 81 Exhibit(s) 81, # 82 Exhibit(s) 82, # 83 Exhibit(s) 83, # 84 Exhibit(s) 84, # 85 Exhibit(s) 85, # 86 Exhibit(s) 86, # 87 Exhibit(s) 87, # 88 Exhibit(s) 88, # 89 Exhibit(s) 89, # 90 Exhibit(s) 90, # 91 Exhibit(s) 91, # 92 Exhibit(s) 92, # 93 Exhibit(s) 93, # 94 Exhibit(s) 94, # 95 Exhibit(s) 95, # 96 Exhibit(s) 96, # 97 Exhibit(s) 97, # 98 Exhibit(s) 98, # 99 Exhibit(s) 99, # 100 Exhibit(s) 100, # 101 Exhibit(s) 101, # 102 Exhibit(s) 102, # 103 Exhibit(s) 103, # 104 Exhibit(s) 104, # 105 Exhibit(s) 105, # 106 Exhibit(s) 106, # 107 Exhibit(s) 107, # 108 Exhibit(s) 108, # 109 Exhibit(s) 109, # 110 Exhibit(s) 110, # 111 Exhibit(s) 111, # 112 Exhibit(s) 112, # 113 Exhibit(s) 113, # 114 Exhibit(s) 114, # 115 Exhibit(s) 115, # 116 Exhibit(s) 116, # 117 Exhibit(s) 117, # 118 Exhibit(s) 118, # 119 Exhibit(s) |

| | | |
|---|---|---|
| | | 119, # <u>120</u> Exhibit(s) 120, # <u>121</u> Exhibit(s) 121, # <u>122</u> Exhibit(s) 122, # <u>123</u> Exhibit(s) 123, # <u>124</u> Exhibit(s) 124, # <u>125</u> Exhibit(s) 125, # <u>126</u> Exhibit(s) 126, # <u>127</u> Exhibit(s) 127, # <u>128</u> Exhibit(s) 128, # <u>129</u> Exhibit(s) 129, # <u>130</u> Exhibit(s) 130, # <u>131</u> Exhibit(s) 131, # <u>132</u> Exhibit(s) 132, # <u>133</u> Exhibit(s) 133, # <u>134</u> Exhibit(s) 134, # <u>135</u> Exhibit(s) 135, # <u>136</u> Exhibit(s) 136, # <u>137</u> Exhibit(s) 137, # <u>138</u> Exhibit(s) 138, # <u>139</u> Exhibit(s) 139, # <u>140</u> Exhibit(s) 140, # <u>141</u> Exhibit(s) 141, # <u>142</u> Exhibit(s) 142, # <u>143</u> Exhibit(s) 143, # <u>144</u> Exhibit(s) 144, # <u>145</u> Exhibit(s) 145, # <u>146</u> Exhibit(s) 146, # <u>147</u> Exhibit(s) 147, # <u>148</u> Exhibit(s) 148, # <u>149</u> Exhibit(s) 149, # <u>150</u> Exhibit(s) 150, # <u>151</u> Exhibit(s) 151, # <u>152</u> Exhibit(s) 152, # <u>153</u> Exhibit(s) 153, # <u>154</u> Exhibit(s) 154, # <u>155</u> Exhibit(s) 155, # <u>156</u> Exhibit(s) 156, # <u>157</u> Exhibit(s) 157, # <u>158</u> Exhibit(s) 158, # <u>159</u> Exhibit(s) 159, # <u>160 (p.19256)</u> Exhibit(s) 160, # <u>161 (p.19260)</u> Exhibit(s) 161) (Deitsch-Perez, Deborah) (Entered: 12/16/2023) |
| 01/08/2024 | 175 | ELECTRONIC ORDER granting the Unopposed Motion to Exceed Page Limits [Doc. 164]. (Ordered by Judge Brantley Starr on 1/8/2024) (chmb) (Entered: 01/08/2024) |
| 01/09/2024 | <u>176</u><br>(p.28287) | Notice of Transmittal (1 of 5) to USCA Case Number 23-10911, (Attachments: # <u>1</u> Appellant Record Vol. 1, # <u>2</u> Appellant Record Vol. 2, # <u>3</u> Appellant Record Vol. 3, # <u>4</u> Appellant Record Vol. 4, # <u>5</u> Appellant Record Vol. 5, # <u>6</u> Appellant Record Vol. 6, # <u>7</u> Appellant Record Vol. 7, # <u>8</u> Appellant Record Vol. 8, # <u>9</u> Appellant Record Vol. 9, # <u>10</u> Appellant Record Vol. 10, # <u>11 (p.19242)</u> Appellant Record Vol. 11, # <u>12</u> Appellant Record Vol. 12, # <u>13</u> Appellant Record Vol. 13, # <u>14</u> Appellant Record Vol. 14, # <u>15</u> Appellant Record Vol. 15, # <u>16</u> Appellant Record Vol. 16, # <u>17</u> Appellant Record Vol. 17, # <u>18</u> Appellant Record Vol. 18, # <u>19</u> Appellant Record Vol. 19, # <u>20</u> Appellant Record Vol. 20, # <u>21</u> Appellant Record Vol. 21, # <u>22 (p.19245)</u> Appellant Record Vol. 22, # <u>23</u> Appellant Record Vol. 23, # <u>24</u> Appellant Record Vol. 24, # <u>25</u> Appellant Record Vol. 25, # <u>26</u> Appellant Record Vol. 26, # <u>27</u> Appellant Record Vol. 27, # <u>28</u> Appellant Record Vol. 28, # <u>29</u> Appellant Record Vol. 29, # <u>30</u> Appellant Record Vol. 30, # <u>31</u> Appellant Record Vol. 31, # <u>32</u> Appellant Record Vol. 32, # <u>33</u> Appellant Record Vol. 33, # <u>34</u> Appellant Record Vol. 34, # <u>35</u> Appellant Record Vol. 35, # <u>36</u> Appellant Record Vol. 36, # <u>37</u> Appellant Record Vol. 37, # <u>38</u> Appellant Record Vol. 38, # <u>39</u> Appellant Record Vol. 39, # <u>40</u> Appellant Record Vol. 40, # <u>41</u> Appellant Record Vol. 41, # <u>42</u> Appellant Record Vol. 42, # <u>43</u> Appellant Record Vol. 43, # <u>44</u> Appellant Record Vol. 44, # <u>45</u> Appellant Record Vol. 45, # <u>46</u> Appellant Record Vol. 46, # <u>47</u> Appellant Record Vol. 47, # <u>48</u> Appellant Record Vol. 48, # <u>49</u> Appellant Record Vol. 49, # <u>50</u> Appellant Record Vol. 50) (Blanco - TXNB, Juan) (Entered: 01/09/2024) |
| 01/09/2024 | <u>177</u><br>(p.38250) | Notice of Transmittal (2 of 5) to USCA Case Number 23-10911,, (Attachments: # <u>1</u> Appellant Record Vol. 51, # <u>2</u> Appellant Record Vol. 52, # <u>3</u> Appellant Record Vol. 53, # <u>4</u> Appellant Record Vol. 54, # <u>5</u> Appellant Record Vol. 55, # <u>6</u> Appellant Record Vol. 56, # <u>7</u> Appellant Record Vol. 57, # <u>8</u> Appellant Record Vol. 58, # <u>9</u> Appellant Record Vol. 59, # <u>10</u> Appellant Record Vol. 60, # <u>11 (p.19242)</u> Appellant Record Vol. 61, # <u>12</u> Appellant Record Vol. 62, # <u>13</u> Appellant Record Vol. 63, # <u>14</u> Appellant Record Vol. 64, # <u>15</u> Appellant Record Vol. 65, # <u>16</u> Appellant Record Vol. 66, # <u>17</u> Appellant Record Vol. 67, # <u>18</u> Appellant Record Vol. 68, # <u>19</u> Appellant Record Vol. 69, # <u>20</u> Appellant Record Vol. 70, # <u>21</u> Appellant Record Vol. 71, # <u>22 (p.19245)</u> Appellant Record Vol. 72, # <u>23</u> Appellant Record Vol. 73, # <u>24</u> Appellant Record Vol. 74, # <u>25</u> Appellant Record Vol. 75, # <u>26</u> Appellant Record Vol. 76, # <u>27</u> Appellant Record Vol. 77, # <u>28</u> Appellant Record Vol. 78, # <u>29</u> Appellant Record Vol. 79, # <u>30</u> Appellant |

| | | |
|---|---|---|
| | | Record Vol. 80, # <u>31</u> Appellant Record Vol. 81, # <u>32</u> Appellant Record Vol. 82, # <u>33</u> Appellant Record Vol. 83, # <u>34</u> Appellant Record Vol. 84, # <u>35</u> Appellant Record Vol. 85, # <u>36</u> Appellant Record Vol. 86, # <u>37</u> Appellant Record Vol. 87, # <u>38</u> Appellant Record Vol. 88, # <u>39</u> Appellant Record Vol. 89, # <u>40</u> Appellant Record Vol. 90, # <u>41</u> Appellant Record Vol. 91, # <u>42</u> Appellant Record Vol. 92, # <u>43</u> Appellant Record Vol. 93, # <u>44</u> Appellant Record Vol. 94, # <u>45</u> Appellant Record Vol. 95, # <u>46</u> Appellant Record Vol. 96, # <u>47</u> Appellant Record Vol. 97, # <u>48</u> Appellant Record Vol. 98, # <u>49</u> Appellant Record Vol. 99, # <u>50</u> Appellant Record Vol. 100) (Blanco - TXNB, Juan) (Entered: 01/09/2024) |
| 01/09/2024 | <u>178</u> <br> (p.48490) | Notice of Transmittal (3 of 5) to USCA Case Number 23-10911, (Attachments: # <u>1</u> Appellant Record Vol. 101, # <u>2</u> Appellant Record Vol. 102, # <u>3</u> Appellant Record Vol. 103, # <u>4</u> Appellant Record Vol. 104, # <u>5</u> Appellant Record Vol. 105, # <u>6</u> Appellant Record Vol. 106, # <u>7</u> Appellant Record Vol. 107, # <u>8</u> Appellant Record Vol. 108, # <u>9</u> Appellant Record Vol. 109, # <u>10</u> Appellant Record Vol. 110, # <u>11</u> (p.19242) Appellant Record Vol. 111, # <u>12</u> Appellant Record Vol. 112, # <u>13</u> Appellant Record Vol. 113, # <u>14</u> Appellant Record Vol. 114, # <u>15</u> Appellant Record Vol. 115, # <u>16</u> Appellant Record Vol. 116, # <u>17</u> Appellant Record Vol. 117, # <u>18</u> Appellant Record Vol. 118, # <u>19</u> Appellant Record Vol. 119, # <u>20</u> Appellant Record Vol.120, # <u>21</u> Appellant Record Vol. 121, # <u>22 (p.19245)</u> Appellant Record Vol. 122, # <u>23</u> Appellant Record Vol. 123, # <u>24</u> Appellant Record Vol. 124, # <u>25</u> Appellant Record Vol. 125, # <u>26</u> Appellant Record Vol. 126, # <u>27</u> Appellant Record Vol. 127, # <u>28</u> Appellant Record Vol. 128, # <u>29</u> Appellant Record Vol. 129, # <u>30</u> Appellant Record Vol. 130, # <u>31</u> Appellant Record Vol. 131, # <u>32</u> Appellant Record Vol. 132, # <u>33</u> Appellant Record Vol. 133, # <u>34</u> Appellant Record Vol. 134, # <u>35</u> Appellant Record Vol. 135, # <u>36</u> Appellant Record Vol. 136, # <u>37</u> Appellant Record Vol. 137, # <u>38</u> Appellant Record Vol. 138, # <u>39</u> Appellant Record Vol. 139, # <u>40</u> Appellant Record Vol. 140, # <u>41</u> Appellant Record Vol. 141, # <u>42</u> Appellant Record Vol. 142, # <u>43</u> Appellant Record Vol. 143, # <u>44</u> Appellant Record Vol. 144, # <u>45</u> Appellant Record Vol. 145, # <u>46</u> Appellant Record Vol. 146, # <u>47</u> Appellant Record Vol. 147, # <u>48</u> Appellant Record Vol. 148, # <u>49</u> Appellant Record Vol. 149, # <u>50</u> Appellant Record Vol. 150) (Blanco - TXNB, Juan) (Entered: 01/09/2024) |
| 01/09/2024 | <u>179</u> <br> (p.58744) | Notice of Transmittal (4 of 5) to USCA Case Number 23-10911, (Attachments: # <u>1</u> Appellant Record Vol. 151, # <u>2</u> Appellant Record Vol. 152, # <u>3</u> Appellant Record Vol. 153, # <u>4</u> Appellant Record Vol. 154, # <u>5</u> Appellant Record Vol. 155, # <u>6</u> Appellant Record Vol. 156, # <u>7</u> Appellant Record Vol. 157, # <u>8</u> Appellant Record Vol. 158, # <u>9</u> Appellant Record Vol. 159, # <u>10</u> Appellant Record Vol. 160, # <u>11</u> (p.19242) Appellant Record Vol. 161, # <u>12</u> Appellant Record Vol. 162, # <u>13</u> Appellant Record Vol. 163, # <u>14</u> Appellant Record Vol. 164, # <u>15</u> Appellant Record Vol. 165, # <u>16</u> Appellant Record Vol. 166, # <u>17</u> Appellant Record Vol. 167, # <u>18</u> Appellant Record Vol. 168, # <u>19</u> Appellant Record Vol. 169, # <u>20</u> Appellant Record Vol. 170, # <u>21</u> Appellant Record Vol. 171, # <u>22 (p.19245)</u> Appellant Record Vol. 172, # <u>23</u> Appellant Record Vol. 173, # <u>24</u> Appellant Record Vol. 174, # <u>25</u> Appellant Record Vol. 175, # <u>26</u> Appellant Record Vol. 176, # <u>27</u> Appellant Record Vol. 177, # <u>28</u> Appellant Record Vol. 178, # <u>29</u> Appellant Record Vol. 179, # <u>30</u> Appellant Record Vol. 180, # <u>31</u> Appellant Record Vol. 181, # <u>32</u> Appellant Record Vol. 182, # <u>33</u> Appellant Record Vol. 183, # <u>34</u> Appellant Record Vol. 184, # <u>35</u> Appellant Record Vol. 185, # <u>36</u> Appellant Record Vol. 186, # <u>37</u> Appellant Record Vol. 187, # <u>38</u> Appellant Record Vol. 188, # <u>39</u> Appellant Record Vol. 189, # <u>40</u> Appellant Record Vol. 190, # <u>41</u> Appellant Record Vol. 191, # <u>42</u> Appellant Record Vol. 192, # <u>43</u> Appellant Record Vol. 193, # <u>44</u> Appellant Record Vol. 194, # <u>45</u> Appellant Record Vol. 195, # <u>46</u> Appellant Record Vol. 196, # <u>47</u> Appellant |

| | | |
|---|---|---|
| | | Record Vol. 197, # 48 Appellant Record Vol. 198, # 49 Appellant Record Vol. 199, # 50 Appellant Record Vol. 200) (Blanco - TXNB, Juan) (Entered: 01/09/2024) |
| 01/09/2024 | 180 (p.68706) | Notice of Transmittal (5 of 5) to USCA Case Number 23-10911, (Attachments: # 1 Appellant Record Vol. 201, # 2 Appellant Record Vol. 202, # 3 Appellant Record Vol. 203, # 4 Appellant Record Vol. 204, # 5 Appellant Record Vol. 205, # 6 Appellant Record Vol. 206, # 7 Appellant Record Vol. 207, # 8 Appellant Record Vol. 208, # 9 Appellant Record Vol. 209, # 10 Appellant Record Vol. 210, # 11 (p.19242) Appellant Record Vol. 211, # 12 Appellant Record Vol. 212, # 13 Appellant Record Vol. 213, # 14 Appellant Record Vol. 214, # 15 Appellant Record Vol. 215, # 16 Appellant Record Vol. 216, # 17 Appellant Record Vol. 217, # 18 Appellant Record Vol. 218, # 19 Appellant Record Vol. 219, # 20 Appellant Record Vol. 220, # 21 Appellant Record Vol. 221, # 22 (p.19245) Appellant Record Vol. 222, # 23 Appellant Record Vol. 223, # 24 Appellant Record Vol. 224, # 25 Appellant Record Vol. 225, # 26 Appellant Record Vol. 226, # 27 Appellant Record Vol. 227, # 28 Appellant Record Vol. 228, # 29 Appellant Record Vol. 229, # 30 Appellant Record Vol. 230, # 31 Appellant Record Vol. 231, # 32 Appellant Record Vol. 232, # 33 Appellant Record Vol. 233) (Blanco - TXNB, Juan) (Entered: 01/09/2024) |
| 01/12/2024 | 181 (p.75476) | Unopposed MOTION for Extension of Time to File Response/Reply *to February 9, 2024 and (ii) Increase Reply Page Limit to 89 Pages with Respect to Reply in Further Support of Highland Capital Management, L.P.'s Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* () filed by Highland Capital Management LP (Attachments: # 1 Proposed Order) (Annable, Zachery) Modified text and linkage on 1/21/2024 (axm). (Entered: 01/12/2024) |
| 01/17/2024 | 182 | ELECTRONIC ORDER: The Court GRANTS IN PART the motion to extend the reply deadline and to exceed page limits (Doc. 181 (p.75476) ). Plaintiff's reply is now due February 9, 2024, and the page limit is 25 pages. (Ordered by Judge Brantley Starr on 1/17/2024) (chmb) (Entered: 01/17/2024) |
| 01/23/2024 | 183 (p.75486) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 137 Brief/Memorandum in Support of Motion, 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief, 138 Appendix in Support,,,,,,, (Annable, Zachery) (Entered: 01/23/2024) |
| 01/23/2024 | 184 (p.75493) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 139 MOTION for Order Approving Stipulation Regarding Finality of Judgments and Entry of Amended Final Judgments in Notes Actions (Annable, Zachery) (Entered: 01/23/2024) |
| 01/23/2024 | 185 (p.75496) | CERTIFICATE OF SERVICE by Highland Capital Management LP re 149 Order on Motion for Miscellaneous Relief, 150 Order on Motion for Extension of Time, 147 Order, 143 Order, 144 Order, 142 Order on Motion for Miscellaneous Relief, 148 Order, 145 Order, 146 Order (Annable, Zachery) (Entered: 01/23/2024) |

# TAB 12
## APPELLANTS' RECORD EXCERPTS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Civ. Act. No. 3:21-cv-0881-x** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Consolidated with:** |
| | § | **3:21-cv-0880-x** |
| Reorganized Debtor/Plaintiff, | § | **3:21-cv-1010-x** |
| | § | **3:21-cv-1378-x** |
| v. | § | **3:21-cv-1379-x** |
| | § | **3:21-cv-3160-x** |
| **NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,** | § | **3:21-cv-3162-x** |
| | § | **3:21-cv-3179-x** |
| | § | **3:21-cv-3207-x** |
| | § | **3:22-cv-0789-x** |
| | § | |
| Defendants. | § | |

## APPELLANTS' STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL

Appellants NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("NexPoint"), NexPoint Advisors, L.P. ("NPA"), NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE"), Highland Capital Management Services, Inc. ("HCMS") and James Dondero ("Dondero") (collectively, "Appellants" or "Defendants") hereby identify the following issues to be presented on appeal[1] of the Amended Final Judgments entered against them by the United States District Court for the Northern District of Texas, Dallas Division in consolidated Case No. 3:21-cv-00881-X [Dkt. 143, Dkt. 144, Dkt. 145, Dkt. 146, Dkt. 147, Dkt.

---

[1] Given that this appeal is governed exclusively by the Federal Rules of Appellate Procedure, rather than the Federal Rules of Bankruptcy Procedure, *see* Fed. R. App. P. 6(a) (including 1989 Advisory Committee Notes), there is no requirement for the Appellants to identify the issues on appeal prior to filing their brief. However, given this case's unique procedural posture—*i.e.*, the fact that this consolidated civil matter originated in the Bankruptcy Court but was ultimately decided by the District Court following a decision to withdraw the reference—the Appellants elect to file a statement of the issues out of an abundance of caution. By doing so, however, the Appellants do not intend to waive any rights, including the right to brief issues not listed herein. Neither the Court, Appellee Highland Capital Management, L.P., nor anyone else should construe this document in any way to limit the scope of the issues preserved for appeal.

1

23-10911.28289

148] and, at the request of the Clerk of the United States Bankruptcy Court for the Northern District of Texas,[2] designate the following items to be included in the record to be certified and made available to the circuit clerk.

## I.    STATEMENT OF ISSUES ON APPEAL

**A.    Defendants Dondero (Adversary No. 21-03003, Civ. Act. No. 3:21-cv-01010), NexPoint (Adversary No. 21-03004, Civ. Act. No. 3:22-cv-00881), NPA (Adversary No. 21-03005, Civ. Act. No. 3:21-cv-00880), HCMS (Adversary No. 21-03006, Civ. Act. No. 3:21-cv-01378), and HCRE (Adversary No. 21-03007, Civ. Act. No. 3:21-cv-01379) identify the following issues on appeal:**

1.    Whether the District Court erred in accepting the Report and Recommendations filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Report and Recommendation impermissibly ignored Defendants' summary judgment evidence.

2.    Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Report and Recommendation impermissibly weighed the credibility of Defendants' summary judgment evidence.

3.    Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Plaintiff was not entitled to summary judgment because Defendants raised genuine issues of material fact precluding entry of summary judgment.

---

[2] Ordinarily, in an appeal from a judgment entered by a District Court exercising original bankruptcy jurisdiction, it would not be necessary to file a designation of the record on appeal. *See* Fed. R. App. P. 6(a), 10(a). The record would automatically include all items entered on the District Court's docket, plus any transcripts the parties order. *See*, *generally*, Fed. R. App. P. 10. But this consolidated civil matter originated with six adversary proceedings filed in the Bankruptcy Court (Nos. 21-3003; 21-3004; 21-3005; 21-3006; 21-3007; and 21-3082). As a result, many portions of the appellate record are located on the Bankruptcy Court's docket, rather than on the District Court's docket. After consultation with the Bankruptcy Clerk, the Appellants file this designation of the record to identify for the Clerk which documents to transmit to the District Court. By filing this designation, the Appellants do not intend to waive any rights, and they reserve the right to supplement the appellate record as provided in the rules.

4.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court failed to apply the appropriate summary judgment legal standard.

5.      Whether the District Court erred in accepting the Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment filed by the Bankruptcy Court on November 14, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court recommended an unreasonable award of attorneys' fees.

6.      Whether the District Court erred in failing to rule and/or denying as moot Defendants' Motion for Ruling on Pending Objections (addressing, *inter alia*, Defendants' Objection to the Bankruptcy Court Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines), including, but not limited to the Bankruptcy Court's April 26, 2022 Order Granting in Part and Denying in Part Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt.

**B.      Defendants Dondero (Adversary No. 21-03003, Civ. Act. No. 3:21-cv-01010), NPA (Adversary No. 21-03005, Civ. Act. No. 3:21-cv-00880), HCMS (Adversary No. 21-03006, Civ. Act. No. 3:21-cv-01378), and HCRE (Adversary No. 21-03007, Civ. Act. No. 3:21-cv-01379) identify the following issues on appeal:**

1.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court misapplied or ignored Texas contract law in concluding that the relevant oral agreements did not exist.

2.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court improperly dismissed evidence that Plaintiff was responsible for making payments under Shared Services Agreements.

3.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court improperly ignored and/or failed to address Defendants' "prepayment" defenses.

**C.      Defendant NexPoint (Adversary No. 21-03004, Civ. Act. No. 3:22-cv-00881) identifies the following issues on appeal:**

1.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on July 19, 2022 and overruling Defendant's objections asserting that the Bankruptcy Court impermissibly weighed and/or ignored Defendant's "Mutual mistake" defense.

2.      Whether the District Court erred in overruling Defendant's Objection to the Bankruptcy Court Order Denying Defendant's Motion to Amend Answer.

**D.      Defendant NexPoint (Adversary No. 21-03082, Civ. Act. No. 3:22-cv-00789) identifies the following issues on appeal:**

1.      Whether the District Court erred in accepting the Report and Recommendations filed by the Bankruptcy Court on October 11, 2022 and overruling Defendants' objections asserting that the Report and Recommendation impermissibly ignored Defendants' summary judgment evidence.

2.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on October 11, 2022 and overruling Defendants' objections asserting that the Report and Recommendation impermissibly weighed the credibility of Defendants' summary judgment evidence.

3.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on October 11, 2022 and overruling Defendants' objections asserting that

the Plaintiff was not entitled to summary judgment because Defendants raised genuine issues of material fact precluding entry of summary judgment.

4.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on October 11, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court failed to apply the appropriate summary judgment legal standard.

5.      Whether the District Court erred in accepting the Supplement to the October 11, 2022 Report and Recommendation: Regarding Attorneys' Fees and Transmitting Proposed Forms of Judgment filed by the Bankruptcy Court on January 17, 2023 and overruling Defendant's objections asserting that the Bankruptcy Court recommended an unreasonable award of attorneys' fees.

6.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on October 12, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court misapplied or ignored Texas contract law in concluding that the relevant oral agreements did not exist.

7.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on October 12, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court improperly dismissed evidence that Plaintiff was responsible for making payments under Shared Services Agreements.

8.      Whether the District Court erred in accepting the Report and Recommendation filed by the Bankruptcy Court on October 12, 2022 and overruling Defendants' objections asserting that the Bankruptcy Court improperly ignored and/or failed to address Defendants' "prepayment" defenses.

CORE/3522697.0002/184112838.6

23-10911.28293

## II.     DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

*Defendants Dondero (Adversary No. 21-03003, Civ. Act. No. 3:21-cv-01010), NexPoint (Adversary No. 21-03004, Civ. Act. No. 3:22-cv-00881), NPA (Adversary No. 21-03005, Civ. Act. No. 3:21-cv-00880), HCMS (Adversary No. 21-03006, Civ. Act. No. 3:21-cv-01378), HCRE (Adversary No. 21-03007, Civ. Act. No. 3:21-cv-01379) and NexPoint (Adversary No. 21-03082, Civ. Act. No. 3:22-cv-00789) designate the following items from the Consolidated Case and the underlying bankruptcy proceedings to be included in the record on appeal:*

1.    The Docket Sheet for **Consolidated Case No. 3:21-cv-00881-X**.

2.    Each of the additional documents and items designated below (as described in the Docket Sheet for **Consolidated Case No. 3:21-cv-00881-X**.

| Date Filed | # | Docket Text |
|---|---|---|
| 04/18/2021 | 1 | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 21-3004 to presiding judge. The filing fee has been paid in the Bankruptcy Court. A link to the Judges Copy Requirements is provided for your review. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Motion to withdraw the reference, # 2 Brief in Support of Motion, # 3 Appendix in Support) (Whitaker - TXNB, Sheniqua) (Entered: 04/18/2021) |
| 07/09/2021 | 2 | NOTICE of Report and Recommendation in re: Motion to withdraw the reference filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 07/09/2021) |
| 07/22/2021 | 5 | Limited OBJECTION filed by Highland Capital Management Fund Advisors LP re: 2 NOTICE of Report and Recommendation. (Attachments: # 1 Appendix) (Vasek, Julian) Modified text on 7/23/2021 (mjr). (Entered: 07/22/2021) |
| 08/05/2021 | 9 | REPLY filed by Highland Capital Management LP re: 5 Limited OBJECTION. (Annable, Zachery) Modified text on 8/6/2021 (mjr). (Entered: 08/05/2021) |
| 09/14/2021 | 14 | Order Accepting 2 - 1 Report and Recommendation. This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court's concludes this case is ready for trial, that Court should notify this Court, and this Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 9/14/2021) (jmg) (Entered: 09/14/2021) |

| 12/11/2021 | 16 | MOTION to Consolidate Cases filed by Highland Capital Management Fund Advisors LP (Attachments: # 1 Proposed Order)Attorney Deborah Rose Deitsch-Perez added to party Highland Capital Management Fund Advisors LP(pty:dft) (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
|---|---|---|
| 12/11/2021 | 17 | Brief/Memorandum in Support filed by Highland Capital Management Fund Advisors LP re 16 MOTION to Consolidate Cases (Deitsch-Perez, Deborah) (Entered: 12/11/2021) |
| 12/11/2021 | 18 | Appendix in Support filed by Highland Capital Management Fund Advisors LP re 17 Brief/Memorandum in Support of Motion. (Attachments: # 1 Exhibit(s) A) (Deitsch-Perez, Deborah) Modified linkage and text on 12/13/2021 (mjr). (Entered: 12/11/2021) |
| 12/13/2021 | 19 | NOTICE of *First Motion to Consolidate Notes Actions* re: 16 MOTION to Consolidate Cases filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C) (Annable, Zachery) (Entered: 12/13/2021) |
| 12/27/2021 | 21 | NOTICE of *Objection to Plaintiff's Motion to Consolidate* re: 19 Notice (Other) filed by Highland Capital Management Fund Advisors LP (Attachments: # 1 Exhibit(s)) (Vasek, Julian) (Entered: 12/27/2021) |
| 12/27/2021 | 22 | RESPONSE filed by Highland Capital Management LP re: 16 MOTION to Consolidate Cases (Annable, Zachery) (Entered: 12/27/2021) |
| 01/06/2022 | 24 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-cv-880, 3:21-cv-1010, 3:21-cv-1378, 3:21-cv-1379 consolidated with lead case 3:21-cv-881-X. NexPoint Advisors LP, James Dondero, Nancy Dondero, The Dugaboy Investment Trust, Highland Capital Management Services Inc and HCRE Partners LLC added to case pursuant to consolidation. Attorneys Deborah Rose Deitsch-Perez, Michael P Aigen, Lauren Kessler Drawhorn, Davor Rukavina, Julian Preston Vasek, Daniel P Elms, Bryan Christopher Assink, Clay M Taylor, D Michael Lynn, Douglas Draper, Greta M Brouphy, Leslie A Collins added to case pursuant to consolidation. (Ordered by Judge Brantley Starr on 1/6/2022) (axm) (Entered: 01/06/2022) |
| 01/12/2022 | 25 | ELECTRONIC ORDER: It has come to the Court's attention that certain motions were still pending in some of the consolidated cases when the cases were consolidated on January 6, 2022. When the cases were consolidated, pending motions in the non-lead cases (the four cases other than 3:21-cv-881) were terminated. Any party that had a motion pending in a non-lead case as of January 6 may renew that motion. A renewed motion must be filed on the docket for the lead case, 3:21-cv-881, and must be filed within 14 days of the issuance of this Order. Any responses or objections to such motions must likewise be filed on the docket for 3:21-cv-881 and must comply with the Court's standard motion-response-reply |

| | | |
|---|---|---|
| | | deadlines. (Ordered by Judge Brantley Starr on 1/12/2022) (ctf) (Entered: 01/12/2022) |
| 01/14/2022 | 27 | MOTION for Ruling on Pending Objections in Administratively Closed Consolidated Cases filed by NexPoint Advisors LP with Brief/Memorandum in Support. (Attachments: # 1 NexPoint Objection, # 2 Brief, # 3 Appendix, # 4 HCRE Objection, # 5 HCMS Objection, # 6 Proposed Order) (Vasek, Julian) (Entered: 01/14/2022) |
| 01/20/2022 | 30 | ORDER GRANTING CONSTRUED AGREED MOTION TO CONSOLIDATE THE NOTE CASES: Member case(s) 3:21-cv-3160, 3:21-cv-3162, 3:21-cv-3179, 3:21-cv-3207 consolidated with lead case 3:21-cv-881. Attorney Michael P Aigen for Nancy Dondero added to case pursuant to consolidation. The Court STAYS the consolidated appellate proceedings of the Note Cases (No. 3:21-cv-881) and ORDERS the parties to comply with their agreement to forego action in this Court including briefing until the Bankruptcy Court has entered its order on the motion for summary judgment. (Ordered by Judge Brantley Starr on 1/20/2022) (mjr) (Entered: 01/21/2022) |
| 01/21/2022 | 31 | MOTION Defendant James Dondero's Motion for Entry of an Order on Pending Motion filed by James Dondero (Deitsch-Perez, Deborah) (Entered: 01/21/2022) |
| 01/27/2022 | 34 | OBJECTION filed by Highland Capital Management Fund Advisors LP *to Bankruptcy Court's Order Denying Motion to Amend Answer*. (Attachments: # 1 Proposed Order) (Vasek, Julian) Modified event on 1/28/2022 (mla). (Entered: 01/27/2022) |
| 01/27/2022 | 35 | Brief/Memorandum in Support filed by Highland Capital Management Fund Advisors LP re 34 MOTION for Reconsideration *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer* (Vasek, Julian) (Entered: 01/27/2022) |
| 01/27/2022 | 36 | Appendix in Support filed by Highland Capital Management Fund Advisors LP re 34 MOTION for Reconsideration *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer*, 35 Brief/Memorandum in Support of Motion (Attachments: # 1 Part 2) (Vasek, Julian) (Entered: 01/27/2022) |
| 01/31/2022 | 37 | RESPONSE AND OBJECTION filed by Highland Capital Management LP re: 27 MOTION for Ruling on Pending Objections in Administratively Closed Consolidated Cases (Annable, Zachery) (Entered: 01/31/2022) |
| 01/31/2022 | 38 | Brief/Memorandum in Support filed by Highland Capital Management LP re 37 Response/Objection (Annable, Zachery) (Entered: 01/31/2022) |
| 01/31/2022 | 39 | Appendix in Support filed by Highland Capital Management LP re 37 Response/Objection (Annable, Zachery) (Entered: 01/31/2022) |

CORE/3522697.0002/184112838.6

| 02/14/2022 | 41 | REPLY filed by NexPoint Advisors LP re: 38 Brief/Memorandum in Support of Motion (Vasek, Julian) (Entered: 02/14/2022) |
|---|---|---|
| 02/14/2022 | 42 | Appendix in Support filed by NexPoint Advisors LP re 41 Reply (Vasek, Julian) (Entered: 02/14/2022) |
| 02/14/2022 | 43 | NOTICE of *Joinder to Reply Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* re: 41 Reply filed by HCRE Partners LLC, Highland Capital Management Services Inc (Deitsch-Perez, Deborah) (Entered: 02/14/2022) |
| 02/17/2022 | 44 | RESPONSE AND OBJECTION filed by Highland Capital Management LP re: 34 *Objection to Bankruptcy Court's Order Denying Motion to Amend Answer* (Annable, Zachery) Modified docket text on 2/18/2022 (oyh). (Entered: 02/17/2022) |
| 02/17/2022 | 45 | Brief/Memorandum in Support filed by Highland Capital Management LP re 44 Response/Objection (Annable, Zachery) (Entered: 02/17/2022) |
| 02/17/2022 | 46 | Appendix in Support filed by Highland Capital Management LP re 45 Brief/Memorandum in Support (Annable, Zachery) Modified linkage and docket text on 2/18/2022 (oyh). (Entered: 02/17/2022) |
| 03/02/2022 | 48 | REPLY filed by Highland Capital Management Fund Advisors LP re: 44 Response/Objection, 45 Brief/Memorandum in Support of Motion (Vasek, Julian) (Entered: 03/02/2022) |
| 04/20/2022 | 49 | ORDER CONSOLIDATING CASES: Member case(s) 3:22-cv-789 consolidated with lead case 3:21-cv-881. Attorney Michael P Aigen for Highland Capital Management Fund Advisors LP added to case pursuant to consolidation. (Ordered by Judge Brantley Starr on 4/20/2022) (ygl) (Entered: 04/20/2022) |
| 07/20/2022 | 50 | NOTICE of Report and Recommendation to District Court (Adversary No. 21-03004-sgj Lead Civ. Act. No. 3:21-cv-00881: Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation by U.S. Bankruptcy Judge) (Whitaker - TXNB, Sheniqua) Modified text on 8/17/2022 per USBC (svc). Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 07/20/2022) |
| 07/20/2022 | 51 | ELECTRONIC ORDER: In light of the Bankruptcy Court's report and recommendation [Doc. No. 50], the Court ORDERS defendants NexPoint Advisors, L.P., Highland Capital Management Services, Inc., HCRE Partners, LLC, and James Dondero to notify the Court by Monday, July 25 of whether the defendants' motions at Docket Numbers 27 and 31 are moot, or whether these parties still seek rulings from the Court on those motions. |

| | | |
|---|---|---|
| | | (Ordered by Judge Brantley Starr on 7/20/2022) (chmb) (Entered: 07/20/2022) |
| 07/25/2022 | 52 | RESPONSE filed by James Dondero, HCRE Partners LLC, Highland Capital Management Services Inc, NexPoint Advisors LP re: 51 Order, (Deitsch-Perez, Deborah) (Entered: 07/25/2022) |
| 07/26/2022 | 53 | NOTICE of *Stipulation for Objection to Report and Recommendation in Notes Litigation* filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP (Deitsch-Perez, Deborah) (Entered: 07/26/2022) |
| 07/28/2022 | 54 | REPLY filed by Highland Capital Management LP re: 52 Response/Objection (Annable, Zachery) (Entered: 07/28/2022) |
| 08/23/2022 | 62 | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 50 Notice (Other), (Deitsch-Perez, Deborah) (Entered: 08/23/2022) |
| 09/21/2022 | 63 | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP, The Dugaboy Investment Trust re: 50 Notice (Other), 62 Response/Objection (Attachments: # 1 Filing Letter) (Rukavina, Davor) (Entered: 09/21/2022) |
| 09/27/2022 | 67 | RESPONSE filed by Highland Capital Management LP re: 63 Response/Objection, (Annable, Zachery) (Entered: 09/27/2022) |
| 09/27/2022 | 68 | Brief/Memorandum in Support filed by Highland Capital Management LP re 67 Response/Objection (Annable, Zachery) (Entered: 09/27/2022) |
| 10/11/2022 | 70 | REPLY filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 67 Response/Objection (Deitsch-Perez, Deborah) (Entered: 10/11/2022) |
| 10/12/2022 | 71 | NOTICE of Report and Recommendation to District Court regarding Highland Capital Management, L.P.'s motion for summary judgment against Highland Capital Management Fund Advisors, L.P. (Adversary No. 21-03082-sgj) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text on 12/6/2022 (ykp). (Entered: 10/12/2022) |
| 10/12/2022 | 72 | MOTION to Strike 70 Reply (), MOTION for Leave to File Sur-Reply filed by Highland Capital Management LP (Annable, Zachery) (Entered: 10/12/2022) |

CORE/3522697.0002/184112838.6

23-10911.28298

| 10/12/2022 | 73 | Brief/Memorandum in Support filed by Highland Capital Management LP re 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply (Annable, Zachery) (Entered: 10/12/2022) |
|---|---|---|
| 10/18/2022 | 75 | NOTICE of *Stipulation Regarding Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A--Stipulation) (Annable, Zachery) (Entered: 10/18/2022) |
| 10/28/2022 | 77 | RESPONSE filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply (Deitsch-Perez, Deborah) (Entered: 10/28/2022) |
| 11/02/2022 | 78 | OBJECTION filed by Highland Capital Management Fund Advisors LP re: 71 Notice (Other), (Deitsch-Perez, Deborah) (Entered: 11/02/2022) |
| 11/11/2022 | 79 | REPLY filed by Highland Capital Management LP re: 72 MOTION to Strike 70 Reply MOTION for Leave to File Sur-Reply. (Annable, Zachery) Modified text on 11/14/2022 (sxf). (Entered: 11/11/2022) |
| 11/14/2022 | 80 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01010 (Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 90 NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 11/14/2022 (ykp). Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 81 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-00880(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 91 NOTICE of Report and Recommendation to District Court, filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/14/2022 | 82 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01379(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 93 Notice of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |

CORE/3522697.0002/184112838.6

| 11/14/2022 | 83 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in RE: Civ. Act. No. 3:21-cv-01378(Consolidated Under Civ. Act. No. 3:21-cv-00881) re: 92 NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 11/14/2022) |
| 11/23/2022 | 85 | RESPONSE filed by Highland Capital Management LP re: 78 Objection (Annable, Zachery) Modified text on 11/28/2022 (mms). (Entered: 11/23/2022) |
| 11/23/2022 | 86 | Brief/Memorandum in Support filed by Highland Capital Management LP re 85 Response/Objection *(Highland Capital Management, L.P.'s Brief in Support of Response to Defendant's Objection to Report and Recommendation)* (Annable, Zachery) (Entered: 11/23/2022) |
| 11/28/2022 | 87 | OBJECTION filed by James Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re: 80 Notice (Other), (Aigen, Michael) (Entered: 11/28/2022) |
| 12/05/2022 | 89 | NOTICE of Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in re: Civ. Act. No. Lead 3:21-cv-00881 re: 50 NOTICE of Report and Recommendation to District Court filed by Case Admin Sup (Attachments: # 1 Supplement to Report and Recommendation) (Whitaker - TXNB, Sheniqua) Modified text per TXNB clerk on 12/6/2022 (ykp). (Entered: 12/05/2022) |
| 12/06/2022 | 90 | NOTICE of Report and Recommendation to District Court (Adversary No. 21-03003-sgjCiv. Act. No. 3:21-cv-01010(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 91 | NOTICE of Report and Recommendation to District Court (Adversary No.: 21-03005-sgj Civ. Act. No. 3:21-cv-00880(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note) filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/06/2022 | 92 | NOTICE of Report and Recommendation to District Court (Adversary No.: 21-03006-sgjCiv. Act. No. 3:21-cv-01378(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial |

| | | summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
|---|---|---|
| 12/06/2022 | 93 | Notice of Report and Recommendation to District Court (Adversary No.: 21-03007-sgj Civ. Act. No. 3:21-cv-01379(Consolidated Under Civ. Act. No. 3:21-cv-00881): Court should grant plaintiff's motion for partial summary judgment against all five note maker defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 12/06/2022) |
| 12/12/2022 | 94 | RESPONSE filed by Highland Capital Management LP re: 87 Response/Objection (Annable, Zachery) (Entered: 12/12/2022) |
| 12/12/2022 | 95 | Brief/Memorandum in Support filed by Highland Capital Management LP re 94 Response/Objection (Annable, Zachery) (Entered: 12/12/2022) |
| 01/17/2023 | 97 | NOTICE of Supplement to the October 12, 2022 Report and Recommendation: Regarding attorneys' fees and transmitting proposed form of judgment re: 71 Notice (Other), filed by Case Admin Sup (Attachments: # 1 Report and Recommendation) (Whitaker - TXNB, Sheniqua) (Entered: 01/17/2023) |
| 01/31/2023 | 98 | OBJECTION filed by Highland Capital Management Fund Advisors LP re: 97 NOTICE of Supplement to the October 12, 2022 Report and Recommendation (Aigen, Michael) Modified text on 2/1/2023 (ykp). (Entered: 01/31/2023) |
| 02/14/2023 | 99 | RESPONSE filed by Highland Capital Management LP re: 98 Response/Objection (Annable, Zachery) (Entered: 02/14/2023) |
| 02/14/2023 | 100 | Brief/Memorandum in Support filed by Highland Capital Management LP re 99 Response/Objection (Annable, Zachery) (Entered: 02/14/2023) |
| 02/24/2023 | 102 | MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Annable, Zachery) (Entered: 02/24/2023) |
| 03/01/2023 | 103 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 102 MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 03/01/2023) |
| 03/03/2023 | 104 | RESPONSE filed by James Dondero, Nancy Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital |

| | | |
|---|---|---|
| | | Management Services Inc, NexPoint Advisors LP re: 102 MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Deitsch-Perez, Deborah) (Entered: 03/03/2023) |
| 03/03/2023 | 105 | Appendix in Support filed by James Dondero, Nancy Dondero, HCRE Partners LLC, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP re 104 Response/Objection, *Defendants' Response to Motion for Leave to File Brief in Excess of Page Limits* (Deitsch-Perez, Deborah) (Entered: 03/03/2023) |
| 03/07/2023 | 106 | REPLY filed by Highland Capital Management LP re: 102 MOTION for Leave to File Brief in Excess of Page Limits *(Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 03/07/2023) |
| 07/06/2023 | 127 | ORDER: The Court GRANTS the motion for entry of order on Defendant James Donderos pending objection in Consolidated Case No. 3:21-cv-1010-X (Doc. 3). The Court OVERRULES that objection. The Court ACCEPTS the Report and Recommendation in Consolidated Case No. 3:21-cv-1010-X (Doc. 2). This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court concludes this case is ready for trial, it shall notify the Court, and the Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 128 | ORDER: After careful consideration, the Court OVERRULES Defendants objections to the Report and Recommendation, OVERRULES Defendants objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS partial summary judgment in these five cases for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 129 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 130 | ELECTRONIC ORDER: After careful consideration, the Court OVERRULES the objection at Doc. 34 . (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 131 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |

| 07/06/2023 | 132 | ELECTRONIC ORDER granting [102](#) Motion for Leave to File. (Clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
|---|---|---|
| 07/06/2023 | [133](#) | ORDER: After careful consideration, the Court OVERRULES the objections to the Report and Recommendation, OVERRULES the objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS summary judgment in this case for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/10/2023 | 135 | ELECTRONIC ORDER: The Court clarifies that its Electronic Orders at Docs. 129 and 131 dismissed as moot the motions at Docs. [27](#) and [72](#) . (Ordered by Judge Brantley Starr on 7/10/2023) (chmb) (Entered: 07/10/2023) |
| 08/01/2023 | [139](#) | MOTION for Order Approving Stipulation Regarding Finality of Judgments and Entry of Amended Final Judgments in Notes Actions filed by Highland Capital Management LP (Attachments: # [1](#) Exhibit(s) A-- Proposed Order) (Annable, Zachery) (Entered: 08/01/2023) |
| 08/01/2023 | [140](#) | MOTION for Order Approving Stipulation for the Bonding of Judgments and Stays of Execution Pending Appeals filed by James Dondero, Highland Capital Management Fund Advisors LP, Highland Capital Management Services Inc, NexPoint Advisors LP, Nextpoint Real Estate Partners LLC (Attachments: # [1](#) Exhibit(s)) (Deitsch-Perez, Deborah) (Entered: 08/01/2023) |
| 08/01/2023 | [141](#) | Joint MOTION to Extend Time Regarding Briefing on HCMLP's Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by James Dondero, Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP, Nextpoint Real Estate Partners LLC (Attachments: # [1](#) Exhibit(s), # [2](#) Exhibit(s)) (Deitsch-Perez, Deborah) (Entered: 08/01/2023) |
| 08/03/2023 | [142](#) | ORDER granting [139](#) Motion. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | [143](#) | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, LP F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | [144](#) | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, LP F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP. The Court clarifies that this Amended Final Judgment pertains to different matters than the Court's previous order at |

| | | Doc. 143 . (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
|---|---|---|
| 08/03/2023 | 145 | AMENDED FINAL JUDGMENT AGAINST NEXPOINT ADVISORS, LP. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 146 | AMENDED FINAL JUDGMENT AGAINST NEXPOINT REAL ESTATE PARTNERS LLC F/K/A HCRE PARTNERS LLC. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 147 | AMENDED FINAL JUDGMENT AGAINST HIGHLAND CAPITAL MANAGEMENT SERVICES INC. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 148 | AMENDED FINAL JUDGMENT AGAINST JAMES DONDERO. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 149 | ORDER granting 140 Motion. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/03/2023 | 150 | ORDER granting 141 Motion to Extend Time. (Ordered by Judge Brantley Starr on 8/3/2023) (chmb) (Entered: 08/03/2023) |
| 08/10/2023 | 151 | NOTICE of *Bonding* re: 147 Order, 143 Order, 145 Order, 149 Order on Motion for Miscellaneous Relief, 144 Order, filed by Highland Capital Management Services Inc, NexPoint Advisors LP, NexPoint Asset Management LP (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 08/10/2023) |
| 08/28/2023 | 152 | NOTICE of *Bonding* re: 148 Order, 146 Order, 149 Order on Motion for Miscellaneous Relief filed by James Dondero, Nextpoint Real Estate Partners LLC (Attachments: # 1 Exhibit(s) 1) (Deitsch-Perez, Deborah) (Entered: 08/28/2023) |
| 09/01/2023 | 153 | NOTICE OF INTERLOCUTORY APPEAL as to 130 Order, 143 Order to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004597. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them |

CORE/3522697.0002/184112838.6

| | | |
|---|---|---|
| | | through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 154 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 135 Order, 144 Order, to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004678. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 155 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 145 Order, 135 Order to the Fifth Circuit by NexPoint Asset Management LP. Filing fee $505, receipt number ATXNDC-14004735. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 156 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 146 Order, 135 Order to the Fifth Circuit by Nextpoint Real Estate Partners LLC. Filing fee $505, receipt number ATXNDC-14004774. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement |

CORE/3522697.0002/184112838.6

| | | does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
|---|---|---|
| 09/01/2023 | 157 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 147 Order, 131 Order on Motion to Strike, Order on Motion for Leave to File, 135 Order to the Fifth Circuit by Highland Capital Management Services Inc. Filing fee $505, receipt number ATXNDC-14004844. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |
| 09/01/2023 | 158 | NOTICE OF INTERLOCUTORY APPEAL as to 129 Order on Motion for Miscellaneous Relief, 131 Order on Motion to Strike, Order on Motion for Leave to File, 148 Order, 135 Order to the Fifth Circuit by James Dondero. Filing fee $505, receipt number ATXNDC-14004882. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Deitsch-Perez, Deborah) (Entered: 09/01/2023) |

3.   The Docket Sheet for **Adversary Proceeding No. 21-03003-sgj**.

4.   Documents listed below and as described in the Docket Sheet for **Adversary Proceeding No. 21-03003-sgj** in the United States Bankruptcy Court for the Northern District of Texas (Dallas).

| Filing Date | Docket Text |
|---|---|
| 01/22/2021 | <u>1</u> Adversary case 21-03003. Complaint by Highland Capital Management, L.P. against James Dondero. Fee Amount $350 (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). (Annable, Zachery) |
| 03/16/2021 | <u>6</u> Answer to complaint filed by James Dondero. (Assink, Bryan) |
| 05/27/2021 | <u>58</u> (86 pgs) Transcript regarding Hearing Held 05/25/2021 (86 pages) RE: Motion to Stay; Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/25/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 52 Hearing held on 5/25/2021. (RE: related document(s)<u>21</u> Motion for withdrawal of reference, filed by Defendant James Dondero) (Appearances: D. Dietsch-Perez for J. Dondero; G. Demo; J. Pomeranz, and J. Morris for Debtor. Evidentiary status conference. Court will make Report and Recommendation to District Court that it withdraw reference at such time as court determines that matter is trial ready, with bankruptcy court presiding over pretrial matters.), 53 Hearing held on 5/25/2021. (RE: related document(s)<u>22</u> Motion to continue hearing on (related documents <u>1</u> Complaint) MOTION TO STAY PENDING MOTION TO WITHDRAW THE REFERENCE OF PLAINTIFFS COMPLAINT filed by Defendant James Dondero., (Appearances: D. Dietsch-Perez for J. Dondero; G. Demo; J. Pomeranz, and J. Morris for Debtor. Nonevidentiary hearing. Motion granted in part. Discovery will continue to its scheduled conclusion (in accordance with the existing scheduling order, as consensually amended by parties with regard to experts reports being due this Friday) but adversary proceeding otherwise stayed for 60 days, unless further stayed by the court. Mr. Demo to submit order.)). Transcript to be made available to the public on 08/25/2021. (Rehling, Kathy) |
| 07/07/2021 | <u>67</u> (15 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge that it: (A) grant defendant's motion to withdraw the reference at such time as Bankruptcy Court certifies that action is trial ready: and (B) defer pretrial matters to Bankruptcy Court (RE: related document(s)<u>21</u> Motion for withdrawal of reference filed by Defendant James Dondero). Entered on 7/7/2021 (Okafor, M.) |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| 08/27/2021 | [79](#) Amended complaint by Zachery Z. Annable on behalf of Highland Capital Management, L.P. against The Dugaboy Investment Trust, Nancy Dondero, James Dondero Adding nature(s) of suit. (RE: related document(s)[1](#) Adversary case 21-03003. Complaint by Highland Capital Management, L.P. against James Dondero. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). filed by Plaintiff Highland Capital Management, L.P.). (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Adversary Proceeding Cover Sheet) (Annable, Zachery) |
| 09/01/2021 | [83](#) Answer to complaint filed by James Dondero. (Deitsch-Perez, Deborah) |
| 12/17/2021 | [132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (Annable, Zachery) |
| 12/17/2021 | [133](#) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/17/2021 | [134](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/18/2021 | [135](#) Support/supplemental document *(Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Attachments: # [1](#) Appendix Part 1 # [2](#) Appendix Part 2 # [3](#) Appendix Part 3 # [4](#) Appendix Part 4 # [5](#) Appendix Part 5 # [6](#) Appendix Part 6 # [7](#) Appendix Part 7) (Annable, Zachery) |
| 12/20/2021 | [137](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |

| 12/20/2021 | [138](#) Notice *(Notice of Filing of Highland Capital Management, L.P.'s Amended Memorandum of Law in Support of Motion for Partial Summary Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[137](#) Brief filed by Plaintiff Highland Capital Management, L.P.). (Annable, Zachery) |
|---|---|
| 01/06/2022 | [190](#) DISTRICT COURT Order consolidating 3:21-cv-01010 with lead case 3:21-cv-00881 (RE: related document(s)[21](#) Motion for withdrawal of reference filed by Defendant James Dondero). Entered on 1/6/2022 (Whitaker, Sheniqua) (Entered: 05/12/2022) |
| 01/20/2022 | [153](#) Response opposed to (related document(s): [132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant James Dondero. (Deitsch-Perez, Deborah) |
| 01/20/2022 | [154](#) Brief in opposition filed by Defendant James Dondero (RE: related document(s)[132](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Deitsch-Perez, Deborah) |
| 01/20/2022 | [155](#) Support/supplemental document *Appendix in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by Defendant James Dondero (RE: related document(s)[153](#) Response). (Deitsch-Perez, Deborah) |
| 02/07/2022 | [159](#) Reply to (related document(s): [153](#) Response filed by Defendant James Dondero) *(Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/07/2022 | [160](#) Support/supplemental document *(Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[159](#) Reply). (Annable, Zachery) |
| 02/25/2022 | [169](#) Motion to strike (related document(s): [160](#) Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant James Dondero Objections due by 3/18/2022. (Deitsch-Perez, Deborah) |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| 02/25/2022 | [170](#) Support/supplemental document *Appendix in Support of Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law* filed by Defendant James Dondero (RE: related document(s)[169](#) Motion to strike (related document(s): [160](#) Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) ). (Deitsch-Perez, Deborah) |
| 03/18/2022 | [173](#) Response opposed to (related document(s): [169](#) Motion to strike (related document(s): [160](#) Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant James Dondero) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/18/2022 | [174](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[173](#) Response). (Annable, Zachery) |
| 03/18/2022 | [175](#) Support/supplemental document *(Appendix in Support of Opposition to Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[173](#) Response). (Annable, Zachery) |
| 04/01/2022 | [179](#) Reply to (related document(s): [173](#) Response filed by Plaintiff Highland Capital Management, L.P.) *Reply in Support of Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Defendants* filed by Defendant James Dondero. (Deitsch-Perez, Deborah) |
| 04/01/2022 | [180](#) Support/supplemental document *Appendix in Support of Defendants' Reply in Support of Defendants' Motion to Strike Appendix* filed by Defendant James Dondero (RE: related document(s)[179](#) Reply). (Deitsch-Perez, Deborah) |
| 04/20/2022 | 185 Hearing held on 4/20/2022. (RE: related document(s)[132](#) Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/20/2022 | 186 Hearing held on 4/20/2022. (RE: related document(s)[169](#) Motion to strike (related document(s): [160](#) Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant James Dondero.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. |

CORE/3522697.0002/184112838.6

| | Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 04/26/2022) |
|---|---|
| 04/27/2022 | 187 Order granting (document 169) motion to strike (regarding document: 160 Appendix in Support of Plaintiffs Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants filed by Plaintiff Highland Capital Management, L.P.) Entered on 4/27/2022. (Okafor, Marcey) |
| 05/03/2022 | 189 Transcript regarding Hearing Held 04/20/22 RE: Plaintiff's motion for partial summary judgment and defendant's motion to strike. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court Reporter/Transcriber Susan Palmer, palmerrptg@aol.com, Telephone number Palmer Reporting Services (209) 915-3065. (RE: related document(s) 185 Hearing held on 4/20/2022. (RE: related document(s) 132 Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.), 186 Hearing held on 4/20/2022. (RE: related document(s) 169 Motion to strike (related document(s): 160 Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant James Dondero.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted. Counsel to upload order.)). Transcript to be made available to the public on 08/1/2022. (Palmer, Susan) |
| 07/19/2022 | 191 Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions (RE: related document(s) 132 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022 (Okafor, Marcey) |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| 08/05/2022 | [197](#) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[191](#) Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | [198](#) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[191](#) Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | [199](#) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[191](#) Report and recommendation). (Annable, Zachery) |
| 08/23/2022 | [204](#) Objection to (related document(s): [197](#) Notice (generic) filed by Plaintiff Highland Capital Management, L.P., [198](#) Notice (generic) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant James Dondero. (Deitsch-Perez, Deborah) |
| 09/27/2022 | [205](#) (36 pgs; 2 docs) Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) [197](#) Notice (generic)) filed by Plaintiff Highland Capital Management, L.P. (Attachments: # [1](#) Exhibit A-- Proposed Order) (Annable, Zachery) |
| 09/27/2022 | [206](#) (30 pgs; 4 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[205](#) Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) [197](#) Notice (generic)). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C) (Annable, Zachery) |
| 09/27/2022 | [207](#) (4 pgs) Response opposed to (related document(s): [204](#) Objection filed by Defendant James Dondero) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 09/27/2022 | [208](#) (56 pgs; 11 docs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[207](#) Response). (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10) (Annable, Zachery) |

CORE/3522697.0002/184112838.6

| 11/10/2022 | [217](#) (33 pgs) Supplement to Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge dated 7/19/2022, transmitting proposed forms of judgment. (RE: related document(s)[191](#) Report and recommendation). Entered on 11/10/2022 (Rielly, Bill) |
|---|---|
| 11/14/2022 | [220](#) (34 pgs) DISTRICT COURT Notice Of docketing transmittal of Supplement to Report and Recommendation in re: Civ. Act. No. 3:21cv01010(Consolidated Under Civ. Act. No. 3:21cv 00881) (RE: related document(s)[217](#) Report and recommendation). (Whitaker, Sheniqua) |
| 12/06/2022 | [225](#) DISTRICT COURT Notice of Docketing Report and Recommendation (RE: related document(s)[191](#) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions (RE: related document(s)[132](#) Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022). Civ. Act. No. 3:21-cv-01010 (Consolidated Under Civ. Act. No. 3:21-cv-00881) (Whitaker, Sheniqua) |
| 12/07/2022 | [226](#) Order: (A) granting Defendant's motion for leave to supplement their argument against Plaintiff's supplemented notice of attorney's fees; but (B) denying any further relief (related document # [216](#)) Entered on 12/7/2022. (Okafor, Marcey) |
| 07/06/2023 | [228](#) DISTRICT COURT order adopting report and recommendation. (RE: related document(s)[225](#) Notice (generic)). Civil Case 3:21-CV-1010-X (Consolidated with lead case 3:21-cv-0881-X) Therefore, the Court ACCEPTS the recommendation. This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court concludes that this case is ready for trial, it should notify the Court, and the Court will then withdraw the reference. Entered on 7/6/2023 (Whitaker, Sheniqua) (Entered: 08/10/2023) |
| 07/06/2023 | [229](#) DISTRICT COURT Order adopting report and recommendation and final judgment (RE: related document(s)[191](#) Report and recommendation). Civ. Act. No. 3:21-cv-01010 (Consolidated Under Civ. Act. No. 3:21-cv-00881) Entered on 7/6/2023 (Whitaker, Sheniqua) (Entered: 08/10/2023) |

5.    The Docket Sheet for **Adversary Proceeding No. 21-03004-sgj**.

6.    Documents listed below and as described in the Docket Sheet for **Adversary Proceeding No. 21-03004-sgj** in the United States Bankruptcy Court for the Northern District of Texas (Dallas).

| Filing Date | Docket Text |
|---|---|
| 01/22/2021 | 1 (20 pgs; 5 docs) Adversary case 21-03004. Complaint by Highland Capital Management, L.P.. against Highland Capital Management Fund Advisors, L.P.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). (Annable, Zachery) |
| 03/01/2021 | 6 (7 pgs) Answer to complaint filed by Highland Capital Management Fund Advisors, L.P.. (Vasek, Julian) |
| 05/27/2021 | 39 Transcript regarding Hearing Held 05/25/2021 (86 pages) RE: Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/25/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 36 Hearing held on 5/25/2021. (RE: related document(s)20 Motion for withdrawal of reference, filed by Defendant Highland Capital Management Fund Advisors, L.P., (Appearances: D. Rukavina for HCMFA; G. Demo; J. Pomeranz, and J. Morris for Debtor. Evidentiary status conference. Court will make Report and Recommendation to District Court that it withdraw reference at such time as court determines that matter is trial ready, with bankruptcy court presiding over pretrial matters.)). Transcript to be made available to the public on 08/25/2021. (Rehling, Kathy) |
| 07/01/2021 | 44 Transcript regarding Hearing Held 06/24/2021 (6 pages) RE: Defendant's Motion for Leave to Amend Answer (32). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/29/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 41 Hearing held on 6/24/2021. (RE: related document(s)32 Motion for leave to Amend Answer (related document(s) 6 Answer to complaint) filed by Defendant Highland Capital Management Fund Advisors, L.P., (Amended Answer)) filed by Defendant Highland Capital Management Fund Advisors, L.P.) (Appearances: D. Rukavina for Movant/Defendant; H. Winograd for Debtor. Nonevidentiary hearing. Motion unopposed and granted. Counsel to upload order.)). Transcript to be made available to the public on 09/29/2021. (Rehling, Kathy) |

| 07/02/2021 | [46](#) Order granting Defendant's motion for leave to amend answer (related document # [32](#)) Entered on 7/2/2021. (Okafor, M.) |
|---|---|
| 07/06/2021 | [48](#) Amended answer to complaint filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Rukavina, Davor) |
| 07/15/2021 | 🔊 [54](#) PDF with attached Audio File. Court Date & Time [06/24/2021 09:58:31 AM]. File Size [ 740 KB ]. Run Time [ 00:03:12 ]. (admin). |
| 07/15/2021 | 🔊 [55](#) ***5/25/2021 HEARING***PDF with attached Audio File. Court Date & Time [05/25/2021 01:34:12 PM]. File Size [ 28603 KB ]. Run Time [ 02:02:14 ]. (admin). Modified on 7/15/2021 (Jeng, Hawaii). |
| 09/14/2021 | [194](#) DISTRICT COURT Order Accepting 2 - 1 Report and Recommendation. This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court's concludes this case is ready for trial, that Court should notify this Court, and this Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 9/14/2021) (RE: related document(s)[50](#) Report and recommendation). Civil Case 3:21-CV-00881-X Entered on 9/14/2021 (Whitaker, Sheniqua) (Entered: 02/09/2023) |
| 11/30/2021 | [82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint) filed by Defendant Highland Capital Management Fund Advisors, L.P. (Rukavina, Davor) |
| 11/30/2021 | [83](#) Support/supplemental document *Appendix Part 1* filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)[82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint)). (Attachments: # [1](#) Appendix Part 2) (Vasek, Julian) |
| 11/30/2021 | [85](#) Support/supplemental document *Proposed Second Amended Answer* filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)[82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint)). (Vasek, Julian) |
| 12/02/2021 | [86](#) Support/supplemental document filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)[82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint)). (Attachments: # [1](#) Proposed Second Amended Answer # [2](#) Redline) (Vasek, Julian) |

| 12/02/2021 | [87](#) Support/supplemental document *Unredacted Appendix* filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)[82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint)). (Vasek, Julian) |
|---|---|
| 12/17/2021 | [91](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (Annable, Zachery) |
| 12/17/2021 | [92](#) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[91](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/17/2021 | [93](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[91](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/18/2021 | [94](#) Support/supplemental document *(Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[91](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Attachments: # [1](#) Appendix Part 1 # [2](#) Appendix Part 2 # [3](#) Appendix Part 3 # [4](#) Appendix Part 4 # [5](#) Appendix Part 5 # [6](#) Appendix Part 6 # [7](#) Appendix Part 7) (Annable, Zachery) |
| 12/20/2021 | [95](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[91](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/20/2021 | [96](#) Notice *(Notice of Filing of Highland Capital Management, L.P.'s Amended Memorandum of Law in Support of Motion for Partial Summary Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[95](#) Brief filed by Plaintiff Highland Capital Management, L.P.). (Annable, Zachery) |
| 12/21/2021 | [97](#) Stipulation by Highland Capital Management, L.P. and Highland Capital Management Fund Advisors, L.P.. filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint)). (Annable, Zachery) |

| 12/30/2021 | [107](#) Response opposed to (related document(s): [82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint) filed by Defendant Highland Capital Management Fund Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
|---|---|
| 12/30/2021 | [108](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[107](#) Response). (Annable, Zachery) |
| 12/30/2021 | [109](#) Support/supplemental document *(Appendix in Support of Highland Capital Management, L.P.'s Opposition to Defendant's Second Motion for Leave to Amend Answer)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[107](#) Response). (Annable, Zachery) |
| 01/06/2022 | [111](#) Witness and Exhibit List filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[82](#) Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) [48](#) Amended answer to complaint), [107](#) Response). (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10 # [11](#) Exhibit 11 # [12](#) Exhibit 12 # [13](#) Exhibit 13 # [14](#) Exhibit 14 # [15](#) Exhibit 15 # [16](#) Exhibit 16 # [17](#) Exhibit 17 # [18](#) Exhibit 18 # [19](#) Exhibit 19 # [20](#) Exhibit 20 # [21](#) Exhibit 21 # [22](#) Exhibit 22 # [23](#) Exhibit 23 # [24](#) Exhibit 24 # [25](#) Exhibit 25 # [26](#) Exhibit 26 # [27](#) Exhibit 27 # [28](#) Exhibit 28 # [29](#) Exhibit 29 # [30](#) Exhibit 30) (Annable, Zachery) |
| 01/07/2022 | [112](#) Reply to (related document(s): [107](#) Response filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Attachments: # [1](#) Supplemental Appendix) (Vasek, Julian) |
| 01/10/2022 | [113](#) Amended Witness and Exhibit List filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[111](#) List (witness/exhibit/generic)). (Attachments: # [1](#) Exhibit 31) (Annable, Zachery) |
| 01/10/2022 | [114](#) Court admitted exhibits date of hearing January 10, 2022 (RE: related document(s)[82](#) Motion for leave Defendant's Motion (Second) to Amend Answer (related document(s) [48](#) Amended answer to complaint) filed by Defendant Highland Capital Management Fund Advisors, L.P. filed by Defendant Highland Capital Management Fund Advisors, L.P.) (COURT ADMITTED DEFENDANTS/HCM FUND ADVISORS, L.P., EXHIBITS #HCMFA'S R#1, AND THE APPENDIX IN SUPPORT OF THE SECOND MOTION FOR LEAVE TO AMEND THE ANSWER/DECLARATION OF DENNIS C. SAUTER, JR., (NOTE* PARAGRAPH'S #6 THROUGH #10 OF THE MOTION WERE NOTE ADMITTED; BY DAVOR RUKAVINA AND THE COURT ALSO ADMITTED THE PLAINTIFF'S/REORGANZIED DEBTOR'S |

CORE/3522697.0002/184112838.6

| | EXHIBITS #1 THROUGH #31 BY JOHN MORRIS) (Edmond, Michael) Modified on 1/12/2022 (Edmond, Michael). (Entered: 01/11/2022) |
|---|---|
| 01/10/2022 | 119 Hearing held on 1/10/2022. (RE: related document(s)82 Motion for leave Defendant's Motion (Second) to Amend Answer (related document(s) 48 Amended answer to complaint) filed by Defendant Highland Capital Management Fund Advisors, L.P. filed by Defendant Highland Capital Management Fund Advisors, L.P.) (Appearances: D. Rukavina and J. Vasek for HCMFA; J. Morris for Debtor. Evidentiary hearing. Motion denied. Counsel to upload order consistent with the courts oral ruling.) (Edmond, Michael) (Entered: 01/12/2022) |
| 01/11/2022 | 115 Request for transcript regarding a hearing held on 1/10/2022. The requested turn-around time is daily. (Edmond, Michael) |
| 01/12/2022 | 118 Exhibit List *(Rebuttal)* filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)82 Motion for leave *Defendant's Motion (Second) to Amend Answer* (related document(s) 48 Amended answer to complaint)). (Attachments: # 1 Exhibit HCMFA-R1) (Vasek, Julian) |
| 01/12/2022 | 120 Stipulation by Highland Capital Management Fund Advisors, L.P. and Plaintiff. filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)91 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Vasek, Julian) |
| 01/13/2022 | 121 Transcript regarding Hearing Held 01/10/2022 (144 pages) RE: Defendant's Second Motion to Amend Answer (#82). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/13/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 119 Hearing held on 1/10/2022. (RE: related document(s)82 Motion for leave Defendant's Motion (Second) to Amend Answer (related document(s) 48 Amended answer to complaint) filed by Defendant Highland Capital Management Fund Advisors, L.P. filed by Defendant Highland Capital Management Fund Advisors, L.P.) (Appearances: D. Rukavina and J. Vasek for HCMFA; J. Morris for Debtor. Evidentiary hearing. Motion denied. Counsel to upload order consistent with the courts oral ruling.)). Transcript to be made available to the public on 04/13/2022. (Rehling, Kathy) |
| 01/13/2022 | 🔊 122 PDF with attached Audio File. Court Date & Time [01/10/2022 10:19:22 AM]. File Size [ 51789 KB ]. Run Time [ 03:41:56 ]. (admin). |

| 01/14/2022 | [123](#) Order denying Defendant's second motion for leave to amend answer (related document # [82](#)) Entered on 1/14/2022. (Okafor, Marcey) |
|---|---|
| 01/19/2022 | [126](#) Response opposed to (related document(s): [91](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Vasek, Julian) |
| 01/19/2022 | [127](#) Brief in support filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)[126](#) Response). (Vasek, Julian) |
| 01/19/2022 | [128](#) Support/supplemental document *Appendix* filed by Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)[126](#) Response). (Vasek, Julian) |
| 02/07/2022 | [129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) *(Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt)* filed by Plaintiff Highland Capital Management, L.P. (Attachments: # [1](#) Exhibit A--Proposed Order) (Annable, Zachery) |
| 02/07/2022 | [130](#) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) *(Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C). (Annable, Zachery)* |
| 02/07/2022 | [131](#) Declaration re: *(Declaration of John A. Morris in Support of Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) *(Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C). (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9) (Annable, Zachery)* |
| 02/07/2022 | [132](#) Reply to (related document(s): [126](#) Response filed by Defendant Highland Capital Management Fund Advisors, L.P.) *(Highland Capital Management, L.P.'s Reply in Support of Motion for Partial Summary Judgment)* filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |

| 02/18/2022 | [141](#) Support/supplemental document *(Errata to Declaration of John A. Morris in Support of Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[131](#) Declaration). (Annable, Zachery) |
|---|---|
| 02/28/2022 | [145](#) Objection to (related document(s): [129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) *(Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Vasek, Julian)* |
| 03/14/2022 | [147](#)  (20 pgs) Reply to (related document(s): [145](#) Objection filed by Defendant Highland Capital Management Fund Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/14/2022 | [148](#) Declaration re: *(Supplemental Declaration of John A. Morris in Support of Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) *(Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C). (Attachments: # [1](#) Exhibit 10) (Annable, Zachery)* |
| 04/20/2022 | 157 Hearing held on 4/20/2022. (RE: related document(s)[91](#) Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/20/2022 | 158 Hearing held on 4/20/2022. (RE: related document(s)[129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) (Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt) filed by Plaintiff Highland Capital Management, L.P. (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing |

| | (summary judgment evidence only). Motion granted but sanctions denied. Counsel to upload order.) (Edmond, Michael) (Entered: 04/26/2022) |
|---|---|
| 04/20/2022 | [162](#) DISTRICT COURT Order Consolidating Cases (RE: related document(s)[20](#) Motion for withdrawal of reference filed by Defendant Highland Capital Management Fund Advisors, L.P.). The Note Case, 3:22-cv-789, is consolidated under the lead Note Case, No. 3:21-cv-881 for all purposes other than that Case No. 3:21-cv-881-X may be triedseparately (or that the determination of whether such case shall be tried separatelyis deferred until after all summary judgement motions are heard and decided), to beheard by the undersigned. All future filings related to all Note Cases shall be filed on the docket for No. 3:21-cv-881. Entered on 4/20/2022 (Whitaker, Sheniqua) (Entered: 05/10/2022) |
| 04/25/2022 | 156 Request for transcript regarding a hearing held on 4/20/2022. The requested turn-around time is 3-day expedited (Bergreen, J.) |
| 04/27/2022 | [159](#) Order granting in part, denying in part(document # [129](#)) Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt filed by Defendant Highland Capital Management Fund Advisors, L.P.) (regarding document:[127](#) Brief) Entered on 4/27/2022. (Okafor, Marcey) |
| 05/03/2022 | [161](#) Transcript regarding Hearing Held 04/20/22 RE: Plaintiff's motion for partial summary judgment and defendant's omnibus motion to strike and for sanctions and order of contempt. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Susan Palmer, palmerrptg@aol.com, Telephone number Palmer Reporting Services, (209) 915-3065. (RE: related document(s) 157 Hearing held on 4/20/2022. (RE: related document(s)[91](#) Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.), 158 Hearing held on 4/20/2022. (RE: related document(s)[129](#) Omnibus Motion to strike (related document(s): [127](#) Brief filed by Defendant Highland Capital Management Fund Advisors, L.P.) (Plaintiff's Omnibus Motion to (A) Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt) filed by Plaintiff Highland Capital Management, L.P. (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; |

| | D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted but sanctions denied. Counsel to upload order.)). Transcript to be made available to the public on 08/1/2022. (Palmer, Susan) |
|---|---|
| 07/19/2022 | 163 Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: related document(s)91 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022 (Okafor, Marcey) |
| 07/20/2022 | 167 DISTRICT COURT Notice of docketing the Report and Recommendation by the U.S. Bankruptcy Judge (RE: related document(s)163 Report and recommendation). Civil Case 3:21-cv-00881-X (Whitaker, Sheniqua) (Entered: 07/22/2022) |
| 08/05/2022 | 169 Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)163 Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | 170 Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)163 Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | 171 Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)163 Report and recommendation). (Annable, Zachery) |
| 08/23/2022 | 173 Objection to (related document(s): 169 Notice (generic) filed by Plaintiff Highland Capital Management, L.P., 170 Notice (generic) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Vasek, Julian) |
| 09/27/2022 | 174 (36 pgs; 2 docs) Motion for leave (Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment) (related document(s) 169 Notice (generic)) filed by Plaintiff Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 09/27/2022 | 175 Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup* |

| | |
|---|---|
| | *Documentation in Support of Proposed Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)174 Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 169 Notice (generic))). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) |
| 09/27/2022 | 176 Response opposed to (related document(s): 173 Objection filed by Defendant Highland Capital Management Fund Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 09/27/2022 | 177 Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)176 Response). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) (Annable, Zachery) |
| 10/18/2022 | 179 Objection to (related document(s): 174 Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 169 Notice (generic)) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Attachments: # 1 Proposed Order) (Vasek, Julian) |
| 10/21/2022 | 180 Reply to (related document(s): 179 Objection filed by Defendant Highland Capital Management Fund Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/24/2022 | 181 Order Granting Highland Capital's Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment (related document # 174) Entered on 10/24/2022. (Okafor, Marcey) |
| 11/02/2022 | 185 Motion for leave *to Supplement Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* filed by Defendant Highland Capital Management Fund Advisors, L.P. Objections due by 11/23/2022. (Attachments: # 1 Proposed Order) (Vasek, Julian) |
| 11/10/2022 | 186 Supplement to Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge dated 7/19/2022, transmitting proposed forms of judgment (RE: related document(s)163 Report and recommendation). Entered on 11/10/2022 (Rielly, Bill) |
| 11/17/2022 | 188 Response opposed to (related document(s): 185 Motion for leave *to Supplement Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| | filed by Defendant Highland Capital Management Fund Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/05/2022 | 191 District Court Notice of docketing Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment in re: Civil Case No.: Civ. Act. No. 3:21cv00881 (RE: related document(s)186 Report and Recommendation). (Whitaker, Sheniqua) |
| 12/07/2022 | 192 Order: (A) granting Defendant's motion for leave to supplement their argument against Plaintiff's supplemented notice of attorney's fees; but (B) denying any further relief (related document # 185) Entered on 12/7/2022. (Okafor, Marcey) |
| 07/06/2023 | 195 DISTRICT COURT order adopting report and recommendation and final judgment (RE: related document(s)163 Report and recommendation) 91 Motion for summary judgment). Civil case 3:21-cv-0881-X Entered on 7/6/2023 (Whitaker, Sheniqua) (Entered: 08/10/2023) |

7.      The Docket Sheet for **Adversary Proceeding No. 21-03005-sgj**.

8.      Documents listed below and as described in the Docket Sheet for **Adversary Proceeding No. 21-03005-sgj** in the United States Bankruptcy Court for the Northern District of Texas (Dallas).

| **Filing Date** | **Docket Text** |
|---|---|
| 01/22/2021 | 1 (27 pgs; 5 docs) Adversary case 21-03005. Complaint by Highland Capital Management, L.P. against NexPoint Advisors, L.P.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). (Annable, Zachery) |
| 03/01/2021 | 6 (8 pgs) Answer to complaint filed by NexPoint Advisors, L.P.. (Vasek, Julian) |
| 05/27/2021 | 33 (86 pgs) Transcript regarding Hearing Held 05/25/2021 (86 pages) RE: Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/25/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, |

CORE/3522697.0002/184112838.6

| | Telephone number 972-786-3063. (RE: related document(s) 30 Hearing held on 5/25/2021. (RE: related document(s)19 Motion for withdrawal of reference, filed by Defendant NexPoint Advisors, L.P., (Appearances: D. Rukavina for NexPoint; G. Demo; J. Pomeranz, and J. Morris for Debtor. Evidentiary status conference. Court will make Report and Recommendation to District Court that it withdraw reference at such time as court determines that matter is trial ready, with bankruptcy court presiding over pretrial matters.)). Transcript to be made available to the public on 08/25/2021. (Rehling, Kathy) |
|---|---|
| 07/08/2021 | 40 (12 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge proposing that it: (A) grant Defendant's motion to withdraw the reference at such time as Bankruptcy Court certifies that action is trial ready; and (B) defer pretrial matters to Bankruptcy Court. (RE: related document(s)19 Motion for withdrawal of reference filed by Defendant NexPoint Advisors, L.P.). Entered on 7/8/2021 (Okafor, M.) |
| 07/28/2021 | 213 (2 pgs) DISTRICT COURT Order Adopting 8 Report and Recommendation in RE: Motion for withdrawal of reference. IT IS ORDERED the Defendant's Motion to Withdraw Reference shall be granted. IT IS FURTHER ORDERED that the Bankruptcy Court shall handle all pretrial matters, which shall in turn be considered by the undersigned Senior United States District Judge. IT IS FURTHER ORDERED that this civil action be STAYED pending further Order from the Court. (Ordered by Senior Judge Sam R Cummings on 7/28/2021) (jmg) (Main Document 10 replaced with text searchable doc on 8/2/2021 (RE: related document(s)40 Report and recommendation. civil Case Case 3:21-cv-00880-X Entered on 7/28/2021 (Whitaker, Sheniqua) (Entered: 08/03/2022) |
| 07/29/2021 | 47 (2 pgs) Order granting defendant's motion for leave to file amended answer (related document # 35) Entered on 7/29/2021. (Okafor, M.) |
| 08/09/2021 | 50 (8 pgs) Amended answer to complaint filed by Defendant NexPoint Advisors, L.P.. (Vasek, Julian) |
| 08/23/2021 | 57 (2 pgs) Order granting Debtor's Unopposed Motion for Leave to Serve and File Amended Complaint (related document # 55) Entered on 8/23/2021. (Okafor, M.) |
| 08/27/2021 | 63 (73 pgs; 6 docs) Amended complaint by Zachery Z. Annable on behalf of Highland Capital Management, L.P. against The Dugaboy Investment Trust, Nancy Dondero, James Dondero, NexPoint Advisors, L.P. Adding nature(s) of suit. (RE: related document(s)1 Adversary case 21-03005. Complaint by Highland Capital Management, L.P. against NexPoint Advisors, L.P.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| | Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). filed by Plaintiff Highland Capital Management, L.P.). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Adversary Proceeding Cover Sheet) (Annable, Zachery) |
| 09/01/2021 | 64 (13 pgs) Answer to complaint filed by NexPoint Advisors, L.P.. (Rukavina, Davor) |
| 10/29/2021 | 86 (445 pgs; 5 docs) Motion to extend time to designate expert (RE: related document(s)70 Order (generic)) filed by Defendant NexPoint Advisors, L.P. (Attachments: # 1 Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C) (Vasek, Julian) |
| 12/01/2021 | 104 (4 pgs) Response opposed to (related document(s): 86 Motion to extend time to designate expert (RE: related document(s)70 Order (generic)) filed by Defendant NexPoint Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/01/2021 | 105 (23 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)104 Response). (Annable, Zachery) |
| 12/01/2021 | 106 (213 pgs; 5 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland's Objection to Motion of Defendant NexPoint Advisors, L.P. to Extend Expert Disclosure and Discovery Deadlines)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)104 Response). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Annable, Zachery) |
| 12/13/2021 | 122 Hearing held on 12/13/2021. (RE: related document(s)86 Motion to extend time to designate expert (RE: related document(s)70 Order (generic)) filed by Defendant NexPoint Advisors, L.P., (Appearances: D. Rukavina and J. Vasek for movant NexPoint Advisors; M. Aigen and D. Deitsch-Perez for movants HCMS, Inc. and HCRE Partners, LLC.; H. Winograd for plaintiff/reorganized debtor. Nonevidentiary hearing. Motion denied for reasons stated on the record. Ms. Winograd to upload order.) (Edmond, Michael) |
| 12/14/2021 | 123 (1 pg) PDF with attached Audio File. Court Date & Time [12/13/2021 10:55:42 AM]. File Size [ 12143 KB ]. Run Time [ 00:51:53 ]. (admin). |

| | |
|---|---|
| 12/14/2021 | [124](38 pgs) Transcript regarding Hearing Held 12/13/2021 (38 pages) RE: Motion to Extend Expert Disclosure and Discovery Deadlines. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/14/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 122 Hearing held on 12/13/2021. (RE: related document(s)86 Motion to extend time to designate expert (RE: related document(s)70 Order (generic)) filed by Defendant NexPoint Advisors, L.P., (Appearances: D. Rukavina and J. Vasek for movant NexPoint Advisors; M. Aigen and D. Deitsch-Perez for movants HCMS, Inc. and HCRE Partners, LLC.; H. Winograd for plaintiff/reorganized debtor. Nonevidentiary hearing. Motion denied for reasons stated on the record. Ms. Winograd to upload order.)). Transcript to be made available to the public on 03/14/2022. (Rehling, Kathy) |
| 12/17/2021 | [131](9 pgs) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (Annable, Zachery) |
| 12/17/2021 | [132](79 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)131 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/17/2021 | [133](56 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)131 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/18/2021 | [134](4751 pgs; 8 docs) Support/supplemental document *(Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)131 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Attachments: # 1 Appendix Part 1 # 2 Appendix Part 2 # 3 Appendix Part 3 # 4 Appendix Part 4 # 5 Appendix Part 5 # 6 Appendix Part 6 # 7 Appendix Part 7) (Annable, Zachery) |

| 12/20/2021 | 136 (61 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)131 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
|---|---|
| 12/22/2021 | 138 (3 pgs) Order denying 86 Motion to extend expert disclosure and discovery deadlines. Entered on 12/22/2021. (Okafor, Marcey) |
| 01/05/2022 | 148 (926 pgs; 4 docs) Notice *of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* filed by Defendant NexPoint Advisors, L.P.. (Attachments: # 1 Objection # 2 Brief # 3 Appendix)(Vasek, Julian) |
| 01/06/2022 | 206 (3 pgs) DISTRICT COURT Order consolidating 3:21-cv-00880 with lead case 3:21-cv-00881 (RE: related document(s)19 Motion for withdrawal of reference filed by Defendant NexPoint Advisors, L.P.). Entered on 1/6/2022 (Whitaker, Sheniqua) (Entered: 05/12/2022) |
| 01/20/2022 | 155 (5 pgs) Response opposed to (related document(s): 131 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant NexPoint Advisors, L.P.. (Vasek, Julian) |
| 01/20/2022 | 156 (65 pgs) Brief in support filed by Defendant NexPoint Advisors, L.P. (RE: related document(s)155 Response). (Vasek, Julian) |
| 01/20/2022 | 157 (305 pgs) Support/supplemental document *Appendix* filed by Defendant NexPoint Advisors, L.P. (RE: related document(s)155 Response). (Vasek, Julian) |
| 02/07/2022 | 164 (24 pgs) Reply to (related document(s): 155 Response filed by Defendant NexPoint Advisors, L.P.) *(Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/07/2022 | 165 (30 pgs) Support/supplemental document*(Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)164 Reply). (Annable, Zachery) |

| | |
|---|---|
| 04/20/2022 | 198 Hearing held on 4/20/2022. (RE: related document(s)131 Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P. filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/20/2022 | 199 Hearing held on 4/20/2022. (RE: related document(s)161 Omnibus Motion to strike (related document(s): 157 Support/supplemental document filed by Defendant NexPoint Advisors, L.P.) (Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt) filed by Plaintiff Highland Capital Management, L.P. (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted but sanctions denied. Counsel to upload order.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/20/2022 | 200 Hearing held on 4/20/2022. (RE: related document(s)177 Motion to strike (related document(s): 165 Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant NexPoint Advisors, L.P.,) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/27/2022 | 201 (3 pgs) Order granting (document 177) motion to strike (regarding document:165 Appendix in Support of Plaintiffs Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants filed by Plaintiff Highland Capital Management, L.P.) Entered on 4/27/2022. (Okafor, Marcey) |
| 04/27/2022 | 202 (55 pgs) Order granting in part, denying in part(document 161) Plaintiffs Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt (regarding document:157 Appendix in support of Defendants' opposition to Plaintiff's motion for partial summary judgment filed by Defendant NexPoint Advisors, L.P.) Entered on 4/27/2022. (Okafor, Marcey) |

CORE/3522697.0002/184112838.6

| 05/03/2022 | [205](#) (222 pgs) Transcript regarding Hearing Held 04/20/22 RE: Plaintiff's omnibus motion to strike and for sanctions and order for contempt; and defendant's motion to strike. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Susan Palmer, palmerrptg@aol.com, Telephone number (209) 915-3065. (RE: related document(s) 199 Hearing held on 4/20/2022. (RE: related document(s)[161](#) Omnibus Motion to strike (related document(s): [157](#) Support/supplemental document filed by Defendant NexPoint Advisors, L.P.) (Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt) filed by Plaintiff Highland Capital Management, L.P. (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted but sanctions denied. Counsel to upload order.), 200 Hearing held on 4/20/2022. (RE: related document(s)[177](#) Motion to strike (related document(s): [165](#) Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant NexPoint Advisors, L.P.,) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted. Counsel to upload order.)). Transcript to be made available to the public on 08/1/2022. (Palmer, Susan) |
| 07/19/2022 | [207](#) (45 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: related document(s)[131](#) Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022 (Okafor, Marcey) |
| 08/05/2022 | [214](#) (356 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[207](#) Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | [215](#) (43 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[207](#) Report and recommendation). (Annable, Zachery) |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| 08/05/2022 | <u>216</u>  (48 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)<u>207</u> Report and recommendation). (Annable, Zachery) |
| 08/23/2022 | <u>221</u>  (23 pgs) Objection to (related document(s): <u>214</u> Notice (generic) filed by Plaintiff Highland Capital Management, L.P., <u>215</u> Notice (generic) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendants James Dondero, NexPoint Advisors, L.P.. (Deitsch-Perez, Deborah) |
| 09/27/2022 | <u>222</u>  (36 pgs; 2 docs) Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) <u>214</u> Notice (generic)) filed by Plaintiff Highland Capital Management, L.P. (Attachments: # <u>1</u> Exhibit A-- Proposed Order) (Annable, Zachery) |
| 09/27/2022 | <u>223</u>  (30 pgs; 4 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)<u>222</u> Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) <u>214</u> Notice (generic))). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Annable, Zachery) |
| 09/27/2022 | <u>224</u>  (4 pgs) Response opposed to (related document(s): <u>221</u> Objection filed by Defendant James Dondero, Defendant NexPoint Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 09/27/2022 | <u>225</u>  (56 pgs; 11 docs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)<u>224</u> Response). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Exhibit 10) (Annable, Zachery) |
| 10/18/2022 | <u>227</u>  (10 pgs; 2 docs) Objection to (related document(s): <u>222</u> Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) <u>214</u> Notice (generic)) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant NexPoint Advisors, L.P.. (Attachments: # <u>1</u> Proposed Order) (Vasek, Julian) |
| 10/21/2022 | <u>228</u>  (7 pgs) Reply to (related document(s): <u>227</u> Objection filed by Defendant NexPoint Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |

| 10/24/2022 | [229](#) (4 pgs) Order Granting Highland Capital's Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment (related document # [222](#)) Entered on 10/24/2022. (Okafor, Marcey) |
|---|---|
| 11/02/2022 | [233](#) (11 pgs; 2 docs) Motion for leave *to Supplement Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* filed by Defendant NexPoint Advisors, L.P. Objections due by 11/23/2022. (Attachments: # [1](#) Proposed Order) (Vasek, Julian) |
| 11/10/2022 | [234](#) (33 pgs) Supplement to Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge dated 7/19/2022, transmitting proposed forms of judgment. (RE: related document(s)[207](#) Report and recommendation). Entered on 11/10/2022 (Rielly, Bill) |
| 11/14/2022 | [236](#) (34 pgs) DISTRICT COURT Notice Of Docketing Supplement to Report and Recommendation in re: Civ. Act. No. 3:21cv00880(Consolidated Under Civ. Act. No. 3:21cv 00881) (RE: related document(s)[234](#) Report and recommendation). (Whitaker, Sheniqua) |
| 11/17/2022 | [237](#) (12 pgs) Response opposed to (related document(s): [233](#) Motion for leave *to Supplement Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* filed by Defendant NexPoint Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/06/2022 | [240](#) (1 pg) DISTRICT COURT Notice of Docketing Report and Recommendation (RE: related document(s)[207](#) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: related document(s)[131](#) Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022). Civ. Act. No. 3:21cv00880(Consolidated Under Civ. Act. No. 3:21cv 00881) (Whitaker, Sheniqua) |
| 12/07/2022 | [241](#) (5 pgs) Order: (A) granting Defendant's motion for leave to supplement their argument against Plaintiff's supplemented notice of attorney's fees; but (B) denying any further relief (related document # [233](#)) Entered on 12/7/2022. (Okafor, Marcey) |
| 07/06/2023 | [243](#) (9 pgs) DISTRICT COURT order adopting report and recommendation and final judgment (RE: related document(s)[207](#) Report and recommendation). Civ. Act. No. 3:21cv00880(Consolidated Under Civ. Act. No. 3:21cv 00881) Entered on 7/6/2023 (Whitaker, Sheniqua). Related document(s) [131](#) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for* |

| | |
|---|---|
| | *Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P.. (Entered: 08/10/2023) |

9.      The Docket Sheet for **Adversary Proceeding No. 21-03006-sgj**.

10.     Documents listed below and as described in the Docket Sheet for **Adversary Proceeding No. 21-03006-sgj** in the United States Bankruptcy Court for the Northern District of Texas (Dallas).

| Filing Date | Docket Text |
|---|---|
| 01/22/2021 | 1 (37 pgs; 9 docs) Adversary case 21-03006. Complaint by Highland Capital Management, L.P. against Highland Capital Management Services, Inc.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). (Annable, Zachery) |
| 03/03/2021 | 6 (9 pgs) Answer to complaint filed by Highland Capital Management Services, Inc.. (Drawhorn, Lauren) |
| 06/11/2021 | 34 (10 pgs) First Amended answer to complaint filed by Defendant Highland Capital Management Services, Inc.. (Drawhorn, Lauren) |
| 06/12/2021 | 35 (91 pgs) Transcript regarding Hearing Held 06/10/2021 (91 pages) RE: Motion for Leave to File Amended Answer (15). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/10/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 32 Hearing held on 6/10/2021. (RE: related document(s)15 Motion for leave to Amend Answer to Plaintiff's Complaint (related document(s) 1 Complaint, 6 Answer to complaint) filed by Defendant Highland Capital Management Services, Inc., filed by Defendant Highland Capital Management Services, Inc.) (Appearances: D. Draper for Trusts; J. Pomeranz and J. Morris for Debtor; M. Clemente for UCC; L. Drawhorn for Defendant. Nonevidentiary hearing. Motion granted, conditional on the Answer setting forth certain details about affirmative defenses, as addressed |

| | on the record. Counsel to upload order.)). Transcript to be made available to the public on 09/10/2021. (Rehling, Kathy) |
|---|---|
| 06/14/2021 | 37  (281 pgs) Notice of transmission of motion to withdraw reference re: Civil Case #3:21-cv-01378-N (RE: related document(s)19 Motion for withdrawal of reference. filed by Defendant Highland Capital Management Services, Inc. filed by Defendant Highland Capital Management Services, Inc.) (Whitaker, Sheniqua) |
| 06/18/2021 | 41  (2 pgs) Order granting Highland Capital Management Services, Inc.'s motion for leave to amend answer to Plaintiff's complaint (related document # 15) Entered on 6/18/2021. (Okafor, M.) |
| 07/14/2021 | 47  (12 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge proposing that it: (A) grant Defendant's motion to withdraw the reference at such time as Bankruptcy Court certifies that action is trial ready: and (B) defer pretrial matters to Bankruptcy Court. (RE: related document(s)19 Motion for withdrawal of reference filed by Defendant Highland Capital Management Services, Inc.). Entered on 7/14/2021 (Okafor, M.) |
| 08/23/2021 | 64  (2 pgs) Order granting Debtor's Unopposed Motion for Leave to Serve and File Amended Complaint (related document # 60) Entered on 8/23/2021. (Okafor, M.) |
| 08/27/2021 | 68  (83 pgs; 10 docs) Amended complaint by Zachery Z. Annable on behalf of Highland Capital Management, L.P. against The Dugaboy Investment Trust, Nancy Dondero, James Dondero, Highland Capital Management Services, Inc. Adding nature(s) of suit. (RE: related document(s)1 Adversary case 21-03006. Complaint by Highland Capital Management, L.P. against Highland Capital Management Services, Inc.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). filed by Plaintiff Highland Capital Management, L.P.). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Adversary Proceeding Cover Sheet) (Annable, Zachery) |
| 09/01/2021 | 73  (15 pgs) Answer to complaint filed by Highland Capital Management Services, Inc.. (Deitsch-Perez, Deborah) |

CORE/3522697.0002/184112838.6

| 10/29/2021 | <u>91</u> (450 pgs; 2 docs) Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant Highland Capital Management Services, Inc. (Attachments: # <u>1</u> Exhibit A) (Deitsch-Perez, Deborah) |
|---|---|
| 12/01/2021 | <u>109</u> (4 pgs) Response opposed to (related document(s): <u>91</u> Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant Highland Capital Management Services, Inc.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/01/2021 | <u>110</u> (23 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)<u>109</u> Response). (Annable, Zachery) |
| 12/01/2021 | <u>111</u> (213 pgs; 5 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland's Objection to Motion of Defendant NexPoint Advisors, L.P. to Extend Expert Disclosure and Discovery Deadlines)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)<u>109</u> Response). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4) (Annable, Zachery) |
| 12/08/2021 | <u>120</u> (19 pgs; 2 docs) Reply to (related document(s): <u>109</u> Response filed by Plaintiff Highland Capital Management, L.P.) *in Support of Motion to Extend Expert Disclosure and Discovery Deadlines* filed by Defendant Highland Capital Management Services, Inc.. (Attachments: # <u>1</u> Exhibit Declaration of Michael P. Aigen) (Deitsch-Perez, Deborah) |
| 12/13/2021 | 125 Hearing held on 12/13/2021. (RE: related document(s)<u>91</u> Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant Highland Capital Management Services, Inc., (Appearances: D. Rukavina and J. Vasek for movant NexPoint Advisors; M. Aigen and D. Deitsch-Perez for movants HCMS, Inc. and HCRE Partners, LLC.; H. Winograd for plaintiff/reorganized debtor. Nonevidentiary hearing. Motion denied for reasons stated on the record. Ms. Winograd to upload order.) (Edmond, Michael) |
| 12/14/2021 | <u>126</u> (38 pgs) Transcript regarding Hearing Held 12/13/2021 (38 pages) RE: Motion to Extend Expert Disclosure and Discovery Deadlines. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/14/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 125 Hearing held on 12/13/2021. (RE: related |

| | document(s)91 Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant Highland Capital Management Services, Inc., (Appearances: D. Rukavina and J. Vasek for movant NexPoint Advisors; M. Aigen and D. Deitsch-Perez for movants HCMS, Inc. and HCRE Partners, LLC.; H. Winograd for plaintiff/reorganized debtor. Nonevidentiary hearing. Motion denied for reasons stated on the record. Ms. Winograd to upload order.)). Transcript to be made available to the public on 03/14/2022. (Rehling, Kathy) |
|---|---|
| 12/17/2021 | 129 (9 pgs) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (Annable, Zachery) |
| 12/17/2021 | 130 (79 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)129 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/17/2021 | 131 (56 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)129 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/18/2021 | 132 (4751 pgs; 8 docs) Support/supplemental document *(Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)129 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Attachments: # 1 Appendix Part 1 # 2 Appendix Part 2 # 3 Appendix Part 3 # 4 Appendix Part 4 # 5 Appendix Part 5 # 6 Appendix Part 6 # 7 Appendix Part 7) (Annable, Zachery) |
| 12/20/2021 | 133 (61 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)129 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/22/2021 | 139 (3 pgs) Order denying 91 Motion to extend time expert disclosure and discovery deadlines Entered on 12/22/2021. (Okafor, Marcey) |
| 01/05/2022 | 149 (7 pgs; 2 docs) Notice *of Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* filed by Defendant Highland |

|  | Capital Management Services, Inc.. (Attachments: # 1 Objection)(Deitsch-Perez, Deborah) |
|---|---|
| 01/06/2022 | 212 (3 pgs) DISTRICT COURT order consolidating 3:21-cv-01378 with lead case 3:21-cv-00881 (RE: related document(s)19 Motion for withdrawal of reference filed by Defendant Highland Capital Management Services, Inc.). Entered on 1/6/2022 (Whitaker, Sheniqua) (Entered: 05/12/2022) |
| 01/20/2022 | 156 (5 pgs) Response opposed to (related document(s): 129 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Services, Inc.. (Deitsch-Perez, Deborah) |
| 01/20/2022 | 157 (65 pgs) Brief in opposition filed by Defendant Highland Capital Management Services, Inc (RE: related document(s)129 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Deitsch-Perez, Deborah) |
| 01/20/2022 | 158 (305 pgs) Support/supplemental document *Appendix in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by Defendant Highland Capital Management Services, Inc (RE: related document(s)156 Response). (Deitsch-Perez, Deborah) |
| 02/07/2022 | 165 (24 pgs) Reply to (related document(s): 156 Response filed by Defendant Highland Capital Management Services, Inc.) *(Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/07/2022 | 166 (30 pgs) Support/supplemental document *(Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)165 Reply). (Annable, Zachery) |
| 04/20/2022 | 204 Hearing held on 4/20/2022. (RE: related document(s)129 Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P. filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary |

| | |
|---|---|
| | hearing (summary judgment evidence only). Matter taken under advisement.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/27/2022 | 207 (3 pgs) Order granting(document # 178) motion to strike (regarding document:166 Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants filed by Plaintiff Highland Capital Management, L.P.) Entered on 4/27/2022. (Okafor, Marcey) |
| 05/03/2022 | 211 (222 pgs) Transcript regarding Hearing Held 04/20/22 RE: Plaintiff's motion to strike and for sanctions and for order for contempt; defendant's motion to strike. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Susan Palmer, palmerrptg@aol.com, Telephone number (209) 915-3065. (RE: related document(s) 205 Hearing held on 4/20/2022. (RE: related document(s)162 Omnibus Motion to strike (related document(s): 158 Support/supplemental document filed by Defendant Highland Capital Management Services, Inc.) (Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt) filed by Plaintiff Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted but sanctions denied. Counsel to upload order.), 206 Hearing held on 4/20/2022. (RE: related document(s)178 Motion to strike (related document(s): 166 Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Services, Inc. Objections due by 3/18/2022. filed by Defendant Highland Capital Management Services, Inc.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted. Counsel to upload order.)). Transcript to be made available to the public on 08/1/2022. (Palmer, Susan) |
| 07/19/2022 | 213 (45 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: |

CORE/3522697.0002/184112838.6

| | related document(s)129 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022 (Okafor, Marcey) |
|---|---|
| 08/05/2022 | 219 (356 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)213 Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | 220 (43 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)213 Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | 221 (48 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)213 Report and recommendation). (Annable, Zachery) |
| 08/23/2022 | 226 (23 pgs) Objection to (related document(s): 219 Notice (generic) filed by Plaintiff Highland Capital Management, L.P., 220 Notice (generic) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendants James Dondero, Highland Capital Management Services, Inc.. (Deitsch-Perez, Deborah) |
| 09/27/2022 | 227 (36 pgs; 2 docs) Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 219 Notice (generic)) filed by Plaintiff Highland Capital Management, L.P. (Attachments: # 1 Exhibit A-- Proposed Order) (Annable, Zachery) |
| 09/27/2022 | 228 (30 pgs; 4 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)227 Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 219 Notice (generic))). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) |
| 09/27/2022 | 229 (4 pgs) Response opposed to (related document(s): 226 Objection filed by Defendant James Dondero, Defendant Highland Capital Management Services, Inc.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |

| 09/27/2022 | <u>230</u> (56 pgs; 11 docs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)<u>229</u> Response). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Exhibit 10) (Annable, Zachery) |
|---|---|
| 10/18/2022 | <u>232</u> (10 pgs; 2 docs) Response opposed to (related document(s): <u>227</u> Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) <u>219</u> Notice (generic)) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Services, Inc.. (Attachments: # <u>1</u> Proposed Order) (Deitsch-Perez, Deborah) |
| 10/21/2022 | <u>233</u> (7 pgs) Reply to (related document(s): <u>232</u> Response filed by Defendant Highland Capital Management Services, Inc.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/24/2022 | <u>234</u> (4 pgs) Order Granting Highland Capital's Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment (related document # <u>227</u>) Entered on 10/24/2022. (Okafor, Marcey) |
| 11/02/2022 | <u>238</u> (11 pgs; 2 docs) Motion for leave *to Supplement Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* filed by Defendant Highland Capital Management Services, Inc. (Attachments: # <u>1</u> Proposed Order) (Aigen, Michael) |
| 11/10/2022 | <u>239</u> (33 pgs) Supplement to Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge dated 7/19/2022, transmitting proposed forms of judgment. (RE: related document(s)<u>213</u> Report and recommendation). Entered on 11/10/2022 (Rielly, Bill) |
| 11/14/2022 | <u>242</u> (34 pgs) DISTRICT COURT Notice of docketing supplement to report and recommendation in re: Civ. Act. No. 3:21cv01378(Consolidated Under Civ. Act. No. 3:21cv 00881) (RE: related document(s)<u>239</u> Report and recommendation). (Whitaker, Sheniqua) |
| 11/17/2022 | <u>244</u> (12 pgs) Response opposed to (related document(s): <u>238</u> Motion for leave *to Supplement Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* filed by Defendant Highland Capital Management Services, Inc.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/06/2022 | <u>247</u> (1 pg) DISTRICT COURT Notice of docketing Report and Recommendation (RE: related document(s)<u>213</u> Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge: Court should grant |

| | |
|---|---|
| | Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: related document(s)[129] Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022). Civil Case No.: Civ. Act. No. 3:21cv01378 (Consolidated Under Civ. Act. No. 3:21cv 00881) (Whitaker, Sheniqua) |
| 12/07/2022 | [248] (5 pgs) Order: (A) granting Defendant's motion for leave to supplement their argument against Plaintiff's supplemented notice of attorney's fees; but (B) denying any further relief (related document # [238]) Entered on 12/7/2022. (Okafor, Marcey) |
| 07/06/2023 | [250] (9 pgs) DISTRICT COURT order adopting report and recommendation and final judgment (RE: related document(s)[213] Report and recommendation) [129] Motion for summary judgment. Civil Case No.: Civ. Act. No. 3:21cv01378 (Consolidated Under Civ. Act. No. 3:21cv 00881) Entered on 7/6/2023 (Whitaker, Sheniqua). (Entered: 08/10/2023) |

11.     The Docket Sheet for **Adversary Proceeding No. 21-03007-sgj**.

12.     Documents listed below and as described in the Docket Sheet for **Adversary Proceeding No. 21-03007-sgj** in the United States Bankruptcy Court for the Northern District of Texas (Dallas).

| **Filing Date** | **Docket Text** |
|---|---|
| 01/22/2021 | [1] (37 pgs; 9 docs) Adversary case 21-03007. Complaint by Highland Capital Management, L.P. against HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). Fee Amount $350 (Attachments: # [1] Exhibit 1 # [2] Exhibit 2 # [3] Exhibit 3 # [4] Exhibit 4 # [5] Exhibit 5 # [6] Exhibit 6 # [7] Exhibit 7 # [8] Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). (Annable, Zachery) |
| 03/03/2021 | [7] (9 pgs) Answer to complaint filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Drawhorn, Lauren) |
| 06/11/2021 | [34] (10 pgs) First Amended answer to complaint filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Drawhorn, Lauren) |
| 06/12/2021 | [35] (91 pgs) Transcript regarding Hearing Held 06/10/2021 (91 pages) RE: Motion for Leave to Amend Answer (16). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 |

53

| | DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/10/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 33 Hearing held on 6/10/2021. (RE: related document(s)16 Motion for leave to Amend Answer to Plaintiff's Complaint (related document(s) 1 Complaint, 7 Answer to complaint) filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) (Appearances: D. Draper for Trusts; J. Pomeranz and J. Morris for Debtor; M. Clemente for UCC; L. Drawhorn for Defendant. Nonevidentiary hearing. Motion granted, conditional on the Answer setting forth certain details about affirmative defenses, as addressed on the record. Counsel to upload order.)). Transcript to be made available to the public on 09/10/2021. (Rehling, Kathy) |
|---|---|
| 06/14/2021 | 37 (282 pgs) Notice of transmission of motion to withdraw reference re: Civil Case # 3:21-cv-01379-G (RE: related document(s)20 Motion for withdrawal of reference. filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) (Whitaker, Sheniqua) |
| 06/18/2021 | 38 (2 pgs) Order granting NexPoint Real Estate Partners, LLC F/K/A HCRE Partners, LLC's motion for leave to amend answer to Plaintiff's complaint (related document # 16) Entered on 6/18/2021. (Okafor, M.) |
| 07/14/2021 | 44 (12 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge proposing that it: (A) grant Defendant's motion to withdraw the reference at such time as Bankruptcy Court certifies that action is trial ready: and (B) defer pretrial matters to Bankruptcy Court. (RE: related document(s)20 Motion for withdrawal of reference filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)). Entered on 7/14/2021 (Okafor, M.) |
| 08/23/2021 | 59 (2 pgs) Order granting Debtor's Unopposed Motion for Leave to Serve and File Amended Complaint (related document # 55) Entered on 8/23/2021. (Okafor, M.) |
| 08/27/2021 | 63 (83 pgs; 10 docs) Amended complaint by Zachery Z. Annable on behalf of Highland Capital Management, L.P. against The Dugaboy Investment Trust, Nancy Dondero, James Dondero, HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) Adding nature(s) of suit. (RE: related document(s)1 Adversary case 21-03007. Complaint by Highland Capital Management, L.P. against HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). Fee |

| | Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). filed by Plaintiff Highland Capital Management, L.P.). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Adversary Proceeding Cover Sheet) (Annable, Zachery) |
|---|---|
| 09/01/2021 | 68 (16 pgs) Answer to complaint filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Deitsch-Perez, Deborah) |
| 10/29/2021 | 86 (450 pgs; 2 docs) Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) (Attachments: # 1 Exhibit A) (Deitsch-Perez, Deborah) |
| 12/01/2021 | 104 (4 pgs) Response opposed to (related document(s): 86 Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/01/2021 | 105 (23 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)104 Response). (Annable, Zachery) |
| 12/01/2021 | 106 (213 pgs; 5 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland's Objection to Motion of Defendant NexPoint Advisors, L.P. to Extend Expert Disclosure and Discovery Deadlines)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)104 Response). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Annable, Zachery) |
| 12/08/2021 | 115 (19 pgs; 2 docs) Reply to (related document(s): 104 Response filed by Plaintiff Highland Capital Management, L.P.) *in Support of Motion to Extend Expert Disclosure and Discovery Deadlines* filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Attachments: # 1 Exhibit Declaration of Michael P. Aigen) (Deitsch-Perez, Deborah) |
| 12/13/2021 | 120 Hearing held on 12/13/2021. (RE: related document(s)86 Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC., (Appearances: D. Rukavina and J. Vasek for movant NexPoint Advisors; M. Aigen and D. Deitsch-Perez for movants HCMS, Inc. and HCRE Partners, LLC.; H. Winograd for plaintiff/reorganized debtor. Nonevidentiary hearing. |

| | Motion denied for reasons stated on the record. Ms. Winograd to upload order.) (Edmond, Michael) |
|---|---|
| 12/14/2021 | [121] (38 pgs) Transcript regarding Hearing Held 12/13/2021 (38 pages) RE: Motion to Extend Expert Disclosure and Discovery Deadlines. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/14/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 120 Hearing held on 12/13/2021. (RE: related document(s)[86] Motion to extend time to Expert Disclosure and Discovery Deadlines filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC., (Appearances: D. Rukavina and J. Vasek for movant NexPoint Advisors; M. Aigen and D. Deitsch-Perez for movants HCMS, Inc. and HCRE Partners, LLC.; H. Winograd for plaintiff/reorganized debtor. Nonevidentiary hearing. Motion denied for reasons stated on the record. Ms. Winograd to upload order.)). Transcript to be made available to the public on 03/14/2022. (Rehling, Kathy) |
| 12/17/2021 | [124] (9 pgs) Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (Annable, Zachery) |
| 12/17/2021 | [125] (79 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[124] Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/17/2021 | [126] (56 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[124] Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/18/2021 | [127] (4751 pgs; 8 docs) Support/supplemental document *(Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[124] Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Attachments: # [1] Appendix Part 1 # [2] Appendix Part 2 # [3] Appendix |

CORE/3522697.0002/184112838.6

| | Part 3 # 4 Appendix Part 4 # 5 Appendix Part 5 # 6 Appendix Part 6 # 7 Appendix Part 7) (Annable, Zachery) |
|---|---|
| 12/20/2021 | 128 (61 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)124 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Annable, Zachery) |
| 12/22/2021 | 130 (3 pgs) Order denying 86 Motion to extend expert disclosure and discovery deadlines Entered on 12/22/2021. (Okafor, Marcey) |
| 01/05/2022 | 144 (7 pgs; 2 docs) Notice *of Objection to Order Denying Motion to Extend Expert Disclosure and Discovery Deadlines* filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Attachments: # 1 Objection)(Deitsch-Perez, Deborah) |
| 01/06/2022 | 207 (3 pgs) DISTRICT COURT ORDER consolidating 3:21-cv-01379 with lead case 3:21-cv-00881 (RE: related document(s)20 Motion for withdrawal of reference filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)). Entered on 1/6/2022 (Whitaker, Sheniqua) (Entered: 05/12/2022) |
| 01/20/2022 | 151 (5 pgs) Response opposed to (related document(s): 124 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)* filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Deitsch-Perez, Deborah) |
| 01/20/2022 | 152 (65 pgs) Brief in opposition filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) (RE: related document(s)124 Motion for summary judgment *(Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions)*). (Deitsch-Perez, Deborah) |
| 01/20/2022 | 153 (305 pgs) Support/supplemental document *Appendix in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) (RE: related document(s)151 Response). (Deitsch-Perez, Deborah) |
| 02/07/2022 | 160 (24 pgs) Reply to (related document(s): 151 Response filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) *(Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |

CORE/3522697.0002/184112838.6

| 02/07/2022 | [161](#) (30 pgs) Support/supplemental document *(Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)[160](#) Reply). (Annable, Zachery) |
|---|---|
| 04/20/2022 | 199 Hearing held on 4/20/2022. (RE: related document(s)[124](#) Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.) (Edmond, Michael) (Entered: 04/26/2022) |
| 04/27/2022 | [202](#) (3 pgs) Order granting(document # [173](#)) motion to strike (regarding document:[161](#) Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants filed by Plaintiff Highland Capital Management, L.P.) Entered on 4/27/2022. (Okafor, Marcey) |
| 05/03/2022 | [206](#) (222 pgs) Transcript regarding Hearing Held 04/20/22 RE: Plaintiff's motion for partial summary judgment; plaintiff's omnibus motion to strike and for sanctions and for order for contempt; defendant's motion to strike. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Susan Palmer, palmerrptg@aol.com, Telephone number (209) 915-3065. (RE: related document(s) 199 Hearing held on 4/20/2022. (RE: related document(s)[124](#) Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Matter taken under advisement.), 200 Hearing held on 4/20/2022. (RE: related document(s)[157](#) Omnibus Motion to strike (related document(s): [153](#) Support/supplemental document filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) (Plaintiff's Omnibus Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt) filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris and H. Winograd for Plaintiff; C. |

| | |
|---|---|
| | Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted but sanctions denied. Counsel to upload order.), 201 Hearing held on 4/20/2022. (RE: related document(s)173 Motion to strike (related document(s): 161 Support/supplemental document filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) Objections due by 3/18/2022. filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) (Appearances: J. Morris and H. Winograd for Plaintiff; C. Taylor for J. Dondero; D. Deitsch-Perez, J. Root, and M. Aigen for J. Dondero, HCRE and HCMS; D. Rukavina and J. Vasek for NexPoint and HCMFA. Nonevidentiary hearing (summary judgment evidence only). Motion granted. Counsel to upload order.)). Transcript to be made available to the public on 08/1/2022. (Palmer, Susan) |
| 07/19/2022 | 208 (45 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge : Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: related document(s)124 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022 (Okafor, Marcey) |
| 08/05/2022 | 214 (356 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)208 Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | 215 (43 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)208 Report and recommendation). (Annable, Zachery) |
| 08/05/2022 | 216 (48 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)208 Report and recommendation). (Annable, Zachery) |
| 08/23/2022 | 221 (23 pgs) Objection to (related document(s): 214 Notice (generic) filed by Plaintiff Highland Capital Management, L.P., 215 Notice (generic) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendants James Dondero, HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Deitsch-Perez, Deborah) |

| | |
|---|---|
| 09/27/2022 | 222 (36 pgs; 2 docs) Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 214 Notice (generic)) filed by Plaintiff Highland Capital Management, L.P. (Attachments: # 1 Exhibit A-- Proposed Order) (Annable, Zachery) |
| 09/27/2022 | 223 (30 pgs; 4 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)222 Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 214 Notice (generic))). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) |
| 09/27/2022 | 224 (4 pgs) Response opposed to (related document(s): 221 Objection filed by Defendant James Dondero, Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 09/27/2022 | 225 (56 pgs; 11 docs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)224 Response). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) (Annable, Zachery) |
| 10/18/2022 | 227 (10 pgs; 2 docs) Response opposed to (related document(s): 222 Motion for leave *(Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment)* (related document(s) 214 Notice (generic)) filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). (Attachments: # 1 Proposed Order) (Deitsch-Perez, Deborah) |
| 10/21/2022 | 228 (7 pgs) Reply to (related document(s): 227 Response filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/24/2022 | 229 (4 pgs) Order Granting Highland Capital's Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment (related document # 222) Entered on 10/24/2022. (Okafor, Marcey) |
| 11/02/2022 | 233 (11 pgs; 2 docs) Motion for leave *to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* filed by Defendant HCRE |

CORE/3522697.0002/184112838.6

| | Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) (Attachments: # 1 Proposed Order) (Aigen, Michael) |
|---|---|
| 11/10/2022 | 234 (33 pgs) Supplement to Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge dated 7/19/2022, transmitting proposed forms of judgment. (RE: related document(s)208 Report and recommendation). Entered on 11/10/2022 (Rielly, Bill) |
| 11/14/2022 | 236 (34 pgs) DISTRICT COURT Notice of docketing transmittal of Supplement to Report and Recommendation in re: Civ. Act. No. 3:21cv01379(Consolidated Under Civ. Act. No. 3:21cv 00881) (RE: related document(s)234 Report and recommendation). (Whitaker, Sheniqua) |
| 11/17/2022 | 238 (12 pgs) Response opposed to (related document(s): 233 Motion for leave to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees filed by Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/06/2022 | 241 (1 pg) DISTRICT COURT Notice of docketing Report and Recommendation (RE: related document(s)208 Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge : Court should grant Plaintiff's Motion for partial summary judgment against all Five Note Maker Defendants (with respect to all sixteen promissory notes) in the above-referenced consolidated note actions. (RE: related document(s)124 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.). Entered on 7/19/2022). Civ. Act. No. 3:21cv01379(Consolidated Under Civ. Act. No. 3:21cv 00881) (Whitaker, Sheniqua) |
| 12/07/2022 | 242 (5 pgs) Order: (A) granting Defendant's motion for leave to supplement their argument against Plaintiff's supplemented notice of attorney's fees; but (B) denying any further relief (related document # 233) Entered on 12/7/2022. (Okafor, Marcey) |
| 07/06/2023 | 245 (9 pgs) DISTRICT COURT order adopting report and recommendation and final judgment (RE: related document(s)208 Report and recommendation 124 Motion for summary judgment). Entered on 7/6/2023 (Whitaker, Sheniqua). Related document(s) 124 Motion for summary judgment (Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions) filed by Plaintiff Highland Capital Management, L.P.. (Entered: 08/10/2023) |

13.  The Docket Sheet for **Adversary Proceeding No. 21-03082-sgj**.

14. Documents listed below and as described in the Docket Sheet for **Adversary Proceeding No. 21-03082-sgj** in the United States Bankruptcy Court for the Northern District of Texas (Dallas).

| Filing Date | Docket Text |
|---|---|
| 11/09/2021 | 1 (33 pgs; 6 docs) Adversary case 21-03082. Complaint by Highland Capital Management, L.P. against Highland Capital Management Fund Advisors, L.P.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property - 542 turnover of property). (Annable, Zachery) |
| 12/10/2021 | 5 (8 pgs) Answer to complaint filed by Highland Capital Management Fund Advisors, L.P.. (Deitsch-Perez, Deborah) |
| 04/06/2022 | 26 (10 pgs) Notice of transmission of motion to withdraw reference re: Civil Case #Case 3:22-cv-00789-K (RE: related document(s)12 Motion for withdrawal of reference. filed by Defendant Highland Capital Management Fund Advisors, L.P.) (Whitaker, Sheniqua) |
| 04/07/2022 | 27 (10 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge. (RE: related document(s)12 Motion for withdrawal of reference filed by Defendant Highland Capital Management Fund Advisors, L.P.). Entered on 4/7/2022 (Okafor, Marcey) |
| 04/07/2022 | 28 (11 pgs) Notice of transmission of report and recommendation in re: motion to withdraw reference re: Civil Case # 3:22-cv-00789-K (RE: related document(s)27 Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge. (RE: related document(s)12 Motion for withdrawal of reference filed by Defendant Highland Capital Management Fund Advisors, L.P.). Entered on 4/7/2022) (Whitaker, Sheniqua) |
| 04/20/2022 | 44 (2 pgs) DISTRICT COURT Order Consolidating Cases (RE: related document(s)12 Motion for withdrawal of reference filed by Defendant Highland Capital Management Fund Advisors, L.P.). The Note Case, 3:22-cv-789, is consolidated under the lead Note Case, No. 3:21-cv-881 for all purposes other than that Case No. 3:21-cv-881-X may be triedseparately (or that the determination of whether such case shall be tried separatelyis deferred until after all summary judgement motions are heard and decided), to beheard by the undersigned. All future filings related to all Note Cases shall be filed on the |

| | |
|---|---|
| | docket for No. 3:21-cv-881. Entered on 4/20/2022 (Whitaker, Sheniqua) (Entered: 05/10/2022) |
| 05/27/2022 | 45 (7 pgs; 2 docs) Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 05/27/2022 | 46 (47 pgs) Brief in support filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)45 Motion for summary judgment). (Annable, Zachery) |
| 05/27/2022 | 47 (67 pgs; 11 docs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Summary Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)45 Motion for summary judgment). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (Annable, Zachery) |
| 05/27/2022 | 48 (5257 pgs; 9 docs) Support/supplemental document *(Appendix of Exhibits in Support of Highland Capital Management, L.P.'s Motion for Summary Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)45 Motion for summary judgment). (Attachments: # 1 Appendix Part 1 # 2 Appendix Part 2 # 3 Appendix Part 3 # 4 Appendix Part 4 # 5 Appendix Part 5 # 6 Appendix Part 6 # 7 Appendix Part 7 # 8 Appendix Part 8) (Annable, Zachery) |
| 06/03/2022 | 51 (3 pgs) Certificate of service re: Notice of Hearing re: Highland Capital Management, L.P.s Motion for Summary Judgment Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)49 Notice of hearing filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)45 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P., 46 Brief filed by Plaintiff Highland Capital Management, L.P.). Hearing to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/jerniga for 46 and for 45, (Attachments: # 1 Exhibit A) filed by Plaintiff Highland Capital Management, L.P.). (Kass, Albert) |
| 07/01/2022 | 52 (46 pgs) Response opposed to (related document(s): 45 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Deitsch-Perez, Deborah) |
| 07/01/2022 | 53 (441 pgs) Support/supplemental document *Appendix in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* filed by |

CORE/3522697.0002/184112838.6

| | |
|---|---|
| | Defendant Highland Capital Management Fund Advisors, L.P. (RE: related document(s)52 Response). (Deitsch-Perez, Deborah) |
| 07/01/2022 | 54 (3 pgs) Response opposed to (related document(s): 45 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.) filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Deitsch-Perez, Deborah) |
| 07/20/2022 | 62 (25 pgs) Reply to (related document(s): 52 Response filed by Defendant Highland Capital Management Fund Advisors, L.P., 54 Response filed by Defendant Highland Capital Management Fund Advisors, L.P.) filed by Plaintiff Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/20/2022 | 63 (49 pgs) Support/supplemental document *(Reply Appendix of Exhibits in Support of Highland Capital Management, L.P.'s Motion for Summary Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)62 Reply). (Annable, Zachery) |
| 08/02/2022 | 🔊 68 (1 pg) PDF with attached Audio File. Court Date & Time [07/27/2022 01:35:08 PM]. File Size [ 23963 KB ]. Run Time [ 01:42:26 ]. (admin). |
| 08/09/2022 | 70 (61 pgs) Transcript regarding Hearing Held 07/27/2022 (61 pages) RE: Motion for Summary Judgment filed by Plaintiff Highland Capital Management, L.P. (45). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/7/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 67 Hearing held on 7/27/2022. (RE: related document(s)45 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P.) (Appearances: J. Morris for Plaintiff; D. Deitsch-Perez for Defendant. Nonevidentiary hearing (summary judgment evidence only). Court took matter under advisement.)). Transcript to be made available to the public on 11/7/2022. (Rehling, Kathy) |
| 10/12/2022 | 73 (50 pgs) Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge. (RE: related document(s)45 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P., 46 Brief filed by Plaintiff Highland Capital Management, L.P.). Entered on 10/12/2022 (Tello, Chris) |
| 10/12/2022 | 75 (51 pgs) DISTRICT COURT Notice of docketing report and recommendation in re: motion for summary judgment against Highland Capital |

| | |
|---|---|
| | Management Fund Advisors, L.P. (RE: related document(s)73 Report and recommendation to the U.S. District Court by U.S. Bankruptcy Judge. (RE: related document(s)45 Motion for summary judgment filed by Plaintiff Highland Capital Management, L.P., 46 Brief filed by Plaintiff Highland Capital Management, L.P.). Entered on 10/12/2022. Civ. Act. No. 3:22-cv-00789(Consolidated Under Civ. Act. No. 3:21-cv-00881) (Whitaker, Sheniqua) |
| 11/02/2022 | 79 (110 pgs) Notice *(Notice of Attorneys' Fees Calculation and Backup Documentation)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)73 Report and recommendation). (Annable, Zachery) |
| 11/02/2022 | 80 (15 pgs) Notice *(Notice of Attorneys' Fees and Expenses Calculation and Backup Documentation of Hayward PLLC)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)73 Report and recommendation). (Annable, Zachery) |
| 11/02/2022 | 81 (13 pgs) Declaration re: *(Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment)* filed by Plaintiff Highland Capital Management, L.P. (RE: related document(s)73 Report and recommendation). (Annable, Zachery) |
| 11/23/2022 | 83 (8 pgs) Objection to (related document(s): 79 Notice (generic) filed by Plaintiff Highland Capital Management, L.P.)*Plaintiff's Proposed Form of Judgment Awarding Attorneys' Fees and Costs* filed by Defendant Highland Capital Management Fund Advisors, L.P.. (Deitsch-Perez, Deborah) |
| 01/17/2023 | 84 (26 pgs) Supplement to the October 12, 2022 Report and Recommendation: Regarding attorneys' fees and transmitting proposed from of judgment (RE: related document(s)73 Report and recommendation). Entered on 1/17/2023 (Whitaker, Sheniqua) |
| 01/17/2023 | 86 (27 pgs) Notice of transmission to District Court supplement to report and recommendation. Civ. Act. No. 3:22-cv-00789 (Consolidated Under Civ. Act. No. 3:21-cv-00881) (RE: related document(s)84 Supplement to the October 12, 2022 Report and Recommendation: Regarding attorneys' fees and transmitting proposed from of judgment (RE: related document(s)73 Report and recommendation). Entered on 1/17/2023). (Whitaker, Sheniqua) |

*[Remainder of Page Intentionally Blank]*

RESPECTFULLY SUBMITTED this 15th day of September, 2023.

/s/ *Deborah Deitsch-Perez*

Deborah Deitsch-Perez
State Bar No. 24036072
deborah.deitschperez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Attorneys for Defendants NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.), NexPoint Advisors, L.P., NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC), Highland Capital Management Services, Inc. and James Dondero)*

/s/ *Julian P. Vasek*

Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 855-7584 facsimile
Email: drukavina@munsch.com
Email: jvasek@munsch.com

*Attorneys for Defendant NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 15, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

/s/ *Deborah Deitsch-Perez*

Deborah Deitsch-Perez

23-10911.28354

# TAB 13
## APPELLANTS' RECORD EXCERPTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Civ. Act. No. 3:21-cv-0881-x** |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.** | § | **Consolidated with:** |
| | § | **3:21-cv-0880-x** |
| Reorganized Debtor/Plaintiff, | § | **3:21-cv-1010-x** |
| | § | **3:21-cv-1378-x** |
| v. | § | **3:21-cv-1379-x** |
| | § | **3:21-cv-3160-x** |
| **NEXPOINT ASSET MANAGEMENT,** | § | **3:21-cv-3162-x** |
| **L.P. (f/k/a HIGHLAND CAPITAL** | § | **3:21-cv-3179-x** |
| **MANAGEMENT FUND ADVISORS,** | § | **3:21-cv-3207-x** |
| **L.P.), et al.,** | | **3:22-cv-0789-x** |
| Defendants. | | |

## NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P. ("NexPoint"), defendant in Civ. Act. No. 3:22-cv-0881-x (consolidated with the above-captioned matters) and the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management, Fund Advisors, L.P.*, Adversary Proceeding No. 21-03082-sgj, appeals to the United States Court of Appeals for the Fifth Circuit from the following orders of the District Court for the Northern District of Texas: (1) the AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.) entered in this consolidated case as Dkt. 144 on August 3, 2023, and (2) Electronic Orders Dkt. 129 and Dkt. 131 (clarified by Electronic Order Dkt. 135, entered on July 6, 2023), which denied as moot the Motion for Ruling on Pending Objections (addressing, *inter alia*, an Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines).

3522697.0002/184062959.1

23-10911.11688

The parties to the judgment appealed from and the names and addresses of their respective attorneys are as follows:

**Plaintiff Highland Capital Management, L.P.**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
mhayward@haywardfirm.com
Zachery Z. Annable
zannable@haywardfirm.com
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Telephone: (972) 755-7108
Facsimile: (972) 755-7110

**Defendant NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.)**

STINSON LLP
Deborah Rose Deitsch-Perez
deborah.deitsch-perez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

Dated:  September 1, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
deborah.deitschperez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Attorneys for Defendant NexPoint Asset Management, L.P.*
*(f/k/a Highland Capital Management Fund Advisors, L.P.)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

3522697.0002/184062959.1

23-10911.11690

# TAB 14
**APPELLANTS' RECORD EXCERPTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Civ. Act. No. 3:21-cv-0881-x** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Consolidated with:** |
| | § | **3:21-cv-0880-x** |
| Reorganized Debtor/Plaintiff, | § | **3:21-cv-1010-x** |
| | § | **3:21-cv-1378-x** |
| v. | § | **3:21-cv-1379-x** |
| | § | **3:21-cv-3160-x** |
| **NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,** | § | **3:21-cv-3162-x** |
| | § | **3:21-cv-3179-x** |
| | § | **3:21-cv-3207-x** |
| | | **3:22-cv-0789-x** |

Defendants.

**NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

NexPoint Advisors L.P. ("NPA"), defendant in Civ. Act. No. 3:22-cv-0881-x
(consolidated with the above-captioned matters) and the adversary proceeding styled
*Highland Capital Management, L.P. vs. NexPoint Advisors, L.P., et al.*, Adversary Proceeding
No. 21-03005-sgj, appeals to the United States Court of Appeals for the Fifth Circuit from the
following orders of the District Court for the Northern District of Texas: (1) the AMENDED
FINAL JUDGMENT AGAINST NEXPOINT ADVISORS L.P. entered in this consolidated
case as Dkt. 145 on August 3, 2023, and (2) Electronic Orders Dkt. 129 and Dkt. 131 (clarified
by Electronic Order Dkt. 135, entered on July 6, 2023) which denied as moot the Motion for
Ruling on Pending Objections (addressing, *inter alia*, an Objection to Order Denying Motions
to Extend Expert Disclosure and Discovery Deadlines).

The parties to the judgment appealed from and the names and addresses of their
respective attorneys are as follows:

1

**Plaintiff Highland Capital Management, L.P.**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
mhayward@haywardfirm.com
Zachery Z. Annable
zannable@haywardfirm.com
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Telephone: (972) 755-7108
Facsimile: (972) 755-7110

**Defendant NexPoint Advisors, L.P.**

STINSON LLP
Deborah Rose Deitsch-Perez
deborah.deitsch-perez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina
drukavina@munsch.com
Julian P. Vasek
jvasek@munsch.com
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile

Dated:

September 1, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
deborah.deitschperez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Attorneys for Defendant NexPoint Advisors, L.P.*

*/s/ Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

*Attorneys for Defendant NexPoint Advisors, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

3522697.0002/184062967.4

23-10911.11693

# TAB 15
## APPELLANTS' RECORD EXCERPTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Civ. Act. No. 3:21-cv-0881-x** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Consolidated with:** |
| | § | **3:21-cv-0880-x** |
| **Reorganized Debtor/Plaintiff,** | § | **3:21-cv-1010-x** |
| | § | **3:21-cv-1378-x** |
| v. | § | **3:21-cv-1379-x** |
| | § | **3:21-cv-3160-x** |
| **NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,** | § | **3:21-cv-3162-x** |
| | § | **3:21-cv-3179-x** |
| | § | **3:21-cv-3207-x** |
| | | **3:22-cv-0789-x** |
| **Defendants.** | | |

### NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE"), defendant in Civ. Act. No. 3:22-cv-0881-x (consolidated with the above-captioned matters) and the adversary proceeding styled *Highland Capital Management, L.P. vs. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC, et al.*, Adversary Proceeding No. 21-03007-sgj, appeals to the United States Court of Appeals for the Fifth Circuit from the following orders of the District Court for the Northern District of Texas: (1) the AMENDED FINAL JUDGMENT AGAINST NEXPOINT REAL ESTATE PARTNERS, LLC (f/k/a HCRE PARTNERS, LLC) entered in this consolidated case as Dkt. 146 on August 3, 2023, and (2) Electronic Orders Dkt. 129 and Dkt. 131 (clarified by Electronic Order Dkt. 135, entered on July 6, 2023) which denied as moot the Motion for Ruling on Pending Objections (addressing, *inter alia*, an Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines).

1

The parties to the judgment appealed from and the names and addresses of their respective attorneys are as follows:

**Plaintiff Highland Capital Management, L.P.**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
mhayward@haywardfirm.com
Zachery Z. Annable
zannable@haywardfirm.com
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Telephone: (972) 755-7108
Facsimile: (972) 755-7110

**Defendant NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)**

STINSON LLP
Deborah Rose Deitsch-Perez
deborah.deitsch-perez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

Dated:  September 1, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
deborah.deitschperez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Attorneys for Defendant NexPoint Real Estate Partners, LLC
(f/k/a HCRE Partners, LLC)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

# TAB 16
## APPELLANTS' RECORD EXCERPTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Civ. Act. No. 3:21-cv-0881-x** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Consolidated with:** |
| | § | **3:21-cv-0880-x** |
| Reorganized Debtor/Plaintiff, | § | **3:21-cv-1010-x** |
| | § | **3:21-cv-1378-x** |
| v. | § | **3:21-cv-1379-x** |
| | § | **3:21-cv-3160-x** |
| **NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,** | § | **3:21-cv-3162-x** |
| | § | **3:21-cv-3179-x** |
| | § | **3:21-cv-3207-x** |
| | | **3:22-cv-0789-x** |
| Defendants. | | |

NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Highland Capital Management Services, Inc. ("HCMS"), defendant in Civ. Act. No. 3:22-cv-0881-x (consolidated with the above-captioned matters) and the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management Services, Inc., et al.*, Adversary Proceeding No. 21-03006-sgj, appeals to the United States Court of Appeals for the Fifth Circuit from the following orders of the District Court for the Northern District of Texas: (1) the AMENDED FINAL JUDGMENT AGAINST HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. entered in this consolidated case as Dkt. 147 on August 3, 2023, and (2) Electronic Orders Dkt. 129 and Dkt. 131 (clarified by Electronic Order Dkt. 135, entered on July 6, 2023) which denied as moot the Motion for Ruling on Pending Objections (addressing, *inter alia*, an Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines).

1

The parties to the judgment appealed from and the names and addresses of their respective attorneys are as follows:

**Plaintiff Highland Capital Management, L.P.**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
mhayward@haywardfirm.com
Zachery Z. Annable
zannable@haywardfirm.com
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Telephone: (972) 755-7108
Facsimile: (972) 755-7110

**Defendant Highland Capital Management Services, Inc.**

STINSON LLP
Deborah Rose Deitsch-Perez
deborah.deitsch-perez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

3522697.0002/184062979.1

Dated:  September 1, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
deborah.deitschperez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
*Attorneys for Defendant Highland Capital Management Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

3522697.0002/184062979.1

23-10911.11699

# TAB 17

**APPELLANTS' RECORD EXCERPTS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Civ. Act. No. 3:21-cv-0881-x** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Consolidated with:** |
| | § | **3:21-cv-0880-x** |
| Reorganized Debtor/Plaintiff, | § | **3:21-cv-1010-x** |
| | § | **3:21-cv-1378-x** |
| v. | § | **3:21-cv-1379-x** |
| | § | **3:21-cv-3160-x** |
| **NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,** | § | **3:21-cv-3162-x** |
| | § | **3:21-cv-3179-x** |
| | § | **3:21-cv-3207-x** |
| | | **3:22-cv-0789-x** |
| Defendants. | | |

## NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

James Dondero ("Dondero"), defendant in Civ. Act. No. 3:22-cv-0881-x (consolidated with the above-captioned matters) and the adversary proceeding styled *Highland Capital Management, L.P. vs. James Dondero, et al.*, Adversary Proceeding No. 21-03003-sgj, appeals to the United States Court of Appeals for the Fifth Circuit from the following orders of the District Court for the Northern District of Texas: (1) the AMENDED FINAL JUDGMENT AGAINST JAMES DONDERO entered in this consolidated case as Dkt. 148 on August 3, 2023, and (2) Electronic Orders Dkt. 129 and Dkt. 131 (clarified by Electronic Order Dkt. 135, entered on July 6, 2023) which denied as moot the Motion for Ruling on Pending Objections (addressing, *inter alia*, an Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines).

The parties to the judgment appealed from and the names and addresses of their respective attorneys are as follows:

1

**Plaintiff Highland Capital Management, L.P.**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
mhayward@haywardfirm.com
Zachery Z. Annable
zannable@haywardfirm.com
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Telephone: (972) 755-7108
Facsimile: (972) 755-7110

**Defendant James Dondero**

STINSON LLP
Deborah Rose Deitsch-Perez
deborah.deitsch-perez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

Dated:  September 1, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
deborah.deitschperez@stinson.com
Michael P. Aigen
michael.aigen@stinson.com
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Attorneys for Defendant James Dondero*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

# TAB 18
## APPELLANTS' RECORD EXCERPTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § Case No. 3:21-cv-00881-X |
| Plaintiff, | § § |
| vs. | § § |
| NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al., | § (Consolidated with 3:21-cv-§ 00880-X; 3:21-cv-01010-X; 3:21-§ cv-01360-X; 3:21-cv-01362-X; § 3:21-cv-01378-X; 3:21-cv-01379-§ X; 3:21-cv-03207-X; 3:22-cv-§ 0789-X) |
| Defendants. | § |

**AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET**
**MANAGEMENT, L.P.**
**(f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.)**

This matter having come before the Court on the *Motion for Summary Judgment* [Adv. Proc. No. 21-03082-sgj, Docket No. 45] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management, Fund Advisors, L.P.*, adversary proceeding no. 21-03082-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("HCMFA"); and reference of the Adversary Proceeding having been

withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on July 27, 2022, on the Motion; and (c) the *Report and Recommendation to District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* [Adv. Proc. No. 21-03082-sgj, Docket No. 73] (the "R&R") filed by the Bankruptcy Court on October 12, 2022, and the *Supplement to the October 12, 2022 Report and Recommendation: Regarding Attorneys' Fees and Transmitting Proposed Form of Judgment* [Adv. Proc. No. 21-03082-sgj, Docket No. 84] filed by the Bankruptcy Court on January 17, 2023; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 133] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCMFA, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCMFA. **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

23-10911.11636

1.     HCMFA will owe Highland **$2,206,160.24** in accrued but unpaid principal and interest due under the 2014 Note[1] (issued on February 26, 2014) as of July 31, 2023.  Interest will continue to accrue on the 2014 Note as set forth below.

2.     HCMFA will owe Highland **$1,034,106.08** in accrued but unpaid principal and interest due under the 2016 Note (issued on February 26, 2016) as of July 31, 2023.  Interest will continue to accrue on the 2016 Note as set forth below.

3.     In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$388,426.05**, which is the total actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.

4.     The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED** this 3rd day of August, 2023.

_____
THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.11637

# TAB 19
## APPELLANTS' RECORD EXCERPTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Case No. 3:21-cv-00881-X |
| Plaintiff, | § § | |
| vs. | § § | (Consolidated with 3:21-cv- |
| NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al., | § § § § § | 00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X) |
| Defendants. | § | |

**AMENDED FINAL JUDGMENT AGAINST NEXPOINT ADVISORS,**
**L.P.**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03005-sgj, Docket No. 131] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. NexPoint Advisors, L.P., et al.*, adversary proceeding no. 21-03005-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against, among others, NexPoint Advisors, L.P. ("NPA"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration

23-10911.11638

of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03005-sgj, Docket No. 207] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03005-sgj, Docket No. 234] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and NPA, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against NPA. **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.    NPA will owe Highland **$24,746,838.07** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017) as of July

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

31, 2023.  Interest will continue to accrue on the NexPoint Term Note as set forth below.

2.      In addition to the forgoing, and pursuant to the terms of each applicable Note, NPA shall pay to Highland the amount of **$1,102,978.87**, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NPA to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

3.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED** this 3rd day of August, 2023.

_____

THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

23-10911.11640

# TAB 20
## APPELLANTS' RECORD EXCERPTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 3:21-cv-00881-X |
| Plaintiff, | § § § | |
| vs. | § § | (Consolidated with 3:21-cv- |
| NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al., | § § § § § | 00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X) |
| Defendants. | § | |

## AMENDED FINAL JUDGMENT AGAINST
## <u>NEXPOINT REAL ESTATE PARTNERS, LLC (f/k/a HCRE PARTNERS, LLC)</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03007-sgj, Docket No. 124] (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "<u>Bankruptcy Case</u>"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), et al.*, adversary proceeding no. 21-03007-sgj (the "<u>Adversary Proceeding</u>"), filed in the Bankruptcy Court against, among others, NexPoint Real Estate Partners, LLC (f/k/a HCRE partners, LLC) ("<u>HCRE</u>"); and reference of the

23-10911.11641

Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03007-sgj, Docket No. 208] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03007-sgj, Docket No. 234] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCRE, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCRE. **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.      HCRE will owe Highland **$210,395.08** in accrued but unpaid principal and interest due under HCRE's First Demand Note[1] (issued on November 27, 2013) as of July 31, 2023.  Interest will continue to accrue on HCRE's First Demand Note as set forth below.

2.      HCRE will owe Highland **$3,822,585.00** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017) as of July 31, 2023.  Interest will continue to accrue on HCRE's Second Demand Note as set forth below.

3.      HCRE will owe Highland **$1,061,829.42** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018) as of July 31, 2023.  Interest will continue to accrue on HCRE's Third Demand Note as set forth below.

4.      HCRE will owe Highland **$932,827.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019) as of July 31, 2023.  Interest will continue to accrue under HCRE's Fourth Demand Note as set forth below.

5.      HCRE will owe Highland **$6,667,744.06** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017) as of July 31, 2023.  Interest will continue to accrue on the HCRE Term Note as set forth below.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$556,279.67**, which is its pro rata

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.11643

allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

[Remainder of Page Intentionally Blank]

7.     The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED** this 3rd day of August, 2023.

_____

THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# TAB 21
## APPELLANTS' RECORD EXCERPTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | Case No. 3:21-cv-00881-X |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | (Consolidated with 3:21-cv- |
| NEXPOINT ASSET MANAGEMENT, L.P. § | 00880-X; 3:21-cv-01010-X; 3:21- |
| (F/K/A HIGHLAND CAPITAL § | cv-01360-X; 3:21-cv-01362-X; |
| MANAGEMENT FUND ADVISORS, L.P.), § | 3:21-cv-01378-X; 3:21-cv-01379- |
| et al., § | X; 3:21-cv-03207-X; 3:22-cv- |
| § | 0789-X) |
| Defendants. § | |

AMENDED FINAL JUDGMENT AGAINST
HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03006-sgj, Docket No. 129] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management Services, Inc., et al.*, adversary proceeding no. 21-03006-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against, among others, Highland Capital Management Services, Inc. ("HCMS"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention

of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03006-sgj, Docket No. 213] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03006-sgj, Docket No. 239] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCMS, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCMS.  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

23-10911.11647

1.     HCMS will owe Highland **$171,155.61** in accrued but unpaid principal and interest due under HCMSI's First Demand Note[1] (issued on March 28, 2018) as of July 31, 2023.  Interest will continue to accrue on HCMS's First Demand Note as set forth below.

2.     HCMS will owe Highland **$229,906.25** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018) as of July 31, 2023.  Interest will continue to accrue on HCMS's Second Demand Note as set forth below.

3.     HCMS will owe Highland **$436,232.03** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019) as of July 31, 2023.  Interest will continue to accrue under HCMS's Third Demand Note as set forth below.

4.     HCMS will owe Highland **$163,470.17** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019) as of July 31, 2023.  Interest will continue to accrue on HCMS's Fourth Demand Note as set forth below.

5.     HCMS will owe Highland **$6,245,606.57** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017) as of July 31, 2023.  Interest will continue to accrue on the HCMS Term Note as set forth below.

6.     In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$332,249.78**, which is its pro rata

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.11648

allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

[Remainder of Page Intentionally Blank]

23-10911.11649

7.     The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED** this 3rd day of August, 2023.

THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# TAB 22
## APPELLANTS' RECORD EXCERPTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 3:21-cv-00881-X |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | (Consolidated with 3:21-cv- |
| NEXPOINT ASSET MANAGEMENT, L.P. | § | 00880-X; 3:21-cv-01010-X; 3:21- |
| (F/K/A HIGHLAND CAPITAL | § | cv-01360-X; 3:21-cv-01362-X; |
| MANAGEMENT FUND ADVISORS, L.P.), | § | 3:21-cv-01378-X; 3:21-cv-01379- |
| et al., | § | X; 3:21-cv-03207-X; 3:22-cv- |
| | § | 0789-X) |
| Defendants. | § | |

## AMENDED FINAL JUDGMENT AGAINST JAMES DONDERO

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03003-sgj, Docket No. 132] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. James Dondero et al.*, adversary proceeding no. 21-03003-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against, among others, James Dondero ("Dondero"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all

23-10911.11651

pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03003-sgj, Docket No. 191] filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03003-sgj, Docket No. 217] (the "R&R") filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and Dondero, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against Dondero.   **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

23-10911.11652

1.      Dondero will owe Highland **$3,981,474.95** in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of July 31, 2023.  Interest will continue to accrue on the First Dondero Note as set forth below.

2.      Dondero will owe Highland **$2,863,095.74** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of July 31, 2023.  Interest will continue to accrue on Dondero's Second Note as set forth below.

3.      Dondero will owe Highland **$2,863,123.24** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of July 31, 2023.  Interest will continue to accrue on Dondero's Third Note as set forth below.

4.      In addition to the forgoing, and pursuant to the terms of each applicable Note, Dondero shall pay to Highland the amount of **$444,697.94**, which is his pro rata allocation (based on the ratio of the outstanding principal and interest owed by Dondero to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.11653

5.     The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED** this 3rd day of August, 2023.

_____
THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

23-10911.11654

# TAB 23
## APPELLANTS' RECORD EXCERPTS

| | | |
|---|---|---|
| | | Donderos pending objection in Consolidated Case No. 3:21-cv-1010-X (Doc. 3). The Court OVERRULES that objection. The Court ACCEPTS the Report and Recommendation in Consolidated Case No. 3:21-cv-1010-X (Doc. 2). This case is hereby REFERRED for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court concludes this case is ready for trial, it shall notify the Court, and the Court will then withdraw the reference. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 128 | ORDER: After careful consideration, the Court OVERRULES Defendants objections to the Report and Recommendation, OVERRULES Defendants objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS partial summary judgment in these five cases for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 129 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 130 | ELECTRONIC ORDER: After careful consideration, the Court OVERRULES the objection at Doc. 34 . (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 131 | ELECTRONIC ORDER: The Court DISMISSES AS MOOT this motion. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 132 | ELECTRONIC ORDER granting 102 Motion for Leave to File. (Clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 133 | ORDER: After careful consideration, the Court OVERRULES the objections to the Report and Recommendation, OVERRULES the objections to the supplemented Report and Recommendation, and ACCEPTS the Report and Recommendation as supplemented by the Bankruptcy Court. Accordingly, the Court GRANTS summary judgment in this case for Plaintiff. (Ordered by Judge Brantley Starr on 7/6/2023) (chmb) (Entered: 07/06/2023) |
| 07/06/2023 | 134 | Memorandum of Law in Support of its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by Highland Capital Management LP. (axm) (Entered: 07/06/2023) |
| 07/10/2023 | 135 | ELECTRONIC ORDER: The Court clarifies that its Electronic Orders at Docs. 129 and 131 dismissed as moot the motions at Docs. 27 and 72 . (Ordered by Judge Brantley Starr on 7/10/2023) (chmb) (Entered: 07/10/2023) |
| 07/14/2023 | 136 | MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A--Proposed Order) (Annable, Zachery) (Entered: 07/14/2023) |
| 07/14/2023 | 137 | Brief/Memorandum in Support filed by Highland Capital Management LP re 136 MOTION to Deem the Dondero Entities Vexatious Litigants and for Related Relief (Annable, Zachery) (Entered: 07/14/2023) |
| 07/14/2023 | 138 | Appendix in Support filed by Highland Capital Management LP re 137 Brief/Memorandum in Support (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 |

# TAB 24
**APPELLANTS' RECORD EXCERPTS**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:21-CV-0881-X |
| v. | § § | Consolidated with: |
| | § | 3:21-CV-0880-X |
| NEXPOINT ASSET MANAGEMENT, | § | 3:21-CV-1010-X |
| L.P., (F/K/A HIGHLAND CAPITAL | § | 3:21-CV-1378-X |
| MANAGEMENT FUND ADVISORS, | § | 3:21-CV-1379-X |
| L.P.), et al., | § | 3:21-CV-3160-X |
| | § | 3:21-CV-3162-X |
| *Defendants.* | § | 3:21-CV-3179-X |
| | § | 3:21-CV-3207-X |
| | § | 3:22-CV-0789-X |

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION<br>AND FINAL JUDGMENT</u>

Before the Court is the Bankruptcy Court's Report and Recommendation on

Plaintiff Highland Capital Management, L.P.'s ("Highland") motion for summary

judgment.  [Doc. 71].  Having carefully considered (1) Highland's motion and all

arguments and evidence admitted into the record in support of the motion, (2) all

responses and objections to the motion and all arguments and evidence admitted into

the record in support of such responses and objections, and (3) the arguments

presented by counsel during the hearing held on July 27, 2022, on the motion, and

for the reasons set forth in the Report and Recommendation (the "R&R") filed by the

Bankruptcy Court on October 12, 2022, and the Supplement to the R&R filed January

17, 2023, the Court **ACCEPTS** the report and recommendation.   The Court

23-10911.8491

**OVERRULES** the objections to the report and recommendation and **OVERRULES** the objection to the supplement to the report and recommendation.  [Docs. 78, 98].

In accordance with the report and recommendation, the Court **GRANTS** summary judgment for Highland and **ENTERS FINAL JUDGMENT** as follows.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("NexPoint"):

1. NexPoint will owe Highland $2,169,270.76 in accrued but unpaid principal and interest due under the 2014 Note[1] (issued on February 26, 2014) as of October 31, 2022, after application of all payments to outstanding principal and interest.  As of October 31, 2022, interest will continue to accrue on the 2014 Note at the rate of $115.54 per day and will increase to $117.82 per day on February 26, 2023.

2. NexPoint will owe Highland $1,012,449.18 in accrued but unpaid principal and interest due under the 2016 Note (issued on February 26, 2016) as of October 31, 2022, after application of all payments to outstanding principal and interest.  As of October 31, 2022, interest will continue to accrue on the 2016 Note at the rate of $71.41 per day and will increase to $73.28 per day on February 26, 2023.

3. In addition to the forgoing, and pursuant to the terms of each applicable Note, NexPoint shall pay to Highland the amount of $387,007.90, which is the total actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.8492

4. The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED,** this 6th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

3

# TAB 25
**APPELLANTS' RECORD EXCERPTS**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:21-CV-0881-X |
| v. | § § | Consolidated with: |
| | § | 3:21-CV-0880-X |
| NEXPOINT ASSET MANAGEMENT, | § | 3:21-CV-1010-X |
| L.P., (F/K/A HIGHLAND CAPITAL | § | 3:21-CV-1378-X |
| MANAGEMENT FUND ADVISORS, | § | 3:21-CV-1379-X |
| L.P.), et al., | § | 3:21-CV-3160-X |
| | § | 3:21-CV-3162-X |
| *Defendants.* | § | 3:21-CV-3179-X |
| | § | 3:21-CV-3207-X |
| | § | 3:22-CV-0789-X |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND FINAL JUDGMENT

Before the Court is the Bankruptcy Court's Report and Recommendation on

Plaintiff Highland Capital Management, L.P.'s ("Highland") motion for partial

summary judgment.  [Doc. 50].  Having carefully considered (1) Highland's motion

and all arguments and evidence admitted into the record in support of the motion,

(2) all responses and objections to the motion and all arguments and evidence

admitted into the record in support of such responses and objections, and the

arguments presented by counsel during the hearing held on April 20, 2022, on the

motion, and for the reasons set forth in the Report and Recommendation (the "R&R")

filed by the Bankruptcy Court on July 19, 2022, and the Supplement to the R&R filed

December 5, 2022, the Court **ACCEPTS** the report and recommendation.  The Court

23-10911.8482

**OVERRULES** the objections to the report and recommendation and **OVERRULES** the objection to the supplement to the report and recommendation.  [Docs. 63, 87].

In accordance with the report and recommendation, the Court **GRANTS** partial summary judgment for Highland and **ENTERS FINAL JUDGMENT** as follows.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from James Dondero:

1. Dondero will owe Highland $3,873,613.93 in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of $278.50 per day and will increase to $285.91 per day on February 2, 2023.

2. Dondero will owe Highland $2,778,356.23 in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second Note at the rate of $224.43 per day and will increase to $231.05 per day on August 1, 2023.

3. Dondero will owe Highland $2,778,339.88 in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of August

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.8483

8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of $218.20 per day and will increase to $224.64 per day on August 13, 2022.

4. In addition to the forgoing, and pursuant to the terms of each applicable Note, Dondero shall pay to Highland the amount of $443,074.35, which is his pro rata allocation (based on the ratio of the outstanding principal and interest owed by Dondero to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("NexPoint Asset Management"):

1. NexPoint Asset Management will owe Highland $2,552,628.61 in accrued but unpaid principal and interest due under NexPoint's First Note (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on NexPoint's First Note at the rate of $166.08 per day and will increase to $170.05 per day on May 2, 2023.

2. NexPoint Asset Management will owe Highland $5,317,989.86 in accrued but unpaid principal and interest due under NexPoint's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding

23-10911.8484

principal and interest.  As of August 9, 2022, interest will continue to accrue on NexPoint's Second Note at the rate of $346.02 per day and will increase to $354.29 per day on May 3, 2023.

3. In addition to the forgoing, and pursuant to the terms of each applicable Note, NexPoint Asset Management shall pay to Highland the amount of $369,793.69, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NexPoint Asset Management to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Advisors, L.P. ("NexPoint Advisors"):

1. NexPoint Advisors will owe Highland $23,389,882.79 in accrued but unpaid principal and interest due under the NexPoint Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of $3,801.79 per day and will increase to $4,029.90 per day on May 31, 2023.

2. In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint Advisors shall pay to Highland the amount of $1,098,951.89, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NexPoint Advisors to Highland as of August 8, 2022, to the total principal and

23-10911.8485

interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from Highland Capital Management Services, Inc. ("HCMS"):

1. HCMS will owe Highland $166,196.60 in accrued but unpaid principal and interest due under HCMS's First Demand Note1 (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of $12.98 per day and will increase to $13.35 per day on March 26, 2023.

2. HCMS will owe Highland $222,917.23 in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of $18.56 per day and will increase to $19.13 per day on June 25, 2023.

3. HCMS will owe Highland $425,435.63 in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue under HCMS's Third

23-10911.8486

Demand Note at the rate of $27.73 per day and will increase to $28.39 per day on May 29, 2023.

4. HCMS will owe Highland $159,454.92 in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of $10.32 per day and will increase to $10.57 per day on June 26, 2023.

5. HCMS will owe Highland $6,071,718.32 in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of $455.09 per day and will increase to $467.61 per day on May 31, 2023.

6. In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of $331,036.73, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("NexPoint Real Estate"):

23-10911.8487

1. NexPoint Real Estate will owe Highland $195,476.70 in accrued but unpaid principal and interest due under HCRE's First Demand Note (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of $40.58 per day and will increase to $43.83 per day on November 27, 2022.

2. NexPoint Real Estate will owe Highland $3,551,285.37 in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of $730.34 per day and will increase to $788.77 per day on October 12, 2022.

3. NexPoint Real Estate will owe Highland $986,472.32 in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of $203.00 per day and will increase to $219.24 per day on October 15, 2022.

4. NexPoint Real Estate will owe Highland $866,600.77 in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue under

23-10911.8488

HCRE's Fourth Demand Note at the rate of $177.60 per day and will increase to $191.81 per day on September 25, 2022.

5. NexPoint Real Estate will owe Highland $6,196,688.51 in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of $1,337.94 per day and will increase to $1,444.98 per day on May 31, 2023.

6. In addition to the forgoing, and pursuant to the terms of each applicable Note, NexPoint Real Estate shall pay to Highland the amount of $554,248.69, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NexPoint Real Estate to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

* * * * *

The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

23-10911.8489

**IT IS SO ORDERED,** this 6th day of July, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

23-10911.8490

# TAB 26
## APPELLANTS' RECORD EXCERPTS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:21-CV-0881-X |
| v. | § § | Consolidated with: |
| | § | 3:21-CV-0880-X |
| NEXPOINT ASSET MANAGEMENT, | § | 3:21-CV-1010-X |
| L.P., (F/K/A HIGHLAND CAPITAL | § | 3:21-CV-1378-X |
| MANAGEMENT FUND ADVISORS, | § | 3:21-CV-1379-X |
| L.P.), et al., | § | 3:21-CV-3160-X |
| | § | 3:21-CV-3162-X |
| *Defendants.* | § | 3:21-CV-3179-X |
| | § | 3:21-CV-3207-X |
| | § | 3:22-CV-0789-X |

## ORDER ADOPTING REPORT AND RECOMMENDATION

After the Court consolidated several cases, including 3:21-CV-1010-X (the "Underlying Case"),[1] it ordered any party that had a pending motion in the consolidated cases to renew that motion on the docket of the lead case, 3:21-CV-0881-X.[2] Defendant James Dondero renewed one such motion. He moves for entry of an order on his pending objection to the Bankruptcy Court's report and recommendation in the Underlying Case.[3] [Doc. 31].

In that report and recommendation, the Bankruptcy Court recommends that the Court grant Dondero's motion to withdraw the reference when the Bankruptcy

---

[1] Doc. 24.

[2] Doc. 25.

[3] Dondero originally filed this objection at Doc. 3 in the Underlying Case.

1

23-10911.8480

Court certifies that this action is ready for trial and, in the meantime, defer all pretrial matters to the Bankruptcy Court.[4]

The Court finds that the Bankruptcy Court's familiarity with the facts and the parties make it well-situated to handle pretrial matters in this case. The Court further finds that allowing the Bankruptcy Court to handle pretrial filings will further both judicial economy and the important goal of uniformity and efficiency in bankruptcy administration.

Therefore, the Court **ACCEPTS** the recommendation. This case is hereby **REFERRED** for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court concludes that this case is ready for trial, it should notify the Court, and the Court will then withdraw the reference.

**IT IS SO ORDERED,** this 6th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] The Bankruptcy Court filed its report and recommendation at Doc. 2 in the Underlying Case.

2

# TAB 27
## APPELLANTS' RECORD EXCERPTS



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 17, 2023**

United States Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>**HIGHLAND CAPITAL MANAGEMENT, L.P.**<br><br>Reorganized Debtor. | **Case No. 19-34054-sgj11**<br><br>**Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>   Plaintiff.<br><br>v.<br><br>**HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,**<br><br>   Defendant. | **Adversary No. 21-03082-sgj**<br><br>**Civ. Act. No. 3:22-cv-00789**<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

## SUPPLEMENT TO THE OCTOBER 12, 2022 REPORT AND RECOMMENDATION: REGARDING ATTORNEYS' FEES AND TRANSMITTING PROPOSED FORM OF JUDGMENT

### I.     Introduction and Background

On October 12, 2022, the bankruptcy clerk transmitted this court's *Report and Recommendation to District Court Regarding Highland Capital Management, L.P.'s Motion for*

23-10911.8212

*Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* ("R&R MSJ")
[DCT DE # 71][1] for filing in the above-referenced consolidated Civ. Act. No. 3:21-cv-881.  In the
R&R MSJ, this court recommended that the District Court enter summary judgment in favor of
plaintiff, Highland Capital Management, L.P. ("Plaintiff" or "Highland"), and against defendant,
Highland Capital Management Fund Advisors, L.P. ("Defendant" or "HCMFA"), "holding
HCMFA liable for:  (a) breach of contract with respect to the Pre-2019 Notes;[2] and (b) turnover of
all amounts due under the Pre-2019 Notes, pursuant to Bankruptcy Code Section 542, including
the costs of collection and reasonable attorneys' fees as provided for in the Pre-2019 Notes in an
amount to be determined." R&R MSJ, at 49.[3]  In the last paragraph of the R&R MSJ, this court
directed Plaintiff (Highland) "to promptly submit a form of Judgment that calculates proper
amounts due pursuant to this Report and Recommendation, including interest accrued to date (and
continuing to accrue per diem), as well as costs and attorneys' fees incurred." *Id.* at 50. The court
further set forth the procedures for the submission of the proposed form of judgment ("Proposed
Judgment") and this court's transmittal of such to the District Court for its consideration in
connection with the R&R MSJ:

> The costs and attorneys' fees calculation shall be separately filed as a Notice with
> backup documentation attached. HCMFA shall have 21 days after the filing of such
> Notice to file an objection to the reasonableness of the attorneys' fees and costs.
> The bankruptcy court will thereafter determine the reasonableness in Chambers
> (unless the bankruptcy court determines that a hearing is necessary) and will
> promptly submit the form Judgment, along with appropriate attorneys' fees and
> costs amounts inserted into the form Judgment, to the District Court, to consider
> along with this Report and Recommendation. This Report and Recommendation is
> immediately being sent to the District Court.

---

[1] The R&R MSJ was entered separately in the underlying adversary proceeding on October 12, 2022, prior to
transmittal to the District Court.  *See* Adv. Pro. 21-3082 [DE #73].

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the R&R MSJ.

[3] Section 6 of each of the Pre-2019 Notes provided for the recovery by Plaintiff of "all actual expenses of collection,
all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof."

23-10911.8213

*Id.*

On October 18, 2022, the parties filed, in both the adversary proceeding[4] and in the District Court,[5] a stipulation (the "Stipulation") regarding the procedures for objecting to the R&R MSJ in the District Court and for the submission of the proposed form of judgment and attorneys' fees and costs to the bankruptcy court pursuant to the directive in the R&R MSJ.  In the Stipulation, the parties agreed and stipulated to a briefing schedule as follows:[6]

1. On or before November 2, 2022, (a) Plaintiff shall file its Proposed Judgment and Notice; and (b) pursuant to Federal Rule of Bankruptcy Procedure 9033 ("Rule 9033"), Defendant shall file any objections to the R&R (the "Objection");

2. On or before November 23, 2022, (a) Plaintiff shall file any response to any Objection (the "Response"), and (b) Defendant shall file any objections to the Proposed Judgment and/or Notice; [and,]

3. Defendant shall not file a reply to Plaintiff's Response under Rule 9033 or otherwise.

## II.    Proposed Form of Judgment and Notices of Attorneys' Fees and Costs

### A.    *Plaintiff Submits Proposed Form of Judgment and Notices of Attorneys' Fees and Costs to Be Included Therein*

On November 2, 2022, Plaintiff filed its *Notice of Attorneys' Fees Calculation and Backup Documentation* regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, L.L.P. ("PSZJ"),[7] a separate *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC,*[8]

---

[4] DE #77.

[5] DCT DE #75.

[6] Stipulation at 3.

[7] DE #79.  Plaintiff attached as "Exhibit 1" to the PSZJ Notice a *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment* ("Morris Declaration") regarding the fees and expenses for which Plaintiff seeks recovery under the Proposed Judgment, including Backup Documentation for attorneys' fees charged by PSZJ in this matter attached to the Morris Declaration as **Exhibits A-D**.  Exhibit A contained a summary of the fees being requested, and Exhibits B-D were invoices (the "PSZJ Invoices") that included detailed time records maintained in the ordinary course of business of PSZJ.

[8] DE #80.

23-10911.8214

(together, the "<u>Notices</u>," and, separately, the "<u>PSZJ Notice</u>" and the "<u>Hayward Notice</u>," respectively) and a *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment* ("<u>Klos Declaration</u>")[9] in support of the calculation of the amount of principal, accrued interest, and per diem interest to be included in the Proposed Judgment. Plaintiff separately uploaded the Proposed Judgment to the bankruptcy court's order processing system in the adversary proceeding.

> **B.    *Defendant Objects to (1) Recommendation in the R&R MSJ Pending in the District Court and (2) Highland's Proposed Judgment Awarding Attorneys' Fees and Costs in the Bankruptcy Court***

On November 2, 2022, Defendant filed in the District Court *Highland Capital Management Fund Advisors, L.P.'s Objection to the Bankruptcy Court's Report and Recommendation to the District Court Proposing That It Grant Summary Judgment in Favor of the Plaintiff* ("<u>Objection to R&R MSJ</u>"),[10] and on November 23, 2022, Defendant filed in the bankruptcy court *Defendant's Objection to Plaintiff's Proposed Form of Judgment Awarding Attorneys' Fees and Costs* ("<u>Objection to Fees</u>"),[11] objecting to the reasonableness of the attorneys' fees identified in the PSZJ Notice and suggesting that

> [t]he court should reject the proposed award and reduce any award by the amount of any fees (1) incurred in other cases, (2) for which Plaintiff fails to clearly indicate were incurred in this case, (3) that are excessive for the work performed, (4) for which PSZJ exercised no billing judgment, and (5) that exceed customary rates in Dallas, Texas.

Objection to Fees, at 2. In its Objection to Fees, the Defendant did not object to the reasonableness of the attorneys' fees identified in the Hayward Notice.

---

[9] DE #81.

[10] *See* DCT DE #78.

[11] *See* DE #83.

23-10911.8215

**C.      This Court Recommends That the District Court Overrule Defendant's Objections to PSZJ's Fees**

The bankruptcy court conducted an in-chambers review of the Plaintiff's Notices and Backup Documentation and the Klos Declaration and Defendant's Objection to Fees and, for the reasons set forth below, recommends to the District Court that it overrule Defendant's objections to the reasonableness of PSZJ's fees that Plaintiff seeks to recover in the Proposed Judgment that is attached hereto as **Exhibit A**.

*1. Law Governing Award of Attorneys' Fees in This Case*

Defendant does not dispute Plaintiff's right to recover its ***reasonable*** attorneys' fees in the Proposed Judgment pursuant to Texas law and the terms of the Pre-2019 Notes.  Under Texas law, "A person may recover reasonable attorney's fees from an individual or organization . . . in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."[12]  In addition, both Pre-2019 Notes provide for the recovery of reasonable attorneys' fees by Plaintiff.  Specifically, Section 6 of each Note provides:

> **Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

Thus, the issue before the court is whether the attorneys' fees Plaintiff seeks to recover in connection with the Proposed Judgment are reasonable under Texas law.[13]  As noted by the Fifth Circuit in *Mathis*, the trial court's discretion in awarding reasonable fees under Texas law

---

[12] Tex. Civ. Prac. & Rem. Code § 38.001(b)(8).

[13] *See Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002)("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."); *see also US Foods, Inc. v. Picasso's Pizza, Inc.*, 2021 WL 9385157 *4 (N.D. Tex., Aug. 26, 2021)("[S]tate law controls the reasonableness of attorney's fees awarded where state law supplies the rule of decision.")(citing *Mathis*).

23-10911.8216

is "guided by two presumptions."[14]  "First, there is a rebuttable presumption of reasonableness for fees that are 'usual' or 'customary,'"[15] and, "[s]econd, where the fees are tried to the court . . . the statute authorizes the judge to take judicial notice of the 'usual and customary fees' and the contents of the case file."[16]

> 2.  *Objections ## 1 and 2: Argument That Award Should Be Reduced by the Amount of Fees Incurred in Other Cases, or for which Highland Fails to Clearly Indicate Were Incurred in This Case*

Defendant argues that the majority of PSZJ's time entries fail to clearly identify HCMFA as the particular defendant and that none of them distinguish between this action ("Action"), in which HCMFA is the sole defendant, and the action against HCMFA that was one of the Five Earlier-Filed Note Actions against five Note Maker Defendants (the "First HCMFA Note Action").[17]  Thus, Defendant argues that because "Plaintiff has not clearly shown [in its time entries] that it incurred certain claimed fees while litigating against Defendant in this case[,]" the court should not award fees contained in those entries.[18]  The Morris Declaration clearly states that "[PSZJ has] reviewed the attached invoices and redacted all entries that we concluded were not related to the Action (the "Unrelated Time")" and that "[b]ased on that review, we believe the attached invoices capture and reflect fees properly charged by [PSZJ] to Highland **with respect to the Action**."[19]  The Morris Declaration also clarifies, "for the avoidance of doubt," with respect to each of the detailed invoices attached to the PSZJ Notice as Exhibits B through D, that "Highland does not seek to

---

[14] *Mathis*, 302 F.3d at 462.

[15] *Id.* (citing Tex. Civ. Prac. & Rem. Code § 38.003 (Vernon 2002)).  Section 38.003 provides, in pertinent part, "It is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable."

[16] *Id.* (citing Tex. Civ. Prac. & Rem. Code § 38.004 (Vernon 2002)).  Section 38.004 provides, in pertinent part, "The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in:   (1) a proceeding before the court; . . . ."

[17] *See* Objection to Fees, at 3, Part II(A).

[18] *Id.*

[19] Morris Declaration, at 3, ¶11 (emphasis added).

recover any amounts concerning any time entry that is redacted" and that "Highland has copied from Exhibit[s B-D] only those time entries for which compensation is sought in connection with the Action and compiled them on the page preceding each invoice in [the relevant exhibit]."[20]  The court believes the Morris Declaration provides sufficient evidence that the PSZJ fees sought to be recovered under, and in connection with, the Proposed Judgment are related to this Action and not another action, and, therefore, this court recommends that the District Court overrule Objections ## 1 and 2 to the reasonableness of the PSZJ fees.

3. *Objection # 3: Argument That Award Should Be Reduced by the Amount of Fees That Are Excessive for the Work Performed*

In its Objection to Fees, Defendant argues that the court should reduce the award for fees relating to Plaintiff's motion for summary judgment in this Action (defined by Defendant as "HCMFA MSJ"), which Defendant describes as "***substantially similar*** in both substance and form to Plaintiff's motion for summary judgment in the companion adversary proceedings [the Five Earlier-Filed Note Actions]."[21]  Defendant avers, more specifically, that[22]

> the HCMFA MSJ arguments almost identically mirror those of the Notes MSJ arguments and utilize the same appendix.  Because both MSJs utilized the same framework and almost identical legal arguments, Plaintiff's attorneys should not benefit from duplicative billing when the HCMFA MSJ was effectually a "copy-and-paste" version of the Notes MSJ, save two insignificant additional arguments.

Defendant concludes that PSZJ's fees relating to the HCMFA MSJ are "clearly excessive," and that the award should be reduced, presumably by some amount attributable to those fees.  However, Defendant does not identify any specific time entry or fee amount that it believes is "duplicative" and therefore excessive.  This court, having reviewed the detailed invoices submitted by PSZJ, and having issued the R&R MPSJ

---

[20] Morris Declaration, at 2-3, nn. 1-3.

[21] Objection to Fees, at 4, Part II(B).  Defendant defines the motion for summary judgment in the Five Earlier-Filed Note Actions as the "Notes MSJ."

[22] *Id.* (internal footnote omitted).

23-10911.8218

with respect to the Five Earlier-Filed Note Actions and the R&R MSJ in connection with this Action, finds that, although the HCMFA MSJ in this Action may have contained similar legal arguments and a similar appendix, the legal arguments and appendix were not "almost identical" and that the hours spent by PSZJ relating to the HCMFA MSJ in this Action were both necessary and reasonable.  Therefore, this court recommends that the District Court overrule Defendant's Objection #3.

4.   *Objection # 4: Argument that Award Should Be Reduced by 10% to 20% Because PSZJ Did Not Exercise Billing Judgment*

Defendant suggests that the attorneys' fees award in the Proposed Judgment should be reduced by 10% to 20% because "Plaintiff exercised no billing judgment."[23]  Defendant cites to only one case out of the Northern District of Texas district court – *Mauricio v. Phillip Galyen, P.C.*,[24] – in support of this objection. In its short, five-sentence objection, Defendant uses four of the sentences to quote from or cite to *Mauricio* for the following propositions:  (1) that "[b]illing judgment refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours";[25] (2) that evidence of the exercise of billing judgment will "[i]deally [be] reflected in the fee application, showing not only hours claimed, but hours written off";[26] and, (3) that "[t]he proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment;"[27] and, (4) that an appropriate

---

[23] Objection to Fees, at 4, Part II(C).

[24] 174 F.Supp. 3d 944 (N.D. Tex. 2016). In *Mauricio*, Judge Lindsay adopted the findings and conclusions of Magistrate Judge Ramirez in her report recommending that the district court grant Plaintiffs' application for award of attorney's fees, costs, and expenses after reviewing the record, the report, and conducting a de novo review of each part of the report to which an objection was made (in the district court). *Id.* at 946.

[25] Objection to Fees, at 4 (quoting *Mauricio*, 174 F.Supp. at 950)(citing *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761 (5th Cir. 1996)).

[26] Objection to Fees, at 4 (quoting *Mauricio*, 174 F.Supp. at 950 and omitting the citation to the Fifth Circuit case that *Mauricio* quoted:  *Alberti v. Kevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990)).

[27] Objection to Fees, at 4 (quoting *Mauricio*, 174 F.Supp. at 950 and omitting the citation to *Walker*, 99 F.3d at 770 from which the entire quote was taken).

23-10911.8219

reduction "where no billing judgment is exercised" is "in the range of 10% to 20%."[28]  Defendant then

concludes, in one sentence and without citing to any specific time entry or to the PSZJ Notice and Backup

Documentation at all, "Here, Plaintiff exercised no billing judgment, [sic] therefore the Court should reduce

the aggregate claimed amount in any award by 10% to 20%,"[29] implying that *Mauricio* (and the Fifth Circuit

in *Walker*) stand for the proposition that a prevailing party in all fee-shifting cases is always required to

present evidence that it exercised billing judgment in the specific form of a fee application that shows "hours

written off" in addition to the "hours claimed," failing which the court is bound to reduce the fee award by

an appropriate percentage.  As discussed below, neither *Mauricio* nor *Walker* stands for this proposition,

and, more importantly, neither are applicable to the fee award requested in this case.

a)   *Mauricio* Is Not Applicable to the Award of Attorneys' Fees in This Case

As noted above,[30] Texas law and the terms of the Pre-2019 Notes govern the award of

attorneys' fees in this case, both of which allow for the recovery by Plaintiff of its reasonable

attorneys' fees; thus, Texas law governs whether the amount of fees Plaintiff seeks to recover are

reasonable.  *Mauricio*, the only legal authority cited by Defendant in support of its objection based

on the alleged lack of evidence that PSZJ exercised billing judgment, is a federal district court case

that deals with an award of attorneys' fees under ***federal*** law (the Fair Labor Standards Act) and

that applies ***federal*** law in determining the prevailing party's entitlement to an award of attorneys'

fees and the reasonableness of the award.  *Mauricio* primarily cites to and quotes from the Fifth

Circuit opinion in *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761 (5th Cir. 1996)

where the Fifth Circuit applied ***federal*** law in addressing the prevailing party's entitlement to

---

[28] Objection to Fees, at 4-5 (citing *Mauricio*, 174 F.Supp. at 950).

[29] *Id.* at 5.

[30] *See supra* note 13 and accompanying text.

9

recover reasonable fees under *federal* civil rights law, specifically 42 U.S.C. § 1988(b).[31]  Thus, the standards applied by the court in *Mauricio* and by the Fifth Circuit in *Walker* with respect to the attorneys' fees proposed by Plaintiff to be included in the Proposed Judgment are not applicable to the court's analysis in *this* case in which Plaintiff's entitlement to reasonable attorneys' fees in connection with the Proposed Judgment is governed by *Texas* law and the terms of the contracts at issue – the Pre-2019 Notes.[32]

> b) <u>Under Texas Law Sufficient Evidence Exists to Support a Finding That PSZJ Exercised Billing Judgment</u>

Under Texas law standards regarding the reasonableness of the attorneys' fees in a breach of contract fee-shifting case, the Morris Declaration and the detailed invoices attached as Backup Documentation constitute sufficient evidence to support a finding that PSZJ exercised billing judgment in this case and that PSZJ's fees are reasonable.  There is no requirement under Texas law that evidence must include written detailed invoices that show hours written off in the exercise of billing judgment.  Rather, Texas law requires that the evidence simply be sufficient to allow the trial court to conduct a meaningful review of the hours and rates claimed.

In *El Apple I, Ltd. v. Olivas*, the Texas Supreme Court set forth the evidentiary requirements for supporting a trial court's award of attorneys' fees in a fee-shifting situation where the court applied the lodestar method in determining the reasonableness of the attorneys' fees awarded to plaintiff under a fee-shifting provision of the Texas Commission on Human Rights

---

[31] The Fifth Circuit in *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795 (5th Cir. 2006), ten years after *Walker v. HUD* applied **federal** standards in reviewing an award of attorneys' fees under the same **federal** law at issue in *Mauricio* -- the Fair Labor Standards Act.

[32] *See Mathis*, 302 F.3d at 461-62 (finding Texas law controls the award of attorneys' fees and reasonableness thereof in a breach of contract case under Texas law and looking to Tex. Civ. Prac. & Rem. Code § 38.001(8) (Vernon 2002) for the standard in determining the prevailing party's entitlement to attorneys' fees).

23-10911.8221

Act.[33]  In support of her fee application, Plaintiff had submitted a fee application with affidavits of her attorneys estimating the total hours spent by each attorney on the case.[34]  In addition, one of the attorneys had testified at the hearing on the fee application that he had actually spent more hours on the case than was stated in the affidavit but was not seeking compensation for that time because it was duplicative of co-counsel's work.[35]

On appeal the defendant argued that the trial court did not have sufficient evidence to make a reasonableness determination under the lodestar method applied in the case.  The Texas Supreme Court first noted that "a party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours."[36]  The defendant argued that a trial court could not calculate the base fee or lodestar without that information and submitted that "the prevailing party's documentation should preferably be in the form of contemporaneous time sheets, which evidence the performance of specific tasks such that the trial court can make a reasoned determination of how much time was reasonably spent pursuing the litigation."[37]

The court observed that the lodestar method was designed to provide a "relatively objective measure of attorney's fees" but "has been criticized . . . for providing a financial incentive for counsel to expend excessive time in unjustified work and for creating a disincentive to early settlement."[38]  The court stated that "[t]o avoid these pitfalls, a trial court should obtain *sufficient*

---

[33] 370 S.W.3d 757 (Tex. 2012).

[34] *Id.* at 759.

[35] *Id.*

[36] *Id.* at 761 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

[37] *El Apple*, 370 S.W.3d at 761.

[38] *Id.* at 762 (citations omitted).

23-10911.8222

*information to make a meaningful evaluation of the application for attorneys*" and that "[c]harges for duplicative, excessive, or inadequately documented work should be excluded."[39] Noting that "[a] meaningful review of the hours claimed is particularly important [in fee-shifting cases] because the usual incentive to charge only reasonable attorney's fees is absent when fees are paid by the opposing party," the court quoted from the United States Supreme Court in *Hensley* with respect to the requirement in fee-shifting cases that attorneys exercise billing judgment:[40]

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

That the United States Supreme Court under federal standards or the Texas Supreme Court under state standards requires an attorney in a fee-shifting case to exercise the same billing judgment that the attorney would be ethically bound to exercise in billing his own client is not disputed here. The issue here is the legal sufficiency of evidence that must be available for a court to assess the reasonableness of attorneys' fees and, in particular, whether the attorney exercised billing judgment with respect to the fees requested.

As noted above, in its briefing on the billing judgment issue, Defendant did not cite to any of the evidence that PSZJ submitted (or did not submit) that went to the issue of whether PSZJ had provided legally sufficient evidence that it had exercised billing judgment. Rather, Defendant simply makes the conclusory statement that "[h]ere, Plaintiff exercised no billing judgment" and

---

[39] *Id.* (emphasis added)(citation omitted).

[40] *Id.* (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 (citation omitted)).

23-10911.8223

"therefore the court should reduce the aggregate claimed amount in any award by 10% to 20%."[41] The Defendant's inartfully drafted, incomplete, and, frankly, illogical argument appears, however, to be that PSZJ did not provide sufficient evidence that it exercised billing judgment in this case because PSZJ's detailed invoices *did not show* that time had been written off due to the exercise of its billing judgment – that an attorney's detailed invoices, in *all* fee-shifting cases, must show evidence in detailed invoices of time written off due to billing judgment to support a trial court's finding that its attorneys' fees are reasonable – and that, if the attorney does not submit such written evidence, the court *must* reduce the fee award by 10% to 20%.

Neither the cases cited by Defendant (which apply federal standards to cases under federal law and are, therefore, inapposite to this case) nor the cases applying Texas standards regarding the entitlement to, and reasonableness of, attorneys' fees (which apply here) have that exacting of an evidentiary standard.

First, the direct quote from *Maurico* regarding evidence of billing judgment is actually a direct quote from the Fifth Circuit *Alberti* case wherein the Fifth Circuit referred to what would be "ideal" evidence to support a finding that the attorney exercised billing judgment:  "*Ideally*, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off."[42]  The quoted language certainly does not rise to the level of a requirement under federal law (that is not applicable here) that all fee applications must include detailed invoices showing hours billed and hours written off in order to avoid an across-the-board reduction in fees of an appropriate percentage.  The Fifth Circuit's pronouncement quoted by *Mauricio* in no way forecloses the

---

[41] Objection to Fees, at 4, Part II(C).

[42] *See* Objection to Fees, at 4 (emphasis added)(quoting *Mauricio*, 174 F.Supp. at 950 (citation to the Fifth Circuit's *Alberti* opinion from which it was quoting omitted)).

23-10911.8224

possibility that other types of evidence can be sufficient to support a trial court's finding of reasonableness and the exercise of billing judgment in fee-shifting cases.  Thus, if PSZJ's detailed invoices did not show evidence of time written off in the exercise of billing judgment, that would not preclude a finding by the court that the evidence that was submitted by PSZJ is legally sufficient to support a finding that PSZJ's fees are reasonable and recoverable in the Proposed Judgment.

Second, under the law that *is* applicable in this case regarding Plaintiff's entitlement to recover PSZJ's attorneys' fees in the Proposed Judgment – Texas law – there is no requirement whatsoever that a trial judge's finding that a party's fees are reasonable and recoverable in a fee-shifting case must be supported by evidence that includes detailed invoices that show time billed *and time written off*.  Rather, the Texas Supreme Court in *El Apple* (where the attorneys had not submitted contemporaneous, detailed time records of work performed) sets forth the minimum requirements of evidentiary support under Texas standards of review of the reasonableness of attorneys' fees (including whether the attorneys exercised billing judgment) in contested fee-shifting cases using the lodestar approach:[43]

> [W]hen applying for a fee under the lodestar method, the applicant must provide ***sufficient details of the work performed before the court can make a meaningful review of the fee request***.  For the purposes of lodestar calculations, ***this evidence includes, at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required***.

There is no requirement in *El Apple* that the evidence be in the form of written time records or billing statements and no requirement, if detailed time records are provided, that those records must show hours written off in the exercise of billing judgment (as suggested by Defendant).  To

---

[43] *El Apple*, 370 S.W.3d at 764 (emphasis added).

23-10911.8225

the contrary, the court notes that the evidence could be in the form of the attorney testifying to the details, but allows that "in all but the simplest cases, the attorney would probably have to refer to some type of record or documentation to provide this information."[44]  Indeed, a year later, in *City of Laredo v. Montano*,[45] the Texas Supreme Court rejected the City of Laredo's argument, in objecting to an award of attorneys' fees to Montano, that *El Apple* required the submission of documentary evidence of time records and billing statements (which had not been provided by Montano's attorneys) to support the trial court's award:[46]

> Contrary to the City's argument, *El Apple* does not hold that a lodestar fee can only be established through time records or billing statements.  We said instead that an attorney could testify to the details of his work, but that "in all but the simplest of cases, the attorney would probably have to refer to some type of record or documentation to provide this information."  For this reason, we ***encouraged*** attorneys using the lodestar method to shift their fee to their opponent to keep contemporaneous records of their time ***as they would for their own client***.

In clarifying what *El Apple* required (or did not require) in terms of evidence, the Texas Supreme Court recalled its observation in *El Apple* "that testimony in generalities about tasks performed in a case ***that did not provide enough information for a meaningful review*** of whether the tasks and hours were reasonable and necessary was an insufficient basis for a lodestar calculation"[47] and that "hours not properly billed to one's client are also not properly billed to one's adversary under a fee-shifting statute."[48]

---

[44] *Id.*

[45] 414 S.W.3d 731 (Tex. 2013).

[46] *Id.* at 736 (citing *El Apple*, 370 S.W.3d at 763)(emphasis added)).

[47] *Id.* at 735-736 (citing *id.* at 760)(emphasis added).  The Texas Supreme Court in *Montano* ultimately found that one attorney's testimonial evidence was too generalized to meet the minimum information requirements set forth in *El Apple* that would allow the trial court a meaningful review of the reasonableness of hours spent and hourly rates, whereas a second attorney's testimony did provide sufficient evidence/information to support an award by the trial court.

[48] *Id.* at 736 (citing *id.* at 762).

Thus, under Texas law, sufficiency of evidence in fee-shifting cases is determined not by the form of the evidence but the substance of the evidence: whether that substance provides sufficient information for the trial court to make a meaningful review of whether the time spent, and tasks performed, were reasonable and necessary under the lodestar method. And, the Texas Supreme Court has delineated the minimum substantive information required to be included in such evidence, whether in the form of testimony or documentary evidence of time records and billing statements to "include[ ], at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." If the applicant provides this minimum information, "[the] trial court's findings regarding whether prevailing counsel's claimed hours are excessive, redundant, or unreasonable"[49] will be "accord[ed] considerable deference" because "the trial court possesses a superior understanding of the case and the factual matters involved."[50]

Here, PSZJ has provided sufficient evidence under Texas law – including the Morris Declaration and the detailed time records attached thereto as Exhibits B-D as part of the Backup Documentation – to allow the court to make a meaningful review under Texas law of the reasonableness of the PSZJ fees sought to be recovered by Plaintiff in the Proposed Judgment, including whether PSZJ exercised billing judgment in connection with the fees requested in this case. Specifically, the PSZJ Invoices contain detailed time entries that provide documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required – meeting *El Apple's* "minimum" evidentiary requirement.[51]

---

[49] In other words, whether the attorney exercised billing judgment with respect to the hours included in the invoices submitted in support of its fee application in a fee-shifting situation.

[50] *El Apple*, 370 S.W.3d at 763-64.

[51] *See* Morris Declaration, Ex. B-D [DE # 79].

23-10911.8227

In addition, PSZJ provided the Morris Declaration in which Mr. Morris declared that he (and others working at his direction) had reviewed the PSZJ Invoices, that the detailed time records contained therein were kept in the ordinary course of business of his firm and that each of the timekeepers recorded billable time in one-tenth of an hour increments and classified their work by task codes "to differentiate between individual tasks conducted for the same client."[52]   Mr. Morris further declared, as noted above, that following its review of the PSZJ Invoices, PSZJ "redacted all entries that we concluded were not related to the Action" and that "***the attached invoices capture and reflect fees properly charged by my Firm to Highland with respect to the Action***"[53] – in other words, PSZJ exercised billing judgment.  Because this court is intimately familiar with the case and the legal, procedural, and factual matters involved, this court finds that the Morris Declaration, including the PSZJ Invoices, provide sufficient evidence for this court to make a determination of whether PSZJ failed to exercise business judgment and improperly charged fees in the PSZJ Invoices to its client that were "unproductive, excessive, or redundant hours" and thus, not ethically chargeable to its client (or, for that reason, recoverable from Defendant in the Proposed Judgment).   In addition, the court notes that Defendant does not point to any evidence, much less any particular time entry in the PSZJ Invoices, in support of its conclusory allegation that PSZJ failed to exercise billing judgment.

Having reviewed the PSZJ Notice, including the Morris Declaration and the detailed time records set forth in the PSZJ Invoices, this court finds PSZJ has produced sufficient evidence under Texas law to support a finding that PSZJ properly exercised billing judgment with respect to the attorneys' fees Plaintiff

---

[52] *Id.* at ¶¶ 5-6.

[53] *Id.* at ¶ 11 (emphasis added).

23-10911.8228

seeks to recover in the Proposed Judgment and, accordingly, recommends that the District Court overrule this objection.

### 5. *Objection #5: Argument That PSZJ's Hourly Rates Are Not Reasonable*

Defendant argues that PSZJ's hourly rates are unreasonably high because they exceed the rates charged by local firms for similar services.  Defendant raised this same objection in this court with respect to the fees Plaintiff sought to recover in connection with its proposed judgment in the First HCMFA Note Action.  Ultimately, the bankruptcy court recommended, in its *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* ("Supplement to R&R MPSJ"),[54] that the District Court overrule HCMFA's objection on this point and enter the form of proposed judgment attached thereto as Exhibit B, because this court had already approved PSZJ's rates in the underlying bankruptcy case, in which the Five Earlier-Filed Notes Actions and this Action are pending, as reasonable under 11 U.S.C. § 330, and under the applicable standard announced by the Fifth Circuit in *Johnson*.[55]  Both the Supplement to R&R MPSJ and the underlying R&R MPSJ in the Five Earlier-Filed Note Actions are still pending in the District Court.  This court recommends that the District Court overrule Defendant's objection to PSZJ's hourly rates in this Action for the same reason – this court has already found them to be reasonable in the underlying bankruptcy case.

In its Objection to Fees, Defendant acknowledges that this court has already recommended to the District Court in the Supplement to R&R MPSJ in the Five Earlier-Filed Note Actions that

---

[54] This supplement was entered on the docket of the First HCMFA Note Action [DE # 186] on November 10, 2022 and transmitted to the District Court [DCT DE # 80] on November 14, 2022.

[55] *See* Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #3055].

23-10911.8229

it overrule the objection on the same issue and the basis therefor – the court's previous approval of PSZJ's hourly rates in the underlying bankruptcy case[56] – but argues that "[n]owhere in the Court's order on the application, and nowhere in PSZJ's application, did either the Court or PSZJ make a representation as to or provide evidence of the prevailing rate in . . . Dallas, Texas, and therefore PSZJ's rates should be reduced in this case to meet Dallas rates."[57]

First, Defendant assumes, incorrectly, that the **_federal_** standard of review regarding reasonableness of hourly rates in fee-shifting cases – a standard identified by the Supreme Court in _Blum v. Stenson_[58] and reaffirmed in _Perdue v. Kenny A ex rel. Winn_,[59] under which, for an attorney's hourly rate to be reasonable, it must be in line with "the prevailing market rates in the relevant community"[60] – applies in this adversary proceeding.  But, again, Defendant is applying the wrong standard.  As noted above in connection with Defendant's "billing judgment" objection, the standard to be applied in determining the reasonable hourly rate for purposes of the lodestar calculation in this action is the **_state_** law standard – that of **_Texas_** – not federal standards under federal fee-shifting statutes.  This is, at bottom, a suit on a note governed by Texas contract law. Texas law does not have a requirement that the fee applicant submit evidence that its rates are within the range of rates charged by the relevant legal community.  To the contrary, the Texas legislature has specifically codified a presumption "that the usual and customary attorney's fees

---

[56] This court also noted – as a factor that militated in favor of finding that PSZJ's rates were reasonable hourly rates in this bankruptcy case and related adversary proceedings, especially those related adversary proceedings where Dondero or Dondero-controlled entities were defendants, such as the Five Earlier-Filed Note Actions, including HCMFA, the Defendant in this Action – that Dondero was the very person who hired PSZJ to be Highland's bankruptcy counsel and "agreed, in writing, to the very fee structure and rates" they were complaining about. Supplement to R&R MPSJ at 16.

[57] Objection to Fees, at 6.

[58] 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

[59] 559 U.S. 542, 551, 130 S.Ct. 1662 (2010)(quoting _id._).

[60] _Id._

23-10911.8230

for a claim of the type described in Section 38.001 are reasonable"[61] and that "[t]he court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in:  (1) a proceeding before the court."[62]  Thus, under Texas standards, this court can take judicial notice of the usual and customary rates charged in litigation (in the context of complex chapter 11 cases) and of the hourly rates approved already in the underlying bankruptcy case to assess the reasonableness of PSZJ's hourly rates.[63]

Based on the bankruptcy court's (1) knowledge of the hourly rates approved in cases pending in this district and its extensive experience in approving fees in similar complex chapter 11 litigation (and in this particular bankruptcy case and its many adversary proceedings wherein fee-shifting has been approved), (2) knowledge of the usual and customary rates charged for similar legal services by attorneys with the level of skill, competence, and ability of PSZJ's attorneys, (3) intimate familiarity with the legal, procedural, and factual complexities in this Action, and (4) review of the Morris Declaration and the detailed time entries provided by PSZJ in the PSZJ Invoices, this court finds that the hourly rates charged by PSZJ are reasonable and appropriate to be used in calculating the fee award to be included in the Proposed Judgment.

Though, as noted above, Defendant's arguments based on federal standards in fee-shifting cases do not apply to this adversary proceeding (i.e., a suit based on state law, arising in connection with a bankruptcy case), this court feels compelled to note its disagreement with Defendant's assumption that—if a party is required under federal standards to submit evidence to the court that its attorneys' hourly rates are similar to prevailing rates in the "relevant community"—the relevant

---

[61] Tex. Civ. Prac. & Rem. Code § 38.003 (West 2021).

[62] Tex. Civ. Prac. & Rem. Code § 38.004 (West 2021).

[63] *See supra* notes 14-16 and accompanying text where the Fifth Circuit in *Mathis* applied these evidentiary rules under Texas law in a fee-shifting case that was pending in federal court.

community is limited to the community of practitioners who practice in the Northern District of

Texas, Dallas Division **and** who physically office in the geographic location of Dallas, Texas.  As

noted by the Third Circuit, "The idea that a firm should be restricted to the hourly rate typical in

the locale of the case is unduly parochial in this age of national and regional law firms working on

larger more complex . . . cases of more than local import."[64]  Thus, "[i]n engaging in a market rate

comparison, bankruptcy courts are not circumscribed in their analysis by arbitrary geographic

limitations,[65] but, instead, "[t]he 'community' of professionals to which a bankruptcy court

properly should look for comparison purposes is the community of lawyers capable of performing

'similar work.'"[66]  This approach makes sense because the complex chapter 11 cases in which

PSZJ participates, including this one, "are often more regional or even national than they are local

in scope, so that looking solely to the local community's range of rates would impose an

unnecessarily parochial cap on the case.[67]  The "relevant community" in this Action should be

defined as the community of practitioners who specialize in complex litigation in large chapter 11

bankruptcy cases, frankly, in any district that regularly is the situs for complex business

reorganizations.

Defendant solely relies on a comparison of PSZJ's rates to those charged by Plaintiff's

local counsel, Hayward, to argue that PSZJ's rates are not in line with the rates charged in the

relevant community.  This comparison is misplaced.  The bankruptcy court observes that large,

national bankruptcy practices like PSZJ's (that do not have Dallas offices—PSZJ does happen to

---

[64] *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3d Cir. 1995)(quotations and citations omitted).

[65] *In re ASARCO, LLC*, 2011 WL 2975716 *18 (Bankr. S.D. Tex., July 20, 2011).

[66] *Id.* (citing *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994)).

[67] *ASARCO*, 2011 WL 2975716 at *18 (citing *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d 182, 192 (2d Cir. 2008)("The legal communities of today are increasingly interconnected.  To define markets simply by geography is too simplistic.  Sometimes, legal markets may be defined by practice area.")).

have a Houston office) regularly serve as lead counsel for debtors and committees in some of the largest and most complex bankruptcy cases in the country, including, specifically, those pending in the Northern District of Texas – such as this one.  A more appropriate comparison of rates (under federal standards, which, again, do not apply in this adversary proceeding) would be to the rates charged and approved by this court of Sidley & Austin LLP ("Sidley"), a firm with a national practice (and that happens to have a Dallas office) who represented the official committee of unsecured creditors in *this* case.[68]  Comparing the rates of some of Sidley's Dallas-based attorneys to those charged by PSZJ attorneys with similar skill, expertise, and experience reveals that Sidley's rates exceeded those of PSZJ.  For example,[69] John Morris, a senior litigation partner at PSZJ who graduated from law school in 1990, charged $1,245 per hour in 2021, while Penny Reid, a Dallas-based Sidley litigation partner and a 1989 law school graduate, charged $1,400 per hour in 2021.  PSZJ charged for its associate, Hayley Winograd, who graduated from law school in 2017, $695 per hour in 2021, while Sidley charged $815 per hour for its Dallas-based associate, Juliana Hoffman (a 2017 restructuring associate).  This bankruptcy court reviews hundreds of fee applications a year and can take judicial notice of the billing rates charged by many Texas firms (or firms with Texas offices) and, unequivocally, many of them charge rates comparable to those of PSZJ.[70]  Thus, even under the federal standard of review (which does not apply here), the court

---

[68] *See Twenty-First Monthly and Final Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Monthly Fee Period from July 1, 2021 Through and Including August 11, 2021 and for the Final Fee Period from October 29, 2019 Through and Including August 11, 2021* [BC DE #2904].

[69] The following rate comparisons were identified by PSZJ in its *Brief in Response to Defendants' Objection to the Bankruptcy Court's Supplement to Report and Recommendation to Award Plaintiff Its Attorneys' Fees and Costs* filed in the District Court on December 12, 2022, in the Five Earlier-Filed Note Actions [DCT DE #95].

[70] By way of example, this bankruptcy court takes judicial notice of the attorney billing rates in the following recent, complex chapter 11 cases filed in the Northern District of Texas:  *Rockall Energy Holdings, LLC*, Case # 22-90000-MXM-11 (Texas-based law firm Vinson & Elkins served as debtor's counsel; DE #729 reflected an average hourly rate for all attorneys during the case of $867.35 per hour, p. 2, and, among others, a "Restructuring & Reorganization" Partner (2008 law graduate) billing at $1,285 per hour and a "Complex Commercial Litigation" Partner (2005 law graduate) billing at $1,155 per hour, p. 53); *Corsicana Bedding, LLC*, Case # 22-90016-ELM-11 (Texas-based Haynes

finds that PSZJ's hourly rates are reasonable for purposes of the lodestar calculation of the fee award.

Accordingly, this court recommends that the District Court overrule Defendant's objection to PSZJ's hourly rate.

## III.   Submission of Proposed Form of Judgment to District Court

Having reviewed and considered the Proposed Judgment, the Notices and Backup Documentation regarding the attorneys' fees and costs to be inserted into the Proposed Judgment, and Defendant's Objection to Fees, and for the reasons set forth herein, this court hereby supplements its R&R MSJ and recommends to the District Court that it, after consideration of the R&R MSJ and this supplemental report and recommendation, enter the Proposed Judgment, which is attached hereto as **Exhibit A**.

### *### End of Supplement to Report and Recommendation ###*

---

and Boone law firm served as debtor's counsel; DE #504 reflected a blended rate for all attorneys of $840.04 per hour, p.3, and the lead partner billing at $1,150 per hour (a 1991 law graduate)); *Northwest Senior Housing Corporation*, Case # 22-30659-MVL-11 (Polsinelli law firm, with a large Dallas office, serves as debtor's counsel; DE # 39 reflects a range of $505-$1,210 per hour for partners and $380-$740 per hour for associates, pp. 6 & 20); *AiBuy Holdco, Inc.*, Case # 22-31737-SGJ-11 (Texas lawyers from law firm Foley & Lardner serve as debtor's counsel; DE #66, p. 6, reflects lead partner (a 1987 law graduate) charges $990 per hour). *See also* D. Knauth & A. Goudsward, *FTX Could Pay Over $2,100 Per Hour for Bankruptcy Lawyers*, https://www.reuters.com/legal/ftx-could-pay-over-2100-per-hour-bankruptcy-lawyers-2022-12-22/ (discussing rates of certain New York lawyers appearing in the Delaware bankruptcy case).  Indeed, other bankruptcy judges in the Northern District of Texas recently have approved PSZJ's rates in complex chapter 11 cases.  For example, in *Rockall Energy Holdings, LLC,* Case # 22-90000-MXM-11, Judge Mullin approved PSZJ's rates as counsel to the Official Committee of Unsecured Creditors with a blended hourly rate for attorneys of $1,198.54 per hour and highest hourly rate of $1,525 per hour [DE ## 722, 827], and Judge Hale, in *Tuesday Morning Corp.*, Case # 20-31476-HDH-11, approved PSZJ's rates as counsel to the Official Committee of Equity Security Holders with a blended hourly rate of $900.33 per hour for attorneys and a rate of $1,245 for the lead restructuring partner [DE ## 2068, 2214].

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---------------------------------------------------------------------

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § Adv. Proc. No. 21-03082-sgj |
| | § |
| HIGHLAND CAPITAL MANAGEMENT FUND | § |
| ADVISORS, L.P., | § Case No. 3:21-cv-00881-X |
| | § |
| Defendants. | § |
| | § |

---------------------------------------------------------------------

<u>**PROPOSED FORM OF JUDGMENT**</u>

This matter having come before the Court on *Highland Capital Management L.P.'s Motion for Summary Judgment* [Docket No. 45] (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case (the "<u>Bankruptcy Case</u>") and plaintiff in the above-referenced adversary proceeding (the "<u>Action</u>"); and the Court having considered (a) Highland's Motion and all arguments and evidence

**Exhibit A**

admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and (c) the arguments presented by counsel during the hearing held on July 27, 2022 on the Motion (the "Hearing"); and for the reasons set forth in the *Report and Recommendation to District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* [Docket No. 73] (the "R&R"), filed by the Court on October 12, 2022; the Court hereby enters the following final judgment (the "Final Judgment").  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Highland Capital Management Fund Advisors, L.P. ("HCMFA") will owe Highland **$2,169,270.76** in accrued but unpaid principal and interest due under the 2014 Note[1] (issued on February 26, 2014) as of October 31, 2022, after application of all payments to outstanding principal and interest.  As of October 31, 2022, interest will continue to accrue on the 2014 Note at the rate of **$115.54** per day and will increase to **$117.82** per day on **February 26, 2023**.

2.      HCMFA will owe Highland **$1,012,449.18** in accrued but unpaid principal and interest due under the 2016 Note (issued on February 26, 2016) as of October 31, 2022, after application of all payments to outstanding principal and interest.  As of October 31, 2022, interest will continue to accrue on the 2016 Note at the rate of **$71.41** per day and will increase to **$73.28** per day on **February 26, 2023**.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

3.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$387,007.90**, which is the total actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

4.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF JUDGMENT # # #

23-10911.8237

# TAB 28
**APPELLANTS' RECORD EXCERPTS**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2022**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>    Defendant. | Adversary No. 21-03004-sgj<br><br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03005-sgj<br><br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

23-10911.7961

| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br><br>      Defendants. | Adversary No. 21-03003-sgj<br><br>Civ. Act. No. 3:21-cv-01010<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br><br>      Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>      Defendants. | Adversary No.: 21-03006-sgj<br><br>Civ. Act. No. 3:21-cv-01378<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br><br>      Plaintiff,<br><br>v.<br><br>HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST,<br><br>      Defendants. | Adversary No.: 21-03007-sgj<br><br>Civ. Act. No. 3:21-cv-01379<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

## SUPPLEMENT TO REPORT AND RECOMMENDATION DATED JULY 19, 2022, TRANSMITTING PROPOSED FORMS OF JUDGMENT

## I.      Introduction and Background

On July 20, 2022, the bankruptcy clerk transmitted this court's *Report and Recommendation to District Court:  Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants*[1] *(With Respect to All Sixteen Promissory*

---

[1] The "Note Maker Defendants"—sometimes collectively referred to simply as the "Defendants"—are: James D. Dondero (Adv. Pro. 21-3003)(Civ. Action No. 3:21-cv-01010); Highland Capital Management Fund Advisors, L.P. (Adv. Pro. 21-3004)(Civ. Action No. 3:21-cv-00881); NexPoint Advisors, L.P. (Adv. Pro. 21-3005)(Civ. Action No.

23-10911.7962

*Notes) in the Above-Referenced Consolidated Note Actions* ("R&R MPSJ")[DE # 50][2] for filing

in the above-referenced consolidated Civ. Act. No. 3:21-cv-881.  In the R&R MPSJ, this court

recommended that the District Court enter summary judgment "holding the Note Maker

Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes,

pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable

attorneys' fees in an amount to be determined."  In the last paragraph of the R&R MPSJ, this court

directed Plaintiff (Highland) "**to promptly submit a form of Judgment applicable to each Note**

**Maker Defendant that calculates proper amounts due pursuant to this Report and**

**Recommendation, including interest accrued to date (and continuing to accrue per diem), as**

**well as costs and attorneys' fees incurred.**" The court further set forth the procedures for the

submission of the proposed forms of judgment and this court's transmittal of such to the District

Court for its consideration in connection with the R&R MPSJ:

> **The costs and attorneys' fees calculation shall be separately filed as a Notice with backup documentation attached. The Note Maker Defendants shall have 21 days after the filing of such Notice to file an objection to the reasonableness of the attorneys' fees and costs.  The bankruptcy court will thereafter determine the reasonableness in Chambers (unless the bankruptcy court determines that a hearing is necessary) and will promptly submit the form Judgments, along with appropriate attorneys' fees and costs amounts inserted into the form Judgments, to the District Court, to consider along with this Report and Recommendation.**

R&R MPSJ, last para.

---

3:21-cv-00880); Highland Capital Management Services, Inc. (Adv. Pro. 21-3006)(Civ. Action No. 3:21-cv-01378); and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC (Adv. Pro. 21-3007)(Civ. Action No. 3:21-cv-01379).

[2] The R&R MPSJ was entered separately in each of the five underlying adversary proceedings on July 19, 2022 prior to transmittal to the District Court.  *See* Adv. Pro. 21-3003 [DE #191], Adv. Pro. 21-3004 [DE #163], Adv. Pro. 21-3005 [DE #207], Adv. Pro. 21-3006 [DE #213], and Adv. Pro. 21-3007 [DE #208].

23-10911.7963

II.     **Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs**

 A. *Highland Submits Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs To Be Included Therein*

  The parties entered into a stipulation (the "<u>Stipulation</u>") regarding the procedures for objecting to the R&R MPSJ in the District Court and for the submission of the proposed forms of judgment and attorneys' fees and costs to the bankruptcy court pursuant to the directive in the R&R MPSJ, which was filed on July 25, 2022, in each of the adversary proceedings[3] and on July 26, 2022, in the District Court.[4]  In the Stipulation, the parties agreed and stipulated to a briefing schedule as follows:[5]

  1. Plaintiff will file a form of judgment (as described in the R&R) (the "Proposed Judgment") with Notice by August 5, 2022;

  2. Defendants will file any objections to the R&R and/or the Proposed Judgment ("Defendants' Objections") by August 23, 2022; [and,]

  3. Plaintiff will respond to Defendants' Objections on or before September 27, 2022.

  On August 5, 2022, Highland filed its *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment,*[6] *Notice of Attorneys' Fees Calculation and Backup Documentation* regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, L.L.P. ("<u>PSZ&J</u>"),[7] and *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward*

---

[3] *See* Adv. Pro. 21-3003 [DE #196], Adv. Pro. 21-3004 [DE #168], Adv. Pro. 21-3005 [DE #212], Adv. Pro. 21-3006 [DE #218], and Adv. Pro. 21-3007 [DE #213].

[4] *See* Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation [DE #53].

[5] Stipulation at 4.

[6] *See* Adv. Pro. 21-3003 [DE #199], Adv. Pro. 21-3004 [DE #171], Adv. Pro. 21-3005 [DE #216], Adv. Pro. 21-3006 [DE #221], and Adv. Pro. 21-3007 [DE #216].

[7] *See* Adv. Pro. 21-3003 [DE #197], Adv. Pro. 21-3004 [DE #169], Adv. Pro. 21-3005 [DE #214], Adv. Pro. 21-3006 [DE #219], and Adv. Pro. 21-3007 [DE #214].

*PLLC*.[8]  Highland did not file with the bankruptcy court its proposed forms of judgment (but did upload the proposed form of judgment ("Proposed Judgment(s)") to the bankruptcy court's order processing system in each of the five adversary proceedings).

### B.   Defendants Object to Proposed Form of Judgment Awarding Attorneys' Fees and Costs

On August 23, 2022, the Defendants filed in the bankruptcy court *Defendants' Objection to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*[9] in which they objected to Highland's proposed form of judgment and to the reasonableness of the attorneys' fees proposed to be included therein ("Proposed Judgment Objection").[10]  Defendants objections to the Proposed Judgment fall into one of seven categories:

(1) Mathematical error;

(2) Excessive redaction;

(3) Fees should be limited to breach of contract and turnover claims;

(4) "Unsegregated fees" should be excluded;

(5) Fees attributable to "unsuccessful litigation" should be excluded;

(6) PSZ&J's rates are too high;

(7) The distribution of fees and costs equally among the five Defendants is unreasonable.

---

[8] *See* Adv. Pro. 21-3003 [DE #198], Adv. Pro. 21-3004 [DE #170], Adv. Pro. 21-3005 [DE #215], Adv. Pro. 21-3006 [DE #220], and Adv. Pro. 21-3007 [DE #215].

[9] *See* Adv. Pro. 21-3003 [DE #204], Adv. Pro. 21-3004 [DE #173], Adv. Pro. 21-3005 [DE #221], Adv. Pro. 21-3006 [DE #226], and Adv. Pro. 21-3007 [DE #221].

[10] On the same day, the Defendants filed in the District Court *Defendants' Objection to the Bankruptcy Court's Report and Recommendation to the District Court Proposing That It Grant Summary Judgment in Favor of the Plaintiff* ("Objection to R&R MPSJ") [DCT DE #62].

23-10911.7965

### C.    *Highland Files Motion for Leave to Supplement Backup Documentation with Supplemental Invoices*

Defendants allege in the Proposed Judgment Objection that there is a math error ("Alleged Math Error") of $395,996.50, *see* Proposed Judgment Objection at 5-6, and "[t]here may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n.2.  On September 20, 2022, Highland's counsel emailed Defendants' counsel to inform them that there is no Alleged Math Error because: (a) Highland inadvertently omitted from its Backup Documentation the fee invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation, but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. Morris Dec. Ex. A.[11]  Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which account for approximately 80% of the Alleged Math Error). Morris Dec. Ex. B and Ex. C, respectively.  Highland's counsel offered to stipulate to this issue, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices. Morris Dec. Ex. A.  Defendants' counsel had not responded as of September 27, 2022, when Highland filed its Motion for Leave, seeking leave of the bankruptcy court to supplement the Backup Documentation with the Supplemental Invoices. Motion for Leave, ¶ 9.  On the same day, Highland filed its *Response to Defendants' Objection to Plaintiff's*

---

[11] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, Adv. Pro. 21-3003 [DE #206], Adv. Pro. 21-3004 [DE #175], Adv. Pro. 21-3005 [DE #223], Adv. Pro. 21-3006 [DE #228], and Adv. Pro. 21-3007 [DE #223], filed in the adversary proceedings in connection with Highland's *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Motion for Leave") filed on September 27, 2022. Adv. Pro. 21-3003 [DE #205], Adv. Pro. 21-3004 [DE #174], Adv. Pro. 21-3005 [DE #222], Adv. Pro. 21-3006 [DE #227], and Adv. Pro. 21-3007 [DE #222].

23-10911.7966

*Proposed Form of Judgment Awarding Attorney's Fees and Costs*[12] and its brief in support of its Proposed Form of Judgment Awarding Attorneys' Fees and Costs (together, the "Response").[13]

On October 18, 2022 – 28 days after Defendants' counsel had been provided with copies of the Supplemental Invoices – Defendants filed their *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Opposition").[14]  Defendants argued that Highland should not be allowed to supplement the Backup Documentation with the Supplemental Invoices because allowing such would cause Defendants to "suffer prejudice." Specifically, Defendants asserted that Highland's failure to include the Supplemental Invoices as part of the original Backup Documentation (a)  "has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis," (b) gives Highland "two bites at the apple to recover [fees and costs] it never presented to Defendants for examination in the first place," and (c) has caused Defendants to be prejudiced and to suffer "undue surprise because [they were] not afforded an opportunity to examine those statements while [they were] briefing on Plaintiff's originally-provided billing statements." Opposition, ¶ 3.

---

[12] Adv. Pro. 21-3003 [DE #207], Adv. Pro. 21-3004 [DE #176], Adv. Pro. 21-3005 [DE #224], Adv. Pro. 21-3006 [DE #229], and Adv. Pro. 21-3007 [DE #224].

[13] Adv. Pro. 21-3003 [DE #208], Adv. Pro. 21-3004 [DE #177], Adv. Pro. 21-3005 [DE #225], Adv. Pro. 21-3006 [DE #230], and Adv. Pro. 21-3007 [DE #225].

[14] Adv. Pro. 21-3003 [DE #210], Adv. Pro. 21-3004 [DE #179], Adv. Pro. 21-3005 [DE #227], Adv. Pro. 21-3006 [DE #232], and Adv. Pro. 21-3007 [DE #227].

23-10911.7967

On October 21, 2022, Highland filed its *Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Reply").[15]  This court considered Highland's Motion for Leave, Defendants' Opposition, and Highland's Reply and, on October 24, 2022, entered orders in each of the adversary proceedings, granting Highland's Motion for Leave, allowing Highland to supplement the Backup Documentation with the Supplemental Invoices.[16]

### D.   This Court Recommends That the District Court Overrule Defendants' Objections to the Proposed Forms of Judgment Awarding Attorneys' Fees and Costs

This court then turned to its in-chambers review of the Defendants' Proposed Judgment Objection in accordance with the procedures set forth in the "Submission of Judgment" section of its R&R MPSJ.  For the following reasons, this court recommends that the District Court overrule each of the objections set forth in Defendants' Proposed Judgment Objection:

### 1.  *Objection #1: Mathematical Error*

As noted above, Defendants object to the proposed attorneys' fees and costs based on an Alleged Math Error.  With leave of court, Highland supplemented the Backup Documentation with two invoices (for January 2022 and February 2022), which accounted for nearly 80% of the Alleged Math Error.  The remaining approximately 20% of the Alleged Math Error was attributable to the "partially redacted entries for which the total was redacted" and which Defendants found to be "unduly difficult to decipher."  Highland explained that multiplying the time identified in the unredacted portions of the partially redacted entries, only, by the hourly rate

---

[15] Adv. Pro. 21-3003 [DE #211], Adv. Pro. 21-3004 [DE #180], Adv. Pro. 21-3005 [DE #228], Adv. Pro. 21-3006 [DE #233], and Adv. Pro. 21-3007 [DE #228].

[16] Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE #229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229].

of the identified timekeeper (and totaling the resultant amounts) accounts for the remaining Alleged Math Error, such that there is no math error in the proposed attorneys' fees and costs to be included in the Proposed Judgments. Thus, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

*2. Objection #2: Excessive Redaction*

Defendants contend that fees should not be awarded for "overly redacted" time entries. As set forth in the Morris Declaration (filed in support of the Proposed Judgment(s) and Notices of Attorneys' Fees and Costs), Highland does not seek compensation for any time entry that was redacted; therefore, the court recommends that the district court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

*3. Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims*

Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were "the only claims addressed by the R&R issued by the Court," quoting the Texas Supreme Court case, *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006), for the proposition that "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." The *Chapa* case does not support Defendants' objection because the court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error. Here, the Notes at issue *do* provide that Highland is entitled to *all* costs of collection, not just those directly incurred on a subset of litigated issues. Specifically, Section 6 of each Note provides:

> **Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

Nothing in Section 6 limits Highland's recovery of "all actual expenses of collection" to only breach of contract and turnover claims, where all of the causes of action and claims asserted in the adversary proceeding were expenses of collecting on the Notes.

Moreover, the Texas Supreme Court in *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007)(citations omitted), which expressly followed *Chapa*, upheld an award of attorneys' fees to the prevailing plaintiff who successfully sued on a promissory note that included fees incurred by the plaintiff in defending against the defendant's counterclaim:[17]

> But we disagree that fees defending against the [defendants'] counterclaim must be segregated too.  By asserting a shortfall of acreage as a defense and counterclaim, [defendants] sought to reduce the amount collected on the note; to collect the full amount, [plaintiffs] had to overcome this defense.  As their attorney's efforts to that effect were necessary to recover on their contract, they are recoverable.

Here, all of the counts in the amended complaint were included in connection with, and directly related to, Highland's pursuit of recovery on the Notes.  All of the time spent by Highland's counsel responding to Defendants' various defenses and litigating the myriad issues that have arisen in these proceedings were incurred in pursuit of, and were necessary to, Highland's recovery on the Notes.  Thus, because all of the attorneys' fees and costs submitted by Highland for

---

[17] *See also In re Arnette*, 2011 WL 3651294, *3 -*4 (Bankr. N.D. Tex. Aug. 18, 2011)(where the bankruptcy court found that fees incurred by plaintiff in plaintiff's successful suit on a note that were incurred to prove plaintiff's (a) fraud claims "contributed directly to the [plaintiff's] efforts to collect and enforce the notes against [the defendant such that] . . . [t]he terms of the notes themselves make these fees recoverable," and (b) § 523 claims "were part and parcel of its efforts to collect and enforce the breach of contract and suit on a note claims[, and, thus,] "fall within the ambit of the recoverable fees under the notes.").

inclusion in the Proposed Judgments were incurred as "actual expenses of collection" on the Notes, they are recoverable by Highland in the Proposed Judgments.  For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

4. *Objection #4: "Unsegregated fees" Should Be Excluded*

Defendants argue that Highland should not recover fees where counsels' time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties*[18] case. *Clearview Properties* stands for the proposition that a plaintiff seeking an award of fees has the burden of demonstrating that segregation is not required and that a mere assertion that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore a critical distinction between these adversary proceedings and the *Clearview Properties* case: "*these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed." Response, ¶ 15.  Early in the proceedings, this court approved a stipulation of the parties providing, among other things:[19]

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [ ] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [A]dversary [P]roceedings are usable as if received in every other [P]roceeding.

Highland points out the absurdity of Defendants' argument in its Response,[20]

---

[18] *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex.App. – Houston [14th Dist.] 2009).

[19] *See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues*, at ¶ 4, Adv. Pro. 21-3003 [DE #86], Adv. Pro. 21-3004 [DE #67], Adv. Pro. 21-3005 [DE #70], Adv. Pro. 21-3006 [DE #75], and Adv. Pro. 21-3007 [DE #70].

[20] Response, at ¶ 20.

11

> The very consolidation that enabled all parties and this Court to enjoy at least some level of litigation efficiency, the very consolidation these Defendants wanted and moved this Court to impose, is now the consolidation Defendants would have this Court utterly ignore in favor of requiring Plaintiff to do the impossible—to segregate fees incurred in fully consolidated proceedings, Defendant by closely-affiliated Defendant, as though there were no consolidation either ordered by this Court or stipulated to by these Defendants. The egg has been thoroughly scrambled for well over a year. Defendants willingly scrambled it, but would now have the prevailing Plaintiff separate yolk from white.

This court agrees that Defendants should not now be heard to complain about the consequences of the very consolidation of these Adversary Proceedings that was done at the behest of all parties, including the Defendants, for the purposes of creating litigation efficiencies (which necessarily benefited all of the Defendants in the end by limiting the total attorneys' fees incurred in connection with the litigation of the consolidated proceedings). Accordingly, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

5.  *Objection #5: Fees Attributable to "Unsuccessful Litigation" Should Be Excluded*

In their Proposed Judgment Objection, Defendants argue that a plaintiff cannot recover attorneys' fees for work related to "***claims*** as to which he or she did not prevail," Proposed Judgment Objection, 16 (quoting a Massachusetts federal district court case—*Roggio v. Grasmuck*, 18 F.Supp.3d 49, 56 (D. Mass. 2014)(citing a First Circuit case, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008))(emphasis added)). Defendants follow with a "*see also*" citation to the only case cited by the Defendants that would be binding authority: to the Fifth Circuit's *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246-48 (5th Cir. 2011), for the proposition that Highland must "present evidence by which to allocate its legal fees among successful and unsuccessful ***claims***." *Id.* (emphasis added). Finally, Defendants highlight three pieces of this complex and lengthy litigation as instances in which Highland "did not prevail" and

argue that, under their cited legal "authority," Highland cannot recover fees that are associated with those three pieces of litigation.

Neither the nonbinding authority nor the binding Fifth Circuit authority is applicable to Highland's ability to recover the full amount of the fees requested here. First, the authorities discuss the recoverability under certain circumstances of fees incurred in litigating successful *claims*, in the sense of causes of action, versus unsuccessful *claims*, again, in the sense of causes of action, in the same litigation. None of the three litigation instances identified by Defendants as "matters" in which Highland "did not prevail"[21] were separate *claims* (or causes of action) being pursued by Highland in the litigation. Rather, they were discrete issues that were litigated in the context of Highland's pursuit of collection on the Notes. And, as noted above, pursuant to the terms of the Notes, Highland is entitled to recover *all* expenses of collection, including attorneys' fees and costs. If attorneys' fees were incurred in the course of Highland's efforts to collect on the Notes, those fees are recoverable.

Defendants cite no law that requires a successful plaintiff entitled to *all* expenses (including costs and attorneys' fees) of collection on a note to prevail on every motion or issue that is litigated

---

[21] The three matters in which Defendants assert Highland "did not prevail" were (1) its opposition to Defendants' motion to strike a David Klos declaration; (2) its motion for sanctions that was filed as a part of a single motion seeking two forms of relief: (a) the striking of an argument in opposition to summary judgment that was precluded by a prior court order and (b) sanctions for that conduct; and (3) its efforts to consolidate these proceedings before a different district court judge than who ultimately received these cases. Highland argues that a plaintiff's "uniform success at every small step on the way to complete victory" is not required in order to recover *all* fees under the notes and that, even if such were a requirement, the Defendants "mischaracterize all three instances of so-called 'unsuccessful' litigation." Response, ¶ 23. With respect to Highland's opposition to the striking of the David Klos declaration, Highland notes that the Bankruptcy Court granted the motion on the ground that Highland had not sought leave to include the declaration in a reply appendix, and, thus, it "was a simple evidentiary ruling by the court and does not constitute an example of 'unsuccessful litigation.'" *Id.* at ¶ 23(a). With respect to the request for sanctions, Highland argues that it did not "lose" its "motion for sanctions"; rather, Highland prevailed on its motion seeking to strike one of Defendants' arguments in opposition to summary judgment that included a request for sanctions that the Bankruptcy Court did not grant when it granted the motion. *Id.* at ¶ 23(b). Lastly, Highland argues that its efforts to consolidate these proceedings before a different district judge "were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes" that was resolved in a couple of weeks and was not "unreasonable." *Id.* at ¶ 23(c).

in a multi-faceted, multiple-defendant, multi-year, consolidated-for-all-purposes litigation to have "all expenses of collection" awarded as part of the judgment on the note.  Defendants' citation to the Fifth Circuit's *Wal-Mart* case is misplaced.   In the *Wal-Mart* case, the Fifth Circuit addressed the issue of whether, under Mississippi law, Wal-Mart was entitled to recover from one defendant the full amount of attorneys' fees incurred in its breach of contract and negligence suit against three firms that it had hired to assist with the design and construction of a new store after the jury had awarded damages to Wal-Mart on some, but not all, of its causes of action. After trial, the jury had found that the testing and inspection firm ("Qore") was liable for 10% of the damages to the building along with one of the other defendant firms, which the jury found to be liable for 90% of the damages to the building. *Wal-Mart*, 647 F.3d at 241.  The jury also determined that Qore's liability on the damages to the building claim was entirely attributable to its work done under its testing and inspection contract and not under its geotechnical services contract. *Id.*  By post-trial motion, Wal-mart sought to recover the entire amount of its fees incurred in the litigation—on all claims, successful and unsuccessful, and against all parties—from Qore. *Id.*  The district court granted Wal-Mart's motion subject to a small reduction attributable to an adjustment to the lodestar rate and some excessive billing. *Id.* at 242.  Qore appealed the district court's fee award, and asked the Fifth Circuit to vacate it. *Id.* at 242.

The Court first agreed with the district court's finding that a plain reading of an indemnity provision in the testing and inspection contract, which stated that "[Qore] . . . agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by [Qore] . . . ," allowed for Wal-Mart's recovery of reasonable fees. *Id.* at 243.  Qore contended, though, that "in light of Wal-Mart's multiple claims against multiple parties, only one of which was successful as to Qore, the district

court's fee award should be vacated because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims as required by Mississippi law" and that "Wal-Mart's recovery is limited to those fees incurred in prosecuting the single claim upon which it prevailed against Qore, i.e., fees spent proving Qore's fractional share of liability on the building repair claim. . . ." *Id.* at 244.   The Fifth Circuit agreed with Qore.  But, importantly as to why *Wal-Mart* does not support Defendants' objection here, the Fifth Circuit found that "Wal-Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim," *id.* at 245-46, only because the sole basis for Wal-Mart's recovery of attorney's fees against Qore was the contractual indemnity provision, and a plain reading of that provision—that entitled Wal-Mart to reimbursement of attorney's fees "caused by any negligent act or omission" on the part of Qore—limited Qore's duty to reimburse Wal-Mart for its reasonable attorney's fees "to those fees proximately and legally 'caused by' Qore's negligence." *Id.* at 245.

Here, to repeat a theme throughout this supplemental report and recommendation, all of the Notes that were the subject of this litigation and the Proposed Judgments provide that Highland is entitled to recover "***all*** actual expenses of collection" on the Notes, including "all court costs and reasonable attorneys' fees incurred by the holder hereof." (emphasis added). There is no limitation to the phrase "all actual expenses of collection" that is similar to the language in the contract in the *Wal-Mart* case that limited Wal-Mart's recovery of fees to those fees "caused by" Qore's negligence.  The attorneys' fees sought by Highland were all expenses incurred in the collection of the Notes in these consolidated proceedings in which Highland was successful against all of the Defendants identified in the Proposed Judgments and from whom Highland seeks recovery of reasonable attorneys' fees and costs.  In the *Wal-Mart* case, the defendants were

23-10911.7975

unaffiliated, the plaintiff did *not* prevail against all the defendants, and there was no mention of the type of deep consolidation of all proceedings in that litigation that has occurred in these Adversary Proceedings (at the behest and agreement of all of the parties to this litigation, including the Defendants).  For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

6. *Objection #6: PSZJ's's Rates Are Too High*

Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates charged by local firms for similar services.  This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*.[22]  In addition, Mr. Dondero, when he controlled Highland, personally hired PSZJ to be bankruptcy counsel for Highland and "agreed, in writing, to the very fee structure and rates (albeit with disclosed, annual increases customary in the industry) he now complains about." *See* Response, ¶ 25.  This court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

7. *Objection #7:  The Distribution of Fees and Costs Among Defendants Is Unreasonable*

Defendants assert that Highland's proposed distribution of awarded fees among the five Defendants "is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment

---

[22] *See* Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #3055].

against each Defendant and their involvement in the case." Proposed Judgment Objection, 21.  In response, Highland indicates that it "is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors." Response, ¶ 27.  Thus, without deciding whether an equal allocation among Defendants of attorneys' fees and costs is improper in these adversary proceedings, this court recommends to the District Court that the provision in each of the Proposed Judgments that allocates to each Defendant "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland," be replaced with an actual allocated amount of the fees and costs, which is a *pro rata* allocation based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants under the Proposed Judgments.

## III.   Submission of Proposed Forms of Judgment to District Court

Having considered the Proposed Judgment in each of the adversary proceedings and the Notices and Backup Documentation (as supplemented by Highland) regarding the attorneys' fees and costs to be inserted into each Proposed Judgment; Defendants' Proposed Judgment Objection; and Highland's Response; and for the reasons set forth herein, this court hereby supplements its R&R MPSJ and recommends to the District Court that it, after consideration of the R&R MPSJ and this supplemental report and recommendation, enter the applicable Proposed Judgment (as modified to reflect a *pro rata* allocation of attorneys' fees and costs based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants) in each of the five adversary proceedings that are hereby transmitted as exhibits hereto.  The proposed forms of judgment in

Adv. Proc. No. 21-3003, Adv. Proc. No. 21-3004, Adv. Proc. No. 21-3005, Adv. Proc. No. 21-3006, and Adv. Proc. No. 21-3007 are attached hereto as **Exhibits A-E**, respectively.[23]

### *### End of Supplement to Report and Recommendation ###*

---

[23] A spreadsheet showing this court's calculation of the proposed allocation of attorneys' fees and costs to each Note Maker Defendant is attached hereto as **Exhibit F**.

23-10911.7978

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., § | Bankr. Case No. 19-34054-sgj11 |
| § | |
| Reorganized Debtor. § | |
| § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., § | |
| § | Adv. Pro. No. 21-3003-sgj |
| Plaintiff, § | |
| § | Civ. Act. No. 3:21-cv-1010-X |
| JAMES DONDERO, NANCY DONDERO, and § | |
| THE DUGABOY INVESTMENT TRUST, § | **(Consolidated under** |
| § | **Civ. Act. No. 3:21-cv-881-X)** |
| Defendants. § | |
| § | |

<u>**PROPOSED FORM OF JUDGMENT**</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion (the

1

"Hearing"); and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Mr. James Dondero ("Mr. Dondero") will owe Highland **$3,873,613.93** in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of **$278.50** per day and will increase to **$285.91** per day on **February 2, 2023**.

2.      Mr. Dondero will owe Highland **$2,778,356.23** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second Note at the rate of **$224.43** per day and will increase to **$231.05** per day on **August 1, 2023**.

3.      Mr. Dondero will owe Highland **$2,778,339.88** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of **$218.20** per day and will increase to **$224.64** per day on **August 13, 2022**.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

23-10911.7980

4.      In addition to the forgoing, and pursuant to the terms of each applicable Note, Mr. Dondero shall pay to Highland the amount of **$443,074.35**, which is his *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by Mr. Dondero to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

5.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § § | Adv. Pro. No. 21-3004-sgj |
| Plaintiff, | § § | Civ. Act. No. 3:21-cv-881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § | |
| Defendants. | § § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion

1

**Exhibit B**
<span style="color:red">23-10911.7982</span>

and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Highland Capital Management Fund Advisors, L.P. ("HCMFA") will owe Highland **$2,552,628.61** in accrued but unpaid principal and interest due under HCMFA's First Note[1] (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's First Note at the rate of **$166.08** per day and will increase to **$170.05** per day on **May 2, 2023.**

2.      HCMFA will owe Highland **$5,317,989.86** in accrued but unpaid principal and interest due under HCMFA's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's Second Note at the rate of **$346.02** per day and will increase to **$354.29** per day on **May 3, 2023.**

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7983

3.          In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$369,793.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMFA to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

4.          The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3005-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-880-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, | § | |
| ADVISORS, L.P., NANCY DONDERO, and | § | **(Consolidated under** |
| THE DUGABOY INVESTMENT TRUST | § | **Civ. Act. No. 3:21-cv-881-X)** |
| | § | |
| Defendants. | § | |
| | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for

1

**Exhibit C**

the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      NexPoint Advisors, L.P. ("NexPoint") will owe Highland **$23,389,882.79** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of **$3,801.79** per day and will increase to **$4,029.90** per day on **May 31, 2023.**

2.      In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint shall pay to Highland the amount of **$1,098,951.89**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by NexPoint to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

3.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7986

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3006-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1378-X |
| HIGHLAND CAPITAL MANAGEMENT | § | |
| SERVICES, INC., JAMES DONDERO, NANCY | § | **(Consolidated under** |
| DONDERO, and THE DUGABOY | § | **Civ. Act. No. 3:21-cv-881-X)** |
| INVESTMENT TRUST | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and

1

23-10911.782    Exhibit D

all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Highland Capital Management Services, Inc. ("HCMS") will owe Highland **$166,196.60** in accrued but unpaid principal and interest due under HCMS's First Demand Note[1] (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of **$12.98** per day and will increase to **$13.35** per day on **March 26, 2023.**

2.      HCMS will owe Highland **$222,917.23** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of **$18.56** per day and will increase to **$19.13** per day on **June 25, 2023.**

3.      HCMS will owe Highland **$425,435.63** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCMS's Third Demand Note at the rate of **$27.73** per day and will increase to **$28.39** per day on **May 29, 2023**.

4.      HCMS will owe Highland **$159,454.92** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of **$10.32** per day and will increase to **$10.57** per day on **June 26, 2023**.

5.      HCMS will owe Highland **$6,071,718.32** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of **$455.09** per day and will increase to **$467.61** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$331,036.73**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3007-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1379-X |
| HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL REAL ESTATE PARTNERS, LLC)., JAMES DONDERO, NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST | § § § § | **(Consolidated under Civ. Act. No. 3:21-cv-881-X)** |
| | § | |
| Defendants. | § | |
| | § | |

**PROPOSED FORM OF JUDGMENT**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion

1

**Exhibit E**

and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE") will owe Highland **$195,476.70** in accrued but unpaid principal and interest due under HCRE's First Demand Note[1] (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of **$40.58** per day and will increase to **$43.83** per day on **November 27, 2022**.

2.      HCRE will owe Highland **$3,551,285.37** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of **$730.34** per day and will increase to **$788.77** per day on **October 12, 2022**.

3.      HCRE will owe Highland **$986,472.32** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7991

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of **$203.00** per day and will increase to **$219.24** per day on **October 15, 2022**.

4.      HCRE will owe Highland **$866,600.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCRE's Fourth Demand Note at the rate of **$177.60** per day and will increase to **$191.81** per day on **September 25, 2022**.

5.      HCRE will owe Highland **$6,196,688.51** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of **$1,337.94** per day and will increase to **$1,444.98** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$554,248.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

| | | | PROPOSED ALLOCATION OF ATTORNEYS' FEES AND COSTS | | | | |
|---|---|---|---|---|---|---|---|
| Civ. Act. No.* | Bankr. Adv. # | Note Maker Defendant** | P&I by Note | P&I by Defendant | Attys' Fees Ratio (Def P&I/Tot P&I) | Pro Rata Amt Attys' Fees | Equal Allocation of Attys' Fees to each Def |
| 3:21-cv-1010 | 21-3003 | Dondero | $ 3,873,613.93 | | | | |
| | | | $ 2,778,356.23 | | | | |
| | | | $ 2,778,339.88 | $ 9,430,310.04 | 0.158404598 | $ 443,074.35 | $ 559,421.07 |
| 3:21-cv-881 | 21-3004 | HCMFA | $ 2,552,628.61 | | | | |
| | | | $ 5,317,989.86 | $ 7,870,618.47 | 0.13220585 | $ 369,793.69 | $ 559,421.07 |
| 3:21-cv-880 | 21-3005 | NexPoint | $ 23,389,882.79 | $ 23,389,882.79 | 0.392888988 | $ 1,098,951.89 | $ 559,421.07 |
| 3:21-cv-1378 | 21-3006 | HCMS | $ 166,196.60 | | | | |
| | | | $ 222,917.23 | | | | |
| | | | $ 425,435.63 | | | | |
| | | | $ 159,454.92 | | | | |
| 3:21-cv-1379 | 21-3007 | HCRE | $ 6,071,718.32 | $ 7,045,722.70 | 0.118349753 | $ 331,036.73 | $ 559,421.07 |
| | | | $ 195,476.70 | | | | |
| | | | $ 3,551,285.37 | | | | |
| | | | $ 986,472.32 | | | | |
| | | | $ 866,600.77 | | | | |
| | | | $ 6,196,688.51 | $ 11,796,523.67 | 0.198150811 | $ 554,248.69 | $ 559,421.07 |
| | | | $ 59,533,057.67 | $ 59,533,057.67 | 1 | $ 2,797,105.35 | $ 2,797,105.35 |

*The 5 Proceedings were consolidated at the District Court level under Civ. Act. No. 3:21-cv-881.

**Each of the proceedings (with the exception of 3:21-cv-881, where HCMFA is the only defendant) have additional defendants, but the Proposed Judgments are proposed to be entered against only the identified Note Maker Defendant in each proceeding.

**Exhibit F**
23-10911.7993

# TAB 29
**APPELLANTS' RECORD EXCERPTS**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2022**

_____
**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>    Defendant. | Adversary No. 21-03004-sgj<br><br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03005-sgj<br><br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

23-10911.7848

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br><br>     Defendants. | Adversary No. 21-03003-sgj <br><br> Civ. Act. No. 3:21-cv-01010 <br><br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br><br>     Plaintiff. <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No.: 21-03006-sgj <br><br> Civ. Act. No. 3:21-cv-01378 <br><br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br><br>     Plaintiff. <br><br> v. <br><br> HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No.: 21-03007-sgj <br><br> Civ. Act. No. 3:21-cv-01379 <br><br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

## SUPPLEMENT TO REPORT AND RECOMMENDATION DATED JULY 19, 2022, TRANSMITTING PROPOSED FORMS OF JUDGMENT

## I.    Introduction and Background

On July 20, 2022, the bankruptcy clerk transmitted this court's *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants[1] (With Respect to All Sixteen Promissory*

---

[1] The "Note Maker Defendants"—sometimes collectively referred to simply as the "Defendants"—are: James D. Dondero (Adv. Pro. 21-3003)(Civ. Action No. 3:21-cv-01010); Highland Capital Management Fund Advisors, L.P. (Adv. Pro. 21-3004)(Civ. Action No. 3:21-cv-00881); NexPoint Advisors, L.P. (Adv. Pro. 21-3005)(Civ. Action No.

23-10911.7849

*Notes) in the Above-Referenced Consolidated Note Actions* ("R&R MPSJ")[DE # 50][2] for filing

in the above-referenced consolidated Civ. Act. No. 3:21-cv-881.  In the R&R MPSJ, this court

recommended that the District Court enter summary judgment "holding the Note Maker

Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes,

pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable

attorneys' fees in an amount to be determined."  In the last paragraph of the R&R MPSJ, this court

directed Plaintiff (Highland) "**to promptly submit a form of Judgment applicable to each Note**

**Maker Defendant that calculates proper amounts due pursuant to this Report and**

**Recommendation, including interest accrued to date (and continuing to accrue per diem), as**

**well as costs and attorneys' fees incurred.**" The court further set forth the procedures for the

submission of the proposed forms of judgment and this court's transmittal of such to the District

Court for its consideration in connection with the R&R MPSJ:

> **The costs and attorneys' fees calculation shall be separately filed as a Notice with backup documentation attached. The Note Maker Defendants shall have 21 days after the filing of such Notice to file an objection to the reasonableness of the attorneys' fees and costs.  The bankruptcy court will thereafter determine the reasonableness in Chambers (unless the bankruptcy court determines that a hearing is necessary) and will promptly submit the form Judgments, along with appropriate attorneys' fees and costs amounts inserted into the form Judgments, to the District Court, to consider along with this Report and Recommendation.**

R&R MPSJ, last para.

---

3:21-cv-00880); Highland Capital Management Services, Inc. (Adv. Pro. 21-3006)(Civ. Action No. 3:21-cv-01378); and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC (Adv. Pro. 21-3007)(Civ. Action No. 3:21-cv-01379).

[2] The R&R MPSJ was entered separately in each of the five underlying adversary proceedings on July 19, 2022 prior to transmittal to the District Court.  *See* Adv. Pro. 21-3003 [DE #191], Adv. Pro. 21-3004 [DE #163], Adv. Pro. 21-3005 [DE #207], Adv. Pro. 21-3006 [DE #213], and Adv. Pro. 21-3007 [DE #208].

II.     **Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs**

    *A.      Highland Submits Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs To Be Included Therein*

The parties entered into a stipulation (the "Stipulation") regarding the procedures for objecting to the R&R MPSJ in the District Court and for the submission of the proposed forms of judgment and attorneys' fees and costs to the bankruptcy court pursuant to the directive in the R&R MPSJ, which was filed on July 25, 2022, in each of the adversary proceedings[3] and on July 26, 2022, in the District Court.[4]  In the Stipulation, the parties agreed and stipulated to a briefing schedule as follows:[5]

1. Plaintiff will file a form of judgment (as described in the R&R) (the "Proposed Judgment") with Notice by August 5, 2022;

2. Defendants will file any objections to the R&R and/or the Proposed Judgment ("Defendants' Objections") by August 23, 2022; [and,]

3. Plaintiff will respond to Defendants' Objections on or before September 27, 2022.

On August 5, 2022, Highland filed its *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*,[6] *Notice of Attorneys' Fees Calculation and Backup Documentation* regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, L.L.P. ("PSZ&J"),[7] and *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward*

---

[3] *See* Adv. Pro. 21-3003 [DE #196], Adv. Pro. 21-3004 [DE #168], Adv. Pro. 21-3005 [DE #212], Adv. Pro. 21-3006 [DE #218], and Adv. Pro. 21-3007 [DE #213].

[4] *See* Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation [DE #53].

[5] Stipulation at 4.

[6] *See* Adv. Pro. 21-3003 [DE #199], Adv. Pro. 21-3004 [DE #171], Adv. Pro. 21-3005 [DE #216], Adv. Pro. 21-3006 [DE #221], and Adv. Pro. 21-3007 [DE #216].

[7]*See* Adv. Pro. 21-3003 [DE #197], Adv. Pro. 21-3004 [DE #169], Adv. Pro. 21-3005 [DE #214], Adv. Pro. 21-3006 [DE #219], and Adv. Pro. 21-3007 [DE #214].

*PLLC.*[8]  Highland did not file with the bankruptcy court its proposed forms of judgment (but did upload the proposed form of judgment ("Proposed Judgment(s)") to the bankruptcy court's order processing system in each of the five adversary proceedings).

### B.    *Defendants Object to Proposed Form of Judgment Awarding Attorneys' Fees and Costs*

On August 23, 2022, the Defendants filed in the bankruptcy court *Defendants' Objection to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*[9] in which they objected to Highland's proposed form of judgment and to the reasonableness of the attorneys' fees proposed to be included therein ("Proposed Judgment Objection").[10]  Defendants objections to the Proposed Judgment fall into one of seven categories:

(1) Mathematical error;

(2) Excessive redaction;

(3) Fees should be limited to breach of contract and turnover claims;

(4) "Unsegregated fees" should be excluded;

(5) Fees attributable to "unsuccessful litigation" should be excluded;

(6) PSZ&J's rates are too high;

(7) The distribution of fees and costs equally among the five Defendants is unreasonable.

---

[8] *See* Adv. Pro. 21-3003 [DE #198], Adv. Pro. 21-3004 [DE #170], Adv. Pro. 21-3005 [DE #215], Adv. Pro. 21-3006 [DE #220], and Adv. Pro. 21-3007 [DE #215].

[9] *See* Adv. Pro. 21-3003 [DE #204], Adv. Pro. 21-3004 [DE #173], Adv. Pro. 21-3005 [DE #221], Adv. Pro. 21-3006 [DE #226], and Adv. Pro. 21-3007 [DE #221].

[10] On the same day, the Defendants filed in the District Court *Defendants' Objection to the Bankruptcy Court's Report and Recommendation to the District Court Proposing That It Grant Summary Judgment in Favor of the Plaintiff* ("Objection to R&R MPSJ") [DCT DE #62].

23-10911.7852

C.    *Highland Files Motion for Leave to Supplement Backup Documentation with Supplemental Invoices*

Defendants allege in the Proposed Judgment Objection that there is a math error ("Alleged Math Error") of $395,996.50, *see* Proposed Judgment Objection at 5-6, and "[t]here may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n.2.  On September 20, 2022, Highland's counsel emailed Defendants' counsel to inform them that there is no Alleged Math Error because: (a) Highland inadvertently omitted from its Backup Documentation the fee invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation, but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. Morris Dec. Ex. A.[11]  Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which account for approximately 80% of the Alleged Math Error). Morris Dec. Ex. B and Ex. C, respectively.  Highland's counsel offered to stipulate to this issue, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices. Morris Dec. Ex. A.  Defendants' counsel had not responded as of September 27, 2022, when Highland filed its Motion for Leave, seeking leave of the bankruptcy court to supplement the Backup Documentation with the Supplemental Invoices. Motion for Leave, ¶ 9.  On the same day, Highland filed its *Response to Defendants' Objection to Plaintiff's*

---

[11] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, Adv. Pro. 21-3003 [DE #206], Adv. Pro. 21-3004 [DE #175], Adv. Pro. 21-3005 [DE #223], Adv. Pro. 21-3006 [DE #228], and Adv. Pro. 21-3007 [DE #223], filed in the adversary proceedings in connection with Highland's *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Motion for Leave") filed on September 27, 2022. Adv. Pro. 21-3003 [DE #205], Adv. Pro. 21-3004 [DE #174], Adv. Pro. 21-3005 [DE #222], Adv. Pro. 21-3006 [DE #227], and Adv. Pro. 21-3007 [DE #222].

*Proposed Form of Judgment Awarding Attorney's Fees and Costs*[12] and its brief in support of its Proposed Form of Judgment Awarding Attorneys' Fees and Costs (together, the "Response").[13]

On October 18, 2022 – 28 days after Defendants' counsel had been provided with copies of the Supplemental Invoices – Defendants filed their *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Opposition").[14] Defendants argued that Highland should not be allowed to supplement the Backup Documentation with the Supplemental Invoices because allowing such would cause Defendants to "suffer prejudice." Specifically, Defendants asserted that Highland's failure to include the Supplemental Invoices as part of the original Backup Documentation (a) "has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis," (b) gives Highland "two bites at the apple to recover [fees and costs] it never presented to Defendants for examination in the first place," and (c) has caused Defendants to be prejudiced and to suffer "undue surprise because [they were] not afforded an opportunity to examine those statements while [they were] briefing on Plaintiff's originally-provided billing statements." Opposition, ¶ 3.

---

[12] Adv. Pro. 21-3003 [DE #207], Adv. Pro. 21-3004 [DE #176], Adv. Pro. 21-3005 [DE #224], Adv. Pro. 21-3006 [DE #229], and Adv. Pro. 21-3007 [DE #224].

[13] Adv. Pro. 21-3003 [DE #208], Adv. Pro. 21-3004 [DE #177], Adv. Pro. 21-3005 [DE #225], Adv. Pro. 21-3006 [DE #230], and Adv. Pro. 21-3007 [DE #225].

[14] Adv. Pro. 21-3003 [DE #210], Adv. Pro. 21-3004 [DE #179], Adv. Pro. 21-3005 [DE #227], Adv. Pro. 21-3006 [DE #232], and Adv. Pro. 21-3007 [DE #227].

On October 21, 2022, Highland filed its *Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Reply").[15]   This court considered Highland's Motion for Leave, Defendants' Opposition, and Highland's Reply and, on October 24, 2022, entered orders in each of the adversary proceedings, granting Highland's Motion for Leave, allowing Highland to supplement the Backup Documentation with the Supplemental Invoices.[16]

> **D.      This Court Recommends That the District Court Overrule Defendants' Objections to the Proposed Forms of Judgment Awarding Attorneys' Fees and Costs**

This court then turned to its in-chambers review of the Defendants' Proposed Judgment Objection in accordance with the procedures set forth in the "Submission of Judgment" section of its R&R MPSJ.  For the following reasons, this court recommends that the District Court overrule each of the objections set forth in Defendants' Proposed Judgment Objection:

*1.   Objection #1: Mathematical Error*

As noted above, Defendants object to the proposed attorneys' fees and costs based on an Alleged Math Error.  With leave of court, Highland supplemented the Backup Documentation with two invoices (for January 2022 and February 2022), which accounted for nearly 80% of the Alleged Math Error.  The remaining approximately 20% of the Alleged Math Error was attributable to the "partially redacted entries for which the total was redacted" and which Defendants found to be "unduly difficult to decipher."  Highland explained that multiplying the time identified in the unredacted portions of the partially redacted entries, only, by the hourly rate

---

[15] Adv. Pro. 21-3003 [DE #211], Adv. Pro. 21-3004 [DE #180], Adv. Pro. 21-3005 [DE #228], Adv. Pro. 21-3006 [DE #233], and Adv. Pro. 21-3007 [DE #228].

[16] Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE #229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229].

of the identified timekeeper (and totaling the resultant amounts) accounts for the remaining Alleged Math Error, such that there is no math error in the proposed attorneys' fees and costs to be included in the Proposed Judgments. Thus, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

*2. Objection #2: Excessive Redaction*

Defendants contend that fees should not be awarded for "overly redacted" time entries. As set forth in the Morris Declaration (filed in support of the Proposed Judgment(s) and Notices of Attorneys' Fees and Costs), Highland does not seek compensation for any time entry that was redacted; therefore, the court recommends that the district court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

*3. Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims*

Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were "the only claims addressed by the R&R issued by the Court," quoting the Texas Supreme Court case, *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006), for the proposition that "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." The *Chapa* case does not support Defendants' objection because the court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error. Here, the Notes at issue ***do*** provide that Highland is entitled to ***all*** costs of collection, not just those directly incurred on a subset of litigated issues. Specifically, Section 6 of each Note provides:

9

> **<u>Attorneys' Fees.</u>** If this Note is not paid at maturity (whether by acceleration or
> otherwise) and is placed in the hands of an attorney for collection, or if it is collected
> through a bankruptcy court or any other court after maturity, the Maker shall pay,
> in addition to all other amounts owing hereunder, all actual expenses of collection,
> all court costs and reasonable attorneys' fees and expenses incurred by the holder
> hereof.

Nothing in Section 6 limits Highland's recovery of "all actual expenses of collection" to only

breach of contract and turnover claims, where all of the causes of action and claims asserted in the

adversary proceeding were expenses of collecting on the Notes.

Moreover, the Texas Supreme Court in *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex.

2007)(citations omitted), which expressly followed *Chapa*, upheld an award of attorneys' fees to

the prevailing plaintiff who successfully sued on a promissory note that included fees incurred by

the plaintiff in defending against the defendant's counterclaim:[17]

> But we disagree that fees defending against the [defendants'] counterclaim must be
> segregated too.  By asserting a shortfall of acreage as a defense and counterclaim,
> [defendants] sought to reduce the amount collected on the note; to collect the full
> amount, [plaintiffs] had to overcome this defense.  As their attorney's efforts to that
> effect were necessary to recover on their contract, they are recoverable.

Here, all of the counts in the amended complaint were included in connection with, and directly

related to, Highland's pursuit of recovery on the Notes.  All of the time spent by Highland's

counsel responding to Defendants' various defenses and litigating the myriad issues that have

arisen in these proceedings were incurred in pursuit of, and were necessary to, Highland's recovery

on the Notes.  Thus, because all of the attorneys' fees and costs submitted by Highland for

---

[17] *See also In re Arnette*, 2011 WL 3651294, *3 -*4 (Bankr. N.D. Tex. Aug. 18, 2011)(where the bankruptcy court
found that fees incurred by plaintiff in plaintiff's successful suit on a note that were incurred to prove plaintiff's (a)
fraud claims "contributed directly to the [plaintiff's] efforts to collect and enforce the notes against [the defendant
such that] . . . [t]he terms of the notes themselves make these fees recoverable," and (b) § 523 claims "were part and
parcel of its efforts to collect and enforce the breach of contract and suit on a note claims[, and, thus,] "fall within the
ambit of the recoverable fees under the notes.").

23-10911.7857

inclusion in the Proposed Judgments were incurred as "actual expenses of collection" on the Notes, they are recoverable by Highland in the Proposed Judgments. For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

4. *Objection #4: "Unsegregated fees" Should Be Excluded*

Defendants argue that Highland should not recover fees where counsels' time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties*[18] case. *Clearview Properties* stands for the proposition that a plaintiff seeking an award of fees has the burden of demonstrating that segregation is not required and that a mere assertion that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore a critical distinction between these adversary proceedings and the *Clearview Properties* case: "*these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed." Response, ¶ 15. Early in the proceedings, this court approved a stipulation of the parties providing, among other things:[19]

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [ ] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [A]dversary [P]roceedings are usable as if received in every other [P]roceeding.

Highland points out the absurdity of Defendants' argument in its Response,[20]

---

[18] *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex.App. – Houston [14th Dist.] 2009).

[19] *See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues*, at ¶ 4, Adv. Pro. 21-3003 [DE #86], Adv. Pro. 21-3004 [DE #67], Adv. Pro. 21-3005 [DE #70], Adv. Pro. 21-3006 [DE #75], and Adv. Pro. 21-3007 [DE #70].

[20] Response, at ¶ 20.

> The very consolidation that enabled all parties and this Court to enjoy at least some level of litigation efficiency, the very consolidation these Defendants wanted and moved this Court to impose, is now the consolidation Defendants would have this Court utterly ignore in favor of requiring Plaintiff to do the impossible—to segregate fees incurred in fully consolidated proceedings, Defendant by closely-affiliated Defendant, as though there were no consolidation either ordered by this Court or stipulated to by these Defendants. The egg has been thoroughly scrambled for well over a year. Defendants willingly scrambled it, but would now have the prevailing Plaintiff separate yolk from white.

This court agrees that Defendants should not now be heard to complain about the consequences of the very consolidation of these Adversary Proceedings that was done at the behest of all parties, including the Defendants, for the purposes of creating litigation efficiencies (which necessarily benefited all of the Defendants in the end by limiting the total attorneys' fees incurred in connection with the litigation of the consolidated proceedings). Accordingly, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

5.   *Objection #5: Fees Attributable to "Unsuccessful Litigation" Should Be Excluded*

In their Proposed Judgment Objection, Defendants argue that a plaintiff cannot recover attorneys' fees for work related to "***claims*** as to which he or she did not prevail," Proposed Judgment Objection, 16 (quoting a Massachusetts federal district court case—*Roggio v. Grasmuck*, 18 F.Supp.3d 49, 56 (D. Mass. 2014)(citing a First Circuit case, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008))(emphasis added)). Defendants follow with a "*see also*" citation to the only case cited by the Defendants that would be binding authority: to the Fifth Circuit's *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246-48 (5th Cir. 2011), for the proposition that Highland must "present evidence by which to allocate its legal fees among successful and unsuccessful ***claims***." *Id.* (emphasis added). Finally, Defendants highlight three pieces of this complex and lengthy litigation as instances in which Highland "did not prevail" and

argue that, under their cited legal "authority," Highland cannot recover fees that are associated with those three pieces of litigation.

Neither the nonbinding authority nor the binding Fifth Circuit authority is applicable to Highland's ability to recover the full amount of the fees requested here.  First, the authorities discuss the recoverability under certain circumstances of fees incurred in litigating successful *claims*, in the sense of causes of action, versus unsuccessful *claims*, again, in the sense of causes of action, in the same litigation.  None of the three litigation instances identified by Defendants as "matters" in which Highland "did not prevail"[21] were separate *claims* (or causes of action) being pursued by Highland in the litigation.  Rather, they were discrete issues that were litigated in the context of Highland's pursuit of collection on the Notes.   And, as noted above, pursuant to the terms of the Notes, Highland is entitled to recover *all* expenses of collection, including attorneys' fees and costs.  If attorneys' fees were incurred in the course of Highland's efforts to collect on the Notes, those fees are recoverable.

Defendants cite no law that requires a successful plaintiff entitled to *all* expenses (including costs and attorneys' fees) of collection on a note to prevail on every motion or issue that is litigated

---

[21] The three matters in which Defendants assert Highland "did not prevail" were (1) its opposition to Defendants' motion to strike a David Klos declaration; (2) its motion for sanctions that was filed as a part of a single motion seeking two forms of relief: (a) the striking of an argument in opposition to summary judgment that was precluded by a prior court order and (b) sanctions for that conduct; and (3) its efforts to consolidate these proceedings before a different district court judge than who ultimately received these cases.  Highland argues that a plaintiff's "uniform success at every small step on the way to complete victory" is not required in order to recover *all* fees under the notes and that, even if such were a requirement, the Defendants "mischaracterize all three instances of so-called 'unsuccessful' litigation." Response, ¶ 23.  With respect to Highland's opposition to the striking of the David Klos declaration, Highland notes that the Bankruptcy Court granted the motion on the ground that Highland had not sought leave to include the declaration in a reply appendix, and, thus, it "was a simple evidentiary ruling by the court and does not constitute an example of 'unsuccessful litigation.'" *Id.* at ¶ 23(a).  With respect to the request for sanctions, Highland argues that it did not "lose" its "motion for sanctions"; rather, Highland prevailed on its motion seeking to strike one of Defendants' arguments in opposition to summary judgment that included a request for sanctions that the Bankruptcy Court did not grant when it granted the motion. *Id.* at ¶ 23(b).  Lastly, Highland argues that its efforts to consolidate these proceedings before a different district judge "were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes" that was resolved in a couple of weeks and was not "unreasonable." *Id.* at ¶ 23(c).

in a multi-faceted, multiple-defendant, multi-year, consolidated-for-all-purposes litigation to have "all expenses of collection" awarded as part of the judgment on the note.  Defendants' citation to the Fifth Circuit's *Wal-Mart* case is misplaced.   In the *Wal-Mart* case, the Fifth Circuit addressed the issue of whether, under Mississippi law, Wal-Mart was entitled to recover from one defendant the full amount of attorneys' fees incurred in its breach of contract and negligence suit against three firms that it had hired to assist with the design and construction of a new store after the jury had awarded damages to Wal-Mart on some, but not all, of its causes of action. After trial, the jury had found that the testing and inspection firm ("Qore") was liable for 10% of the damages to the building along with one of the other defendant firms, which the jury found to be liable for 90% of the damages to the building. *Wal-Mart*, 647 F.3d at 241.  The jury also determined that Qore's liability on the damages to the building claim was entirely attributable to its work done under its testing and inspection contract and not under its geotechnical services contract. *Id.*  By post-trial motion, Wal-mart sought to recover the entire amount of its fees incurred in the litigation—on all claims, successful and unsuccessful, and against all parties—from Qore. *Id.*  The district court granted Wal-Mart's motion subject to a small reduction attributable to an adjustment to the lodestar rate and some excessive billing. *Id.* at 242.  Qore appealed the district court's fee award, and asked the Fifth Circuit to vacate it. *Id.* at 242.

The Court first agreed with the district court's finding that a plain reading of an indemnity provision in the testing and inspection contract, which stated that "[Qore] . . . agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by [Qore] . . . ," allowed for Wal-Mart's recovery of reasonable fees. *Id.* at 243.  Qore contended, though, that "in light of Wal-Mart's multiple claims against multiple parties, only one of which was successful as to Qore, the district

court's fee award should be vacated because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims as required by Mississippi law" and that "Wal-Mart's recovery is limited to those fees incurred in prosecuting the single claim upon which it prevailed against Qore, i.e., fees spent proving Qore's fractional share of liability on the building repair claim. . . ." *Id.* at 244.   The Fifth Circuit agreed with Qore.  But, importantly as to why *Wal-Mart* does not support Defendants' objection here, the Fifth Circuit found that "Wal-Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim," *id.* at 245-46, only because the sole basis for Wal-Mart's recovery of attorney's fees against Qore was the contractual indemnity provision, and a plain reading of that provision—that entitled Wal-Mart to reimbursement of attorney's fees "caused by any negligent act or omission" on the part of Qore—limited Qore's duty to reimburse Wal-Mart for its reasonable attorney's fees "to those fees proximately and legally 'caused by' Qore's negligence." *Id.* at 245.

Here, to repeat a theme throughout this supplemental report and recommendation, all of the Notes that were the subject of this litigation and the Proposed Judgments provide that Highland is entitled to recover "***all*** actual expenses of collection" on the Notes, including "all court costs and reasonable attorneys' fees incurred by the holder hereof." (emphasis added). There is no limitation to the phrase "all actual expenses of collection" that is similar to the language in the contract in the *Wal-Mart* case that limited Wal-Mart's recovery of fees to those fees "caused by" Qore's negligence.  The attorneys' fees sought by Highland were all expenses incurred in the collection of the Notes in these consolidated proceedings in which Highland was successful against all of the Defendants identified in the Proposed Judgments and from whom Highland seeks recovery of reasonable attorneys' fees and costs.  In the *Wal-Mart* case, the defendants were

15

unaffiliated, the plaintiff did *not* prevail against all the defendants, and there was no mention of the type of deep consolidation of all proceedings in that litigation that has occurred in these Adversary Proceedings (at the behest and agreement of all of the parties to this litigation, including the Defendants). For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

6. *Objection #6: PSZJ's's Rates Are Too High*

Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates charged by local firms for similar services. This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*.[22] In addition, Mr. Dondero, when he controlled Highland, personally hired PSZJ to be bankruptcy counsel for Highland and "agreed, in writing, to the very fee structure and rates (albeit with disclosed, annual increases customary in the industry) he now complains about." *See* Response, ¶ 25. This court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

7. *Objection #7: The Distribution of Fees and Costs Among Defendants Is Unreasonable*

Defendants assert that Highland's proposed distribution of awarded fees among the five Defendants "is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment

---

[22] *See* Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #3055].

against each Defendant and their involvement in the case." Proposed Judgment Objection, 21.  In response, Highland indicates that it "is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors." Response, ¶ 27.  Thus, without deciding whether an equal allocation among Defendants of attorneys' fees and costs is improper in these adversary proceedings, this court recommends to the District Court that the provision in each of the Proposed Judgments that allocates to each Defendant "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland," be replaced with an actual allocated amount of the fees and costs, which is a *pro rata* allocation based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants under the Proposed Judgments.

III.     **Submission of Proposed Forms of Judgment to District Court**

Having considered the Proposed Judgment in each of the adversary proceedings and the Notices and Backup Documentation (as supplemented by Highland) regarding the attorneys' fees and costs to be inserted into each Proposed Judgment; Defendants' Proposed Judgment Objection; and Highland's Response; and for the reasons set forth herein, this court hereby supplements its R&R MPSJ and recommends to the District Court that it, after consideration of the R&R MPSJ and this supplemental report and recommendation, enter the applicable Proposed Judgment (as modified to reflect a *pro rata* allocation of attorneys' fees and costs based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants) in each of the five adversary proceedings that are hereby transmitted as exhibits hereto.  The proposed forms of judgment in

Adv. Proc. No. 21-3003, Adv. Proc. No. 21-3004, Adv. Proc. No. 21-3005, Adv. Proc. No. 21-3006, and Adv. Proc. No. 21-3007 are attached hereto as **Exhibits A-E**, respectively.[23]

### *End of Supplement to Report and Recommendation* ###

---

[23] A spreadsheet showing this court's calculation of the proposed allocation of attorneys' fees and costs to each Note Maker Defendant is attached hereto as **Exhibit F**.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3003-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1010-X |
| JAMES DONDERO, NANCY DONDERO, and | § | |
| THE DUGABOY INVESTMENT TRUST, | § | **(Consolidated under** |
| | § | **Civ. Act. No. 3:21-cv-881-X)** |
| Defendants. | § | |
| | § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion (the

1

**Exhibit A**

"Hearing"); and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

   **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

   1.   Mr. James Dondero ("Mr. Dondero") will owe Highland **$3,873,613.93** in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of **$278.50** per day and will increase to **$285.91** per day on **February 2, 2023**.

   2.   Mr. Dondero will owe Highland **$2,778,356.23** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second Note at the rate of **$224.43** per day and will increase to **$231.05** per day on **August 1, 2023**.

   3.   Mr. Dondero will owe Highland **$2,778,339.88** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of **$218.20** per day and will increase to **$224.64** per day on **August 13, 2022**.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7867

4.       In addition to the forgoing, and pursuant to the terms of each applicable Note, Mr. Dondero shall pay to Highland the amount of **$443,074.35**, which is his *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by Mr. Dondero to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

5.       The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § § | Adv. Pro. No. 21-3004-sgj |
| Plaintiff, | § § | Civ. Act. No. 3:21-cv-881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § | |
| Defendants. | § § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion

1

**Exhibit B**

and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Highland Capital Management Fund Advisors, L.P. ("HCMFA") will owe Highland **$2,552,628.61** in accrued but unpaid principal and interest due under HCMFA's First Note[1] (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's First Note at the rate of **$166.08** per day and will increase to **$170.05** per day on **May 2, 2023.**

2.      HCMFA will owe Highland **$5,317,989.86** in accrued but unpaid principal and interest due under HCMFA's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's Second Note at the rate of **$346.02** per day and will increase to **$354.29** per day on **May 3, 2023.**

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

3.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$369,793.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMFA to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

4.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3005-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-880-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, | § | |
| ADVISORS, L.P., NANCY DONDERO, and | § | **(Consolidated under** |
| THE DUGABOY INVESTMENT TRUST | § | **Civ. Act. No. 3:21-cv-881-X)** |
| | § | |
| Defendants. | § | |
| | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for

1

**Exhibit C**

the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      NexPoint Advisors, L.P. ("NexPoint") will owe Highland **$23,389,882.79** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of **$3,801.79** per day and will increase to **$4,029.90** per day on **May 31, 2023.**

2.      In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint shall pay to Highland the amount of **$1,098,951.89**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by NexPoint to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

3.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7873

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3006-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1378-X |
| HIGHLAND CAPITAL MANAGEMENT | § | |
| SERVICES, INC., JAMES DONDERO, NANCY | § | **(Consolidated under** |
| DONDERO, and THE DUGABOY | § | **Civ. Act. No. 3:21-cv-881-X)** |
| INVESTMENT TRUST | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and

1

**Exhibit D**

all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

     **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

     1.    Highland Capital Management Services, Inc. ("HCMS") will owe Highland **$166,196.60** in accrued but unpaid principal and interest due under HCMS's First Demand Note[1] (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of **$12.98** per day and will increase to **$13.35** per day on **March 26, 2023.**

     2.    HCMS will owe Highland **$222,917.23** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of **$18.56** per day and will increase to **$19.13** per day on **June 25, 2023.**

     3.    HCMS will owe Highland **$425,435.63** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7875

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCMS's Third Demand Note at the rate of **$27.73** per day and will increase to **$28.39** per day on **May 29, 2023**.

4.      HCMS will owe Highland **$159,454.92** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of **$10.32** per day and will increase to **$10.57** per day on **June 26, 2023**.

5.      HCMS will owe Highland **$6,071,718.32** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of **$455.09** per day and will increase to **$467.61** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$331,036.73**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3007-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1379-X |
| HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL | § | |
| REAL ESTATE PARTNERS, LLC)., JAMES | § | **(Consolidated under** |
| DONDERO, NANCY DONDERO, and | § | **Civ. Act. No. 3:21-cv-881-X)** |
| THE DUGABOY INVESTMENT TRUST | § | |
| | § | |
| Defendants. | § | |
| | § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion

1

**Exhibit E**

and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE") will owe Highland **$195,476.70** in accrued but unpaid principal and interest due under HCRE's First Demand Note[1] (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of **$40.58** per day and will increase to **$43.83** per day on **November 27, 2022**.

2. HCRE will owe Highland **$3,551,285.37** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of **$730.34** per day and will increase to **$788.77** per day on **October 12, 2022**.

3. HCRE will owe Highland **$986,472.32** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

23-10911.7878

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of **$203.00** per day and will increase to **$219.24** per day on **October 15, 2022**.

4.     HCRE will owe Highland **$866,600.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCRE's Fourth Demand Note at the rate of **$177.60** per day and will increase to **$191.81** per day on **September 25, 2022**.

5.     HCRE will owe Highland **$6,196,688.51** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of **$1,337.94** per day and will increase to **$1,444.98** per day on **May 31, 2023**.

6.     In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$554,248.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.     The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

## PROPOSED ALLOCATION OF ATTORNEYS' FEES AND COSTS

| Civ. Act. No.[*] | Bankr. Adv. # | Note Maker Defendant[**] | P&I by Note | P&I by Defendant | Attys' Fees Ratio (Def P&I/Tot P&I) | Pro Rata Amt Attys' Fees | Equal Allocation of Attys' Fees to each Def |
|---|---|---|---|---|---|---|---|
| 3:21-cv-1010 | 21-3003 | Dondero | $ 3,873,613.93 | | | | |
| | | | $ 2,778,356.23 | | | | |
| | | | $ 2,778,339.88 | $ 9,430,310.04 | 0.158404598 | $ 443,074.35 | $ 559,421.07 |
| 3:21-cv-881 | 21-3004 | HCMFA | $ 2,552,628.61 | | | | |
| | | | $ 5,317,989.86 | $ 7,870,618.47 | 0.13220585 | $ 369,793.69 | $ 559,421.07 |
| 3:21-cv-880 | 21-3005 | NexPoint | $ 23,389,882.79 | $ 23,389,882.79 | 0.392888988 | $ 1,098,951.89 | $ 559,421.07 |
| 3:21-cv-1378 | 21-3006 | HCMS | $ 166,196.60 | | | | |
| | | | $ 222,917.23 | | | | |
| | | | $ 425,435.63 | | | | |
| | | | $ 159,454.92 | | | | |
| 3:21-cv-1379 | 21-3007 | HCRE | $ 6,071,718.32 | $ 7,045,722.70 | 0.118349753 | $ 331,036.73 | $ 559,421.07 |
| | | | $ 195,476.70 | | | | |
| | | | $ 3,551,285.37 | | | | |
| | | | $ 986,472.32 | | | | |
| | | | $ 866,600.77 | | | | |
| | | | $ 6,196,688.51 | $ 11,796,523.67 | 0.198150811 | $ 554,248.69 | $ 559,421.07 |
| | | | $ 59,533,057.67 | $ 59,533,057.67 | 1 | $ 2,797,105.35 | $ 2,797,105.35 |

[*]The 5 Proceedings were consolidated at the District Court level under Civ. Act. No. 3:21-cv-881.

[**]Each of the proceedings (with the exception of 3:21-cv-881, where HCMFA is the only defendant) have additional defendants, but the Proposed Judgments are proposed to be entered against only the identified Note Maker Defendant in each proceeding.

**Exhibit F**

23-10911.7880

# TAB 30
## APPELLANTS' RECORD EXCERPTS



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 11, 2022**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>    Defendant. | Adversary No. 21-03082-sgj<br>Civ. Act. No. 3:22-cv-00789<br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

**<u>REPORT AND RECOMMENDATION TO DISTRICT COURT REGARDING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR SUMMARY JUDGMENT AGAINST HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.</u>**

## I.  <u>Introduction</u>

This court submits this report and recommendation to the district court ("<u>District Court</u>")

with respect to *Highland Capital Management, L.P.'s Motion for Summary Judgment* ("<u>MSJ</u>")[DE

#45][1] filed on May 27, 2022, in the above-referenced adversary proceeding ("Action"). The Action is yet another lawsuit regarding promissory notes issued by the defendant, Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant") in favor of Highland Capital Management, L.P. This Action emanates from the above-referenced bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. ("Highland," "Plaintiff," or sometimes "Debtor" or "Reorganized Debtor"). For the reasons set forth herein, this court recommends that the District Court grant the MSJ and enter judgment against HCMFA.

## II.   **Background and Procedural History**

### A.   *Highland and its Bankruptcy Case*

Highland, a Dallas-based investment firm that managed billion-dollar investment portfolios and assets, was co-founded in 1993 by James D. Dondero ("Mr. Dondero") and Mark Okada ("Okada"). Highland's equity interest holders included Hunter Mountain Investment Trust (99.5%), The Dugaboy Investment Trust, Dondero's family trust ("Dugaboy") (0.1866%), Okada, personally and through trusts (0.0627%), and Strand Advisors, Inc. ("Strand"), which was wholly owned by Dondero (0.25%), the only general partner of Highland. Highland also managed assets and portfolios for other investment advisers and funds through two Dondero-controlled entities – HCMFA and NexPoint Advisors, L.P., pursuant to a Shared Services Agreement and Payroll Reimbursement Agreement. HCMFA had no employees of its own that provided investment advisory services to its clients or managed portfolios. Dondero was the President and Chief Executive Officer of Highland and also served as a high-level executive and controlling portfolio manager for HCMFA.

---

[1] Citations to docket entries in the instant adversary proceeding shall be notated as follows: [DE # __]. Citations to docket entries in the main bankruptcy case shall be notated as follows: [Bankr. DE # __].

23-10911.7606

On October 16, 2019 (the "Petition Date"), with Mr. Dondero in control[2] and acting as Highland's CEO, president, and portfolio manager, facing a myriad of massive, business litigation claims – many of which had finally become liquidated (or were about to become liquidated) after a decade or more of contentious litigation in multiple forums all over the world, Highland filed for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS). Neither HCMFA nor any of the other Dondero-controlled Highland affiliates joined in the bankruptcy filing as joint debtors.

On October 29, 2019, an official committee of unsecured creditors (the "Committee") was appointed in the bankruptcy case. Almost immediately from its appointment, the Committee's relationship with Highland, with Mr. Dondero in control, was contentious. First, the Committee moved for a change of venue to Dallas, which was granted over Highland's objections.[3] Second, the Committee (and later, the United States Trustee) expressed its then-desire for the appointment of a chapter 11 trustee due to its concerns over and distrust of Mr. Dondero, his numerous conflicts of interest, and his history of alleged mismanagement (and perhaps worse).

After many weeks under the threat of the appointment of a trustee, Highland and the Committee engaged in substantial and lengthy negotiations, resulting in a corporate governance settlement approved by this court on January 9, 2020.[4] As a result of this settlement, Mr. Dondero relinquished control of Highland and resigned his positions as officer or director of Highland and its general partner, Strand,[5] and three independent directors ("Independent Directors") were

---

[2] Mark Okada resigned from his role with Highland prior to the Petition Date.

[3] The bankruptcy case was transferred to the Dallas Division of the Bankruptcy Court for the Northern District of Texas in December 2019.

[4] Bankr. DE #339.

[5] Mr. Dondero agreed to this settlement pursuant to a stipulation he executed and that was filed in connection with Highland's motion to approve the settlement. *See Stipulation in Support of Motion of the Debtor for Approval of*

chosen to lead Highland through its chapter 11 case. James P. Seery, Jr. ("Mr. Seery"), one of the Independent Directors, was later appointed as Highland's Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative.[6] Mr. Dondero agreed to remain with Highland as an unpaid portfolio manager following his resignation.

Throughout the summer of 2020, Mr. Dondero informally proposed several reorganization plans, none of which were embraced by the Committee or the Independent Directors. When Mr. Dondero's plans failed to gain traction, he and some of the related entities under his control, including HCMFA, engaged in a "scorched earth" policy in the Bankruptcy Case that has resulted in substantial, costly, and time-consuming litigation for Highland.[7]

During this time, the Independent Directors and the Committee negotiated their own plan of reorganization which culminated in the filing by Highland of its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan") [Bankr. DE #1808] on January 22, 2021. In its *Disclosure Statement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* filed on November 24, 2020 ("Disclosure Statement") [Bankr. DE 1473], Highland included the Debtor's Liquidation Analysis/Financial Projections (the "Projections") in support of the Plan. Pl. Ex. 90, Appx. 1497-1505. Among the assumptions supporting the Projections was that "[a]ll demand notes are collected in the year 2021." *Id.* at 173 of 178, Appx. 1500 (Assumption C). Thus, even though Highland had not yet

---

*Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in Ordinary Course* [Bankr. DE #338].

[6] See the June 16, 2020 order approving the retention by Highland of Mr. Seery as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative, *nunc pro tunc*, to March 15, 2020. [Bankr. DE #854].

[7] According to Mr. Seery's credible testimony during the hearing on confirmation of the chapter 11 plan ultimately filed by Highland that had been negotiated between the Committee and the Independent Directors, Mr. Dondero had threatened to "burn the place down" if his proposed plan was not accepted. *See* Transcript of Confirmation Hearing dated February 3, 2021 at 105:10-20 [Bankr. DE #1894].

demanded payment under the notes that are the subject of this Action, HCMFA was notified on November 24, 2020 that the Projections assumed that all demand notes that Highland was holding would be collected the following year.  Yet, while HCMFA, specifically, joined with other Dondero-controlled funds (the "Funds") in the filing of an objection to confirmation of the Plan ("Funds Objection") [Bankr. DE #1670], it did not object to the Projections or the assumptions that the notes that are the subject of this Action would be collected in 2021, and it did not disclose the existence of its alleged "oral agreement" defense to Highland's collection on the notes or suggest that the Projections were unreasonable in any way. *See* Bankr. DE #1670.

Although there were other objections to confirmation of the Plan, Highland had made certain amendments and modifications to the Plan that addressed those objections so that, by the time of the confirmation hearing that was held in February of 2021, the only remaining objections to confirmation of the Plan were those by Mr. Dondero and the Dondero-related entities (including HCMFA).[8]  This court entered its order ("Confirmation Order")[Bankr. DE #1943] confirming the Plan, over the objections by Mr. Dondero and his related entities (including HCMFA), on February 22, 2021.  The effective date of the Plan occurred on August 11, 2021, and Highland became the Reorganized Debtor under the Plan. On August 19, 2022, on direct appeal from this bankruptcy court by Mr. Dondero and his related entities, the Fifth Circuit entered its original order in which it "affirm[ed] the confirmation order in large part" and "revers[ed] only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e), strik[ing] those few parties from the plan's exculpation, and affirm[ed] on all remaining grounds."[9]

---

[8] In addition to the Funds Objection, objections to confirmation were filed by Mr. Dondero [Bankr. DE #1661] and entities controlled by him. [Bankr. DE ##1667, 1673, 1676, and 1677]

[9] *In re Highland Capital Management, L.P.*, No. 21-10449, 2021 WL 3571094, at *1 (5th Cir. Aug, 19, 2022). On September 7, 2022, following a petition for limited panel rehearing filed by certain appellants on September 2, 2022 "for the limited purpose of clarifying and confirming one part of its August 19, 2022, opinion," the Fifth Circuit

### B.   This Action and the Other, Earlier-Filed Note Actions

The instant Action was initiated by Highland on November 9, 2021, by the filing of a complaint ("Complaint")[DE #1] in the bankruptcy court against HCMFA, seeking damages for HCMFA's breach of contract in failing to pay, upon demand, amounts due and owing under two demand promissory notes issued by HCMFA in favor of Highland and seeking turnover to the reorganized estate of amounts due and owing under those promissory notes equal to (i) the aggregate outstanding principal due under each note, (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) Highland's costs of collection (including all court costs and reasonable attorneys' fees and expenses as provided for under the Pre-2019 Notes) for HCMFA's breach of its obligations under each of the Pre-2019 Notes. Complaint, ¶¶ 31 and 39.

The instant Action is a companion case to five earlier-filed note actions – each filed on January 22, 2021 – against Mr. Dondero and certain Dondero-controlled corporate affiliates of Highland that were makers of one or more of sixteen promissory notes in favor of Highland with more than $60 million of unpaid principal and interest alleged to be due and owing at the time the suits were filed ("Note Maker Defendants").[10] *See* Adv. Proc. No. 21-3004-sgj ("First HCMFA Note Action"); Adv. Proc. No. 21-3003 ("Dondero Note Action"); Adv. Proc. No. 21-3005 ("NexPoint Note Action"); Adv. Proc. No. 21-3006 ("HCMS Note Action"); Adv. Proc. No. 21-

---

withdrew its original opinion and replaced it with its opinion reported at *In re Highland Capital Management, L.P.*, No. 21-10449, 2021 WL 4093167 (5th Cir. Sept. 7, 2022).  The substituted opinion differed from the original opinion only by the replacement of one sentence from section "IV(E)(2) – *Injunction and Gatekeeper Provisions*" of the original opinion: "The injunction and gatekeeper provisions are, on the other hand, perfectly lawful." was replaced with "We now turn to the Plan's injunction and gatekeeper provisions."  In all other respects, the Fifth Circuit panel's original ruling remained unchanged.

[10] The Note Maker Defendants and their notes are as follows: (i) Dondero, in his individual capacity, is maker on three demand notes; (ii) HCMFA is maker on two demand notes; (iii) NexPoint Advisors, L.P. ("NexPoint") is maker on one term note; (iv) Highland Capital Management Services, Inc ("HCMS") is maker on five notes (four demand notes and one term note); and (v) HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC ("HCRE") is maker on five notes (four demand notes and one term note).

3007 ("HCRE Note Action") (collectively, the "Five Earlier-Filed Note Actions").[11]  Highland did not bring this current Action against HCMFA as part of the Five Earlier-Filed Note Actions because Highland had agreed, prior to the Petition Date, that it would not demand payment under the notes in this Action before May 31, 2021.

### C.  The Alleged Oral Agreement Defense

As noted above, HCMFA is one of many entities affiliated with Highland and owned or controlled by Mr. Dondero.   In Defendant's Original Answer ("Answer")[DE #5] filed on December 10, 2021, HCMFA asserted as its primary affirmative defense[12] that oral agreements ("Alleged Oral Agreements") exist pursuant to which Highland agreed that it would not collect the Pre-2019 Notes upon the fulfillment of certain "conditions subsequent" ("Alleged Oral Agreement Defense"). Answer, ¶ 41.  HCMFA specifically represents in its Answer that:

> Plaintiff agreed that it would not collect the Notes upon fulfilment [sic] of conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Mr. Dondero's control. The purpose of this agreement was to provide compensation to Mr. Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans, a practice that was standard at [Highland] and in the industry.  This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

---

[11]  The defendants in these five Note Actions are:  Mr. Dondero, Nancy Dondero ("Ms. Dondero"), and Dugaboy (Adv. No. 21-3003); HCMFA (Adv. No. 21-3004); NexPoint Advisors, L.P., Mr. Dondero, Ms. Dondero, and Dugaboy (Adv. No. 21-3005); Highland Capital Management Services, Inc. ("HCMS"), Mr. Dondero, Ms. Dondero, and Dugaboy (Adv. No. 21-3006); and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC ("HCRE"), Mr. Dondero, Ms. Dondero, and Dugaboy (Adv. No. 21-3007).

[12]  HCMFA also pleaded the affirmative defenses of ambiguity, waiver, estoppel, failure of consideration, and prepayment. Answer, ¶¶ 42 and 43.

23-10911.7611

Answer, ¶ 41 (emphasis added).

The Alleged Oral Agreement Defense appears to be a "cut-and-paste" of the same alleged "oral agreement" defense that was ultimately asserted in the Five Earlier-Filed Note Actions by four of the five Note Maker Defendants (all but HCMFA).  To be clear, the defense morphed as the Five Earlier-Filed Note Actions progressed.  Only Mr. Dondero originally asserted that defense (somewhat vaguely, in his original answer—merely stating that "it was previously agreed that Plaintiff would not collect the Notes"),[13] and thereafter all of the Note Maker Defendants (except HCMFA) amended their pleadings to adopt the same affirmative defense.  First, it was simply an alleged agreement by Highland not to collect on *Mr. Dondero's* Notes.  Then, there were amended answers by each of the other Note Maker Defendants (except HCMFA) that obliquely referred to alleged agreements by Highland not to collect on the Notes upon fulfillment of undisclosed conditions subsequent.  Finally, the Alleged Oral Agreement Defense in the Five Earlier-Filed Note Actions was set up as follows:

> Plaintiff's claims are barred . . . because prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each note was made and February of the following year, [] Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of James Dondero's control.  The purpose of this agreement was to provide compensation to James Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans, a practice that was standard at HCMLP [Highland] and in the industry.[14]  This agreement setting forth the conditions subsequent to demands for payment on the

---

[13] Pl. Ex. 80, ¶ 40.

[14] This statement in the amended answers appears to have been inaccurate according to Mr. Dondero's own executive compensation expert, Alan Johnson. During the deposition of Mr. Johnson, he testified that he reviewed Highland's audited financial statements for each year from 2008 through 2018 (Pl. Ex. 101 at 119:14-189:21, Appx. 1988-2005) and concluded that (a) Highland did not have a standard practice of forgiving loans and had not forgiven a loan to anyone in the world since 2009, (b) Highland had never forgiven a loan of more than $500,000, (c) Highland had not forgiven any loan to Mr. Dondero since at least 2008, and (d) since at least 2008, Highland had never forgiven in whole or in part any loan that it extended to any affiliate. *Id.* at 189:24-192:10, Appx. 2005-2006. *See also* Pl. Ex. 98 at 422:18-428:14, Appx. 1776-1778.

> Notes was an oral agreement; however, Defendant [ ] believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

Pl. Ex. 31 ¶ 82, Appx. 655 ("Dondero's Answer"). *See also* Pl. Ex. 15 ¶ 83, Appx. 435-436 ("NexPoint's Answer"); Pl. Ex. 16 ¶ 97, Appx. 451-452 ("HCMS's Answer"); and Pl. Ex. 17 ¶ 99, Appx. 468 ("HCRE's Answer").  The factual allegations pleaded by HCMFA in its Answer with respect to its Alleged Oral Agreement Defense in the instant Action were pleaded with nearly identical language as were pleaded in the Five Earlier-Filed Note Actions by Dondero and the other Note Maker Defendants (except HCMFA).

### D.  Posture Before District Court

On January 18, 2022, the parties filed an agreed motion to withdraw the reference ("Agreed Motion to Withdraw Reference") in the instant Action.  The bankruptcy clerk transmitted the motion to withdraw the reference to the District Court on April 6, 2022, resulting in the assignment of Civ. Action No. 3:22-cv-0789 before Judge Kinkeade, and, on April 7, 2022, the notice of this court's Report and Recommendation to the District Court with respect to the Agreed Motion to Withdraw Reference, recommending that the District Court grant the Agreed Motion to Withdraw Reference, "*but only at such time as the Bankruptcy Court certifies to the District Court that the lawsuit is trial ready*" and further recommending that the District Court "*defer to the Bankruptcy Court the handling of all pretrial matters*."  Judge Kinkeade thereafter entered an order reassigning this Action to this District Court (Judge Starr) on April 8, 2022.

On April 20, 2022, this District Court, *sua sponte*, issued an Order Consolidating Cases, consolidating this Action into District Court Civ. Act. No. 3:21-cv-881, such that this Action and the Five Earlier-Filed Note Actions are now consolidated into one action (the "Consolidated Notes

Action").[15]   Perhaps due to oversight, the District Court had not accepted the Report and Recommendation on the Agreed Motion to Withdraw Reference in this Action prior to consolidating it into the Consolidated Notes Action, and there are no indications on the docket of the consolidated case, after consolidation, that the District Court has accepted or adopted it.[16]

### E.  The Current Motion for Summary Judgment

Highland filed its MSJ and supporting brief on May 27, 2022, seeking the entry of a judgment on its two claims for relief (breach of contract and turnover pursuant to Bankruptcy Code §542) that are set forth in its Complaint. [DE ## 45 and 46].  In support of its MSJ, Highland contemporaneously filed (1) a declaration of David Klos [DE #47],[17] the CFO of Highland, and (2) a 5,257-page appendix [DE #48].[18]

On July 1, 2022, HCMFA filed its *Opposition to Plaintiff's Motion For Summary Judgment* and *Memorandum of Law in Response to Plaintiff's Motion for Summary Judgment* ("Opposition")[DE ## 54 and 52] and a 441-page appendix in support of its Opposition. [DE #53].[19]  In its Opposition, HCMFA argues that is has submitted summary judgment evidence in

---

[15] The District Court entered its *Order Granting Defendant's Motion to Consolidate the Note Cases* [Consolidated Notes Action DE #24].  There also happen to be four appeal actions consolidated within the Consolidated Notes Action, regarding this bankruptcy court's orders denying motions to compel arbitration in four of the Note Actions.

[16] A motion to withdraw the reference was also filed in each of the Five Earlier-Filed Note Actions, and notices of transmittal of this court's Report and Recommendation thereon were transmitted to the District Court on July 7, 2021, with respect to Adv. No. 21-3003, on July 9, 2021, with respect to Adv. Nos. 21-3004 and 21-3005, and on July 15, 2021, with respect to Adv. No. 21-3006 and 21-3007, resulting in the assignment of civil action numbers in the District Court of 3:21-cv-1010, 3:21-cv-0881, 3:21-cv-0880, 3:21-cv-1378, and 3:21-cv-1379, respectively.  Prior to ordering the consolidation of the Five Earlier-Filed Note Actions, the District Court accepted this court's recommendations that the District Court withdraw the reference when this bankruptcy court certifies the actions as trial-ready, in all but one of the Five Earlier-Filed Note Actions: Adv. Proceeding No. 21-3003/Civ. Action No. 3:21-cv-1010 in which Dondero, N. Dondero, and Dugaboy Trust are defendants.  The parties recently notified the District Court that the pending Report and Recommendation in Civ. Action No. 3:21-cv-1010 remains outstanding.

[17] When citing to this declaration in its briefing, Highland refers to it as the "Second Klos Dec." to distinguish it from the declaration of David Klos filed in each of the Five Earlier-Filed Note Actions.  The court will do the same.

[18] Citations to Highland's MSJ appendix are notated as follows: Pl. Ex. #, Appx. #.

[19] Citations to HCMFA's Opposition appendix are notated as follows: Def. Ex. #, Appx. #.

support of its Alleged Oral Agreement Defense that creates a genuine dispute of a material fact that would require a denial of Highland's MSJ.[20]

Notably, in the middle of this current MSJ litigation, on July 19, 2022, this court issued, in the Five Earlier-Filed Note Actions, a *Report and Recommendation to District Court:  Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to all Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("MPSJ R&R"), which was docketed in each of the five earlier-filed underlying adversary proceedings.[21]  On July 20, 2022, the clerk of the Bankruptcy Court transmitted a copy of the MPSJ R&R to the District Court for filing in the Consolidated Notes Action.[22]  In the MPSJ R&R, this court recommended that the District Court grant Highland's motions for partial summary judgment against each of the Note Maker Defendants, holding them liable for (a) breach of contract and (b) turnover for all amounts due under the promissory notes pursuant to Bankruptcy Code Section 542, including costs of collection and reasonable attorneys' fees in an amount to be determined.  In so recommending, this court found that Highland had made its *prima facie* case for summary judgment for the Note Maker Defendants' breach of the promissory notes and for turnover and that the Note Maker Defendants failed to rebut Highland's *prima facie* case because they failed to show that there was a genuine dispute over a material fact with respect to their alleged defenses to the enforcement of the Notes, including, specifically, as to their Alleged Oral Agreement Defense.[23]  This court found (in the MPSJ R&R) that, having considered the record as

---

[20] HCMFA does not present any summary judgment evidence or argument with respect to the other affirmative defenses asserted by it in its Answer.

[21] Adv. Proceeding No. 21-3003 (DE #191); Adv. Proceeding No. 21-3004 (DE#163); Adv. Proceeding No. 21-3005 (DE #207); Adv. Proceeding No. 21-3006 (DE #213); Adv. Proceeding No. 21-3007 (DE #208).

[22] Civ. Act. No. 3:21-cv-0881 (DE #50).

[23] Although HCMFA was a Note Maker Defendant in one of the Five Earlier-Filed Note Actions, Highland brought the instant Note Action against HCMFA based on two demand promissory notes (defined, together, below as the "Pre-

a whole, **_including_** the declarations of Mr. Dondero and his sister, Ms. Dondero, submitted in support of the Alleged Oral Agreement Defense, that (i) there was a "complete lack of evidence" supporting the Alleged Oral Agreement Defense other than the self-serving, conclusory, and uncorroborated Dondero declarations; and (ii) that the Note Maker Defendants' Alleged Oral Agreement Defense blatantly contradicted the summary judgment record; accordingly, "**_no reasonable jury could find that there was truly an "oral agreement" to forgive these loans to the Alleged [Oral] Agreement Defendants_**." MPSJ R&R at 25.

The next day, on July 20, 2022, Highland filed its _Reply Memorandum of Law in Support of Motion for Summary Judgment_ ("Reply")[DE #62] and a 49-page appendix in support of its Reply [DE #63][24], in which it argues that HCMFA has not submitted summary judgment evidence showing the existence of a genuine dispute of a material fact in this Action with respect to the Alleged Oral Agreement Defense or any other defenses, and, thus, Highland is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On July 27, 2022, the court heard oral argument on the MSJ.

For the reasons set forth below, this court agrees with Highland that it is entitled to summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and recommends that the District Court grant the MSJ and enter judgment in favor of Highland and against HCMFA as to the Pre-2019 Notes.

---

2019 Notes") different and distinct from the HCMFA Notes sued upon in the earlier Note Action against HCMFA. To be clear, HCMFA was the only one of the Note Maker Defendants in the Five Earlier-Filed Note Actions that did not raise the same Alleged Oral Agreement Defense as a defense to Highland's suit on the two demand notes issued by HCMFA in 2019 as it has raised in the instant Action.

[24] Citations to Highland's Reply appendix are notated as follows: Pl. Rep. Ex. #, Rep. Appx. #.

23-10911.7616

III.    **Undisputed Material Facts**

A.  *The Pre-2019 Notes*

On February 26, 2014, in exchange for a contemporaneous loan in the amount of $4,000,000 from Highland to HCMFA,[25] Mr. Dondero, on behalf of HCMFA, as maker, executed a demand promissory note in favor of Highland, as payee, in the original principal amount of $4,000,000 (the "2014 Note"). Second Klos Dec.[26] ¶ 4, Exhibit A; *see also* Pl. Ex. 226, Appx. 5029-5031; Pl. Ex. 219, Appx. 5005-5007; Pl. Ex. 235, Appx. 5117-5120; Pl. Ex. 215 at 15:20-17:11, 17:18-22, Appx. 4915-4917, 39:7-14, Appx. 4939; Pl. Ex. 234 ¶¶ 14-15, Appx. 5111; Pl. Ex. 220 (Responses to RFAs 1-2), Appx. 5017.

On February 26, 2016, in exchange for a contemporaneous loan in the amount of $2,300,000 from Highland to HCMFA,[27] Mr. Dondero, on behalf of HCMFA, as maker, executed a demand promissory note in favor of Highland, as payee, in the original principal amount of $2,300,000 (the "2016 Note" and together with the 2014 Note, the "Pre-2019 Notes").[28]  Second Klos Dec. ¶ 5, Exhibit B; *see also* Pl. Ex. 227, Appx. 5032-5034; Pl. Ex. 219, Appx. 5005-5007; Pl. Ex. 236, Appx. 5121-5127; Pl. Ex. 215 at 21:6-22:8, 22:9-23:11, Appx. 4921-4923; Pl. Ex. 234 ¶¶ 16-17, Appx. 5111; Pl. Ex. 220 (Responses to RFAs 3-4), Appx. 5017.

---

[25] It is undisputed that this note was tendered to Highland in exchange for a contemporaneous loan from Highland to HCMFA in the amount of $4,000,000. Def. Ex. 4 at p.2, ¶ 5 (Declaration of James Dondero dated June 30, 2022); Appx. 304.

[26] Citations to "Second Klos Dec." refer to the *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Summary Judgment* filed by Highland in support of the MSJ in this adversary proceeding and are intended to distinguish it from the *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Action* ("Klos Dec.") submitted in the Main Notes Action.

[27] It is undisputed that this note was tendered to Highland in exchange for a contemporaneous loan from Highland to HCMFA in the amount of $2,300,000. Def. Ex. 4 at p.2, ¶ 6; Appx. 304.

[28] The court uses the defined term "Pre-2019 Notes" (which was also used by Highland in its briefing) to refer to both of the two demand promissory notes issued by HCMFA that are the subject of this Action, together, as distinguished from the two promissory notes issued by HCMFA in 2019 that were the subject of the First HCMFA Note Action that was one of the Five Earlier-Filed Note Actions.

Except for the date, the amount, and the interest rate, the Pre-2019 Notes are identical and include the following relevant provisions:

> 2.  <u>Payment of Principal and Interest</u>.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.
>
> 3.  <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.
>
> 5.  <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof.  No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.
>
> 6.  <u>Waiver</u>.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.
>
> 7.  <u>Attorneys' Fees</u>.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

Pl. Ex. 226, Appx. 5029-5031; Pl. Ex. 227, Appx. 5032-5034.

### B. The April 2019 Acknowledgement Letter

In a document titled "Acknowledgement from HCMLP" ("<u>Acknowledgement Letter</u>") dated April 15, 2019 (which was prior to the Petition Date), with reference being made to "certain outstanding amounts loaned from HIGHLAND CAPITAL MANAGEMENT, L.P. ("HCMLP") to HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. ("HCMF") for funding of

HCMF's ongoing operations, which are payable on demand and remained outstanding on December 31, 2018 and as of the date hereof," Highland acknowledged that "HCMF expects that it may be unable to repay such amounts should they become due, for the period commencing today and continuing through May 31, 2021" and agreed "to not demand payment on amounts owed by HCMF prior to May 31, 2021." Pl. Ex. 217, Appx. 4989-4990; *see also* Second Klos Dec. ¶ 16; Pl. Ex. 215 49:8-50:7, Appx. 4949-4950, 55:15-22, Appx. 4955.   Mr. Dondero executed the Acknowledgement Letter on behalf of both parties – for Highland, on behalf of "Strand Advisors, Inc., its general partner" and for HCMFA, on behalf of "Strand XVI, Inc., its general partner." Pl. Ex. 217, Appx. 4989-4990. Highland received no consideration in exchange for agreeing not to demand payment from HCMFA until May 31, 2021. Pl. Ex. 215 at 50:8-22, Appx. 4950.  No reference was made in the Acknowledgement Letter to the Alleged Oral Agreements. Pl. Ex. 217, Appx. 4989-4990.

### C. Demand for Payment by Highland and Non-payment by HCMFA

Highland did not demand payment of the outstanding obligations due under the Pre-2019 Notes until June 2, 2021. Second Klos Dec. ¶ 17; Pl. Ex. 218, Appx. 4991-5004 (the "Demand Letter").  In the Demand Letter, Highland made demand on HCMFA for payment, by June 4, 2021, of all principal and accrued interest due under the Pre-2019 Notes in the aggregate amount of $3,143,181.93, which represented all accrued and unpaid interest and principal through and including June 4, 2021.

Between May 2019 and December 2021, HCMFA made five separate payments against the 2014 Note, in the aggregate amount of approximately $2.4 million. Second Klos Dec., Exs. D-H.

Between September 2016 and December 2021, HCMFA made three separate payments against the 2016 Note in the aggregate amount of approximately $1.5 million. Second Klos Dec., Exs. H-J.

After demand was made, other than the payments made by HCMFA in December 2021, HCMFA made no further payments against its obligations due under the Pre-2019 Notes and otherwise failed to satisfy its obligations under the Pre-2019 Notes. Pl. Ex. 215 at 58:4-6, Appx. 4958.

As of May 27, 2022, after giving effect to the payments made in December 2021 as well as the payments made against the Pre-2019 Notes prior to the Petition Date, the unpaid principal and accrued interest due under the 2014 Note is $2,151,130.84, and the unpaid principal and accrued interest due under the 2016 Note is $1,001,238.06. Second Klos. Dec. ¶ 18.

### D. Undisputed Corroborating Evidence Regarding Validity and Enforceability of the Pre-2019 Notes

#### 1. The Pre-2019 Notes Were Both Disclosed on Highland's Financial Statements Audited by the Outside Accounting Firm PwC

As set forth below, the undisputed evidence establishes that (a) both of the Pre-2019 Notes were provided to the accounting firm PwC, Highland's long-time outside auditors, and were described in Highland's audited financial statements; (b) both of the Pre-2019 Notes were carried as assets on Highland's balance sheet and were valued in amounts equal to the accrued and unpaid principal and interest without any offset or reservation whatsoever; and (c) neither Highland nor Mr. Dondero disclosed to PwC the existence of an Alleged Oral Agreement that would provide HCMFA with a defense to the enforcement or collection of the Pre-2019 Notes, despite having an affirmative obligation to do so under generally accepted accounting principles ("GAAP").

16

Specifically, copies of the Pre-2019 Notes were and are maintained in Highland's books and records in the ordinary course of business and were provided to PwC in connection with its annual audits. Second Klos Dec. ¶¶ 3-5; Pl. Ex. 215 at 25:22-26:13, Appx. 4925-4926.

PwC's audit process was extensive and took months to complete. Pl. Ex. 94 at 9:24-12:14, Appx. 1554-1555.  As part of the PwC audit process, Highland drafted the financial statements and accompanying notes, and management provided the information that PwC needed to conduct its audits.  Pl. Ex 94 at 14:8-15:14, Appx. 1556; *see also* Pl. Ex. 94 at 49:11-50:22, Appx. 1564-1565.

All of Highland's employees who worked on the audit reported to Mr. Waterhouse (Highland's former CFO), and Mr. Waterhouse was ultimately responsible for making sure the audit was accurate before it was finalized.  Pl. Ex. 105 at 87:25-89:10, Appx. 2071.

In connection with its audit, PwC required Highland to deliver "management representation letters" that included specific representations upon which PwC relied.  Pl. Ex. 94 at 16:18-17:20, Appx. 1556, 23:4-9, Appx. 1558; s*ee also* Pl. Ex. 105 at 96:24-98:6, Appx. 2073-2074 (according to Mr. Waterhouse, management representation letters are "required in an audit to help verify completeness."). For at least the fiscal years 2014, 2016, 2017 and 2018, Mr. Dondero and Mr. Waterhouse signed Highland's management representation letters; their representations were applicable through the date of the audit's completion so that all "material" subsequent events could be included and disclosed.  Pl. Ex. 33, Appx. 729-740; Pl. Ex. 86, Appx. 1420-1431; Pl. Ex. 231, Appx. 5049-5062; Pl. Ex. 232, Appx. 5063-5073; Pl. Ex. 94 at 17:21-25, Appx. 1556, 19:2-22:6, Appx. 1557-1558; *see also* Pl. Ex. 105 at 92:4-8, Appx. 2072, 94:20-95:12, Appx. 2073.

23-10911.7621

Mr. Dondero and Mr. Waterhouse made the following representations to PwC, on May 19, 2016, in connection with PwC's audit of Highland's financial statements for the period ending December 31, 2016:

- The Affiliated Party Notes[29] represented bona fide claims against the makers, and all Affiliated Party Notes were current as of May 19, 2017. Pl. Ex. 232 ¶ 16, Appx. 5067.

- There were no "material" transactions or agreements that were not recorded in the financial statements. Pl. Ex. 232 ¶ 5, Appx. 5065.

- All relationships and transactions with, and amounts receivable or payable to or from, related parties were properly reported and disclosed in the consolidated financial statements. Pl. Ex. 232 ¶ 13(b), Appx. 5066.

- All related party relationships and transactions known to Mr. Dondero and Mr. Waterhouse were disclosed. Pl. Ex. 232 ¶ 12, Appx. 5066.

- All subsequent events were disclosed. Pl. Ex. 232 (signature page), Appx. 5071.

Under GAAP, Highland was required to disclose to PwC: (a) all "material" related party transactions; and (b) any circumstances that would call into question the collectability of any notes. Pl. Ex. 94 at 34:17-35:2, Appx. 1561, 51:17-52:5, Appx. 1565, 70:20-71:3, Appx. 1570. For purposes of the 2016 audit, the "materiality" threshold was $2 million.  Pl. Ex. 232 at 1, Appx. 5064.[30]

Neither Mr. Dondero nor anyone at Highland ever disclosed to PwC the existence or terms of the Alleged Oral Agreements. Pl. Ex. 220 (Responses to RFAs 7-8), Appx. 5018.

---

[29] "Affiliated Party Notes" is the term used by PwC to refer to any and all notes payable to Highland and made by officers, employees, or affiliates of Highland.  *See generally* Pl. Ex. 33, Appx. 729-740; Pl. Ex. 94, Appx. 1551-1585.

[30] For purposes of the 2018 audit, the "materiality" threshold was $1.7 million. Pl. Ex. 33 at 1, Appx. 730; Pl. Ex. 94 at 22:11-23:3, Appx. 1558.  *See also* Pl. Ex. 105 at 91:14-93:6, Appx. 2072.

For purposes of PwC's audit, "affiliate notes" were considered receivables of Highland and were carried on Highland's balance sheet under "Notes and other amounts due from affiliates." Pl. Ex. 34 at p. 2, Appx. 745; Pl. Ex. 72 at p. 2, Appx. 1291; Pl. Ex. 94 at 23:10-22, Appx. 1558, 31:11-33:20, Appx. 1560; Pl. Ex. 105 at 106:20-109:12, Appx. 2076.

For the 2016 fiscal year, Highland valued "Notes and other amounts due from affiliates" in the aggregate amount of approximately $172.6 million, which then constituted more than 12% of Highland's total assets. Pl. Ex. 71 at 2, Appx. 1240.   For the 2017 fiscal year, Highland valued "Notes and other amounts due from affiliates" in the aggregate amount of approximately $163.4 million, which then constituted more than 10% of Highland's total assets; and, for the 2018 fiscal year, Highland valued "Notes and other amounts due from affiliates" in the aggregate amount of approximately $173.4 million, which then constituted more than 15% of Highland's total assets. Pl. Ex. 72 at 2, Appx. 1291; Pl. Ex. 34 at 2, Appx. 745; Pl. Ex. 94 at 33:21-34:2, Appx. 1560-1561, 51:2-16, Appx. 1565.

The notes to the financial statements described the "Affiliate Notes" that were carried on Highland's balance sheet; management calculated the amounts due and owing to Highland from each Affiliate.  Pl. Ex. 72 at 30-31, Appx.1319-1320; Pl. Ex. 34 at 28-29, Appx. 771-772; Pl. Ex. 94 at 34:17-36:25, Appx. 1561, 51:17-53:12, Appx. 1565; Pl. Ex. 105 at 110:22-112:21, Appx. 2077.

The "fair value" of the Affiliate Notes was "equal to the principal and interest due under the notes." Pl. Ex. 72 at 30-31, Appx. 1319-1320; Pl. Ex. 34 at p. 28-29, Appx. 771-772; Pl. Ex. 94 at 37:11-39:12, Appx. 1561-1562; 53:19-25, Appx. 1565.  No discounts were given to the Affiliate Notes, and PwC concluded that the obligors under each of the Affiliate Notes had the

ability to pay all amounts outstanding.  Pl. Ex. 92, Appx. 1514-1530; Pl. Ex. 93, Appx. 1531-1550; Pl. Ex. 94 at 41:2-45:6, Appx. 1562-1563, 55:17-60:22, Appx. 1566-1567, 68:20-25, Appx. 1569.

Note 17 to Highland's 2015 audited financial statements disclosed the issuance of the 2016 Note as a "subsequent event" (*i.e.*, an event occurring after the December 31, 2015 end of Highland's fiscal year). Pl. Ex. 70 at 46, Appx. 1229; *see also*, Pl. Ex. 94 at 54:9-55:7, Appx. 1566.

### 2. *In October 2020, HCMFA Informed Its Retail Board of Its Obligations Under the Pre-2019 Notes*

HCMFA has contracts to manage certain funds (the "Fund Agreements"), which are among the most important contracts HCMFA has and are largely the reason for HCMFA's existence. Pl. Ex. 192 at 66:3-66:23, Appx. 3031. The funds themselves, in turn, are overseen to an extent by a board known as the "Retail Board," which must determine, on an annual basis, whether to renew the Fund Agreements with HCMFA, a process referred to as a "15(c) Review."  As part of the 15(c) Review, the Retail Board requests information from HCMFA.  Pl. Ex. 99 at 129:17-130:3, Appx. 1844-1845, Pl. Ex. 105 at 32:17-33:6, Appx. 2057, 168:9-12, Appx. 2091, 169:9-170:16, Appx. 2091-2092.  Mr. Waterhouse, the Treasurer of HCMFA (in addition to being Highland's CFO) and Mr. Norris, HCMFA's Executive Vice President, participated in the annual 15(c) Review process with the Retail Board.  Pl. Ex. 192 at 67:7-68:19, Appx. 3031; Pl. Ex. 105 at 168:13-169:8, Appx. 2091.

In October 2020, the Retail Board, as part of the annual 15(c) Review, asked HCMFA to provide information regarding whether there were "any outstanding amounts currently payable or due in the future (e.g., notes) to [Highland] by HCMFA or . . . any other affiliate that provides services to the Funds."  Pl. Ex. 36 at 3, Appx. 793.

The Pre-2019 Notes were recorded as liabilities in HCMFA's audited financial statements from the fiscal years 2014-2018. Pl. Exs. 221, 222, 224, and 225 at 2.[31]

HCMFA does not contend that its audited financial statements for the fiscal years 2014-2018 were inaccurate in any way with respect to the Pre-2019 Notes. *See* Pl. Ex. 215 at 28:5-9, Appx. 4928.

On October 23, 2020, HCMFA provided its formal responses to the questions posed by the Retail Board as to the issue of outstanding amounts currently payable or due by HCMFA to Highland or its affiliates:

> As of June 30, 2020, . . . $12,286,000 remains outstanding to HCMLP [Highland] from HCMFA. . . . The earliest the Note between HCMLP [Highland] and HCMFA could come due is in May 2021. All amounts owed by . . . HCMFA pursuant to the shared services arrangement with HCMLP [Highland] have been paid as of the date of this letter. The Advisor notes that both entities have the full faith and support of James Dondero.

Pl. Ex. 59 at p. 2, Appx. 885. The $12,286,000 amount included the amounts due under the Pre-2019 Notes. Pl. Ex. 215 at 26:14-17, Appx. 4926; 27:3-28:4, Appx. 4927-4928; Pl. Ex. 192 at 54:6-9, 54:22-55:8, 55:23-56:3, Appx. 3028-3029; Pl. Ex. 194 at 117:16-122:15, Appx. 3156-3157; Pl. Ex. 195 at 120:23-122:13, Appx. 3211-3212.

> 3.  *Before and During the Bankruptcy Case, the Pre-2019 Notes Were Reflected on Highland's Books, Records, and In Its Bankruptcy Filings as Assets Owed to Highland, without Discounts*

In addition to its PwC-audited financial statements, Highland's contemporaneous books and records—before and after the Petition Date—recorded the Pre-2019 Notes as valid debts due and owing by HCMFA to Highland, without discount.

---

[31] HCMFA's audited financial statements were filed under seal and therefore do not have "Appx." numbers.

After the Petition Date, but while Mr. Dondero was still in control, Highland, as the debtor-in-possession, filed its *Schedules of Assets and Liabilities* [Bankr. DE #247] (the "Debtor's Schedules").  The Debtor's Schedules included the Pre-2019 Notes among Highland's assets. Pl. Ex. 40, Appx. 812-815 (excerpts of the Debtor's Schedules showing that Highland (a) disclosed as assets of the estate "Notes Receivable" in the approximate amount of $150 million (Item 71), and (b) provided a description of the Pre-2019 Notes (Exhibit D)).

In every one of the Debtor's Monthly Operating Reports filed during the Highland Bankruptcy Case (including those filed while Mr. Dondero was still in control of the Debtor), Highland included as assets of the estate amounts "Due from affiliates" that included the Pre-2019 Notes. *See, e.g.*, Pl. Ex. 41, Appx. 816-825; Pl. Ex. 42, Appx. 826-835; Pl. Ex. 88, Appx. 1475-1486; Pl. Ex. 89, Appx. 1487-1496. *See also* Bankr. DE # 405 (October 2019); Bankr. DE # 289 (November 2019); Bankr. DE # 418 (December 2019); Bankr. DE # 497 (January 2020); Bankr. DE # 558 (February 2020); Bankr. DE # 634 (March 2020); Bankr. DE # 686 (April 2020); Bankr. DE # 800 (May 2020), as amended in Bankr. DE # 905; Bankr. DE # 913 (June 2020); Bankr. DE # 1014 (July 2020); Bankr. DE # 1115 (August 2020); Bankr. DE # 1329 (September 2020); Bankr. DE # 1493 (October 2020); Bankr. DE # 1710 (November 2020); Bankr.  DE # 1949 (December 2020); and Bankr. DE # 2030 (January 2021).

Highland's accounting group had a regular practice of creating, maintaining, and updating, on a monthly basis, "loan summaries" in the ordinary course of business (the "Loan Summaries"). Second Klos Dec. ¶ 6. The Loan Summaries identified amounts owed to Highland under affiliate notes and were created by updating underlying schedules for activity and reconciling with Highland's general ledger. *Id.*; Pl. Ex. 199, Appx. 3245-3246.  The Loan Summaries identified each obligor under certain notes by reference to the "GL" number used in the general ledger.  *See*

Pl. Ex. 199, Appx. 3246 (HCMS ("GL 14530"), HCMFA ("GL 14531"), NexPoint ("GL 14532"), HCRE ("GL 14533"), and Mr. Dondero ("GL 14565")). *See* Second Klos Dec. ¶ 6. The 2014 Note is shown on the Loan Summary marked as Plaintiff's Exhibit 199 as "HCMFA #2," and the 2016 Note is shown on the Loan Summary as "HCMFA #5." Pl. Ex. 199, Appx. At 3246. Second Klos Dec. ¶ 8.

### E. Undisputed Facts That Point to the Non-Existence of the Alleged Oral Agreements With Respect to the Pre-2019 Notes

No document was ever uncovered or produced in discovery to establish, memorialize, reflect, or recognize the existence or terms of the Alleged Oral Agreements. Neither Dugaboy nor Ms. Dondero (who were allegedly the ones who entered into the Alleged Oral Agreements, indirectly, on behalf of Highland) is aware of anything in writing that identifies the existence or terms of the Alleged Oral Agreements. Pl. Ex. 210 at 25:23-27:18, Appx. 4861-4863. HCMFA has admitted that the terms or existence of the Alleged Oral Agreements were never reduced to writing. Pl. Ex. 220 (Responses to RFAs 13-14), Appx. 5019.

Other than Mr. Dondero and Ms. Dondero, no one is alleged to have participated in the discussions that led to the Alleged Oral Agreement regarding the 2016 Note (the "2016 Alleged Oral Agreement"). Pl. Ex. 210 at 27:19-21, Appx. 4863.   Ms. Dondero and Dugaboy have admitted that, prior to January 1, 2021, neither ever disclosed the existence or terms of the 2016 Alleged Oral Agreement to *anyone* at Highland or HCMFA (including Highland's auditors), other than Mr. Dondero. Pl. Ex. 210 at 25:6-22, Appx. 4861, 27:22-28:4, Appx. 4863-4864. HCMFA has admitted that, prior to February 1, 2021, it never disclosed the existence or terms of any of the Alleged Oral Agreements to PwC, Mr. Okada, the Bankruptcy Court, or any creditor of Highland,

including in connection with any objection to the Plan or Disclosure Statement.[32] Ex. 220 (Responses to RFAs 7-12, 15-21), Appx. 5018.

Between May 2019 and December 2021, HCMFA made five separate pre-payments in the aggregate amount of $2,410,477.45 against amounts due under the 2014 Note, and between September 2016 and December 2021, HCMFA made three (3) separate pre-payments in the aggregate amount of $1,487,336.87 against amounts due under the 2016 Note. Second Klos Dec. ¶¶ 10-14; Pl. Ex. 219, Appx. 5005-5007.

In addition to the Pre-2019 Notes, and the Notes at issue in the First HCMFA Action, HCMFA issued at least three other notes to Highland in exchange for loans – one before issuing the 2014 Note and two after issuing the 2014 Note but before issuing the 2016 Note (collectively, the "Paid-Off Notes") – as to which HCMFA, prior to the Petition Date, paid all principal and interest due in full. Second Klos Dec. ¶ 9.

In November 2019, Mr. Dondero (while still in control of Highland) caused the sale of a substantial interest in the company Metro Goldwyn Mayer, Inc. ("MGM") for $123.25 million, a portion of which was for the Debtor's interest in a fund (and which sale price was well above its original cost), but he (whether on behalf of himself, personally, or on behalf of HCMFA or any of the Note Maker Defendants) and Highland failed to declare all of the promissory notes forgiven and remained silent about the alleged "oral agreements" altogether. *See* Pl. Ex. 201 ¶¶ 29-30,

---

[32] As noted above, HCMFA filed an objection to confirmation of Highland's chapter 11 Plan (which Plan was based on the assumption that the Pre-2019 Notes would be collected in 2021), yet it failed to make any mention of the existence of the Alleged Oral Agreements or any claim HCMFA had against Highland relating to the potential forgiveness of the debt arising under the Pre-2019 Notes. HCMFA similarly failed to mention the existence of the Alleged Oral Agreements or any claim HCMFA had against Highland relating to the potential forgiveness of the debt arising under the Pre-2019 Notes in its two proofs of claim filed in the Bankruptcy Case on April 8, 2020. [Bankr. Claim ## 95 and 119].

Appx. 3270-3271; Pl. Ex. 202 ¶ 14, Appx. 4135; Pl. Ex. 203 ¶ 1, Appx. 4143; Pl. Ex. 204 at p. 5 n.5, Appx. 4156.

The use of "forgiveable loans" to a corporate affiliate as compensation to individual officers or employees of Highland was not a practice that was standard at Highland or in the industry. Mr. Alan Johnson, Mr. Dondero's own executive compensation expert, reviewed Highland's audited financial statements for each year from 2008 through 2018, Pl. Ex. 101 at 119:14-189:21, and concluded that (a) Highland has not forgiven a loan to anyone in the world since 2009, (b) the largest loan Highland has forgiven since 2008 was $500,000, (c) Highland has not forgiven any loan to Mr. Dondero since at least 2008, and (d) at least since 2008, ***Highland has never forgiven in whole or in part any loan that it extended to any affiliate***.[33] Pl. Ex. 101 at 189:24-192-10, Appx. 2005-2006.

### F.  Undisputed Facts Relating to HCMFA's Defenses of Waiver, Estoppel, Failure of Consideration, Prepayment, and Ambiguity

Mr. Dondero, HCMFA's Rule 30(b)(6) witness, could not identify any relevant facts to support HCMFA's affirmative defenses of waiver (*see* Pl. Ex. 215 at 44:18-45:14, Appx. 4944-4945), estoppel (*id.* at 45:20-46:10, Appx. 4945-4946), lack of consideration (*id.* at 47:7-25, Appx. 4947), or prepayment (*id.* at 48:2-10, Appx. 4948). Mr. Dondero also could not identify a material provision of either of the Pre-2019 Notes that he believed was ambiguous. *Id.* at 20:9-23, Appx. 4920, 24:19-25:11, Appx. 4924-4925. Indeed, there is undisputed evidence contradicting these

---

[33] In his Expert Report dated May 28, 2021, Mr. Johnson stated that loans provided **to Mr. Dondero** – ***not loans provided to corporate affiliates*** – should be considered "potential deferred compensation as they were similar to loans given to **other professionals** at the firm" Def. Ex. G to Def. Ex. 3 (Declaration of Michael P. Aigen dated January 20, 2022) at 16, Appx. 252 (emphasis added). Mr. Johnson further notes in his report that, between 2013 and 2019, (a) "[s]everal loans were made [by Highland] **to Mr. Dondero**," Def. Ex. 3 at 8, Appx. 244, (b) "***[Mr. Dondero]*** received loans in lieu of additional current compensation," Def. Ex. 3 at 3, Appx. 239, and (c) "[c]onsistent with company practice, the loans were considered a form of deferred compensation that could be realized over time as the loans were forgiven and the income **recognized by the individuals**." *Id.* (emphasis added).

purported defenses. *See, e.g.*, Pl. Ex. 217, Appx. 4989-4990 (Acknowledgement Letter where HCMFA admits that loans from Highland were outstanding and payable on demand); Pl. Ex. 220, Appx. 5017 (responses to RFAs 1 through 4 in which HCMFA admits to tendering the Pre-2019 Notes in exchange for loans from Highland equal to the principal amount of the Pre-2019 Notes).

## IV.   Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).   Although summary judgment used to be viewed in the Fifth Circuit as a "'disfavored procedural short cut,' applicable to a limited class of cases," that view was upended, beginning with the Supreme Court's trilogy of summary judgment opinions issued in 1986, that "made it clear that our earlier approach to Rule 56 was wrong-headed because it was simply inconsistent with the plain language of the rule." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 66 (5th Cir.1993) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);[34] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).   Rather than being a disfavored rule, the Supreme Court instructs that Rule 56 "*mandates* the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added in

---

[34] The Court in *Celotex* opined, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed. R. Civ. P. 1)(other citations omitted).

original)).  The Supreme Court explained that "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552.

Under Rule 56, a movant meets its initial burden of showing there is no genuine issue for trial by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir.1990); *see also In re Magna Cum Latte, Inc.,* Bankr. No. 07-31814, 2007 WL 3231633, at *3 (Bankr. S.D. Tex. Oct. 30, 2007) ("A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact.").  The movant "need not 'negate' the elements of the nonmovant's case." *Little*, 37 F.3d at 1075.

"If the moving party carries [its] initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of genuine issue of material fact." *Latimer*, 919 F.2d at 303; *see also Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994) ("To withstand a properly supported motion for summary judgment, the nonmoving party must come forward with evidence to support the essential elements of its claim on which it bears the burden of proof at trial.").  "[T]he nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little*, 37 F.3d at 1075; *see also Hall v. Branch Banking*, No. H-13-328, 2014 WL 12539728, at *1 (S.D. Tex. Apr. 30, 2014) ("[T]he nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment.").  The court must view the facts "in the light most favorable to the nonmoving party" but "only if there is a 'genuine' dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007);

27

*see also Hacienda Records, L.P. v. Ramos*, 718 F.App'x 223, 234 (5th Cir. 2018)("The court considers the record as a whole, and draws all justifiable inferences in favor of the non-movant[, b]ut the non-movant bears 'the burden of demonstrating by competent summary judgment proof that there is [a genuine dispute] of material fact warranting trial.'")(internal citations omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (quoting *Anderson*, 477 U.S. at 247-248, 106 S.Ct. at 2510). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (citing *Matsushita*, 475 U.S. at 586-587 (footnote omitted)). "In considering the summary-judgment record, and although the court may not weigh the evidence or make credibility determinations, it must, of course, decide what evidence may be considered." *Hacienda Records*, 718 F.App'x at 234.

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotations omitted); *see also Kennedy v. Allstate Texas Lloyd's*, 2020 WL 8300511, at *1 (N.D. Tex. Dec. 14, 2020)("Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial.")(*citing Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). Nor may a party "present evidence contradicting admissions made in his pleadings for the purpose of defeating a summary judgment," *Jonibach Management Trust v.*

*Wartburg Enterprises, Inc.*, 136 F.Supp. 792, 821 n.29 (S.D. Tex. 2015),[35] declaration evidence that contradicts or impeaches, without a valid explanation, sworn deposition testimony, *Hacienda Records, L.P. v. Ramos*, 718 F. App'x at 234 ("[A party] is not entitled to use a declaration 'that impeaches, without explanation, sworn testimony' to defeat summary judgment.")(quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)),[36] or declaration evidence that is internally inconsistent and self-contradictory. *Cooper Cameron Corp. v. United States Dep't of Labor*, 280 F.3d 539, 550 (5th Cir. 2002)("[A party] cannot meet its [summary judgment] burden with an internally inconsistent, self-contradictory affidavit."); *see also Freeman v. City of Fort Worth, Texas*, 2011 WL 2669111, at *3 (N.D. Tex. July 7, 2001)(where the district court concluded that the non-movant's internally inconsistent and self-contradictory affidavit was "insufficient to create a dispute of fact as to any material issues.")(citations omitted).

The Supreme Court admonishes that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a

---

[35] The court in *Jonibach* cites *Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 107-108 (1987), where plaintiffs, in attempting to defeat a summary judgment motion by showing that there was a genuine issue of material fact, submitted an affidavit that clearly conflicted with earlier statements the plaintiffs had made in their complaints. The Fifth Circuit stated that "the factual dispute d[id] not render summary judgment inappropriate," because "[i]rrespective of which document contains the more accurate account, the [plaintiffs] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [the] affidavit." *Id.* The court noted that the prohibition against the submission of affidavits or declarations that contradict the party's pleadings for the purposes of defeating summary judgment is based on the proposition that "Factual assertions in pleadings . . . are considered to be judicial admissions conclusively binding on the party who made them," *Jonibach*, 136 F.Supp. at 821 n.29 (quoting *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983)), while also noting that "[a]lthough facts in pleadings are not by themselves evidence, a judicial admission has the effect of withdrawing it from contention." *Id.* (citing *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).

[36] This rule is known as the "sham-affidavit" rule, which provides a "party may not manufacture a dispute of fact merely to defeat a motion for summary judgment," *Hacienda Records*, 718 F. App'x at 235 (quoting *Doe ex rel. Doe v. Dallas Indep.. Sch. Dist.*, 220 F3d 380, 386 (5th Cir. 2000)). The Fifth Circuit, in *Hacienda Records*, noted that "so long as inconsistent statements were 'made by [the party] the deponent and [the party] the affiant,' the court may refuse to consider his declaration as competent evidence." *Id.*; *see also Free v. Wal-Mart Louisiana, L.L.C.*, 815 F.App'x 765, 767 (5th Cir. 2020)(where the Fifth Circuit concluded that the district court had not abused its discretion and "reasonably applied the sham affidavit doctrine" when it struck an affidavit that, without explanation, conflicted with prior deposition testimony).

court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380, 127 S.Ct. at 1776. "Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 66 n.12 (5th Cir.1993) ("We no longer ask whether literally little evidence, i.e., a scintilla or less, exists but, whether the nonmovant could, on the strength of the record evidence, carry the burden of persuasion with a reasonable jury."); *see also*, *Anderson*, 477 U.S. at 251-252, 106 S.Ct. at 2512 (where the Court stated that the inquiry under a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."), If the nomoving party fails to meet its burden of submitting competent summary judgment evidence that there is a genuine dispute as to a material fact, "the motion for summary judgment ***must*** be granted." *Little*, 37 F.3d at 1076 (emphasis added)("A plaintiff should not be required to wait indefinitely for a trial when the defendant has a meritless defense that can be resolved on motion for summary judgment.").

## V.      Legal Conclusions

### A.   *Highland Has Met Its Burden of Showing Its Prima Facie Case That It Is Entitled to Summary Judgment*

It has often been said that "suits on promissory notes provide 'fit grist for the summary judgment mill.'" *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (quoting *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988)); *see also Looney v. Irvine Sensors Corp.*, Civ. Action No. 3:09-CV-0840-G, 2010 WL 532431, at *2 (N.D. Tex. Feb. 15, 2010) ("Suits on promissory notes are typically well-suited for resolution via summary judgment."). To prevail on summary judgment for breach of a promissory note under Texas law,

the movant need not prove all essential elements of a breach of contract, but only must establish (i) the note in question, (ii) that the non-movant signed the note, (iii) that the movant was the legal owner and holder thereof, and (iv) that a certain balance was due and owing on the note. *See Resolution*, 41 F.3d at 1023; *Looney*, 2010 WL 532431, at *2-3; *Magna Cum Latte*, 2007 WL 3231633, at *15.

With regard to the Pre-2019 Notes, the evidence is that they are valid, signed by Mr. Dondero on behalf of HCMFA in Highland's favor, and, as of May 27, 2022, the total outstanding principal and accrued but unpaid interest due under the 2014 Note was $2,151,130.84, and the unpaid principal and accrued interest due under the 2016 Note was $1,001,238.06. Second Klos. Dec. ¶ 18.  HCMFA breached its obligations under the Pre-2019 Notes by failing to pay Highland all amounts due and owing upon Highland's demand.  Highland has been damaged by HCMFA's breaches in the amounts set forth above, plus the interest that has accrued under the Pre-2019 Notes since those calculations, plus collection costs and attorneys' fees.  Thus, Highland has made its prima facie showing that it's entitled to summary judgment on HCMFA's breach of each of the Pre-2019 Notes. *See Resolution*, 41 F.3d at 1023 (holding that where affidavit "describes the date of execution, maker, payee, principal amount, balance due, amount of accrued interest owed, and the date of default for each of the two promissory notes," movant "presented a prima facie case of default on the notes."); *Looney,* 2010 WL 532431, at *2-3 (where movant "has attached a copy of the note … to a sworn affidavit in which he states that the photocopy is a true and correct copy of the note, that he is the owner and holder of the note, and that there is a balance due on the note … [movant] has made a prima facie case that he is entitled to summary judgment on the note.").

### B.  HCMFA Has Failed to Rebut Highland's Prima Facie Case

Highland having met its initial burden, the burden shifts to HCMFA to demonstrate the existence of a genuine dispute of a material fact that would defeat the MSJ.  *Latimer*, 919 F.2d at 303; *see also Nat'l Ass'n of Gov't Emps*, 40 F.3d at 712.  HCMFA has failed its burden here.

With regard to HCMFA's Alleged Oral Agreement Defense,[37] HCMFA has failed to point to a genuine dispute of material fact such that a reasonable jury would find that the Alleged Oral Agreements existed and that the Alleged Oral Agreements, if they existed, would be valid and enforceable agreements under state law.  The only summary judgment evidence submitted by HCMFA in support of its Alleged Oral Agreement Defense is the conclusory, self-serving, unsubstantiated  declarations of Mr. Dondero and his sister, Ms. Dondero, regarding the existence of the Alleged Oral Agreements. *See* Declaration of James Dondero, dated June 30, 2022, Def. Ex. 4, Appx. 301-369; Declaration of Nancy Dondero, dated June 30, 2022, Def. Ex. 5, Appx. 370-380.[38]  The court will not consider the Dondero declarations, which contradict HCMFA's pleaded facts and prior deposition testimony, and which are internally inconsistent and self-contradictory, as providing competent summary judgment evidence regarding the existence of the Alleged Oral Agreements.  Therefore, HCMFA has failed to present any genuine dispute of material fact that could defeat the MSJ.

---

[37] HCMFA has failed to present any evidence whatsoever of a genuine dispute of a material fact with respect to its other affirmative defenses. *See infra* note 20.

[38] As noted above, HCMFA can point to no document or writing that was ever uncovered or produced in discovery to establish, memorialize, or reflect the existence or terms of the Alleged Oral Agreements.

1.  *The Dondero Declarations Contradict the Pleaded Facts in HCMFA's Answer*

The Dondero declarations submitted by HCMFA in opposition to the MSJ contradict the pleaded facts in HCMFA's assertion of the Alleged Oral Agreement Defense in its Answer with respect to the 2014 Note,[39] and, therefore will not be considered as competent summary judgment evidence to defeat Highland's claims on the 2014 Note. *See Jonibach Management Trust v. Wartburg Enterprises, Inc.*, 136 F.Supp. at 821 n.29 ("A party cannot present evidence contradicting admissions made in his pleadings for the purpose of defeating a summary judgment). A review of the stated Alleged Oral Agreement Defense reveals that HCMFA claims that Highland is barred from collecting on the Pre-2019 Notes because "sometime between December of the year in which each Note was made and February of the following year" Highland, through the person of Ms. Dondero, as a representative for a majority of the Class A shareholders of Highland, entered into an oral agreement (without naming the other party to the oral agreement), whereby Highland "agreed that [it] would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Mr. Dondero's control" and that "[t]he purpose of this agreement was to provide compensation to Mr. Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans" -- loans to whom, again, HCMFA does not say. Answer, ¶ 41. What is clear is that HCMFA alleges that Ms. Dondero is the person who entered into the Alleged Oral Agreement ten to twelve months ***after*** each of the Pre-2019 Notes were issued in exchange for hard-cash loans from Highland to HCMFA, and that the

---

[39] As noted, the Alleged Oral Agreement Defense is pleaded with nearly identical language to the same Alleged Oral Agreement Defense asserted in four of the Five Earlier-Filed Note Actions that significantly that morphed over time after the commencement of the Five Earlier-Filed Note Actions.

23-10911.7637

Alleged Oral Agreement was entered into for the purpose of providing compensation **to Mr. Dondero**. Answer, ¶¶ 1-2, 41.

Despite (a) having litigated the circumstances concerning the Alleged Oral Agreement Defense for over a year in the Consolidated Notes Action, and (b) reviewing and authorizing HCMFA's Answer before it was filed,[40] it was only under questioning that Mr. Dondero and Ms. Dondero realized that she could not have entered into the 2014 Alleged Oral Agreement because she had not been appointed the trustee of Dugaboy until October of 2015.[41]   As a result, Mr. Dondero was forced to change HCMFA's assertions in its Answer regarding the formation of the 2014 Alleged Oral Agreement to assert that it was **he who entered into the 2014 Alleged Oral Agreement with himself**.   Dondero Declaration, ¶ 13 ("I – acting on behalf of Dugaboy for [Highland] and also on behalf of HCMFA – entered into an agreement (the "2014 Agreement") that [Highland] would not collect on the 2014 Note if certain events occurred.").[42]   HCMFA has not sought leave to amend its Answer in this Action, even though Mr. Dondero's declaration clearly contradicts the factual contentions in the Answer as to who allegedly entered into the 2014 Alleged Oral Agreement.

Mr. Dondero's declaration also contradicts the allegation in the Answer as to **when** the agreement was made to potentially forgive the indebtedness under the Pre-2019 Notes as a means of deferred compensation to Mr. Dondero.   In the Answer, HCMFA states that the Alleged Oral Agreements were entered into "sometime between December of the year in which each Note was made and February of the following year." Answer, ¶41.  Both of the Pre-2019 Notes were issued

---

[40] *See* Pl. Ex. 215 at 30:7-31:2, Appx. 4930-4931.

[41] *See* Pl. Ex. 210 at 16:6-18:24, Appx. 4852-4854; *see also*, Pl. Ex. 237, Appx. 5128-5133.

[42] *See* Pl. Ex. 215 at 31:3-25, 32:19-36:6, Appx. 4931-4936.

in February of the year in which they were made, which means HCMFA alleges that the Alleged Oral Agreements were entered into ten to twelve months *after* each of the Pre-2019 Notes were issued in exchange for loans from Highland.  Yet, Mr. Dondero, in his declaration,[43] points to, and incorporates as exhibits to his declaration, two documents that state that the agreements to potentially forgive the loans as compensation to Mr. Dondero were actually made *contemporaneously* with the making of the loans and the issuance of the notes:[44]

- A letter from his counsel dated February 1, 2021 to opposing counsel (the "Letter") that Mr. Dondero alleges discloses "that one of the defenses in this litigation was that the Notes were subject to forgiveness as potential compensation," Dondero Declaration ¶18 (attaching a copy of the letter as Exhibit C to the declaration).  The letter references the Debtor's "recently commenced suit to collect on certain notes payable to it executed by Mr. Dondero and certain of his affiliates," and states, "As you are aware, in addition to other defenses, Mr. Dondero views the notes in question as *having been given in exchange for loans by Highland made in lieu of compensation to Mr. Dondero*." Def. Ex. 4 at Ex. C., Appx. 361 (emphasis added).

- Proof of Claim #188 filed by Mr. Dondero, individually, on May 26, 2020 ("Dondero POC") that Mr. Dondero avers "provided in 'Schedule A' [to the proof of claim] notice to the world that the Notes at issue in this and the other adversary proceedings concerning notes were potentially forgivable as compensation to me." Def. Ex. 4 at ¶19, Appx. 309.  Exhibit A to the proof of claim included a table labeled "Schedule A (as of March 31, 2020)" that listed various notes issued by Mr. Dondero and various affiliates (including HCMFA) to Highland, and stated that the claim was "a contingent claim asserted by James Dondero and is subject to any effort to collect on [the notes listed on Schedule]" and that "[i]n the event that collection efforts are made to collect the Notes, James Dondero asserts that *the Notes were issued by him for funds advanced in lieu of compensation*." Def. Ex. 4 at Ex. D, Appx. 367.

---

[43] Def. Ex. 4 at ¶¶ 18-19, Appx. 309.

[44] If the Alleged Oral Agreements were made contemporaneously with the issuance of the notes, HCMFA would be barred from submitting evidence of such agreements by the parole evidence rule. *See Faulkner v. Mikron Indus., Inc. (In re Heritage Organization, L.L.C.)*, 354 B.R. 407, 430 (N.D. Tex. Bankr. 2006)(where the court stated that "extrinsic evidence of a condition subsequent is not admissible to vary the terms of a valid and binding written agreement.")(citing, *Litton v. Hanley*, 823 S.W.2d 428, 430-31 (Tex.App.—Houston [1st Dist.] 1992), for its holding that "evidence of an alleged oral agreement that the note would only be due if the business subsequently turned a profit was inadmissible.")

Because these allegations in Mr. Dondero's declaration clearly contradict the allegations pleaded in the Answer – as to when the agreement to forgive the loans upon the occurrence of a condition subsequent -- the court will not consider his declaration in connection with its analysis of the MSJ.[45]

2. *Mr. Dondero's Declaration Contradicts His Prior Sworn Testimony Regarding the Alleged Oral Agreements*

Mr. Dondero's declaration evidence (the Letter and the Dondero POC) that state that the Pre-2019 Notes were issued "in lieu of compensation" contradicts the prior deposition testimony of Mr. Dondero that (a) the Pre-2019 Notes were issued in exchange for loans made to HCMFA, and (b) the Alleged Oral Agreements were entered into ten to twelve months after each of the Pre-2019 Notes were issued. *See, e.g.*, Pl. Ex. 215 at 15:20-17:11, 17:18-22, Appx. 4915-4917, 39:7-14, Appx. 4939; Pl. Ex. 215 at 21:6-22:8, 22:9-23:11, Appx. 4921-4923; Pl. Ex. 215 at 29:15-37:8, Appx. 4929-4937.

In addition, Mr. Dondero's declaration – wherein Mr. Dondero recollects that the Alleged Oral Agreements were entered into specifically with respect to the 2014 Note and the 2016 Note – is inconsistent with and contradicts his November 4, 2022 and May 5, 2022 deposition testimony as to whether the Pre-2019 Notes were subject to an Alleged Oral Agreement.  First, during his November 4, 2021 deposition, Mr. Dondero could not describe any material terms of the alleged "oral agreements" as relating to the notes that were the subject of the Consolidated Notes Action. Without a list prepared by counsel, Mr. Dondero could not identify any of the Notes subject to the

---

[45] Similarly, Ms. Dondero's declaration that, in late 2016 to early 2017, she caused Dugaboy Trust to cause Highland to enter into the 2016 Alleged Oral Agreement and that she was only told by her brother, Mr. Dondero, that "about the substantially the [sic] same agreement Dugaboy made with respect to the 2014 Note," contradicts the pleaded facts in the Answer that it was *she* who entered into both the 2014 and 2016 Alleged Oral Agreements, and, thus, will not be considered competent summary judgment evidence of a genuine issue of material fact regarding the existence of the 2014 Alleged Oral Agreement.

alleged "oral agreement" nor could he recall (i) the number of Notes subject to each alleged "oral agreement," (ii) the maker of each Note subject to each alleged "oral agreement," (iii) the date of each Note subject to each alleged "oral agreement," or (iv) the principal amount of any Note subject to the alleged "oral agreement." Pl. Ex. 99 at 13:4-28:22, Appx. 1815-1819.  When asked about the existence or terms of any promissory note, other than the promissory notes that were the subject of the Consolidated Notes Action, that was the subject of an agreement with the Dugaboy trustee, Mr. Dondero could not identify a single promissory note or any terms of such a promissory note, such as the maker, the date, or the principal amount. Pl. Ex. 99 at 28:6-31:14, Appx. 1818-1820, 33:22-34-12, Appx. 1820-1821.  When asked if he "was aware of any other Promissory Notes [other than the Promissory Notes that are the subject of the Consolidated Notes Action] that are the subject of any agreement that the Dugaboy trustee ever entered into as a representative of the majority of Class A shareholders," Mr. Dondero answered, "Not as I sit here today." Pl. Ex. 99 at 39:4-14, Appx. 1822.  During his deposition taken on May 5, 2022 (less than two months prior to his July 1, 2022 declaration), Mr. Dondero could not recall the details of the 2016 Alleged Oral Agreement, including whether the 2016 Alleged Oral Agreement was with respect to both the 2014 Note and the 2016 Note or whether he had entered into an oral agreement with himself in 2014, when he was the Dugaboy trustee, with respect to the 2014 Note. Pl. Ex. 215 at 33:12-34:8.

Yet, just five days after the November deposition, after Mr. Dondero reviewed HCMFA's Answer before authorizing HCMFA's attorneys to file it, Pl. Ex. 215 at 30:7-31:2, Appx. 4930-4931, HCMFA was able to allege that both of the Pre-2019 Notes were specifically the subject of a separate Alleged Oral Agreement, and, less than two months after the May deposition, Mr. Dondero filed his declaration in which he suddenly recollects the specifics of oral agreements that

occurred:  (a) with respect to the 2014 Note, at the end of 2014, beginning of 2015 (apparently between himself, as the Dugaboy trustee, acting on behalf of Highland, and himself, as a representative of HCMFA) and, (2) with respect to the 2016 Note, at the end of 2016, beginning of 2017 (between Ms. Dondero, as the Dugaboy trustee, acting on behalf of Highland, and himself, as a representative of HCMFA).  This goes to the heart of the issue of whether the alleged conversations occurred in 2014/2015 and 2016/2017 or whether they happened at all because the *only* evidence submitted by HCMFA regarding the existence of these conversations are the Dondero declarations.  Because Mr. Dondero's declaration contradicts Mr. Dondero's deposition testimony, the court will not consider his declaration as competent summary judgment evidence on the issue of the existence of the Alleged Oral Agreements. *See Hacienda Records*, 718 F. App'x at 234 ("[A party] is not entitled to use a declaration 'that impeaches, without explanation, sworn testimony' to defeat summary judgment.")(quoting *S.W.S. Erectors, Inc.*, 72 F.3d at 495).

3.  *The Dondero Declarations Are Internally Inconsistent and Self-Contradictory*

Furthermore, both of the Dondero declarations are internally inconsistent and self-contradictory and, therefore, will not be considered as competent summary judgment evidence present by HCMFA that could defeat the MSJ. *See Cooper Cameron Corp.*, 280 F.3d at 550 ("[A party] cannot meet its [summary judgment] burden with an internally inconsistent, self-contradictory affidavit.").  Mr. Dondero's declaration is self-contradictory in several ways, beginning with the statement that the Alleged Oral Agreements were entered into ten to twelve months after each of the Pre-2019 Notes were issued in exchange for loans, which contradicts the statement in the declaration (incorporating the Letter and Dondero POC) that the Pre-2019 Notes were issued "in lieu of compensation." *Compare* Def. Ex. 4 at ¶¶ 5-6, 13-15, Appx. 304-305, 307-

308 *with id.*, Exhibits C and D, Appx. 361, 363-367.  Mr. Dondero's declaration is also self-contradictory on the issue of exactly who were the parties to the Alleged Oral Agreements – were the Alleged Oral Agreements entered into between Highland and HCMFA or between Highland and Mr. Dondero, in his individual capacity?  Mr. Dondero, essentially, alleges that the 2014 Alleged Oral Agreement was entered into between "[himself] – acting on behalf of Dugaboy for [Highland] and also on behalf of HCMFA." Def. Ex. 4 at ¶ 13, Appx. 307.  However, in describing the Alleged Oral Agreement, he alleges that the purpose of the agreement was for ***Highland*** to provide ***him, personally,*** with deferred compensation as a means of ***Highland*** incentivizing ***Mr. Dondero, personally***, to give his "utmost focus and attention [to the monetization of the portfolio companies and to "serve[ ] as an incentive for ***me*** to work particularly hard to make sure these assets were successful," providing ***Highland*** "the additional benefit . . . of not increasing ***my*** base salary" but instead making "***my compensation*** conditional on performance."   Def. Ex. 4 at ¶ 13, Appx. 307 (emphasis added).  Mr. Dondero further alleges that the Alleged Oral Agreement was in line with Highland's "common practice to compensate ***executives*** with forgivable loans" as supported by his professed knowledge that "several other ***individuals*** may have received loans by [Highland] that were forgiven." Def. Ex. 4 at ¶ 11, Appx. 306 (emphasis added).  If the conversations that led to the Alleged Oral Agreements happened at all, the conversations are alleged to have been between Highland and Mr. Dondero, personally, regarding his personal deferred compensation (which contradicts Mr. Dondero's allegation that he was acting on behalf of, and purporting to bind, HCMFA) when these alleged conversations occurred.

Ms. Dondero's declaration is similarly internally inconsistent and self-contradictory with respect to the issue of who the parties were to the Alleged Oral Agreements with respect to the Pre-2019 Notes.  Ms. Dondero alleges in her declaration that she, as the family trustee of Dugaboy,

23-10911.7643

"caused Dugaboy . . . to cause [Highland] to enter into [the Alleged Oral Agreement] with HCMFA." Def. Ex. 5 at ¶ 7, Appx. 373.  But, like Mr. Dondero, she goes on to describe the circumstances surrounding the Alleged Oral Agreement," stating that she "knew and believed that *Jim Dondero would be the person* most involved in, and responsible for, the marketing and eventual sale of [the portfolio companies] *by Highland*" and that "[t]he 2016 Agreement had two primary purposes . . . .   First, the 2016 Agreement would provide additional incentive and motivation *to Jim Dondero* to attempt to maximize the value and return to [*Highland*] . . . and to remain in [*Highland's*] employment," and "[s]econd, the 2016 Agreement would allow [*Highland*] to make part of *Jim's* compensation contingent on performance, instead of paying *him* additional cash in 2016 or 2017 . . . ." *Id.* at ¶ 9, Appx. 373-374.  Finally, Ms. Dondero alleges, "At the time I caused [Highland] to enter into the 2016 Agreement, I believed I had the authority, as the Dugaboy Family Trustee, to cause Dugaboy to cause [Highland] to enter into the 2016 Agreement" and that "I also intended, believed, and expected that the 2016 Agreement *would be a binding and enforceable agreement between Highland and Jim Dondero*" – not between Highland and HCMFA. *Id.* at ¶ 12, Appx. 374.  The court will not consider the internally inconsistent and self-contradictory declaration of Mr. Dondero as competent summary judgment evidence.

The Dondero declarations are the only summary judgment evidence presented by HCMFA in support of its Opposition to the MSJ.  Thus, the court's finding that neither constitutes competent summary judgment evidence results in the conclusion that HCMFA has failed to meet its burden of rebutting Highland's *prima facie* case for summary judgment.  Highland's MSJ should be granted.

4. *Even If the Court Were to Consider the Dondero Declarations, HCMFA Has Failed to Point to a Genuine Dispute With Respect to a Material Fact That Would Defeat Highland's MSJ*

Even if the court were to consider the Dondero declarations, when reviewed with the summary judgment record as a whole, HCMFA has not raised a genuine issue of material fact such that a reasonable jury might find the existence of the Alleged Oral Agreements.  We have here a case of "opposing parties tell[ing] two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it," such that "[the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380, 127 S.Ct. at 1776.  HCMFA's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it" and so the court should adhere to the Supreme Court's admonition and not accept HCMFA's allegations of a fact for purposes of ruling on the MSJ.

a)   **Could the Alleged Oral Agreements, If Made, Even Be Valid?**

HCMFA's opposition to the MSJ depends on HCMFA being able to submit competent summary judgment evidence that the Alleged Oral Agreements not only existed but are valid, binding contracts between Highland and HCMFA under Texas law.  HCMFA cannot meet that burden here.

First, Ms. Dondero did not have authority to bind Highland to the Alleged Oral Agreements.  HCMFA alleges that the Alleged Oral Agreements were between: (a) Mr. Dondero, acting on behalf of HCMFA; and (b) ***his sister, Ms. Dondero***, of Vero Beach, Florida, acting on behalf of Highland.  Notably, Ms. Dondero was never an officer, manager, or held any role with Highland.  but, HCMFA's position is that she nevertheless had authority to act for Highland, in connection with agreeing not to collect on the Pre-2019 Notes, because she was/is the Family

Trustee of the Dugaboy Investment Trust,[46] which was the holder of a majority of the ***limited partnership interests of Highland***.  This, according to HCMFA, meant Dugaboy had authority, under the terms of Highland's limited partnership agreement (the "LPA"), to exert control over Highland and do things like release millions of dollars' worth of debt owed to Highland by a corporate affiliate, in order to provide compensation to Mr. Dondero as CEO, president, and controlling portfolio manager of Highland.  Specifically, HCMFA makes the bizarre argument that the holder of a majority of the limited partnership interests of Highland "was entitled to approve the compensation of [Highland's] General Partner and any 'Affiliate' of the General Partner" and, thus, Ms. Dondero could cause Highland to release obligations on the Pre-2019 Notes as a form of "compensation" to Mr. Dondero. Def. Ex. 4 at ¶ 8, Appx. 305 (citing Pl. Ex. 30, Appx. 612, 622, 639, the Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.).  HCMFA, through Mr. Dondero's declaration, points specifically to Section 3.10(a) as the section of the LPA that gave Dugaboy the authority to bind Highland to the Alleged Oral Agreements. *Id.*, Appx. 622.  But Section 3.10(a) provides no such authority.

Section 3.10(a) is entitled "**Compensation and Reimbursement of the General Partner**."  Note that the General Partner of Highland was Strand.  Section 3.10(a) provides, in relevant part, "The General Partner and any Affiliate of the General Partner shall receive no compensation from the Partnership for services rendered pursuant to this Agreement or any other agreements unless approved by a Majority Interest." *Id.*  The argument of HCMFA is that, since Mr. Dondero was an affiliate of Strand, this provision was relevant to his compensation.  Even if one assumes that this provision pertains to compensation of Mr. Dondero, as CEO and president

---

[46] Mr. Dondero was himself the trustee of Dugaboy until his resignation as such on August 26, 2015. Def. Ex. 4 at ¶ 9, Appx. 305-306.

23-10911.7646

of Highland (as opposed to compensation while acting for Strand), the provision says nothing about the Majority Interest having the ***authority*** to act on behalf of Highland to enter into agreements with third parties regarding compensation. *Id.*  Approval and authority are different concepts.  In fact, Ms. Dondero testified that she had no meaningful knowledge, experience, or understanding of (a) Highland or its business, (b) the financial industry, (c) executive compensation matters, or (d) Mr. Dondero's compensation or whether he was "underpaid compared to reasonable compensation levels in the industry."  Pl. Ex. 100 at 42:22-43:8, Appx. 1885, 48:7-61:9, Appx. 1886-1889; 211:8-216:21, Appx. 1927-1928.

The further undisputed evidence shows that Ms. Dondero never reviewed Highland's financial statements (including balance sheets, bank statements, profit and loss statements, and statements of operations), never asked to see them, and knew nothing about Highland's financial condition prior to the Petition Date. *Id.* at 61:25-63:13, Appx. 1889-1890.  Ms. Dondero did not know of Highland's "portfolio companies" except for those her brother identified, and as to those, she did not know the nature of Highland's interests in the portfolio companies, the price Highland paid to acquire those interests, or the value of the portfolio companies. *Id.* at 63:18-80-22, Appx. 1890-1894; 208:24-210:13, Appx. 1926-1927.  Ms. Dondero never saw a promissory note signed by Mr. Dondero, nor any other officer or employee of Highland, nor any "affiliate" of Highland. *Id.* at 83:14-84:8, Appx. 1895; 95:3-16, Appx. 1898; 99:20-100:10, Appx. 1899; 115:11-116:4, Appx. 1903; 127:13-128:4, Appx. 1906; 140:15-141:22, Appx. 1909, 180:18-23, Appx. 1919.  Ms. Dondero purportedly learned from her brother that Highland allegedly had a "common practice" of forgiving loans but had no actual knowledge or information concerning any loan that Highland made to an officer, employee, or affiliate that was actually forgiven and made no effort to verify her brother's statement. *Id.* 84:9-92:3, Appx. 1895-1897, 100:11-103:8, Appx. 1899-1900.

In summary, the undisputed evidence shows that Ms. Dondero's "approval" of any compensation to Mr. Dondero as an officer and employee of Highland had never been sought by Highland prior to the Alleged Oral Agreements. Moreover, Ms. Dondero, as the Family Trustee of Dugaboy, the holder of the majority limited partnership interests in Highland, did not have "authority," under Section 3.10(a) of the LPA or otherwise, to enter into any agreement with a third party regarding any compensation from Highland to anyone.

### b) The Alleged Oral Agreements, If Any Were Made, Would Lack Enforceability Under Basic Contract Principles

Next, the Alleged Oral Agreements would be unenforceable as a matter of law for lack of: (a) consideration, (b) definiteness, and (c) a meeting of the minds. To be legally enforceable, a contract "must address all of its essential and material terms with a reasonable degree of certainty and definiteness." *Scott v. Wollney*, No. 3:20-CV-2825-M-BH, 2021 WL 4202169, at * 7 (N.D. Tex Aug. 28, 2021) (internal quotations omitted); *In re Heritage Org., L.L.C.*, 354 B.R. 407, 431–32 (Bankr. N.D. Tex. 2006) (In order to prove existence of a valid and binding subsequent oral agreement binding upon parties, a party must prove that there was "(1) a meeting of the minds" and "(2) consideration to support such a subsequent oral agreement.") "Whether a contract contains all of the essential terms for it to be enforceable is a question of law." *Id.* (internal quotations omitted). "A contract must also be based on valid consideration." *Id.* "In determining the existence of an oral contract, courts look at the communications between the parties and the acts and circumstances surrounding those communications." *Melanson v. Navistar, Inc.*, 3:13-CV-2018-D, 2014 WL 4375715, at *5 (N.D. Tex. Sept. 4, 2014). *See also id.* at *6 (finding that a reasonable trier of fact could not find that based on the oral conversation between the plaintiff and the defendant that there was an offer, an acceptance, and a meeting of the minds because the conversation did not contain all essential terms); *Wollney*, 2021 WL 4202169, at *8 (finding that

"[w]hen, as here, 'an alleged agreement is so indefinite as to make it impossible for a court to 'fix' the legal obligations and liabilities of the parties, a court will not find an enforceable contract,'" finding that party "has not identified evidence of record that would allow a reasonable trier of fact to find that there was an offer, an acceptance, and a meeting of the minds between Plaintiff and Defendant.") (quoting *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citation omitted)); *Heritage*, 354 B.R. at 431–32 (finding a "subsequent oral amendment" defense fails where the summary judgment record does not support the existence of a subsequent agreement).

Here, HCMFA has not submitted competent summary judgment evidence of any of the essential elements for the formation of a valid and binding contract. Mr. Dondero could not identify any material terms of the Alleged Oral Agreements, such as: (a) when the Alleged Oral Agreements were entered into; (b) who – HCMFA or Mr. Dondero – was a party to the Alleged Oral Agreements; (c) whether the Pre-2019 Notes were the subject of an Alleged Oral Agreement (and whether the alleged oral conversations even occurred), (d) the number of notes subject to an Alleged Oral Agreement; or (e) the maker, the date, or the principal amount of any note that was subject to an Alleged Oral Agreement. HCMFA alleges, through Mr. Dondero's declaration, that the Alleged Oral Agreements were agreements between Highland and HCMFA while, at the same time, it alleges, through both Dondero declarations, that the oral conversations were between Highland and Mr. Dondero, personally. HCMFA does not even allege that **HCMFA** gave any consideration to Highland in exchange for Highland's alleged agreement to forgive HCMFA's indebtedness under the Pre-2019 Notes upon the occurrence of a condition subsequent. Thus, the Alleged Oral Agreements would be unenforceable for lack of consideration. The record evidence clearly shows, as well, that HCMFA has failed to provide evidence of the essential and material

45

terms of the Alleged Oral Agreements with any degree of certainty and definiteness that would allow a reasonable trier of fact to find that the Alleged Oral Agreements were valid, binding agreements between Highland and HCMFA. And, finally, the summary judgment record, as a whole, shows that there certainly was not a "meeting of the minds" between Highland and HCMFA with respect to the Alleged Oral Agreements.

### c) Most Importantly, HCMFA Has Not Raised a Genuine Issue of Fact Regarding the Existence of the Alleged Oral Agreements That Would Defeat the MSJ

Finally, the court finds that HCMFA has simply failed to present any summary judgment evidence that would allow a reasonable jury to find that the Alleged Oral Agreements existed. Beyond the fact that there are only self-serving, uncorroborated, and contradictory declarations and testimony of the Donderos submitted on this defense, it is simply not credible that a multi-billion-dollar enterprise, with sophisticated officers and directors, that was audited by one of the largest and most iconic public accounting firms in the world (PwC), would have entered into Alleged Oral Agreements to forgive millions of dollars of debt unbeknownst to any of those officers, directors, or PwC and, further, not disclose the existence of the Alleged Oral Agreements to any of those officers, directors, or PwC in the years leading up to the bankruptcy filing or to the bankruptcy court after the Petition Date until the Alleged Oral Agreement Defense was first raised in the Condolidated Notes Action. No reasonable trier of fact would believe that Mr. Dondero entered into an "oral agreement" between himself, as a representative of Highland, and himself, as a representative of HCMFA – that he had a verbal conversation with himself – with respect to the 2014 Alleged Oral Agreement. One would have to wonder just how that conversation would have played out.

HCMFA's (and Mr. Dondero's and Ms. Dondero's) actions before and after the Petition Date belie the existence of any Alleged Oral Agreement.  The Alleged Oral Agreements were never disclosed to anyone by Mr. Dondero or Ms. Dondero.  Other than Mr. Dondero and Ms. Dondero, no one participated in the discussions that led to the Alleged Oral Agreements (and, again, with respect to the 2014 Alleged Oral Agreement, HCMFA has alleged that Mr. Dondero had this discussion with himself).  Pl. Ex. 210 at 27:19-21, Appx. 4863.  Ms. Dondero and Dugaboy have admitted that neither ever disclosed the existence or terms of the 2016 Alleged Oral Agreement to **anyone**, including PwC, Mr. Waterhouse (again, Highland's former CFO), or Highland's co-founder, Mark Okada.  *Id.* at 25:6-22, Appx. 4861, 27:22-28:4, Appx. 4863-4864. Mr. Dondero has admitted that he:  (1) never disclosed the existence or terms of the alleged "oral agreement" to PwC, Mr. Okada, or the bankruptcy court prior to the commencement of this Action, Pl. Ex. 24 (Responses to RFAs 11 and 12), Appx. 523; and (2) never caused Highland to disclose the existence or terms of any Alleged Oral Agreement to the bankruptcy court in connection with the Bankruptcy Case. Pl. Ex. 24 (Responses to RFAs 13 and 14), Appx. 523.    To be clear, Mr. Dondero represented that he did, indeed, inform Mr. Waterhouse about the Alleged Oral Agreements.  Pl. Ex. 24 (Responses to RFAs 3 & 4), Appx. 21.  However, Mr. Waterhouse— again, the CFO of Highland **and an officer of HCMFA**—testified that he did not learn of the Alleged Oral Agreements until recently and only believes that they were subject to "milestones" that he cannot identify.  Pl. Ex. 105 at 65:5-72:14, Appx. 2065-2067, 82:19-84:7, Appx. 2070.

More importantly in connection with HCMFA's assertion of its Alleged Oral Agreement Defense in this Action, HCMFA, itself, did not disclose the existence of the Alleged Oral Agreements when it was in its financial interests to do so during the Bankruptcy Case – either in its proofs of claim filed in the Bankruptcy Case or in its objection to confirmation of the Plan, even

though the Plan's financial projections were based on the stated assumption that all of the affiliate notes payable to Highland (including the Pre-2019 Notes) would be collected in 2021.[47]   In addition, Mr. Dondero sold MGM stock in November 2019—an event that would trigger the alleged "condition subsequent" under the Alleged Oral Agreements—but failed to declare the notes forgiven, and otherwise remained silent about the alleged agreement. Ms. Dondero, the counter-party to the Alleged Oral Agreements (or, just to the 2016 Alleged Oral Agreement, depending upon which of the contradictory allegations of fact between HCMFA's pleadings and the Dondero declarations and testimony is to be believed), never saw a note signed by Mr. Dondero or any affiliate of Highland and *had no authority to bind Highland to the Alleged Oral Agreements*.  No document exists memorializing or otherwise reflecting the existence or terms of the Alleged Oral Agreements.  There is no history of loans to affiliates being forgiven by Highland as a means of providing deferred compensation to Mr. Dondero.  Thus, even if the court were to consider the Dondero declarations as competent summary judgment evidence, no reasonable finder of fact could conclude that the Alleged Oral Agreements exist.

In conclusion, the summary judgment evidence shows that the Pre-2019 Notes: (i) are valid, (ii) were executed by HCMFA in favor of Highland; and (iii) there is a balance due and owing under each of the Pre-2019 Notes.  HCMFA failed to rebut Highland's prima facie case because it failed to present competent summary judgment evidence of a *genuine* dispute of material fact in connection with any of its affirmative defenses that would defeat Highland's MSJ. Where, as here, two versions of the story collide and the non-movant's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it," *Scott*, 550 U.S.

---

[47] HCMFA has admitted that, prior to February 21, 2021, it never disclosed the existence or terms of the Alleged Oral Agreements to PwC, Mr. Okada, the bankruptcy court, or any creditor of Highland, including in connection with any objection to the Plan or Disclosure Statement. Pl. Ex. 220 (Responses to RFAs 7-12, 15-21), Appx. 5018.

at 380, 127 S.Ct. at 1776, and "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming," Rule 56 mandates judgment in favor of the movant. *Armstrong*, 997 F.2d at 66 n.12.

For the reasons set forth above, the bankruptcy court hereby recommends that the District Court grant summary judgment in favor of the Highland.

## VI. <u>Conclusion:  Summary Judgment Recommended</u>

Accordingly, summary judgment should be entered holding HCMFA liable for:  (a) breach of contract with respect to the Pre-2019 Notes; and (b) turnover of all amounts due under the Pre-2019 Notes, pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable attorneys' fees as provided for in the Pre-2019 Notes in an amount to be determined. Specifically:

With regard to the 2014 Note, HCMFA should be liable on a Judgment for breach of contract and turnover in the amount of: (a) **$2,151,130.84**, the total outstanding principal and accrued but unpaid interest due under the 2014 Note as of May 27, 2022; plus (b) interest accrued since May 27, 2022; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

With regard to the 2016 Note, HCMFA should be liable on a Judgment for breach of contract and turnover in the amount of: (a) **$1,001,238.06**, the total outstanding principal and accrued but unpaid interest due under the HCMFA Notes as of May 27, 2022; plus (b) interest accrued since May 27, 2022; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

23-10911.7653

Submission of Judgment.  The bankruptcy court directs Plaintiff to promptly submit a form of Judgment that calculates proper amounts due pursuant to this Report and Recommendation, including interest accrued to date (and continuing to accrue per diem), as well as costs and attorneys' fees incurred.  The costs and attorneys' fees calculation shall be separately filed as a Notice with backup documentation attached. HCMFA shall have 21 days after the filing of such Notice to file an objection to the reasonableness of the attorneys' fees and costs.  The bankruptcy court will thereafter determine the reasonableness in Chambers (unless the bankruptcy court determines that a hearing is necessary) and will promptly submit the form Judgment, along with appropriate attorneys' fees and costs amounts inserted into the form Judgment, to the District Court, to consider along with this Report and Recommendation. This Report and Recommendation is immediately being sent to the District Court.

### *End of Report and Recommendation* ###

23-10911.7654

# TAB 31
## APPELLANTS' RECORD EXCERPTS



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 19, 2022**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND<br>ADVISORS, L.P.,<br><br>    Defendant. | Adversary No. 21-03004-sgj<br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO,<br>NANCY DONDERO, AND<br>THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03005-sgj<br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff. | |

| | |
|---|---|
| v.<br><br>JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>      Defendants. | Adversary No. 21-03003-sgj<br><br>Civ. Act. No. 3:21-cv-01010<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>      Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>      Defendants. | Adversary No.: 21-03006-sgj<br><br>Civ. Act. No. 3:21-cv-01378<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>      Plaintiff.<br><br>v.<br><br>HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST,<br><br>      Defendants. | Adversary No.: 21-03007-sgj<br><br>Civ. Act. No. 3:21-cv-01379<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

**REPORT AND RECOMMENDATION TO DISTRICT COURT: COURT SHOULD GRANT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ALL FIVE NOTE MAKER DEFENDANTS[1] (WITH RESPECT TO ALL SIXTEEN PROMISSORY NOTES) IN THE ABOVE-REFERENCED CONSOLIDATED NOTE ACTIONS**

## I.    Introduction

The five above-referenced civil actions, emanating from the Chapter 11 bankruptcy case of Highland Capital Management, L.P. ("Highland," "Plaintiff," or, sometimes, the "Debtor"[2])

---

[1] The "Note Maker Defendants"—sometimes collectively referred to simply as the "Defendants"—are: James D. Dondero (Civ. Action No. 3:21-cv-01010); Highland Capital Management Fund Advisors, L.P. (Civ. Action No. 3:21-cv-00881); NexPoint Advisors, L.P. (Civ. Action No. 3:21-cv-00880); Highland Capital Management Services, Inc (Civ. Action No. 3:21-cv-01378); and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC (Civ. Action No. 3:21-cv-01379).

[2] Highland is actually now a "Reorganized Debtor," having obtained confirmation of a Chapter 11 plan, which went "effective" in August 2021.

23-10911.7205

started out as what seemed like very simple lawsuits by a Chapter 11 debtor to collect on large promissory notes owed to it (collectively, the "Note Actions").  The Note Actions were initially filed in the bankruptcy court as adversary proceedings.

The Defendants soon filed motions to withdraw the reference in these Note Actions, arguing that the causes of action asserted against them are statutory non-core claims and the bankruptcy court also does not have constitutional authority to enter final judgments. The bankruptcy court agreed that the litigation presents non-core, related-to matters—since there are no proofs of claims of the Note Maker Defendants still pending, the resolution of which might be intertwined with the underlying promissory notes.[3] Additionally, the Note Maker Defendants did not consent to final judgments being issued by the bankruptcy court, and they also demanded jury trials.[4] The District Court accepted a report and recommendation of the bankruptcy court that the reference should be withdrawn when these Note Actions are trial-ready, with the bankruptcy court acting essentially as a magistrate judge for the District Court prior to trial, presiding over all pretrial matters. The Plaintiff's motion for partial summary judgment, now pending, is the type of pretrial matter contemplated to be handled by the bankruptcy court (with submission to the District Court of a Report and Recommendation required—to the extent final disposition of any claim is proposed).

By way of further background, the five Note Actions were originally brought on January 22, 2021, by Plaintiff (before confirmation of its Chapter 11 plan), again, as simple suits on promissory notes—that is, alleging breach of contract (nonpayment of notes) and seeking turnover of amounts allegedly due and owing from the various Defendants.  Each of the Note Maker

---

[3] *See Stern v. Marshall*, 131 S. Ct. 2594 (2011).

[4] 28 U.S.C. § 157(c) & (e).

3

Defendants are closely related to Highland's founder and former president, James Dondero ("Mr.
Dondero), and collectively borrowed tens of millions of dollars from Highland prepetition.  The
indebtedness was memorialized in a series of demand and term notes (i.e., sixteen notes altogether:
thirteen demand notes and three term notes). The indebtedness represented by these notes remains
unpaid.

The five Note Actions were subsequently consolidated into one action before District Judge
Brantley Starr, in the interest of judicial economy, under Civ. Action No. 3:21-cv-881, since there
are overlapping facts and defenses.[5]  As alluded to above, the consolidated litigation involves
sixteen different promissory notes on which Highland is the payee.  More than $60 million of
unpaid principal and interest was alleged to be due and owing on the notes as of the time that the
five Note Actions were filed. The Note Maker Defendants and their notes are as follows: (i) Mr.
Dondero is maker on three demand notes; (ii) Highland Capital Management Fund Advisors, L.P.
("HCMFA") is maker on two demand notes; (iii) NexPoint Advisors, L.P. ("NexPoint") is maker
on one term note; (iv) Highland Capital Management Services, Inc ("HCMS") is maker on five
notes (four demand notes and one term note); and (v) HCRE Partners, LLC, n/k/a NexPoint Real
Estate Partners, LLC ("HCRE") is maker on five notes (four demand notes and one term note).
Highland filed the five Note Actions—one against each of the Note Maker Defendants—to pursue
payment on the notes to help fund distributions to creditors under its Chapter 11 plan. Mr. Dondero,

---

[5] The typical procedure in consolidation actions is to consolidate under the lowest-numbered case, which here would
have been Civ. Action No. 3:21-cv-880, previously assigned to Judge Sam Cummings. However, Judge Starr
determined that judicial efficiency would be best served by consolidating under Civ. Action No. 3:21-cv-881, because
Civ. Action Nos. 3:21-cv-880 and 3:21-cv-881 were actually filed in district court on the same day and due to certain
other factors explained in Judge Starr's Order Granting Defendant's Motion to Consolidate the Note Cases, dated
January 6, 2022.

23-10911.7207

while a maker on three of the sixteen notes, was the signatory on a total of twelve of the sixteen notes.

The Note Actions morphed, so to speak, when *four* of the five Note Maker Defendants defended the Note Actions by alleging that an *oral agreement* existed between Highland and each of them—the substance of which was allegedly that Highland would not pursue collection on their underlying notes if certain conditions subsequent occurred.[6]

The "Oral Agreement" Defense Asserted by Four of the Five Note Defendants. To be clear, the "oral agreement" defense was asserted by each of the Note Maker Defendants *except* HCMFA. The four Defendants who assert the oral agreement defense are sometimes collectively referred to by the Plaintiff as the *"Alleged Agreement Defendants"* and they are:  Mr. Dondero; NexPoint; HCMS; and HCRE.  To be further clear, these Alleged Agreement Defendants represent that:

> Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. The purpose of this agreement was to provide compensation to Defendant James Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans, a practice that was standard at [Highland] and in the industry.  This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant James Dondero believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this [Action].

Paragraph 82 in Amended Answer of Mr. Dondero [DE # 83 & DE # 16 ¶ 40 in Adv. Proc. No. 21-3003].  *See also* Paragraph 42 in Amended Answer of NexPoint [DE # 50 & DE # 64 ¶ 83 in

---

[6] These Note Maker Defendants also pleaded the affirmative defenses of justification and/or repudiation; estoppel; waiver; and ambiguity.

23-10911.7208

Adv. Proc. No. 21-3005]; Paragraph 56 in Amended Answer of HCMS [DE #34 & DE # 73 ¶ 97 in Adv. Proc. No. 21-3006]; Paragraph 58 in Amended Answer of HCRE [DE # 34 & DE # 68 ¶ 99 in Adv. Proc. No. 21-3007].

Somewhat shockingly for a multi-billion-dollar enterprise with sophisticated officers and directors—which was audited by one of the largest and most iconic public accounting firms in the world (PwC)—the alleged "oral agreement" was supposedly made (unbeknownst to any of those officer, directors, and PwC) between: (a) Mr. Dondero, acting on behalf of each of the Alleged Agreement Defendants; and (b) **his sister, Nancy Dondero**, of Vero Beach, Florida ("Sister Dondero"), acting on behalf of Highland.  Notably, Sister Dondero was never an officer, manager, or held any role with Highland, but the position of the Alleged Agreement Defendants is that she nevertheless had authority to act for Highland, in connection with agreeing not to collect on the Notes, because she was/is the trustee of the Dugaboy Investment Trust ("Dugaboy"), which is a family trust of Mr. Dondero, of which Mr. Dondero is sole beneficiary during his lifetime (with his children as the future beneficiaries).[7] Here is the catch:  Dugaboy happens to own a majority of the **limited partnership interests of Highland**—which, according to the Alleged Agreement Defendants, means Dugaboy can exert control over Highland and do things like release millions of dollars' worth of debt owed to Highland.[8]

When this "oral agreement" defense was articulated, the bankruptcy court granted Highland's request for leave to amend its original complaints in each of the four applicable Note

---

[7] Mr. Dondero was himself the trustee of Dugaboy until his resignation as such on August 26, 2015. James Dondero Dec., DE # 155, ¶ 21 in Adv. Proc. No. 21-3003.

[8] *See id.* ¶ 20 (more specifically, the Defendants make a bizarre argument that a majority of equity holders in Highland could approve "compensation" set for Highland's general partner, Strand Advisors, Inc. ("Strand") and Strand's affiliates; the further argument is that Mr. Dondero is an affiliate of Strand, and, thus, Sister Dondero could release obligations on the Notes as a form of "compensation" to Mr. Dondero).

Actions to allege alternative theories of liability and add Mr. Dondero,[9] Dugaboy, and Sister Dondero as additional defendants on new counts—the theories being that, if such an "oral agreement" was made, it may have given rise to other causes of action on the part of the actors involved.  Highland amended its complaints in each of the four applicable Note Actions, adding new Counts III, IV, V, VI, and VII alleging, among other things, fraudulent transfers (Counts III and IV), declaratory judgment as to certain provisions of Highland's limited partnership agreement (Count V), breach of fiduciary duty (Count VI), and aiding and abetting breach of fiduciary duty (Count VII) (the "Amended Complaints").

The "Mutual Mistake" Defense of one sole Defendant:  HCMFA. Another way in which the simple Note Actions morphed was with regard to the "mutual mistake" defense that was alleged only with regard to the ***two notes on which Defendant HCMFA was the maker***.

The "mutual mistake" defense was articulated as follows.  First, the signature on the two notes on which HCMFA was the maker—that of Frank Waterhouse, who was the Treasurer of HCMFA and also the former Chief Financial Officer ("CFO") of Highland until February 2021 (when he went to work for entities now controlled by Mr. Dondero)—was allegedly not authorized. More pointedly, it was alleged that the creation of the notes was entirely a ***mistake*** because (a) even though funds were frequently transferred between Highland and affiliates such as HCMFA, and (b) even though the Debtor's in-house accountants usually papered these transfers as loans, and (c) even though $7.4 million was undisputedly transferred from Highland to HCMFA at the time of the preparation and execution of the HCMFA Notes, the transfers of $7.4 million of funds to HCMFA was allegedly not supposed to be treated as a loan or loans in this instance.  The fund

---

[9] Mr. Dondero was, of course, already a Defendant in Adv. Proc. No. 21-3003, as he was a maker on three notes.

23-10911.7210

transfer was allegedly supposed to be treated as *compensation* to HCMFA from Highland, for certain harm Highland allegedly caused to HCMFA and its stakeholders through an error or negligence committed by Highland or its professionals.  The HCMFA notes were allegedly not what *Mr. Dondero*—the person in charge of both Highland and HCMFA[10]—intended, and no one consulted with him before creating the HCMFA Notes.  *See* Paragraph 29, DE # 127, in Adv. Proc. No. 21-3004.

   Manufacturing Chaos.  In the Plaintiff's motion for partial summary judgment now pending before the court—again, filed as to all five Note Maker Defendants and as to all sixteen notes—the Plaintiff contends that these are simple suits on promissory notes, and the Note Maker Defendants are essentially trying to manufacture chaos by attempting to create fact issues with bizarre (if not preposterous) defenses. The Plaintiff asserts that it is entitled to judgment as a matter of law on Counts I (breach of contract for nonpayment) and II (turnover of funds, pursuant to Bankruptcy Code Section 542(b)) in each of the five Note Actions.

   The bankruptcy court agrees. The summary judgment evidence shows that the sixteen Notes: (i) are valid, (ii) were executed by the Note Maker Defendants and in favor of Highland; and (iii) there is a balance due and owing under each of the sixteen Notes.  The Note Maker Defendants failed to rebut Plaintiff's prima facie case because the Note Maker Defendants failed to create a *genuine* issue of material fact regarding their breaches. There was an absence of evidence to support each of Note Maker Defendants' affirmative defenses.  Interestingly, among other things, Mr. Dondero has referred to all of the Notes at issue here as "soft notes" that were "made between friendly affiliates," implying that this somehow makes them less collectible.[11]  For

---

[10] *See* James Dondero Dec. DE # 155, ¶¶ 3-4, in Adv. Proc. No. 21-3003.

[11] *Id*. ¶¶ 5-18.

the avoidance of doubt, a "soft note" is not a thing—not under the Bankruptcy Code, not in the world of commercial finance, and not as described in any evidence submitted to the court.[12]  The bankruptcy court hereby recommends that the District Court grant summary judgment in favor of the Plaintiff/Reorganized Debtor on Counts I and II in all five consolidated Note Actions, for the reasons set forth below.

## II.   Undisputed Facts Regarding Each of the Thirteen Demand Notes

Of the sixteen notes at issue in the Notes Actions (sometimes collectively referred to as the "Notes"): (a) thirteen were demand notes; and (b) three were term notes.  These notes were executed between 2013 and 2019 and are described below.  These are the undisputed facts pertaining to the thirteen demand notes.

### A.  *The Three Demand Notes on Which Mr. Dondero is Maker*

On February 2, 2018, Mr. Dondero executed a promissory note in favor of Highland, as payee, in the original principal amount of $3,825,000 ("Dondero's First Note").  Klos Dec. ¶ 18, Ex. D;[13] Pl. Ex. 125 at p. 9, Appx. 2357; Pl. Ex. 188, Appx. 3001-3002; Pl. Ex. 189, Appx. 3003-

---

[12] For the sake of clarity, this court can take judicial notice that there are plenty of complex chapter 11 cases where there are intercompany loans among debtor-affiliates, and the intercompany loans are cancelled as part of a plan. However, this happens in ***very different circumstances from the Highland case***—i.e., when all affiliates file bankruptcy, and either a secured lender has liens on all the assets of all the affiliates and/or there is no benefit to the general creditor body of collecting on the intercompany loans.

[13] This refers to the Declaration of David Klos—the current Chief Financial Officer ("CFO") of the Reorganized Debtor—and the Exhibits attached thereto, filed concurrently with Highland's Motion for Partial Summary Judgment, found at DE # 133 in Adv. Proc No. 21-3003. For convenience, the court will occasionally refer to the "Klos Declaration" at this same DE # 133 in Adv. Proc No. 21-3003 even when referring herein to the ***other*** Note Actions (i.e., the Note Actions involving the other Note Maker Defendants) since the very same Declaration was filed in each of the Note Actions.

3004; Pl. Ex. 74, Appx. 1338-1340; Pl. Ex. 81 (Responses to RFAs 1-3), Appx. 1387; *see also* Pl. Ex. 32 ¶ 20, Appx. 664; Pl. Ex. 31 ¶ 20, Appx. 647.[14]

On August 1, 2018, Mr. Dondero executed a promissory note in favor of Highland, as payee, in the original principal amount of $2,500,000 ("Dondero's Second Note"). Klos Dec. ¶ 19, Ex. E; Pl. Ex. 126 at p. 2, Appx. 2366; Pl. Ex. 190, Appx. 3005-3006; Pl. Ex. 76, Appx. 1354-1356; Pl. Ex. 81 (Responses to RFAs 5-7), Appx. 1387-1388; *see also* Pl. Ex. 32 ¶ 21, Appx. 664; Pl. Ex. 31 ¶ 21, Appx. 647.

On August 13, 2018, Mr. Dondero executed a promissory note in favor of Highland, as payee, in the original principal amount of $2,500,000 ("Dondero's Third Note" and collectively, with Dondero's First Note and Dondero's Second Note, the "Dondero Notes").  Klos Dec. ¶ 20, Ex. F; Pl. Ex. 126 at p. 2, Appx. 2366; Pl. Ex. 77, Appx. 1357-1359; Pl. Ex. 81 (Responses to RFAs 9-11), Appx. 1388; *see also* Pl. Ex. 32 ¶ 22, Appx. 664; Pl. Ex. 31 ¶ 22, Appx. 647.

B.  *The Two Demand Notes on Which HCMFA is Maker*

On May 2, 2019, HCMFA executed[15] a promissory note in favor of Highland, as payee, in the original principal amount of $2,400,000 ("HCMFA's First Note"). Klos Dec. ¶ 21, Ex. G; Pl. Ex. 147 at p. 7, Appx. 2526; Pl. Ex. 54, Appx. 870-873; Pl. Ex. 55, Appx. 874-875; Pl. Ex. 1 at Ex. 1, Appx. 9-11; Pl. Ex. 53, Appx. 866-869.

---

[14] Concurrently with filing its Motions for Partial Summary Judgment, Highland filed an Appendix of Exhibits in Support (the "Appendix") at DE #135 in Adv. Proc No. 21-3003. Citations to the Appendix are notated as follows: Pl. Ex. #, Appx. # . For convenience, the court will occasionally refer to this Appendix at this same DE # 135 in Adv. Proc No. 21-3003 even when referring herein to the ***other*** Note Actions (i.e., the Note Actions involving the other Note Maker Defendants) since the very same Appendix was filed in each of the Note Actions.

[15] HCMFA disputes that the signature of HCMFA's Treasurer, Frank Waterhouse, on this document was genuine or authorized.  This allegation will be addressed later herein.

On May 3, 2019, HCMFA executed[16] a promissory note in favor of Highland, as payee, in the original principal amount of $5,000,000 ("HCMFA's Second Note," and together with HCMFA's First Note, the "HCMFA Notes").  Klos Dec. ¶ 22, Ex. H; Pl. Ex. 147 at p. 7, Appx. 2526; Pl. Ex. 56, Appx. 876-877; Pl. Ex. 1 at Ex. 2, Appx. 12-15; Pl. Ex. 57, Appx. 878-880.

C. *Four Demand Notes on Which Highland Capital Management Services, Inc. ("HCMS") is Maker*

On March 28, 2018, HCMS executed a demand note in favor of Highland, as payee, in the original principal amount of $150,000 ("HCMS's First Demand Note").  Klos Dec. ¶ 23, Ex. I; Pl. Ex. 143, Appx. 2487-2490; Pl. Ex. 3 at Ex. 1, Appx. 117-119.

On June 25, 2018, HCMS executed a demand note in favor of Highland, as payee, in the original principal amount of $200,000 ("HCMS's Second Demand Note"). Klos Dec. ¶ 24, Ex. J; Pl. Ex. 144, Appx. 2491-2494; Pl. Ex. 3 at Ex. 2, Appx. 120-122.

On May 29, 2019, HCMS executed a demand note in favor of Highland, as payee, in the original principal amount of $400,000 ("HCMS's Third Demand Note"). Klos Dec. ¶ 25, Ex. K; Pl. Ex. 145 at p. 11, Appx. 2506; Pl. Ex. 3 at Ex. 3, Appx. 123-125.

On June 26, 2019, HCMS executed a demand note in favor of the Debtor, as payee, in the original principal amount of $150,000 ("HCMS's Fourth Demand Note," and collectively, with HCMS's First Demand Note, HCMS's Second Demand Note, and HCMS's Third Demand Note, the "HCMS Demand Notes").  Klos Dec. ¶ 26, Ex. L; Pl. Ex. 146 at p. 7, Appx. 2516; Pl. Ex. 3 at Ex. 4, Appx. 126-128.

---

[16] HCMFA disputes that the signature of HCMFA's Treasurer on this document was genuine or authorized.  This allegation will be addressed later herein.

23-10911.7214

*D. Four Demand Notes on Which HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE") is Maker*

On November 27, 2013, HCRE executed a demand note in favor of Highland, as payee, in the original principal amount of $100,000 ("HCRE's First Demand Note"). Klos Dec. ¶ 27, Ex. M; Pl. Ex. 148, Appx. 2533-2536; Pl. Ex. 4 at Ex. 1, Appx. 201-203.

On October 12, 2017, HCRE executed a demand note in favor of Highland, as payee, in the original principal amount of $2,500,000 ("HCRE's Second Demand Note"). Klos Dec. ¶ 28, Ex. N; Pl. Ex. 154 at p. 7, Appx. 2575; Pl. Ex. 4 at Ex. 2, Appx. 204-206.

On October 15, 2018, 2017, HCRE executed a demand note in favor of Highland, as payee, in the original principal amount of $750,000 ("HCRE's Third Demand Note"). Klos Dec. ¶ 29, Ex. O; Pl. Ex. 155 at p. 5, Appx. 2585; Pl. Ex. 4 at Ex. 3, Appx. 207-209.

On September 25, 2019, HCRE executed a demand note in favor of Highland, as payee, in the original principal amount of $900,000 ("HCRE's Fourth Demand Note," and collectively, with HCRE's First Demand Note, HCRE's Second Demand Note, and HCRE's Third Demand Note, the "HCRE Demand Notes"). Klos Dec. ¶ 30, Ex. P; Pl. Ex. 156 at p. 6, Appx. 2596; Pl. Ex. 4 at Ex. 4, Appx. 210-212.

*E. The Identical Provisions in Each of the Demand Notes.*

Except for the date, the amount, the maker, and the interest rate, each of the thirteen Demand Notes listed above is identical and includes the following provisions:

2.      Payment of Principal and Interest.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

5.      Acceleration Upon Default.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of

12

this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

6.      Waiver.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

7.      Attorneys' Fees.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

*See* Pl. Ex. 74, Appx. 1338-1340; Pl. Ex. 76, Appx. 1354-1356; Pl. Ex. 77, Appx. 1357-1359; Pl. Ex. 1 at Exs.1-2, Appx. 9-15; Pl. Ex. 3 at Exs. 1-4, Appx. 117-128; and Pl. Ex. 4 at Exs. 1-4, Appx. 201-212.

F.  *Demands by Plaintiff and Non-Payment*.

The undisputed evidence is that on December 3, 2020, during its bankruptcy case—with its Chapter 11 plan coming up for confirmation and its need of funding to pay its millions of dollars' of debt owed to creditors—Highland made separate demands on Mr. Dondero, HCMFA, HCMS, and HCRE, respectively, for payment of all accrued principal and interest due under the Demand Notes by December 11, 2020.  The demand letters also included a demand for all costs of collection, including attorneys' fees, as provided in the above-referenced Demand Notes.  Pl. Ex. 79, Appx. 1370-1373; Pl. Ex. 1 at Ex. 3, Appx. 16-19; Pl. Ex. 3 at Ex. 5, Appx. 129-132; and Pl. Ex. 4 at Ex. 5, Appx. 213-216 (collectively, the "Demand Letters").

Furthermore, it is undisputed that none of these Note Maker Defendants made any payments on the Demand Notes or otherwise replied to the Demand letters before Plaintiff

commenced these Note Actions.  Therefore, the Note Maker Defendants have breached Section 2 of the Demand Notes by their terms and are in default.

With regard to the three Dondero Demand Notes, as of December 17, 2021, the unpaid principal and accrued interest due under their terms was $9,263,365.05. Klos Dec. ¶ 37.

With regard to the two HCMFA Demand Notes, as of December 17, 2021, the unpaid principal and accrued interest due under their terms was $7,874,436.09. Klos Dec. ¶ 40.

With regard to the four HCMS Demand Notes, as of December 17, 2021, the unpaid principal and accrued interest due under the HCMS Demand Notes was $972,762.81. Klos Dec. ¶ 45.

With regard to the four HCRE Demand Notes, as of December 17, 2021, the unpaid principal and accrued interest due under the HCRE Demand Notes was $5,330,378.23. Klos Dec. ¶ 50.

### III.   Undisputed Facts Regarding Each of the Three Term Notes

Of the sixteen notes at issue in the Notes Actions, three were term notes (the "Term Notes"). These are the undisputed facts pertaining to the three Term Notes.

#### A.  The Three Term Notes

The Term Notes were each executed by Mr. Dondero on May 31, 2017. They were each for 30-year terms.  One was for NexPoint, one was for HCMS, and one was for HCRE. Klos Dec.

14

¶¶ 27-29. Each of these three Term Notes rolled up obligations of the makers under prior notes.[17] Each Term Note is more fully described as follows:

A Term Note signed on NexPoint's behalf in the original principal amount of $30,746,812.23 (the "NexPoint Term Note"). Klos Dec. ¶ 31, Ex. A; Pl. Ex. 2 at Ex. 1, Appx. 41-44; Pl. Ex. 2 ¶ 21, Appx. 28; Pl. Ex. 15 ¶ 21, Appx. 428.

A Term Note signed on HCMS's behalf in the original principal amount of $20,247,628.02 (the "HCMS Term Note" and together with the HCMS Demand Notes, the "HCMS Notes"). Klos Dec. ¶ 32, Ex. R; Pl. Ex. 3 at Ex. 6, Appx. 133-136.

A Term Note signed on HCRE's behalf in the original principal amount of $6,059,831.51 (the "HCRE Term Note" and together with the HCRE Demand Notes, the "HCRE Notes"). Klos Dec. ¶ 33, Ex. S; Pl. Ex. 4 at Ex. 6, Appx. 217-220.

According to Frank Waterhouse,[18] the former Highland CFO (who was also an officer of each of these three Note Maker Defendants), Highland loaned the money to NexPoint, HCMS, and HCRE to enable those entities to make investments. Pl. Ex. 105 at 126:21-129:3, Appx. 2081. Mr. Dondero claimed to have no personal knowledge of the purpose of the loans or the borrowers' use of the loan proceeds. Pl. Ex. 98 at 420:10-18, Appx. 1776, 435:17-25, Appx. 1779, 448:4-13, Appx. 1783, and 450:3-24, Appx. 1783.

      B.    *The Identical Provisions in Each of the Term Notes.*

---

[17] Proof of the loans underlying the prior notes (as defined in each of the Term Notes) is found at Pl. Exs. 127-141, Appx. 2368-2481 (HCMS); Pl. Exs. 149-153, Appx. 2537-2567 (HCRE); Pl. Exs. 157-161, Appx. 2599-2636 (NexPoint (the July 22, 2015 prior note appears to have been backdated because the underlying loans were effectuated between July 2015 and May 2017 (see Pl. Ex. 161))).

[18] Frank Waterhouse was CFO of Highland until he left Highland in February 2021. He now works for entities controlled by Mr. Dondero.

Except for the date, the amount, the maker, the interest rate, and the identity of the Prior Notes (as that term is defined in each Term Notes), each of the Term Notes is identical and includes the following provisions:

> 2.1     Annual Payment Dates.  During the term of this Note, Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "Annual Installment") until the Note is paid in full.  Borrower shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this Note.

> 4.     Acceleration Upon Default.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof.  No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

> 5.     Waiver.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

> 6.     Attorneys' Fees.   If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

> C.  *Non-Payment/Defaults Under the Term Notes*.

NexPoint, HCMS, and HCRE each failed to timely make their Annual Installment payments that were due on December 31, 2020. Belatedly, NexPoint made a payment of $1,406,111.92, on January 14, 2021, which reduced the total principal and interest then-outstanding. Also, belatedly, HCMS made a payment of $181,226.83, on January 21, 2021, which reduced the total principal and interest then-outstanding. Finally, belatedly HCRE made a payment

16

of $665,811.09, on January 21, 2021, which reduced the total principal and interest then-outstanding. However, as set forth in Section 4 above, the Term Notes allowed Highland to declare a default without notice when the annual installments were not timely paid on December 31, 2020.

As of December 17, 2021, the unpaid principal and accrued interest due under the NexPoint Term Note was $24,383,877.27.12.  Klos Dec. ¶ 51.

As of December 17, 2021, the unpaid principal and accrued interest due under the HCMS Term Note was $6,748,456.31.13. Klos Dec. ¶ 52.

As of December 17, 2021, the unpaid principal and accrued interest due under the HCRE Term Loan was $5,899,962.22.14. Klos Dec. ¶ 53.

## IV.   Undisputed Corroborating Evidence Regarding the Sixteen Notes

### A.   The Notes Were All Disclosed on Highland's Financial Statements Audited by the Outside Accounting Firm PwC

The undisputed evidence establishes that (a) all of the Notes were provided to the accounting firm PwC, Highland's long-time outside auditors, and were described in Highland's audited financial statements; (b) all of the Notes were carried as assets on Highland's balance sheet and were valued in amounts equal to the accrued and unpaid principal and interest without any offset or reservation whatsoever;[19] and (c) neither Highland nor Mr. Dondero disclosed any potential defenses to PwC, despite having an affirmative obligation to do so under generally accepted accounting principles ("GAAP").

---

[19] As discussed below, the HCMFA Notes were executed in May 2019, and were fully described in the "Subsequent Events" section of Highland's audited financial statements for the period ending December 31, 2018.  Pl. Ex. 34 at p. 39, Appx. 782.  Because the HCMFA Notes were executed after the end of the fiscal year, they were not included as "assets" for 2018, and Highland never completed its 2019 audit.  Nevertheless, the undisputed evidence also shows that HCMFA (a) disclosed the existence of the HCMFA Notes in the "Subsequent Events" section of its own 2018 audited financial statements, and (b) carried the HCMFA Notes as liabilities on its own balance sheet.  Pl. Ex. 45 at p. 17; Pl. Ex. 192 at 54:6-9, 54:22-55:8, 55:23-56:3, Appx. 3028, 56:20-59:3, Appx. 3028-3029.

As part of the PwC audit process[20] (as is typical), Highland was the one who actually drafted the financial statements and accompanying notes, and management provided the information that PwC needed to conduct its audits. Pl. Ex. 94 at 14:8-15:14, Appx. 1556; *see also id.* at 49:11-50:22, Appx. 1564-1565. All of Highland's employees who worked on the audit reported to Mr. Waterhouse (Highland's CFO), and Mr. Waterhouse was ultimately responsible for making sure the audit was accurate before it was finalized. Pl. Ex. 105 at 87:25-89:10, Appx. 2071. As further part of the audit, PwC required Highland to deliver "management representation letters" that included specific representations that PwC relied upon. Pl. Ex. 94 at 16:18-17:20, Appx. 1556, 23:4-9, Appx. 1558. *See also* Pl. Ex. 105 at 96:24-98:6, Appx. 2073-2074 (according to Mr. Waterhouse, management representation letters are "required in an audit to help verify completeness."). For fiscal years 2017 and 2018, Mr. Dondero and Mr. Waterhouse signed Highland's management representation letters; their representations were applicable through the date of the audit's completion so that all "material" subsequent events could be included and disclosed. Pl. Ex. 33, Appx. 729-740, Pl. Ex. 86, Appx. 1420-1431, Pl. Ex. 94 at 17:21-25, Appx. 1556, 19:2-22:6, Appx. 1557-1558; *see also* Pl. Ex. 105 at 92:4-8, Appx. 2072, 94:20-95:12, Appx. 2073.

Mr. Dondero and Mr. Waterhouse made the following representations to PwC, on June 3, 2019, in connection with PwC's audit of Highland financial statements for the period ending December 31, 2018:

> The Affiliated Party Notes[21] represented bona fide claims against the makers, and all Affiliated Party Notes were current as of June 3, 2019. Pl. Ex. 33 ¶ 11, Appx. 732; Pl. Ex. 94 at 24:6-25:5, Appx. 1558.

---

[20] Pl. Ex. 94 at 9:24-12:14, Appx. 1554-1555.

[21] "Affiliated Party Notes" is the term used by PwC to refer to any and all notes payable to Highland and made by officers, employees, or affiliates of Highland. *See generally* Pl. Ex. 33, Appx. 729-740; Pl. Ex. 94, Appx. 1551-1585.

If there were any errors in Highland's financial statements, they were not "material." Pl. Ex. 33 ¶ 32, Appx. 735; Pl. Ex. 94 at 25:6-26:13, Appx. 1558-1559.

There were no "material" transactions or agreements that were not recorded in the financial statements. Pl. Ex. 33 ¶ 34, Appx. 735; Pl. Ex. 94 at 26:14-27:11, Appx. 1559.

All relationships and transactions with, and amounts receivable or payable to or from, related parties were properly reported and disclosed in the consolidated financial statements. Pl. Ex. 33 ¶ 35(d), Appx. 735; Pl. Ex. 94 at 27:12-28:11, Appx. 1559.

All related party relationships and transactions known to Mr. Dondero and Mr. Waterhouse were disclosed. Pl. Ex. 33 ¶ 36, Appx. 736; Pl. Ex. 94 at 28:12-29:5, Appx. 1559.

All subsequent events were disclosed. Pl. Ex. 33 (signature page), Appx. 738; Pl. Ex. 94 at 29:6-30:2, Appx. 1559-1560.

Under GAAP, Highland was required to disclose to PwC: (a) all "material" related party transactions; and (b) any circumstances that would call into question the collectability of any of the Notes. Pl. Ex. 94 at 34:17-35:2, Appx. 1561, 51:17-52:5, Appx. 1565, 70:20-71:3, Appx. 1570. For purposes of the 2017 audit, the "materiality" threshold was $2 million. Pl. Ex. 86 at p. 1, Appx. 1421. For purposes of the 2018 audit, the "materiality" threshold was $1.7 million. Pl. Ex. 33 at p. 1, Appx. 730; Pl. Ex. 94 at p. 22:11-23:3, Appx. 1558. *See also* Pl. Ex. 105 at 91:14-93:6, Appx. 2072.

There is no evidence that Mr. Dondero nor anyone at Highland disclosed to PwC the existence of any defenses to the Notes (such as an "oral agreement or "mutual mistake"). Pl. Ex. 24 (Responses to RFAs 1-2), Appx. 521; Pl. Ex. 94 at 67:16-70:19, Appx. 1569-1570, 71:4-74-8, Appx. 1570-1571, 92:19-93:12, Appx. 1575; Pl. Ex. 105 at 102:2-5, Appx. 2075.

The Notes were carried on Highland's balance sheets as "Notes and other amounts due from affiliates." Pl. Ex. 34 at p. 2, Appx. 745; Pl. Ex. 72 at p. 2, Appx. 1291; Pl. Ex. 94 at 23:10-22, Appx. 1558, 31:11-33:20, Appx. 1560; Pl. Ex. 105 at 106:20-109:12, Appx. 2076.

The notes to the financial statements described the "Affiliate Notes" that were carried on Highland's balance sheet; management calculated the amounts due and owing to Highland from each Affiliate.  Pl. Ex. 72 at p. 30-31; Pl. Ex. 34 at p. 28-29; Pl. Ex. 94 at 34:17-36:25; 51:17-53:12, Appx. 1565; Pl. Ex. 105 at 110:22-112:21, Appx. 2077. The "fair value" of the Affiliate Notes was "equal to the principal and interest due under the notes."  Pl. Ex. 72 at p. 30-31, Appx. 1319-1320; Pl. Ex. 34 at p. 28-29, Appx. 771-772; Pl. Ex. 94 at 37:11-39:12, Appx. 1561-1562; 53:19-25, Appx. 1565. No discounts were given to the Notes, and PwC concluded that the obligors under each of the Affiliate Notes had the ability to pay all amounts outstanding.  Pl. Ex. 92, Appx. 1514-1530; Pl. Ex. 93, Appx. 1531-1550; Pl. Ex. 94 at 41:2-45:6, Appx. 1562-1563, 55:17-60:22, Appx. 1566-1567, 68:20-25, Appx. 1569.

Finally, with regard to the two HCMFA Notes in particular (i.e., the ones allegedly subject to a "mutual mistake" defense—as further described below), a note to Highland's audited financial statements for year 2018 disclosed, as a "subsequent event" (i.e., an event occurring after the December 31, 2018 end of the fiscal year and on or before June 3, 2019, the date Mr. Dondero and Mr. Waterhouse signed the management representation letters and PwC completed its audit), the following: "Over the course of 2019, through the report date, HCMFA issued promissory notes to [Highland] in the aggregate amount of $7.4 million. The notes accrue interest at a rate of 2.39%." Pl. Ex. 34 at p. 39, Appx. 782.  *See also* Pl. Ex. 94 at 54:9-55:7, Appx. 1566.

> B.  *More Corroborating Evidence:  During the Highland Bankruptcy Case (In Fact, Shortly Before the Note Actions Were Filed) HCMFA and NexPoint Informed Their Retail Board of their Obligations Under their Respective Notes*

HCMFA and NexPoint are engaged in the business of managing certain funds, for the benefit of various investors in those funds. In fact, HCMFA and NexPoint have contracts to

manage those funds (the "Fund Agreements"). Pl. Ex. 192 at 66:3-67:6, Appx. 3031. The funds themselves, in turn, are overseen to an extent by a board known as the "Retail Board." The Retail Board must determine on an annual basis whether to renew the Fund Agreements with HCMFA and NexPoint, a process referred to as a "15(c) Review." As part of the 15(c) Review, the Retail Board requests information from HCMFA and NexPoint. Pl. Ex. 99 at 129:17-130:3, Appx. 1844-1845, Pl. Ex. 105 at 32:17-33:6, Appx. 2057, 168:9-12, Appx. 2091, 169:9-170:16, Appx. 2091-2092. Mr. Waterhouse, the Treasurer of HCMFA and NexPoint (along with various other officers of HCMFA and NexPoint) participated in the annual 15(c) Review process with the Retail Board. Pl. Ex. 192 at 67:7-68:19, Appx. 3031; Pl. Ex. 105 at 168:13-169:8, Appx. 2091.

The Retail Board, as part of the annual 15(c) Review, asked HCMFA and NexPoint, in October 2020, to provide information regarding any outstanding amounts currently payable or due in the future (e.g., notes) to Highland by HCMFA or NexPoint or to any other affiliate that provided services to the Funds." Pl. Ex. 36 at p. 3, Appx. 793.

On October 23, 2020, HCMFA and NexPoint provided their formal responses to the questions posed by the Retail Board. As to the issue of outstanding amounts currently payable or due to Highland or its affiliates, HCMFA and NexPoint reported as follows:

> As of June 30, 2020, $23,683,000 remains outstanding to HCMLP [Highland] and its affiliates from NexPoint and $12,286,000 remains outstanding to HCMLP [Highland] from HCMFA. The Note between HCMLP [Highland] and NexPoint comes due on December 31, 2047. The earliest the Note between HCMLP [Highland] and HCMFA could come due is in May 2021. All amounts owed by each of NexPoint and HCMFA pursuant to the shared services arrangement with HCMLP [Highland] have been paid as of the date of this letter. The Advisor notes that both entities have the full faith and support of James Dondero.

Pl. Ex. 59 at p. 2, Appx. 885.

*C. More Corroborating Evidence:   Before and During the Highland Bankruptcy Case, the Notes Were Reflected on Highland's Books, Records, and Bankruptcy Paperwork as Assets Owed to Highland, without Discounts*

In addition to its PwC-audited financial statements, Highland's contemporaneous books and records—before and after the Petition Date—recorded the Notes as valid debts due and owing by each of the Note Makers Defendants to Highland.

By way of example, the three Dondero Notes, reflecting personal loans to Mr. Dondero, show they were made on February 2, 2018; August 1, 2018; and August 13, 2018, respectively.  A February 2018 internal monthly operating results of Highland, underneath a heading "Significant Items Impacting HCMLP's [Highland's] Balance Sheet," reflected a transfer to Mr. Dondero on February 2, 2018, as "($3.8M) partner loan."  Ex. 39 at 1, Appx. 801.  And in the Debtor's August 2018 internal monthly operating results, also under a heading "Significant Items Impacting HCMLP's [Highland's] Balance Sheet," the August 2018 transfers to Mr. Dondero were together contemporaneously identified as "($5.0M) partner loan." *See also* Pl. Ex. 78 at p. 2, Appx. 1362.

Highland's accounting group had a regular practice of creating, maintaining, and updating on a monthly basis "loan summaries" in the ordinary course of business (the "Loan Summaries"). The Loan Summaries identified amounts owed to Highland under affiliate notes and were created by updating underlying schedules for activity and reconciling with Highland's general ledger.  Pl. Ex. 199, Appx. 3245-3246 is an example of a Loan Summary.  The Loan Summaries identified each Note Maker Defendant by reference to the "GL" number used in the general ledger.  *See* Pl. Ex. 199, Appx. 3246 (HCMS ("GL 14530"), HCMFA ("GL 14531"), NexPoint ("GL 14532"), HCRE ("GL 14533"), and Mr. Dondero ("GL 14565")).

The Debtor's Schedules of Assets and Liabilities [Bankr. DE # 247] (the "Debtor's Schedules"), filed during the Highland bankruptcy case at a time when Mr. Dondero was still under

23-10911.7225

control of Highland, included all of the Notes among the Debtor's assets. Pl. Ex. 40, Appx. 812-815 (excerpts of the Debtor's Schedules showing that Highland (i) disclosed as assets of the estate "Notes Receivable" in the approximate amount of $150 million (Item 71), and (ii) provided a description of the Notes (Exhibit D)).

Additionally, all of the Debtor's Monthly Operating Reports filed during the Highland bankruptcy case (including those filed while Mr. Dondero was still in control of the Debtor) included the Notes as assets of the Debtor. *See, e.g.*, Pl. Ex. 41, Appx. 816-825; Pl. Ex. 42, Appx. 826-835; Pl. Ex. 88, Appx. 1475-1486; Pl. Ex. 89, Appx. 1487-1496. *See also* Bankr. DE # 405 (October 2019); Bankr. DE # 289 (November 2019); Bankr. DE # 418 (December 2019); Bankr. DE # 497 (January 2020); Bankr. DE # 558 (February 2020); Bankr. DE # 634 (March 2020); Bankr. DE # 686 (April 2020); Bankr. DE # 800 (May 2020), as amended in Bankr. DE # 905; Bankr. DE # 913 (June 2020); Bankr. DE # 1014 (July 2020); Bankr. DE # 1115 (August 2020); Bankr. DE # 1329 (September 2020); Bankr. DE # 1493 (October 2020); Bankr. DE # 1710 (November 2020); Bankr. DE # 1949 (December 2020); and Bankr. DE # 2030 (January 2021).

## V.      The Note Maker Defenses

### A. The "Oral Agreement" Defense involving Mr. Dondero's Sister

As mentioned earlier, all Note Maker Defendants, besides HCMFA (sometimes referred to by Plaintiff as the "Alleged Agreement Defendants") have asserted as their primary defense to payment on their Notes that there was an alleged "oral agreement," pursuant to which all of the Notes would be forgiven based on certain "conditions subsequent," or if certain assets were sold by a third party. Only Mr. Dondero originally asserted that defense (somewhat obliquely, in his original answer—merely stating that "it was previously agreed that Plaintiff would not collect the

Notes")[22] and thereafter all of the Note Maker Defendants (except HCMFA) amended their pleadings to adopt the same affirmative defense.  To be clear, the defense actually evolved over time. First, it was simply an alleged agreement by Highland not to collect on **Mr. Dondero's** Notes. Then, there were amended answers by each of the other Note Maker Defendants (except HCMFA) which obliquely referred to alleged agreements by Highland not to collect on the Notes upon fulfillment of undisclosed conditions subsequent.  Finally, the "oral agreement" defense was set up as follows:

> Plaintiff's claims are barred . . . because prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each note was made and February of the following year, [] Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of James Dondero's control.  The purpose of this agreement was to provide compensation to James Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans, a practice that was standard at HCMLP [Highland] and in the industry.[23]  This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant [ ] believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

---

[22] Pl. Ex. 80, ¶ 40.

[23] This statement appears to have been false, according to Mr. Dondero's own executive compensation expert, Alan Johnson. During the deposition of Mr. Johnson, he testified that he reviewed Highland's audited financial statements for each year from 2008 through 2018 (Pl. Ex. 101 at 119:14-189:21, Appx. 1988-2005) and concluded that (a) Highland did not have a standard practice of forgiving loans and had not forgiven a loan to anyone in the world since 2009, (b) Highland had never forgivinen a loan of more than $500,000, (c) Highland had not forgiven any loan to Mr. Dondero since at least 2008, and (d) since at least 2008, Highland had never forgiven in whole or in part any loan that it extended to any affiliate.  *Id.* at 189:24-192:10, Appx. 2005-2006.  *See also* Pl. Ex. 98 at 422:18-428:14, Appx. 1776-1778.

23-10911.7227

Pl. Ex. 31 ¶ 82, Appx. 655 ("Dondero's Answer"). *See also* Pl. Ex. 15 ¶ 83, Appx. 435-436 ("NexPoint's Answer"); Pl. Ex. 16 ¶ 97, Appx. 451-452 ("HCMS's Answer"); and Pl. Ex. 17 ¶ 99, Appx. 468 ("HCRE's Answer").

With regard to this "oral agreement" defense, certainly any trial judge should be inclined to send a dispute to a jury when there is any genuine material fact issue raised upon which reasonable minds might disagree. Nonetheless, ***there are numerous reasons why this court believes no reasonable jury could find that there was truly an "oral agreement" to forgive these loans to the Alleged Agreement Defendants***. The "oral agreement" defense does not pass the "straight face" test for a myriad of reasons.

First, to be clear, ***no document was ever uncovered or produced in discovery to establish, memorialize, or reflect the existence or terms of the alleged "oral agreement."***

Second, Mr. Dondero could not describe any material terms of the alleged "oral agreement" without relying on a document prepared by counsel.  Specifically, without a list prepared by counsel, Mr. Dondero could not identify any of the Notes subject to the alleged "oral agreement" nor could he recall (i) the number of Notes subject to each alleged "oral agreement," (ii) the maker of each Note subject to each alleged "oral agreement," (iii) the date of each Note subject to each alleged "oral agreement," or (iv) the principal amount of any Note subject to the alleged "oral agreement."  Pl. Ex. 99 at 13:4-28:22, Appx. 1815-1819.

Third, according to both Mr. Dondero and Sister Dondero, all of the Notes would be forgiven if Mr. Dondero sold one of three portfolio companies—***Trussway, Cornerstone, or MGM***—above cost.  *See* Pl. Ex. 31 ¶ 82, Appx. 655. Notably, in November 2019, Mr. Dondero (while still in control of Highland) caused the sale of a substantial interest in ***MGM*** for $123.25

million, a portion of which was for the Debtor's interest in a fund, but failed to declare all of the Notes forgiven, and remained silent about the alleged "oral agreement" altogether. *See* Pl. Ex. 201 ¶¶ 29-30, Appx. 3270-3271; Pl. Ex. 202 ¶ 14, Appx. 4135; Pl. Ex. 203 ¶ 1, Appx. 4143; Pl. Ex. 204 at p. 5 n.5, Appx. 4156.

Fourth, Mr. Dondero separately testified that Highland disclosed to its auditors all loans of a material amount that Highland ever forgave. Pl. Ex. 98 at 426:8-427:15, Appx. 1777. As earlier discussed, no forgiven loans are mentioned anywhere in Highland's audited financial statements.

Fifth, Sister Dondero was simply not capable of entering into any alleged "oral agreement" on behalf of Highland. For one thing, it is undisputed that Sister Dondero had no meaningful knowledge, experience, or understanding of (a) Highland or its business, (b) the financial industry, (c) executive compensation matters, or (d) Mr. Dondero's compensation or whether he was "underpaid compared to reasonable compensation levels in the industry." Pl. Ex. 100 at 42:22-43:8, Appx. 1885, 48:7-61:9, Appx. 1886-1889; 211:8-216:21, Appx. 1927-1928. Sister Dondero resides in Vero Beach, Florida and represents that she owns a private investigations business.[24] The only information Sister Dondero purported to have regarding Mr. Dondero's compensation from Highland was that he had told her he "was not highly paid" and that, in recent years, "his salary has been roughly less than a million, 500, 700,000 somewhere in that ballpark." Pl. Ex. 100 at 51:11-22, Appx. 1887.[25] But this information was simply inaccurate. Pl. Ex. 68, Appx. 1129-1130 (2016 base salary of $1,062,500 with total earnings and awards of $2,287,175); Pl. Ex. 50, Appx. 860-861 (2017 base salary of $2,500,024 with total earnings and awards of $4,075,324); Pl. Ex. 51, Appx. 862-863 (2018 base salary of $2,500,000 with total earnings and awards of

---

[24] *See* Nancy Dondero Dec. DE # 155 in Adv. Proc. No. 21-3003.

[25] *See also id*.

$4,194,925$); and Pl. Ex. 52, Appx. 864-865 (2019 base salary of $2,500,000 with total earnings and awards of $8,134,500).

Additionally, Sister Dondero never reviewed Highland's financial statements (including balance sheets, bank statements, profit and loss statements, and statements of operations), never asked to see them, and knew nothing about Highland's financial condition prior to the Petition Date. *Id.* at 61:25-63:13, Appx. 1889-1890. Sister Dondero did not know of Highland's "portfolio companies" except for those her brother identified, and as to those, Sister Dondero did not know the nature of Highland's interests in the portfolio companies, the price Highland paid to acquire those interests, or the value of the portfolio companies. *Id.* at 63:18-80-22, Appx. 1890-1894; 208:24-210:13, Appx. 1926-1927.

Still further, Sister Dondero never saw a promissory note signed by Mr. Dondero, nor any other officer or employee of Highland, nor any "affiliate" of Highland. *Id.* at 83:14-84:8, Appx. 1895; 95:3-16, Appx. 1898; 99:20-100:10, Appx. 1899; 115:11-116:4, Appx. 1903; 127:13-128:4, Appx. 1906; 140:15-141:22, Appx. 1909, 180:18-23, Appx. 1919. Sister Dondero purportedly learned from her brother that Highland allegedly had a "common practice" of forgiving loans but had no actual knowledge or information concerning any loan that Highland made to an officer, employee, or affiliate that was actually forgiven and made no effort to verify her brother's statement. *Id.* 84:9-92:3, Appx. 1895-1897, 100:11-103:8, Appx. 1899-1900.

And still further, Sister Dondero had no knowledge regarding any of the Alleged Agreement Defendants (i.e., NexPoint, HCMS, or HCRE), including (a) the nature of their businesses, (b) their relationships with Highland, including whether they provided any services to Highland, (c) their financial condition, or (d) the purpose of the loans made to them by Highland,

and their use of the proceeds. *Id.* at 103:19-115:10, Appx. 1900-1903, 119:5-127:7, Appx. 1904-1906, 129:5-140:14, Appx. 1906-1909.

Finally, and perhaps most important, Sister Dondero (purportedly acting as trustee for Dugaboy—the family trust of which Mr. Dondero was beneficiary, and which was an indirect, majority *limited* partner of Highland) had no authority under the Highland partnership agreement to negotiate and enter into binding agreements on behalf of Highland.  Pl. Ex. 2 at Ex. 4, Appx. 57-93.

If this were not all enough, the alleged "oral agreement" was never disclosed to anyone by Mr. Dondero or Sister Dondero.  Other than Mr. Dondero and Sister Dondero, no one participated in the discussions that led to the alleged "oral agreement."  Pl. Ex. 100 at 190:16-191:17, Appx. 1922.  Sister Dondero and Dugaboy have admitted that (1) neither ever disclosed the existence or terms of the alleged "oral agreement" to anyone, including PwC, Mr. Waterhouse (again, Highland's CFO), or Highland's co-founder, Mark Okada,[26] and (2) neither ever caused Highland to disclose the existence or terms of the alleged "oral agreement" to the bankruptcy court.  Pl. Ex. 25 (Responses to RFAs 1-6, 9-16, responses to Interrogatories 1 & 2, Appx. 538-542); Pl. Ex. 26 (Responses to RFAs 1-6, 9-16, responses to Interrogatories 1 & 2, Appx. 554-558).  Mr. Dondero has admitted that he (1) never disclosed the existence or terms of the alleged "oral agreement" to PwC, Mr. Okada, or the bankruptcy court; and (2) never caused Highland to disclose the existence or terms of the alleged "oral agreement" to the bankruptcy court.  Pl. Ex. 24 (Responses to RFAs 1, 2, 5-7, 11-17, Appx. 521-524). To be clear, Mr. Dondero represented that he did, indeed, inform Mr. Waterhouse about the alleged "oral agreement."  Pl. Ex. 24, Appx. 521 (Responses to RFAs

---

[26] Mark Okada was not only the co-founder of Highland, but he and his family trusts owned all the limited partnership interests of Highland, other than those interests held by Dugaboy.  *See* James Dondero Dec., DE # 155, ¶ 19 in Adv. Proc. No. 21-3003.

3 & 4).  However, Mr. Waterhouse—again, the CFO of Highland and an officer of each of the Alleged Agreement Defendants—testified he did not learn of the alleged "oral agreement" until recently and only believes that it was subject to "milestones" that he cannot identify.  Pl. Ex. 105 at 65:5-72:14, Appx. 2065-2067, 82:19-84:7, Appx. 2070.

### B.  The "Mutual Mistake" Defense of HCMFA

The "Mutual Mistake" defense—like the "oral agreement" defense asserted by the other Note Maker Defendants—is farfetched, to say the least, especially in the context of a multi-billion company with perhaps the world's most iconic and well-known public accounting firm serving as its auditors.  As set forth below, this court does not believe any reasonable jury could reach a verdict in favor of HCMFA on the "Mutual Mistake" defense.

To fully understand the defense, a reminder is in order regarding the many hats that Frank Waterhouse wore.  Mr. Waterhouse is a Certified Public Accountant who joined Highland in 2006 and served as Highland's CFO on a continuous basis from approximately 2011 or 2012 until early 2021.  While serving as Highland's CFO, Mr. Waterhouse simultaneously served as (1) an officer of HCMFA, NexPoint, and HCMS, holding the title of Treasurer; and (2) Principal Executive Officer of certain retail funds managed by HCMFA and NexPoint.  As Treasurer and Principal Executive Officer of these entities, Mr. Waterhouse was responsible for managing, among other things, HCMFA's accounting and finance functions.  Pl. Ex. 35; Pl. Ex. 37; Pl. Ex. 105 at 18:6-15, 18:23-19:6, 21:15-17, 23:5-20, 25:17-26:8, 27:17-28:16, 29:2-10, 30:9-31:6, 34:12-35:19, 38:20-39:5.

With that in mind, the "Mutual Mistake" defense works as follows. HCMFA asserts that the HCMFA Notes are void or unenforceable because they were signed by mistake or without authority by Mr. Waterhouse, and Mr. Dondero (as the person in charge of both Highland and

29

HCMFA) *did not intend* for $7.4 million of funds that were transferred from the Debtor to HCMFA in May 2019 to be loans—rather the money was intended to be *compensation to HCMFA from Highland*, for a Highland error that allegedly cause HCMFA harm. Pl. Ex. 13 ¶¶ 45 & 47, Appx. 412. HCMFA specifically contends that, in March 2019, Highland made a "mistake in calculating" the net asset value ("NAV") of certain securities that Highland Global Allocation Fund ("HGAF")—a fund managed by HCMFA—held in a portfolio company called Terrestar (the "NAV Error"). HCMFA maintains that after the NAV Error was discovered in early 2019:

> The Securities and Exchange Commission opened an investigation, and various employees and representatives of the Plaintiff, the Defendant, and HGAF worked with the SEC to correct the error and to compensate HGAF and the various investors in HGAF harmed by the NAV Error. Ultimately, and working with the SEC, the Plaintiff [i.e., Highland] determined that the losses from the NAV Error to HGAF and its shareholders amounted to $7.5 million: (i) $6.1 million for the NAV Error itself, as well as rebating related advisor fees and processing costs; and (ii) $1.4 million of losses to the shareholders of HGAF.

> The Defendant [HCMFA] accepted responsibility for the NAV Error and paid out $5,186,496 on February 15, 2019 and $2,398,842 on May 21, 2019. In turn, the Plaintiff [Highland] accepted responsibility to the Defendant [HCMFA] for having caused the NAV Error, and the Plaintiff [Highland] ultimately, whether through insurance or its own funds, compensated the Defendant [HCMFA] for the above payments by paying, or causing to be paid, approximately $7.5 million to the Defendant [HCMFA] directly or indirectly to HGAF and its investors.

Pl. Ex. 13 ¶¶ 41-42, Appx. 411.

While this is the theory of HCMFA's "Mutual Mistake" defense, there is an absence of summary judgment evidence to support it. In fact, to the contrary, on May 28, 2019, HCMFA sent a memorandum to the Board of Trustees of HGAF to describe the "Resolution of the Fund's" NAV Error, and HCMFA *did not mention Highland*. Pl. Ex. 182, Appx. 2978-2980. In fact, no document was submitted to suggest: (a) HCMFA ever told the Securities and Exchange Commission or HGAF Board that Highland, and not HCMFA, was responsible for the NAV Error;

30

or that (b) Highland ever agreed to "compensate" HCMFA for any mistake it may have made with respect to the NAV Error.  *See* Pl. Ex. 192 at 140:7-11, Appx. 3049. While no document exists that corroborates HCMFA's contention that Highland agreed to pay HCMFA $7.4 million as compensation for the NAV Error, HCMFA has identified Mr. Dondero as the person who allegedly agreed to make that payment on behalf of Highland.  *Id.* at 138:15-19, Appx. 3049.

HCMFA reported to the HGAF Board that the "Estimated Net Loss" from the NAV Error was $7,442,123.  Pl. Ex. 182 at p. 2, Appx. 2980.  Notably, HCMFA admits that it filed a claim for and received almost $5 million in insurance proceeds to fund the loss and had to pay approximately $2.4 million out-of-pocket to fully cover the estimated loss. *Id.* at p. 2, Appx. 2980; Pl. Ex. 192 at 146:20-25, Appx. 3051. Yet, despite having received approximately $5 million in insurance proceeds, HCMFA now takes the position that (a) Highland's subsequent transfer of $7.4 million to HCMFA was "compensation" for Highland's negligence and (b) HCMFA was entitled to receive both and $5 million in insurance proceeds and $7.4 million in "compensation" from Highland, even though the total loss was only $7.4 million.  It is undisputed that HCMFA never told its insurance carrier, ICI Mutual, that Highland was at fault or that Highland paid HCMFA $7.4 million as compensation for the same loss the carrier covered.  Pl. Ex. 192 at 133:14-150:22, Appx. 3047-3052.

In summary, according to HCMFA, "it received $7.4 million from Highland as compensation, and approximately $5 million from the insurance carrier as compensation for a total receipt of $12.4 million in connection with the [NAV Error]." *Id.* at 147:4-11, Appx. 3051. There is no evidence that HCMFA ever told ICI Mutual that Highland made HCMFA "whole" or otherwise compensated HCMFA approximately $5 million dollars in connection with the NAV Error—the same amount HCMFA recovered from ICI Mutual in connection with the NAV Error.

To be clear, similar to all other Notes involved in this litigation, the HCMFA Notes were carried on its balance sheet and audited financial statements as liabilities.  Pl. Ex. 45 at p. 17; Pl. Ex. 192 at 49:19-50:2, 54:6-9, 54:22-55:8, 55:23-56:3, 56:20-59-3, Appx. 3026-3029.   There is nothing in HCMFA's books and records that corroborates HCMFA's contention that the payments from Highland to HCMFA in exchange for the HCMFA Notes were intended to be compensation and not a loan. Pl. Ex. 192 at 59:8-63:20, Appx. 3029-3030. And Highland's bankruptcy filings (most or all of which were signed by Mr. Waterhouse—both the CFO of Highland and the Treasurer of HCMFA) contradict HCMFA's "Mutual Mistake" defense. As discussed earlier, Highland's contemporaneous books and records—before the Petition Date and after—recorded the HCMFA Notes as valid debts due and owing by HCMFA to Highland.

In summary, there is no evidence that creates any genuine issue of "Mutual Mistake."  If one assumes that Mr. Waterhouse might have made a mistake in authorizing the preparation and execution of the HCMFA Notes,[27] then one must likewise assume that he compounded the mistake well over a dozen times when he (i) signed off on Highland's and HCMFA's audited financial

---

[27] There can be no genuine dispute regarding Mr. Waterhouse's authority to execute the Notes on behalf of HCMFA. "The term 'actual authority' denotes that authority that a principal intentionally confers upon an agent or intentionally allows the agent to believe himself to possess."  *Polland & Cook v. Lehmann*, 832 S.W.2d 729, 738 (Tex. App. 1992). Apparent authority arises when the "principal has acted in a manner that manifests the alleged agent's authority and whether the third party reasonably relied on the agent's authority." *Commercial Capital Holding Corp. v. Team Ace Joint Venture*, Civ. Action No. 99-3040, 2000 WL 726880, at *5 (E.D. La. June 2, 2000).  The undisputed evidence establishes that Mr. Waterhouse had both actual and apparent authority to sign the Notes.  At the time Mr. Waterhouse executed the Notes on behalf of HCMFA, Mr. Waterhouse was the Treasurer of HCMFA. See Incumbency Certificate (Pl. Ex. 35, Appx. 789).  As Treasurer, he was authorized to, inter alia, "execute any and all agreements on behalf of the General Partner [of HCMFA] in its capacity as the general partner of [HCMFA]." *Id.*  In this role, Mr. Waterhouse managed the accounting and finance for HCMFA. (Pl. Ex. 105 at 25:22-26:3, Appx. 2055-2056).  Mr. Waterhouse testified that he "signed a lot of documents in [his] capacity" as Treasurer, and believed he was authorized to sign the HCMFA Notes.  *Id.* at 143:24-25, Appx. 2085.  To Mr. Waterhouse, the Notes were "just another document." *Id.* at 144:2-3, Appx. 2085. No one at HCMFA ever told Mr. Waterhouse that, as the Treasurer of HCMFA, he did not possess such authority. *Id.* at 158:2-16, Appx. 2089.  At the time he signed the Notes on behalf of HCMFA, Mr. Waterhouse had no reason to believe he was not authorized to do so. *Id.* at 160:23-161:2, Appx. 2089.  In fact, Mr. Waterhouse would not have signed the Notes on behalf of HCMFA if he did not believe he possessed such authority. *Id.* at 144:4-20, Appx. 2085.  The Incumbency Certificate, which named Mr. Waterhouse as the Treasurer of HCMFA, gave Mr. Waterhouse "comfort" that he was authorized to sign the Notes. *Id.* at 159:13-160:4, Appx. 2089.

23-10911.7235

statements, (ii) included the HCMFA Notes as liabilities on HCMFA's own balance sheet, and (iii) prepared each of the Debtor's MORs and other court filings. No reasonable jury could go there— particularly when the defense is based on mostly self-serving conclusory statements of Mr. Dondero and not any tangible evidence.[28]

### C. Miscellaneous Defenses

Mr. Dondero also raised the affirmative defenses of waiver, estoppel, or lack of consideration. There is no summary judgment evidence in the record that supports his affirmative defenses of waiver, estoppel, or lack of consideration. Pl. Ex. 98 at 357:24-360:14, Appx. 1760-1761.

With regard to the term loans of NexPoint, HCRE, and HCMS, these Note Maker Defendants each also contend that they made prepayments on their Notes, such that they cannot be deemed to have defaulted, and also assert they did not default under those loans because of Annual Installment payments that they made. First, the unrefuted summary judgment evidence of Plaintiff clearly dispels any argument that prepayments may have averted any defaults. *See* Klos Dec. pp. 3-6; Pl. Ex. 198 (Loan Summaries). Moreover, the Annual Installment payments were due on December 31, 2020, and these Note Maker Defendants did not make their Annual Installment payments to Highland until mid-January 2021, after receiving notices of default. These Note Maker Defendants had no right to cure in the loan documents. Thus, this defense fails as a matter of law. *See* Pl. Ex. 2 at Ex. 3, Appx. 49-56; Pl. Ex. 98 at 362:12-366:10, Appx. 1761-1762, 370:6-11, Appx. 1763, 389:10, Appx. 1768.

---

[28]    One disturbing aspect of both the "Mutual Mistake" defense and the "oral agreement" defense is that, if they are to be believed, it means the audited financial statements of Highland and the Note Maker Defendants were materially misleading for several years. What human being(s) would be held accountable for this? Mr. Dondero himself? *See* Pl. Ex. 33.

23-10911.7236

Finally, the "Alleged Agreement Defendants" pleaded defenses of "justification and/or repudiation; estoppel; waiver; and ambiguity."[29] No summary judgement evidence supported these affirmative defenses or any other defenses that were otherwise raised.[30]

## V.     Legal Standard

It is, of course, well settled that summary judgment is appropriate if a movant shows there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006) ("[S]ummary judgment is proper when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'") (quoting FED. R. CIV. P. 56(c)).  A movant meets its initial burden of showing there is no genuine issue for trial by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir.1990); *see also In re Magna Cum Latte, Inc.,* Bankr. No. 07-31814, 2007 WL 3231633, at *3 (Bankr. S.D. Tex. Oct. 30, 2007) ("A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact."). "If the moving party carries [its] initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of genuine issue of material fact." *Latimer*, 919 F.2d at 303; *see also Nat'l Ass'n of Gov't*

---

[29] Mr. Dondero, who signed twelve of the sixteen Notes, testified that he did not read the Notes.  Thus, he cannot rely on ambiguity as a defense.  *See* Pl. Ex. 96 at 111:19-21; 125:13-20; 128:23-129:7.

[30] One stray defense alleged by HCMS, HCRE, and NexPoint, with regard to each of their Term Notes, is that they had "Shared Services Agreements" with Highland and, thus, Highland "made" them default by not directing them to make their Annual Installment payments timely in December 2021.  First, as a technical matter, there was no admissible evidence that HCMS and HCRE had a shared service agreement with Highland.  Second, while NexPoint did have a Shared Services Agreement with Highland, no provision authorized or obligated Highland to control NexPoint's bank accounts or to effectuate payments without instruction or direction from an authorized representative. *See* Pl. Ex. 205.  Section 2.02 provided that "for the avoidance of doubt . . . [Highland] shall not provide any advice to [NexPoint] to perform any duties on behalf of [NexPoint], other than back- and middle-office services contemplated herein."

*Emps v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994) ("To withstand a properly supported motion for summary judgment, the nonmoving party must come forward with evidence to support the essential elements of its claim on which it bears the burden of proof at trial.") "This showing requires more than some metaphysical doubt as to the material facts." *Latimer*, 919 F.2d at 303 (internal quotations omitted); *see also Hall v. Branch Banking*, No. H-13-328, 2014 WL 12539728, at *1 (S.D. Tex. Apr. 30, 2014) ("[T]he nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment."); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.") (internal quotations omitted). "Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." *Alton v. Tex. A&M Univ*, 168 F.3d 196, 199 (5th Cir. 1999); *see also Armstrong v. City of Dallas*, 997 F.2d 62, 66 n.12 (5th Cir.1993) ("We no longer ask whether literally little evidence, i.e., a scintilla or less, exists but, whether the nonmovant could, on the strength of the record evidence, carry the burden of persuasion with a reasonable jury.").

## VI.    Legal Analysis

### A.   The Context Here Matters:  Promissory Notes are at Issue

It has often been said that "suits on promissory notes provide 'fit grist for the summary judgment mill.'" *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (quoting *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988)); *see also Looney v. Irvine Sensors Corp.*, Civ. Action No. 3:09-CV-0840-G, 2010 WL 532431, at *2 (N.D. Tex. Feb. 15, 2010) ("Suits on promissory notes are typically well-suited for resolution via summary

23-10911.7238

judgment.").  To prevail on summary judgment for breach of a promissory note under Texas law, the movant need not prove all essential elements of a breach of contract, but only must establish (i) the note in question, (ii) that the non-movant signed the note, (iii) that the movant was the legal owner and holder thereof, and (iv) that a certain balance was due and owing on the note. *See Resolution*, 41 F.3d at 1023; *Looney*, 2010 WL 532431, at *2-3; *Magna Cum Latte*, 2007 WL 3231633, at *15.

Highland has made its prima facie showing that it's entitled to summary judgment on each of the Note Maker Defendants' breach of their respective Notes.

With regard to the Dondero Demand Notes, the evidence was that they were valid, signed by Mr. Dondero in Highland's favor and as of December 17, 2021, the total outstanding principal and accrued but unpaid interest due under the Dondero Notes was $9,263,365.05. Klos Dec. ¶¶ 18-20, Exs. D, E, F; ¶ 37.

With regard to the HCMFA Demand Notes, the evidence was that they were valid, signed by HCMFA in Highland's favor and as of December 17, 2021, the total outstanding principal and accrued but unpaid interest due under the HCMFA Notes was $7,874,436.09. Klos Dec. ¶¶ 21-22, Exs. G, H; ¶ 40.

With regard to the HCMS Demand Notes, the evidence was that they were valid, signed by HCMS in Highland's favor and as of December 17, 2021, the total outstanding principal and accrued but unpaid interest due under the HCMS Term Notes was $972,762.81. Klos Dec. ¶¶ 23-26, Exs. I, J, K, L; ¶ 45.

With regard to the HCRE Demand Notes, the evidence was that they were valid, signed by HCRE in Highland's favor and as of December 17, 2021, the total outstanding principal and

23-10911.7239

accrued but unpaid interest due under the HCRE Demand Notes was $5,330,378.23. Klos Dec. ¶¶ 27-30, Exs. M, N, O, P; ¶ 50.

With regard to the NexPoint Term Note, the evidence was that it was valid, signed by NexPoint in Highland's favor and as of December 17, 2021, the total outstanding principal and accrued but unpaid interest due under the NexPoint Term Note was $24,383,877.27.[31] Klos Dec. ¶ 31, Ex. A; ¶ 51.

With regard to the HCMS Term Note, the evidence was that it was valid, signed by HCMS in Highland's favor and as of December 17, 2021, the total outstanding principal and accrued but unpaid interest due under the HCMS Term Note was $6,748,456.31.[32] Klos Dec. ¶ 32, Ex. R; ¶ 52.

With regard to the HCRE Term Note, the evidence was that it was valid, signed by HCRE in Highland's favor and as of December 17, 2021, the total outstanding principal and accrued but unpaid interest due under the HCRE Term Note was $5,899,962.22.[33] Klos Dec. ¶ 33, Ex. S; ¶ 53.

Each of the Note Maker Defendants under the Demand Notes breached their obligations by failing to pay Highland all amounts due and owing upon Highland's demand. Each of the Note Maker Defendants under the Term Notes breached their obligations by failing to make the Annual Installment payment due on December 31, 2020.

---

[31] Total unpaid principal and interest due actually decreased from January 8, 2021 to December 17, 2021 because a payment of $1,406,111.92 made January 14, 2021, which reduced the total principal and interest then-outstanding.

[32] Total unpaid outstanding principal and interest due actually decreased from January 8, 2021 to December 17, 2021 because a payment of $181,226.83 made January 21, 2021, which reduced the total principal and interest then-outstanding.

[33] Total unpaid principal and interest due actually decreased from January 8, 2021 to December 17, 2021 because a payment of $665,811.09 made January 21, 2021, which reduced the total principal and interest then-outstanding.

23-10911.7240

The Reorganized Debtor, Highland, has been damaged by the Note Maker Defendants' breaches in the amounts set forth above, plus the interest that has accrued under the Notes since those calculations, plus collection costs and attorneys' fees—which amounts Highland should separately submit to the court.

In summary, Highland has made its prima facie case for summary judgment for the Note Makers Defendants' breach of the Notes. *See Resolution*, 41 F.3d at 1023 (holding that where affidavit "describes the date of execution, maker, payee, principal amount, balance due, amount of accrued interest owed, and the date of default for each of the two promissory notes," movant "presented a prima facie case of default on the notes."); *Looney*, 2010 WL 532431, at *2-3 (where movant "has attached a copy of the note … to a sworn affidavit in which he states that the photocopy is a true and correct copy of the note, that he is the owner and holder of the note, and that there is a balance due on the note … [movant] has made a prima facie case that he is entitled to summary judgment on the note.").

The Note Maker Defendants failed to rebut Highland's prima facie case.

B.  *The Unsubstantiated "Oral Agreements"*

With regard to the alleged "oral agreement" defense, there was a complete lack of evidence for it—it was only supported by conclusory statements of Mr. Dondero and, to a lesser extent, Sister Dondero. Mr. Dondero could not identify any material terms of the alleged "oral agreement," such as (a) which Notes are subject to the alleged "oral agreement;" (b) the number of Notes subject to the alleged "oral agreement;" (c) the maker of each Note subject to the alleged "oral agreement;" (d) the date of each Note subject to the alleged "oral agreement;" or (e) the principal amount of any Note subject to the alleged "oral agreement."   Mr. Dondero and Sister Dondero

38

cannot even agree whether Mr. Dondero identified the Notes subject to the alleged agreement.  Mr. Dondero sold MGM stock in November 2019—an alleged "condition subsequent" under the alleged agreement—but failed to declare the Notes forgiven, and otherwise remained silent about the alleged agreement. Sister Dondero, the counter-party to the alleged agreement, never saw a Note signed by Mr. Dondero or any affiliate of Highland and was not qualified to enter into the alleged agreement.  The existence or terms of the alleged agreement were never disclosed by Mr. Dondero or Sister Dondero to anyone, including PwC, Mr. Waterhouse, or the bankruptcy court. No document exists memorializing or otherwise reflecting the existence of terms of the alleged agreement.  There is no history of loans being forgiven at Highland in the past decade.

No genuine issue of material fact has been raised here such that a reasonable jury might find an alleged "oral agreement." Moreover, any alleged agreement would be unenforceable as a matter of law for lack of: (a) consideration, (b) definiteness, and (c) a meeting of the minds.   In order to be legally enforceable, a contract "must address all of its essential and material terms with a reasonable degree of certainty and definiteness." *Scott v. Wollney*, No. 3:20-CV-2825-M-BH, 2021 WL 4202169, at * 7 (N.D. Tex Aug. 28, 2021) (internal quotations omitted); *In re Heritage Org., L.L.C.*, 354 B.R. 407, 431–32 (Bankr. N.D. Tex. 2006) (In order to prove existence of a valid and binding subsequent oral agreement binding upon parties, a party must prove that there was "(1) a meeting of the minds" and "(2) consideration to support such a subsequent oral agreement.") "Whether a contract contains all of the essential terms for it to be enforceable is a question of law." *Id.* (internal quotations omitted).  "A contract must also be based on valid consideration." *Id.* "In determining the existence of an oral contract, courts look at the communications between the parties and the acts and circumstances surrounding those communications." *Melanson v. Navistar, Inc.*, 3:13-CV- 2018-D, 2014 WL 4375715, at *5 (N.D. Tex. Sept. 4, 2014). *See also id.* at *6

(finding that a reasonable trier of fact could not find that based on the oral conversation between the plaintiff and the defendant that there was an offer, an acceptance, and a meeting of the minds because the conversation did not contain all essential terms); *Wollney*, 2021 WL 4202169, at *8 (finding that "[w]hen, as here, 'an alleged agreement is so indefinite as to make it impossible for a court to 'fix' the legal obligations and liabilities of the parties, a court will not find an enforceable contract,'" finding that party "has not identified evidence of record that would allow a reasonable trier of fact to find that there was an offer, an acceptance, and a meeting of the minds between Plaintiff and Defendant.") (quoting *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citation omitted)); *Heritage*, 354 B.R. at 431–32 (finding a "subsequent oral amendment" defense fails where the summary judgment record does not support the existence of a subsequent agreement).

Accordingly, there is no genuine issue of material fact regarding the alleged "oral agreement" defense, and Highland is, therefore, entitled to summary judgment on Mr. Dondero's, NexPoint's, HCMS's, and HCRE's breach of their respective Notes.

### C.  The Alleged "Mutual Mistake" Asserted by HCMFA is Unsubstantiated

Finally, the "Mutual Mistake" defense also fails as a matter of law because there is no evidence to show that Highland and HCMFA were acting under some shared factual mistake when the HCMFA Notes were prepared and executed. "For mutual mistake to nullify a promissory note, the evidence must show that both parties were acting under the same misunderstanding of the same material fact." *Looney*, 2010 WL 532431, at *5 (internal quotations omitted) (citing Texas law). "[A] party must show that there exists (1) a mistake of fact, (2) held mutually by the parties, (3) which materially affects the agreed upon exchange." *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, No. H-06 1492, 2007 WL 3145798, at *6 (S.D.Tex. Oct. 27, 2007) (alteration in

original) (citing Texas law).  In other words, "[m]utual mistake of fact occurs where the parties to an agreement have a common intention, but the written instrument does not reflect the intention of the parties due to a mutual mistake." *Id.* (internal quotations omitted).  "In determining the intent of the parties to a written contract, a court may consider the conduct of the parties and the information available to them at the time of signing in addition to the written agreement itself." *Id.* (internal quotations omitted). "When mutual mistake is alleged, the party seeking relief must show what the parties' true agreement was and that the instrument incorrectly reflects that agreement because of a mutual mistake." *Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc.,* MO:19-CV-173-DC, 2021 WL 2772808, at *9 (W.D. Tex. Apr. 28, 2021) (internal quotations omitted). "The question of mutual mistake is determined not by self-serving subjective statements of the parties' intent … but rather solely by objective circumstances surrounding execution of the [contract.]" *Hitachi Cap. Am. Corp. v. Med. Plaza Surgical Ctr., L.L.P.*, Civ. Action No. 06-1959, 2007 WL 2752692, at *6 (S.D. Tex. Sept. 20, 2007) (internal quotations omitted).  "The purpose of the mutual mistake doctrine is not to allow parties to avoid the results of an unhappy bargain." *Whitney*, 2007 WL 3145798, at *7 (internal quotations omitted).

The undisputed documentary and testimonial evidence overwhelmingly establish that both HCMFA and Highland intended the HCMFA Notes to be loans.  As discussed above: (i) Mr. Waterhouse, HCMFA's Treasurer, knew the money Highland transferred to HCMFA was being treated as an "intercompany loan"; (ii) the HCMFA Notes have always been recorded as liabilities in HCMFA's audited financial statements and balance sheets; (iii) the HCMFA Demand Notes were reflected as assets in Highland's Bankruptcy filings, and (iv) the HCMFA Demand Notes were represented as "liabilities" to third parties at all relevant times.

There is no evidence in support of HCMFA's contention that there existed a mistake of fact held by both Highland and HCMFA when entering into HCMFA Notes. The purported "mistake" was never disclosed to critical (or any) third parties, such as: (i) the Retail Board or (ii) the insurance company ICI Mutual. The purported "mistake" is also not reflected in HCMFA's books and records or audited financials.

In conclusion, HCMFA's "Mutual Mistake" defense fails as a matter of law. *See Hitachi*, 2007 WL 2752692, at *6 (finding "mutual mistake" defense fails as a matter of law where "there is no evidence that a mutual mistake was made in the [agreement,]" and where "the fact that [defendant] did not discover the 'mistake' until well after the [] agreements were signed undermines" the mutual mistake defense.); *Whitney*, 2007 WL 3145798, at *6-7 (finding defendants' assertion of mutual mistake "fails as a matter of law" where assertions were "insufficient to raise a fact issue as to mutual mistake of fact" regarding written agreement where plaintiff "has presented competent evidence" of its own intention regarding the agreement, "there is no evidence that [plaintiff] had the intent that these defendants assert," "no document suggests any such intent," and where "the documents are clear" on their face); *Looney*, 2010 WL 532431, at *5 (granting summary judgment in favor of plaintiff for breach of note as a matter of law on "mutual mistake" defense where defendant "does not cite any record evidence in support of its claim that [parties] were operating under a shared mistake when they executed the note."); *Al Asher & Sons*, 2021 WL 2772808, at *9 (finding that defendant failed to carry its burden to establish there is a genuine issue of material fact as to mutual mistake under an agreement, noting that "mutual mistake [defense] is inapplicable [as a matter of law], because, even if [defendant's] assumption regarding the … contract is a mistake of fact, there is no evidence in the record that Plaintiff and [defendant] mutually held the mistake …").

There is no summary judgment evidence to support any remaining defenses of the Note Makers Defendants.

**VII.    Summary Judgment**.

Accordingly, summary judgment should be entered holding the Note Maker Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes, pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable attorneys' fees in an amount to be determined.  Specifically:

With regard to the Dondero Demand Notes, Mr. Dondero should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$9,263,365.05**, the total outstanding principal and accrued but unpaid interest due under the Dondero Notes as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

With regard to the HCMFA Demand Notes, HCMFA should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$7,874,436.09**, the total outstanding principal and accrued but unpaid interest due under the HCMFA Notes as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

With regard to the HCMS Demand Notes, HCMS should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$972,762.81**, the total outstanding principal and accrued but unpaid interest due under the HCMS Demand Notes as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

23-10911.7246

With regard to the HCMS Term Note, HCMS should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$6,748,456.31**, the total outstanding principal and accrued but unpaid interest due under the HCMS Term Note as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

With regard to the HCRE Demand Notes, HCRE should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$5,330,378.23**, the total outstanding principal and accrued but unpaid interest due under the HCRE Demand Notes as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

With regard to the HCRE Term Note, HCRE should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$5,899,962.22**, the total outstanding principal and accrued but unpaid interest due under the HCRE Demand Notes as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

With regard to the NexPoint Term Note, NexPoint should be liable on a Judgment for breach of contract and turnover in the amount of:  (a) **$24,383,877.27**, the total outstanding principal and accrued but unpaid interest due under the NexPoint Term Note as of December 17, 2021; plus (b) interest accrued since December 17, 2021; plus (c) the costs of collection and reasonable attorneys' fees in an amount to be determined.

**Submission of Judgment.  The bankruptcy court directs Plaintiff to promptly submit a form of Judgment applicable to each Note Maker Defendant that calculates proper**

44

amounts due pursuant to this Report and Recommendation, including interest accrued to date (and continuing to accrue per diem), as well as costs and attorneys' fees incurred. The costs and attorneys' fees calculation shall be separately filed as a Notice with backup documentation attached. The Note Maker Defendants shall have 21 days after the filing of such Notice to file an objection to the reasonableness of the attorneys' fees and costs. The bankruptcy court will thereafter determine the reasonableness in Chambers (unless the bankruptcy court determines that a hearing is necessary) and will promptly submit the form Judgments, along with appropriate attorneys' fees and costs amounts inserted into the form Judgments, to the District Court, to consider along with this Report and Recommendation. This Report and Recommendation is immediately being sent to the District Court.

*### End of Report and Recommendation ###*

23-10911.7248

# TAB 32
## APPELLANTS' RECORD EXCERPTS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:21-CV-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § § | |
| *Defendant.* | § § | |

## <u>ORDER</u>

Before the Court is a report and recommendation from the United States Bankruptcy Court.  [Doc. No. 2 Exhibit 1].  The Bankruptcy Court recommends that this Court grant the defendant's motion to withdraw the reference when the bankruptcy court certifies that this action is ready for trial and defer all pretrial matters to the Bankruptcy Court.  The defendant filed a limited objection.[1]

This Court holds that the Bankruptcy Court's familiarity with the facts and the parties make it well-situated to handle pretrial matters in this case.  This Court further finds that allowing Bankruptcy Court to handle pretrial filings would further both judicial economy and the important goal of uniformity and efficiency in bankruptcy administration.

---

[1] Doc. No. 5.

1

Therefore, this Court **ACCEPTS** the recommendation.  This case is hereby **REFERRED** for pretrial management to the United States Bankruptcy Court. When the Bankruptcy Court's concludes this case is ready for trial, that Court should notify this Court, and this Court will then withdraw the reference.

   **IT IS SO ORDERED** this 14th day of September, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

2

# TAB 33
## APPELLANTS' RECORD EXCERPTS



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 8, 2021**

United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | **CASE NO. 19-34054-SGJ-11** |
| **L.P.,** | § | **(CHAPTER 11)** |
|     DEBTOR. | § | |
| _____ | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **L.P.,** | § | **ADVERSARY NO. 21-03004** |
|     PLAINTIFF, | § | **(CIV. ACTION #3:21-CV-00881-X)** |
| | § | |
| **VS.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
|     DEFENDANT. | § | |

_____

### REPORT AND RECOMMENDATION TO DISTRICT COURT PROPOSING THAT IT: (A) GRANT DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE AT SUCH TIME AS BANKRUPTCY COURT CERTIFIES THAT ACTION IS TRIAL READY; AND (B) DEFER PRETRIAL MATTERS TO BANKRUPTCY COURT

1

23-10911.277

## I.   INTRODUCTION

The above-referenced adversary proceeding (the "Adversary Proceeding") is related to the bankruptcy case of Highland Capital Management, L.P. (the "Bankruptcy Case").[1] Highland Capital Management, L.P. (the "Debtor" or "Highland") filed a voluntary Chapter 11 petition on October 16, 2019 in the United States Bankruptcy Court of Delaware.  That court subsequently entered an order transferring venue to the Northern District of Texas, Dallas Division, on December 4, 2019.  A Chapter 11 plan was confirmed by the bankruptcy court on February 22, 2021.  The chapter 11 plan has been appealed by the Defendant in this action, Highland Capital Management Fund Advisors ("HCMFA-Defendant"), and certain parties related to it. The appeal of the plan is now pending before the Fifth Circuit, but no stay pending appeal has been granted.

On January 22, 2021, shortly before its Chapter 11 plan was confirmed, the Debtor, as Plaintiff, brought this Adversary Proceeding against HCMFA-Defendant.  The Adversary Proceeding pertains to two promissory notes (collectively, the "Notes") executed by HCMFA-Defendant in favor of the Debtor in 2019. Each of the Notes were demand notes. On December 3, 2020, the Debtor sent HCMFA-Defendant a letter demanding payment by December 11, 2020, as allowed under the terms of the notes. Following HCMFA-Defendant's failure to pay on the Notes in response to the demand letter, the Debtor brought this action to collect on the Notes. The Debtor's Chapter 11 plan contemplates collection on these Notes (as well as several other notes of parties related to HCMFA-Defendant) as part of its funding to pay creditors.

---

[1] Bankruptcy Case No. 19-34054.

2

Under the United States District Court for the Northern District of Texas' standing order of reference[2], proceedings arising in, or related to, a case under Title 11 are automatically referred to the bankruptcy court.  HCMFA-Defendant submitted a *Motion for Withdrawal the Reference*[3] (the "Motion") and *Brief in Support of Motion to Withdraw the Reference*[4] (the "Brief in Support") seeking to have the reference withdrawn, such that this Adversary Proceeding would be adjudicated in the District Court. The bankruptcy court conducted a status conference concerning the Motion, pursuant to Local Bankruptcy Rule 5011-1, on May 25, 2021.

The bankruptcy court submits the following report and recommendation to the District Court, ultimately recommending that the Motion be granted, ***but only at such time as the bankruptcy court certifies to the District Court that the lawsuit is trial ready***. The bankruptcy court further recommends that the District Court ***defer to the bankruptcy court the handling of all pretrial matters***.

## II.   NATURE OF THE ADVERSARY PROCEEDING

### a.  The Complaint and Procedural History

The Debtor commenced this Adversary Proceeding by filing its *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate*[5] on January 22, 2021. The Debtor's Complaint asserts two causes of action: (1) a breach of contract claim ("Count 1") and (2) a turnover action under 11 U.S.C. § 542(b) for the amounts owed on the Notes ("Count 2"). The principal amounts and execution dates for each of the two Notes were: (i) $2,400,000, executed May 2, 2019, and (ii) $5,000,000, executed May 3, 2019. The Debtor now seeks monetary damages totaling $7,687,653.07, plus accrued but unpaid interest and cost of collection. Because

---

[2] Misc. Order No. 33.
[3] Adversary Case No. 21-03004, Dkt. 20.
[4] Adversary Case No. 21-03004, Dkt. 21.
[5] Adversary Case No. 21-03004, Dkt. 1.

the Debtor alleges the amounts due on the Notes are property of its estate, it argues that turnover pursuant to 11 U.S.C. § 542(b) is appropriate.

After being served with summons on January 25, 2021, HCMFA-Defendant filed its *Original Answer*[6] on March 1, 2021 before subsequently filing its *Amended Answer*[7] on July 6, 2021.

HCMFA-Defendant filed two proofs of claim in the Bankruptcy Case, Proof of Claim Nos. 95 and 119. Proof of Claim No. 95 was based on alleged overpayments made by HCMFA-Defendant to the Debtor under a shared services agreement. Proof of Claim No. 119 was based on alleged overpayments made by HCMFA-Defendant to the Debtor under a payroll reimbursement agreement. On October 9, 2020, the bankruptcy court entered a *First Supplemental Order Sustaining First Omnibus Claims Objection*[8], which disallowed both of HCMFA-Defendant's proofs of claim. The HCMFA-Defendant filed an application for an administrative expense claim on January 24, 2021, relating to services it alleges the Debtor did not perform under a shared services agreement. The Debtor has since filed an objection to the application and the matter is set for trial on September 28, 2021. The administrative expense claim ***does not directly relate to the causes of action for collection under the Notes***. Similarly, the disallowed ***proofs of claim did not relate to the Notes.***

### b. The Motion to Withdraw the Reference, Response Opposed, and Reply

On April 15, 2021, HCMFA-Defendant filed the Motion. As a result, the above-captioned civil action was created in the District Court. On May 4, 2021, the Debtor filed its *Response Opposed to Defendant's Motion to Withdraw the Reference*[9] (the "Response Opposed"). On May

---

[6] Adversary Case No. 21-03004, Dkt. 6.
[7] Adversary Case No. 21-03004, Dkt. 48.
[8] Bankruptcy Case No. 19-34054, Dkt. 1155.
[9] Adversary Case No. 21-03004, Dkt. 28.

18, 2021, HCMFA-Defendant filed its *Reply in Support of the Motion to Withdraw the Reference*[10] (the "Reply"). The bankruptcy court held a status conference, as required by Local Bankruptcy Rule 5011-1, on May 25, 2021, to assist in the bankruptcy court's preparation of this Report and Recommendation.

### i. The Movant's Position

HCMFA-Defendant argues there is cause shown for permissive withdrawal of the reference because: (1) the contract claim is a purely state law, non-core claim; (2) the turnover claim, under the Bankruptcy Code, is wholly derivative of the contract claim, as the amount to be turned over is based on the resolution of the contract claim; and (3) efficiency, uniformity and forum shopping factors all favor withdrawal.[11]

Further, HCMFA-Defendant contends it has made a demand for a jury trial and has not consented, expressly or impliedly, to the equitable jurisdiction of the bankruptcy court to enter final orders in the Adversary Proceeding or hold a jury trial. HCMFA-Defendant further argues it has never filed a proof of claim related to the Notes, thus negating any argument it has consented to the bankruptcy court having jurisdiction over the litigation of the Notes.

Finally, HCMFA-Defendant alleges that permissive withdrawal as proper, because the turnover claim is being used as an to attempt to relabel a non-core breach of contract claim to place jurisdiction within the bankruptcy court.[12]

As far as timing, HCMFA-Defendant requests that the District Court immediately withdraw the reference and hear all pre-trial matters until the parties are trial-ready.

---

[10] Adversary Case No. 21-03004, Dkt. 30.
[11] Adversary Case No. 21-03004, Dkt. 21 at 5-11.
[12] *Id.* at 8-9; *see Granfinanciera, Granfinanciera. S.A. v. Nordberg*, 492 U.S. 33, 61 (1989).

ii. *The Debtor-Plaintiff's Position*

The Debtor argues that there is no cause shown for permissive withdrawal because a turnover action under Section 542(b) of the Bankruptcy Code is an inherently core claim. The Notes, as argued, are already property of the bankruptcy estate, as matured and payable on December 11, 2020, and the turnover action only concerns federal bankruptcy law.[13] The Debtor argues that the defenses and disputes raised by HCMFA-Defendant do not restrict the Debtor's ability to collect property of the estate under 11 U.S.C. § 542(b).[14]

The Debtor does not directly, in its Response, address whether jury trial rights exist for HCMFA-Defendant. Rather, the Debtor focuses on the core nature of the turnover action and the forum shopping attempts by HCMFA-Defendant.

As far as timing, the Debtor argues that, if the court finds permissive withdrawal of the reference is appropriate, the reference should not be withdrawn until after the parties are trial-ready, and all pretrial matters should be handled by the bankruptcy court until such time.

## III. THE BREACH OF CONTRACT CLAIMS AT THE CENTER OF THE ADVERSARY PROCEEDING ARE NONCORE CLAIMS, AND THE PENDING ADMINISTRATIVE EXPENSE CLAIM OF HCMFA-DEFENDANT IS UNRELATED TO THEM

Permissive withdrawal of the reference is described in 28 U.S.C. § 157(d) as follows: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The Bankruptcy Code does not define "cause shown," but the United States Court of Appeal for the Fifth Circuit, interpreting

---

[13] *See Tow v. Park Lake Cmtys., LP*, 2018 U.S. Dist. LEXIS 1720, at *3-*5 (S.D. Tex. Jan. 4, 2018); *see also Porretto v. Nelson (In re Porretto)*, 2012 Bankr. LEXIS 4919, at *11-*12 (Bankr. S.D. Tex. Oct. 18, 2012); *see also Romo v. Monetmayor (In re Montemayor)*, 547 B.R. 684, 692 (Bankr. S.D. Tex. 2016) (bankruptcy court had authority under *Stern* to issue a final order in an action brought pursuant to Section 542(b), because an action "to turnover assets belonging to the bankruptcy estate [is] a matter which solely concerns federal bankruptcy law").

[14] *See Tow*, 2018 U.S. Dist. LEXIS 1720, at *3-*5; *see also Shaia v. Taylor (In re Connelly)*, 476 B.R. 223, 230 (Bankr. E.D. Va. 2012).

6

the Supreme Court case of *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, has identified a number of factors for courts to consider in determining whether permissive withdrawal of the reference is appropriate: (1) whether the matter is core or noncore; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtors' and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process.[15] Courts in this District have placed an emphasis on the first two factors.[16]

As explained by the Supreme Court in *Stern v. Marshall*, Congress has divided bankruptcy ***proceedings*** (*i.e.*, adversary proceedings or contested matter within a bankruptcy case)—over which there is bankruptcy subject matter jurisdiction—into three different categories: (a) those that "aris[e] under" Title 11; (b) those that "aris[e] in" a Title 11 case; and (c) those that are "related to" a case under Title 11.[17]  Further, those that arise under Title 11 or arise in a Title 11 case are defined as "core" matters[18] and those that are merely "related to" a Title 11 case are defined as "noncore" matters. The significance of the "core"/"noncore" distinction is that bankruptcy courts may statutorily enter final judgments in "core" proceedings in a bankruptcy case, while in "noncore" proceedings, the bankruptcy courts instead may only (absent consent from all of the parties) submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment. This is the statutory framework collectively set forth in 28 U.S.C. § 1334 and 28 U.S.C. § 157.  But while a proceeding may be "core" in nature, under 28

---

[15] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985); *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 115-23 (N.D. Tex. 2006); 458 U.S. 50 (1982).
[16] See *Mirant*, 337 B.R. at 115-122.
[17] 28 U.S.C. § 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473-474 (2011).
[18] *Stern*, 564 U.S. at 473-474.  Core proceedings include, but are not limited to, 16 different types of matters, including "counterclaims by [a debtor's] estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C).

U.S.C. § 157(b)(2), and the bankruptcy court, therefore, has the **statutory** power to enter a final judgment on the claim under 28 U.S.C. § 157(b)(1), *Stern* instructs that any district court, in evaluating whether a bankruptcy court has the ability to issue final orders and judgments, must resolve not only: (a) whether the bankruptcy court has the statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on a particular claim; but also (b) whether the conferring of that authority on an Article I bankruptcy court is **constitutional** (and this turns on whether "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process").[19]

With respect to the claims asserted against HCMFA-Defendant, it might be argued that both counts asserted against it are **statutorily** core in nature.[20] While Count 1 is a breach of contract claim for collection of amounts due under promissory notes—one of the simplest forms of a state law lawsuit—it might be argued that Count 1 is statutorily core under the catchall provision of 28 U.S.C. § 157(b)(2)(O), as the resolution of the claim would be "affecting the liquidation of the assets of the estate." However, this position would not pass constitutional muster. The cause of action does not stem from the bankruptcy itself (*i.e.,* it stems from alleged defaults on pre-petition notes) and would not be resolved through the claims allowance process (**since no pending proof of claim exists and the administrative expense claim is not directly related to the Notes**). In other words, the resolution of Count 1 is not so inextricably intertwined with the resolution of HCMFA-Defendant's still-remaining administrative expense claim so as to confer constitutional authority on the bankruptcy court to enter a final judgment on the breach of contract claims.

Count 2, the turnover cause of action, is brought pursuant to 11 U.S.C. § 542(b) and is listed as statutorily core under 28 U.S.C. § 157(b)(2)(E). If Count 2 were freestanding and the debts due

---

[19] *Stern*, 564 U.S. at 499.
[20] 28 U.S.C. § 157(b)(2)(E), (O).

under the Notes were undisputed, it is unrefuted by HCMFA-Defendant that a turnover action under 11 U.S.C. § 542(b) would be both a statutory and constitutional core claim. ***The issue is whether a turnover action to collect on a disputed pre-petition promissory note can be viewed as a core claim***. There is a split in authority on this issue. The Debtor cites authority that a turnover action is a core claim when collecting ***matured*** debts, as property of the estate, regardless of whether the indebtedness is ***disputed***.[21] In contrast, HCMFA-Defendant cites authority that the scope of turnover claims under the Bankruptcy Code should not be expanded to encompass debts in dispute that arose outside of bankruptcy, including authority from this court.[22]

This court views the turnover claim as derivative of the breach of contract claims. The breach of contract claims are clearly non-core, and the bankruptcy court lacks constitutional authority to confer jurisdiction over them (absent consent—which does not exist here). A turnover action under 11 U.S.C. § 542(b) cannot be tacked onto a complaint so as to confer authority in the bankruptcy court to adjudicate an otherwise non-core claim. To hold otherwise would run counter to the dictates of the Supreme Court in *Marathon*.

In summary, this court believes that the turnover claim in the Complaint, to collect on a disputed indebtedness under the Notes, "do[es] not fall within the scope of turnover actions as

---

[21] *Shaia*, 476 B.R. at 230 ("To properly constitute a core proceeding under § 157(b)(2)(E), the debt must be 'matured, payable on demand, or payable on order.' 'Matured' refers to 'debts that are presently payable, as opposed to those that are contingent and become payable only upon the occurrence of a certain act or event.' …. While the Defendants assert they are not indebted to the Trustee, it is simply not relevant that the Defendants dispute liability on the instrument. The presence of a dispute does not preclude a debt from being matured. … A cause of action is a turnover proceeding under § 542(b) of the Bankruptcy Code where it seeks collection rather than creation or liquidation of a matured debt."); *see also In re Willington Convalescent Home, Inc.*, 850 F.2d at 52 n.2 ("The mere fact that Connecticut denies that it owes the matured debt for Willington's services because of a recoupment right 'does not take the trustee's action outside the scope of section 542(b)'").

[22] *In re Se. Materials, Inc.*, 467 B.R. 337, 354 (Bankr. M.D.N.C. 2012)( The distinction is when "an adversary proceeding presents a bona fide dispute as to liability, the matter cannot be viewed as a turnover proceeding"); *In re Satelco, Inc.*, 58 B.R. 781, 789 (Bankr. N.D. Tex. 1986) ("[T]his Court holds that actions to collect accounts receivable based upon state law contract principles do not fall within the scope of turnover actions as contemplated by § 542 and § 157(b)(2)(E), absent a final judgment from a court of competent jurisdiction, a stipulation, or some other binding determination of liability.").

contemplated by § 542 and § 157(b)(2)(E)," absent a judgment or stipulation resolving the dispute as to the indebtedness.[23]   Thus, the turnover claim, as brought, is not a core claim that the bankruptcy court can finally adjudicate, absent the consent of all parties.

## IV. JURY TRIAL RIGHTS AND DEMAND

Pursuant to 28 U.S.C. § 157(e), if a litigant has the right to a jury trial under applicable non-bankruptcy law, a bankruptcy court may conduct the jury trial only if: (a) the matters to be finally adjudicated fall within the scope of bankruptcy subject matter jurisdiction; (b) the district court of which the bankruptcy court is a unit authorizes the bankruptcy court to do so; and (c) all of the parties consent.[24]

Starting first with whether a right to a jury trial even exists, the Seventh Amendment, of course, provides a jury trial right in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to rights that were tried at law in the late 18th century English courts.[25] Suits "at law" refers to "suits in which legal rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized and equitable remedies were administered."[26] This analysis requires two steps: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature . . . [t]he second stage of this analysis" being "more important than the first."[27]

---

[23] *Satelco*, 58 B.R. at 789.

[24] "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (West 2019).

[25] *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999).

[26] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

[27] *See Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 205 (S.D. Tex. 2008) (quoting *Granfinanciera*, 492 U.S. at 42).

It is well established that the act of filing a proof of claim can operate to deprive a creditor of a jury trial right, by subjecting a claim, that would otherwise sound only in law, to the equitable claims allowance process.[28] Thus, if both of HCMFA-Defendant's proofs of claims were ***pending***, it would have consented to the bankruptcy court's equitable jurisdiction and waived its right to a jury trial as to the subject matter of the ***pending*** proofs of claim.[29]  However, as earlier noted, prior to the commencement of this Adversary Proceeding on January 22, 2021, HCMFA-Defendant had both of its proofs of claim disallowed on October 9, 2020.   The pending trial over the administrative expense claim sought by HCMFA-Defendant is separate from the collection under the Notes. Without a pending claim related to the Notes, the breach of contract claims is precisely the kind of action that would sound in law rather than in equity. By not having a filed proof of claim related to the Notes, HCMFA-Defendant never subjected the Notes to the claims allowance process of the bankruptcy court and preserved its right to a jury trial on the Notes.[30]

To reiterate, HCMFA-Defendant's remaining administrative expense claim is not directly related to the collection on the Notes, and it has not otherwise consented to the jurisdiction of the bankruptcy court for claims related to the Notes. HCMFA-Defendant has also not consented to the bankruptcy court conducting a jury trial pursuant to 11 U.S.C. § 157(e).

In summary, HCMFA-Defendant's lack of waiver of its jury trial rights, expressly or impliedly, is further reason why the bankruptcy court does not believe it can finally adjudicate the claims in the Adversary Proceeding.

---

[28] *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990).
[29] *Id.*
[30] *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) ("[T]he successful withdrawal of a claim pursuant to Fed. R. Bankr. P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves parties as if the claim had never been brought."); *In re Goldblatt's Bargain Stores, Inc*., No. 05 C 03840, 2005 WL 8179250, at *5 (N.D. Ill. Dec. 6, 2005) (claims withdrawn before adversary proceeding are as if never filed); *see generally, In re Manchester, Inc.*, No. 08-30703-11-BJH, 2008 WL 5273289, at *3-6 (Bankr. N.D. Tex. Dec. 19, 2008) (permissible to withdraw a claim to preserve jury trial right).

23-10911.287

## V.   PENDING MATTERS

No dispositive motions, or any other motions, remain pending at this time. The court has not granted a stay pending resolution of the Motion in the Adversary Proceeding.[31] At this point, the parties are not trial-ready.

## VI.   RECOMMENDATION

In light of: (a) the noncore, related-to claims in the Complaint; (b) the lack of a proof of claim or any other claim related to the Notes asserted by HCMFA-Defendant; and (c) the lack of any other consent by HCMFA-Defendant to the equitable jurisdiction of the bankruptcy court related to the Notes, the bankruptcy court recommends the District Court: refer all pre-trial matters to the bankruptcy court, and grant the Motion upon certification by the bankruptcy court that the parties are trial-ready.

With regard to such pretrial matters, the bankruptcy court further recommends that, to the extent a dispositive motion is brought that the bankruptcy court determines should be granted and would finally dispose of claims in this Adversary Proceeding, the bankruptcy court should submit a report and recommendation to the District Court for the District Court to adopt or reject.

**\*\*\*END OF REPORT AND RECOMMENDATION\*\*\***

---

[31] The court did grant a stay pending resolution of the motion to withdraw the reference in the related case of *Highland Capital Management, L.P. v. Dondero* (Adversary Case No. 21-03003).

23-10911.288

# TAB 34
## APPELLANTS' RECORD EXCERPTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 21-03004 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JAMES DONDERO

I, James Dondero, do hereby declare as follows:

1.      My name is James Dondero.  I am over the age of eighteen years and am otherwise competent to make this declaration.  I am making this declaration on behalf of defendant Highland Capital Management Fund Advisors, L.P. ("HCMFA") in connection with the motion for summary judgment filed in the above-captioned adversary proceeding (the "Adversary") by plaintiff Highland Capital Management, L.P. (the "Debtor").

2.      In April and May, 2019, I was: (a) the sole director of Strand Advisors XVI, Inc., which is the general partner of HCMFA; and (b) the President of HCMFA.  At that time, Frank Waterhouse ("Waterhouse") was the Treasurer of Strand Advisors XVI, Inc.  As the President of HCMFA and the sole director of its general partner, I am not aware of any corporate governance documents authorizing Waterhouse to incur millions of dollars of debt on behalf of HCMFA.  My

understanding of HCMFA's corporate governance, and certainly the practice at the time, was that I was the sole person who had the authority to authorize HCMFA to incur such obligations.

3.     The Adversary revolves around two promissory notes (the "Notes") allegedly signed by Waterhouse.  At all relevant times, Waterhouse was both the Treasurer of HCMFA's general partner and the Chief Financial Officer of the Debtor.  In both capacities he reported directly to me.  Indeed, all of the individuals whose conduct led to this dispute were employees of the Debtor, not HCMFA.  As pointed out above, I have no reason to believe that Waterhouse or any such other individual had the authority to cause HCMFA to issue or execute the Notes without my approval.  For the reasons set forth herein, the Notes do not constitute legitimate obligations of HCMFA.

4.     HCMFA is a registered advisor that advises third-party funds as to their investments.  At all relevant times, including from 2018 to present, HCMFA served as advisor to Highland Global Allocation Fund (the "Fund").  At issue are two transactions involving equity interests in TerreStar Corporation ("TerreStar") that took place in March 2018 (the "March Transactions").  In particular, an error occurred concerning the net asset value ("NAV") that was assigned to the TerreStar interests in connection with the March Transactions (the "NAV Error").

5.     The NAV Error is described in more detail in that certain April 7, 2019 *Amended Memorandum regarding the Treatment of the TerreStar Corporation Equity NAV Error in the Fund* (the "NAV Memo"), a true and correct copy of which is attached hereto at HCMFA Appx. 7 – 17. The NAV Memo was made at or near the time by—or from information transmitted by— someone with knowledge; the NAV Memo was kept in the course of HCMFA's regularly conducted business activity; and making the NAV Memo and documents like it was a regular practice of that business activity.

6.     During this time period, however, HCMFA did not perform its own valuation services. Instead, the Debtor performed such services on HCMFA's behalf pursuant to that certain *Second Amended and Restated Shared Services Agreement* (the "SSA"), a true and correct copy of which is attached hereto at HCMFA Appx. 18 – 30. Indeed, all of the "Adviser Representatives" listed in the NAV Memo—Thomas Surgent, Frank Waterhouse, Jason Post, and Lauren Thedford—were employees of the Debtor, not HCMFA. As I testified during my deposition on November 4, 2021, the Fund's board of directors was well aware of the relationship between the Debtor and HCMFA, was well aware that all valuation staff were housed at the Debtor, and was well aware that all valuation activities were performed by the Debtor. The Fund and HCMFA relied on the Debtor, and the NAV Error, including the Debtor's involvement and responsibility, was a material part of board conversations for over a year.

7.     As described in more detail in the May 28, 2019 *Memo regarding Resolution of the Fund's Net Asset Value Error*, a copy of which is included in the Debtor's summary judgment appendix at pages 02979-02980,[1] the Fund was ultimately made whole through a $5,186,496 payment from HCMFA on February 15, 2019 and a $2,398,842 payment from HCMFA on May 2, 2019. I was fully aware of these issues at the time. I believed and understood that the Debtor was liable to HCMFA for causing or failing to prevent the NAV Error.

8.     Accordingly, on May 2, 2019, I directed the Debtor to transfer $2.4 million to HCMFA, and on May 3, 2019, I directed the Debtor to transfer $5 million to HCMFA. Shortly beforehand, I personally transferred funds to the Debtor to enable it to make these payments, as the Debtor lacked sufficient funds to compensate HCMFA. My transfer of funds to the Debtor

---

[1]     For the avoidance of doubt, both this memo and the other NAV Memo were prepared by employees of the Debtor acting under the SSA. HCMFA did not have its own legal and compliance officers at the time. HCMFA only employed portfolio managers and analysts as employees. All other staff functions were at the Debtor.

repaid a loan the Debtor had made to me. That repayment provided the Debtor with the liquidity for it to compensate HCMFA for the damages the Debtor caused and HCMFA paid in connection with the NAV Error. I did not intend for the Debtor to use the funds to make a loan to HCMFA. I believed it was appropriate for the Debtor to compensate HCMFA because the Debtor's employees caused or failed to prevent the NAV Error and because of the Debtor's duties under the SSA. As I testified during my deposition on November 4, 2021, transferring these funds from the Debtor to HCMFA to settle the fallout from the NAV Error was "a critical piece of putting the issue to bed."

9.      Thus, I instructed Waterhouse to transfer the foregoing funds from the Debtor to HCMFA. I never instructed or suggested to Waterhouse that these transfers represented loans from the Debtor to HCMFA or that these transfers be drawn up as loans. Waterhouse never asked me whether these transfers were loans or should be drawn up as such. To the extent that Waterhouse understood this to be the case, I never said anything to cause him to reach such an understanding. Nor, after that discussion with Waterhouse where I instructed him to make the transfers, did either he or anyone else at the Debtor or HCMFA follow up with me to ask whether the transfers were a loan or should be papered up as such, and no one either at HCMFA or the Debtor presented me with promissory notes to sign or otherwise presented me with any document for me to approve the Notes. The internal policies and procedures at the Debtor and HCMFA, as well as ordinary practice, required that loans in amounts such as $5 million and $2.4 million would go through the Debtor's legal department, which was also providing legal services to HCMFA under the SSA, and ultimately through me for my approval, neither of which happened to my understanding, knowledge, and/or recollection.

10.     Rather, unbeknownst to me at the time and until after litigation over the Notes started, HCMFA's accounting staff—who were also employees of the Debtor acting under the SSA—erroneously booked the $2.4 million and $5 million transfers from the Debtor to HCMFA as loans and erroneously papered promissory notes to reflect their incorrect understanding of the transfers. Likewise, it appears these same individuals erroneously caused the Debtor and HCMFA to reflect these transfers as loans on various financial statements and disclosures. But I was not aware of these errors until this litigation commenced. Prior to the Debtor's demand to pay these Notes until shortly before this litigation commenced, no one at the Debtor or HCMFA informed me of the Notes. To the extent that I saw any books and records or other financial documents of the Debtor or HCMFA prior to that, I would not have noticed the Notes so as to raise an issue. This is because, prior to the Notes in question, HCMFA issued two other promissory notes to the Debtor, in similar amounts, the dates of collection on which were extended through May 2021. Thus, if I saw any such records or documents, I would have naturally assumed that any reference of promissory notes from the Debtor to HCMFA was referring to these prior two notes and not the Notes in question.

11.     To be clear, my intent, both as the person who controlled HCMFA and the person who controlled the Debtor, was for these transfers ($5 million and $2.4 million) to constitute compensation from the Debtor to HCMFA, not loans. Indeed, as Waterhouse informed me in early May 2019, the Debtor did not have the funds to make these transfers. Thus, I personally paid most if not all of the $7.4 million into the Debtor at about that time to enable the Debtor to make the transfers to HCMFA, again under the belief and understanding that the Debtor would use these funds to compensate HCMFA for the NAV Error and not as a loan to HCMFA.

HCMFA Appx. 5
23-10911.43804

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on January _17_, 2022.

_____
James Dondero

# TAB 35
## APPELLANTS' RECORD EXCERPTS

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**Attorneys for James Dondero, Nancy Dondero,
Highland Capital Management Services, Inc. and
NexPoint Real Estate Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND THE** | § | |
| **DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

**App. 2**

23-10911.74580

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03004-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,** | § § § § | |
| **Defendant.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § | |
| **Defendants.** | § § | |

**App. 3**

<u>**DECLARATION OF JAMES DONDERO**</u>

I, James Dondero, hereby swear under oath and penalty of perjury pursuant to the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

1.      My name is James Dondero.  I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to give this Declaration.  I have personal knowledge of the facts stated in this Declaration.

**A.      Background.**

2.      I am currently a named Defendant in Adversary Proceedings No. 21-03003-sgj, 21-03005-sgj, 21-03006-sgj, and 21-03007-sgj.  I have personal knowledge of the facts contained in this declaration, and if called as a witness to testify, I could and would do so competently.

3.      I co-founded Highland Capital Management, L.P. ("HCM") in the year 2000, and have been working in the financial services industry for over thirty (30) years.  I served as HCM's President and Chief Executive Officer until my resignation on January 9, 2020.

4.      Along with having served as CEO for HCM, I have also served as a high-level executive and controlling portfolio manager for NexPoint Advisors, L.P. ("NexPoint"), HCRE Partners, LLC ("HCRE"), Highland Capital Management Services, Inc. ("HCMS"), and Highland Capital Management Fund Advisors, L.P. ("HCMFA").  I have spent years of service to these companies as a chief executive, and am familiar with each company's internal management and operational structures and procedures.

**B.      The Promissory Notes.**

     **1.      HCM Issued Three (3) Notes to Me.**

**App. 4**

5.       On February 2, 2018, I borrowed money from HCM and entered into a promissory note with HCM in the amount of $3,825,000.00 (the "February 2018 Note").[1]  The February 2018 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.66%, to be calculated at a daily rate equal to 1/365[th] per annum.  On its original terms, the February 2018 Note was a payable on demand by HCM, and was subject to an acceleration clause. This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note, and was made, as indicated in the promissory note, to help satisfy personal tax obligations.

6.       On August 1, 2018, I borrowed money from HCM and entered into a promissory note with HCM in the amount of $2,500,000 (the "August 1, 2018 Note").[2]  The August 1, 2018 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.95%, to be calculated at a daily rate equal to 1/365[th] per annum.  On its original terms, the August 2018 Note was payable upon demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note, which was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.

7.       On August 13, 2018, I borrowed money from HCM and entered into a promissory note with HCM in the amount of $2,500,000 (the "August 13, 2018 Note").[3]  The August 13, 2018

---

[1] Pl. Appx. 00678-679.
[2] *Id.* at 00681-682.
[3] *Id.* at 00684-685.

**App. 5**

Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.95%, to be calculated at a daily rate equal to 1/365[th] per annum.  On its original terms, the August 2018 Note was payable upon demand by HCM and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.

>    **2.      HCM Issued one (1) Term Note to NexPoint.**

8.      On May 31, 2017, NexPoint borrowed money from HCM and entered into a promissory note with HCM in the amount of $30,746,812.33 (the "NexPoint Term Note").[4]  The NexPoint Term Note bore an interest rate of 6%, to be calculated at a daily rate equal to 1/365[th] per annum.  The NexPoint Term Note was due in thirty (30) equal annual payments, due by the 31st day of December of each calendar year, with the final payment being due on December 31, 2047.  This Term Note is paid current.  The NexPoint Term Note allowed for prepayment, and was also subject to an acceleration clause upon failure to pay any installment as it became due.  The purpose of the NexPoint Term Note was in-part to consolidate several prior notes made between NexPoint Advisors, L.P. and HCM.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.  This promissory note was also ambiguous with respect to the prepayment of future interest and the application of any

---

[4] *Id.* at 00042-43.

prepayment between accrued interest, future interest, and principal, and it did not contain any provision concerning what the impact of prepayments would be on future scheduled payments.

### 3.    HCM Issued Five (5) Notes to HCRE.

9.    On November 27, 2013, HCRE borrowed money from HCM and entered into a promissory note with HCM in the amount of $100,000 (the "November 27, 2013 Note").[5]  The November 27, 2013 Note bore an interest rate of 8%, to be calculated at a daily rate equal to 1/365[th] per annum.  On its original terms, the November 27, 2013 Note was payable on demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

10.    On May 31, 2017, HCRE borrowed money from HCM and entered into a promissory note with HCM in the amount of $6,059,831.51 (the "HCRE Term Note").[6]  The HCRE Term Note bore an interest rate of 8%, to be calculated at a daily rate equal to 1/365[th] per annum.  The HCRE Term Note was due in thirty (30) equal annual payments, due the 31st day of December of each calendar year, with the final payment being due on December 31, 2047.  The HCRE Term Note allowed for prepayment, and was also subject to an acceleration clause upon failure to pay any installment as it became due.  The purpose of the HCRE Term Note was made in-part to consolidate several prior notes made between HCRE Partners, LLC, and HCM.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was

---

[5] *Id.* at 00202-203.
[6] *Id.* at 00218-219.

**App. 7**

ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note. Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

11.    On October 12, 2017, HCRE borrowed money from HCM and entered into a promissory note with HCM in the amount of $2,500,000 (the "October 12, 2017 Note").[7]  The October 12, 2017 Note bore an interest rate of 8%, to be calculated at a daily rate equal to $1/365^{th}$ per annum. On its original terms, the October 12, 2017 Note was payable on demand by HCM, and was subject to an acceleration clause. This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note. Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

12.    On October 15, 2018, HCRE borrowed money from HCM and entered into a promissory note with HCM in the amount of $750,000 (the "October 15, 2018 Note").[8]  The October 15, 2018 Note bore an interest rate of 8%, to be calculated at a daily rate equal to $1/365^{th}$ per annum. On its original terms, the October 15, 2018 Note was payable on demand by HCM, and was subject to an acceleration clause. This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note. Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

---

[7] *Id.* at 00205-206.
[8] *Id.* at 00208-209.

**App. 8**

13.     On September 25, 2019, HCRE borrowed money from HCM and entered into a promissory note with HCM in the amount of $900,000 (the "September 25, 2019 Note").[9]  The September 25, 2019 Note bore an interest rate of 8%, to be calculated at a daily rate equal to 1/365[th] per annum.  On its original terms, the September 25, 2019 Note was payable on demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

**4.     HCM Issued five (5) Notes to HCMS.**

14.     On March 28, 2018, HCMS borrowed money from HCM and entered into a promissory note with HCM in the amount of $150,000.00 (the "March 28, 2018 Note").[10]  The March 28, 2018 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.88%, to be calculated at a daily rate equal to 1/365[th] per annum.  On its original terms, the March 28, 2018 Note was payable upon demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

---

[9] *Id.* at 00211-212.
[10] *Id.* at 00118-119.

15.     On June 25, 2018, HCMS borrowed money from HCM and entered into a promissory note with HCM in the amount of $200,000.00 (the "June 25, 2018 Note").[11]  The June 25, 2018 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 3.05%, to be calculated at a daily rate equal to $1/365^{th}$ per annum.  On its original terms, the June 25, 2018 Note was payable upon demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

16.     On May 29, 2019, HCMS borrowed money from HCM and entered into a promissory note with HCM in the amount of $400,000.00 (the "May 29, 2019 Note").[12]  The May 29, 2019 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.39%, to be calculated at a daily rate equal to $1/365^{th}$ per annum.  On its original terms, the June 25, 2018 Note was payable upon demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

---

[11] *Id.* at 00121-122.
[12] *Id.* at 00124-125.

**App. 10**

17.    On June 26, 2019, HCMS borrowed money from HCM and entered into a promissory note with HCM in the amount of $150,000.00 (the "June 26, 2019 Note").[13]   The June 26, 2019 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.37%, to be calculated at a daily rate equal to $1/365^{th}$ per annum.   On its original terms, the June 26, 2019 Note was payable upon demand by HCM, and was subject to an acceleration clause.   This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.   Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

18.    On May 31, 2017, HCMS borrowed money from HCM and entered into a promissory note with HCM in the amount of $20,247,628.02 (the "HCMS Term Note").[14]   The HCMS Term Note bore an interest rate of 8%, to be calculated at a daily rate equal to $1/365^{th}$ per annum.   The HCMS Term Note was due in thirty (30) equal annual payments, due the 31st day of December of each calendar year, with the final payment being due on December 31, 2047.   This Term Note has been paid current.   This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note.   Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.   This promissory note was also ambiguous with respect to the prepayment of future interest and the application of any prepayment between accrued interest, future interest, and principal, and it did not contain any

---

[13] *Id.* at 00127-128.
[14] *Id.* at 00134-135.

**App. 11**

provision concerning what the impact of prepayments would be on future scheduled payments. Attached to this Declaration as "Exhibit A" is an amortization table showing payments made on the HCMS Term Note, which was kept in the normal and ordinary course of business and made by someone with knowledge of the payments at the time it was created.

## C.    Dugaboy, as the "Majority Interest" Approved Compensation.

19.    HCM was formed as a limited partnership under the laws of the State of Delaware, and was governed by a Limited Partnership Agreement ("LPA").[15]  The LPA was entered into on December 24, 2015, between Strand Advisors, Inc. (the General Partner), and the following Limited Partners:

> (1)    The Dugaboy Investment Trust ("Dugaboy"),
>
> (2)    The Mark and Pamela Okada Family Trust – Exempt Trust #1,
>
> (3)    The Mark and Pamela Okada Family Trust – Exempt Trust #2, and
>
> (4)    Mark Okada.[16]

20.    Pursuant to the LPA – specifically in Section 3.10(a) –HCM's "Majority Interest[-holder]" was entitled to approve the compensation of HCM's General Partner and any "Affiliate" of the General Partner.[17]  The LPA defines the Majority Interest as "the owners of more than fifty percent (50%) of the Percentage Interests of Class A Limited Partners."[18]  The Dugaboy Family Trust ("Dugaboy") represented the Majority Interest of the Limited Partners, owning a 74.4426% interest of the Limited Partners Class A Interest.[19]

---

[15] *Id.* at 00606-641.
[16] *Id.* at 00636-638.
[17] *Id.* at 00622.
[18] *Id.* at 00612.
[19] *Id.* at 00639.

**App. 12**

21.     My sister Nancy Dondero has served as the Dugaboy Family Trustee since her appointment in 2015.  Attached as "Exhibit B" is a copy of Nancy Dondero's Acceptance of Appointment of Family Trustee for the Dugaboy Family Trust effective October 14, 2015, a record which was kept in the ordinary course of business and made by someone with knowledge of the appointment.  Prior to Nancy Dondero's service, Grant Scott served as Dugaboy Family Trustee until October 12, 2015.  Grant Scott's resignation letter is contained within Exhibit B.  Prior to Grant Scott's service as Dugaboy Family Trustee, I personally served as Dugaboy Family Trustee until my resignation on August 26, 2015.  Attached as "Exhibit C" is  proof of my service as Family Trustee for the Dugaboy Family Trust and my subsequent resignation prior to Grant Scott's appointment, a record which was kept in the ordinary course of business and made by someone with knowledge of the document..  .

**D.     Dugaboy Agreed That HCM Would Not Collect on the Notes Upon Fulfillment of Conditions Subsequent, Making the Notes Potentially Deferred Compensation.**

22.     Based on my years of experience in working in Private Equity, I am familiar with the compensation structure of similarly situated Private Equity firms.  Based on this experience, I am also very familiar with the compensation structure of other similarly situated executives like myself.

23.     At HCM, as at other comparable capital investment firms, it was common practice to compensate executives with forgivable loans.  My compensation was no exception to this practice.   In fact, I was undercompensated in my position compared to similarly-situated contemporaries in my field.   I know that several other individuals may have received loans by HCM that were forgiven.  These individuals include Mike Hurley, Tim Lawler, Pat Daugherty, Jack Yang, Paul Adkins, Gibran Mahmud, Jean-Luc Eberlin, and Appu Mundassery and this was also a common practice and another company in which I have an interest, NexBank Capital, Inc.

**App. 13**

24.     At either the end of 2017 or the beginning of 2018, Dugaboy – through Nancy Dondero – entered into a verbal agreement (the "2017 Agreement") with myself that HCM would not collect on any of the aforementioned Notes issued in 2017 if certain events occurred. Specifically, if one of specific portfolio companies – either MGM, Cornerstone, or Trussway – were sold for above cost, or sold in a circumstance outside of my control, HCM agreed that the Notes would be forgiven.  In late 2013 or early 2014, the Dugaboy Family Trustee had made an identical agreement that applied to the November 27, 2013 Note.  The Agreement assured HCM that the monetization of these portfolio companies would have my utmost focus and attention, and served as an incentive for me to work particularly hard to make sure these assets were successful. Further, this agreement provided the additional benefit to HCM of not increasing my base salary, which I normally would have requested and obtained.  However, reaching this agreement made my compensation conditional on performance, and ensured that HCM would not immediately realize a change in its financial position through an increase in my salary, something I had the right to increase.

25.     At either the end of 2018 or the beginning of 2019, Dugaboy and I entered into another agreement that was identical to the Agreement made in the preceding year (the "2018 Agreement").  This 2018 Agreement covered all the Notes at issue in this litigation that were issued in 2018.  The 2018 Agreement provided the same benefits to the HCM as the 2017 Agreement.

26.     At either the end of 2019 or the beginning of 2020 (prior to January 9, 2020), Dugaboy and I entered into another agreement that was identical to the 2018 Agreement (the "2019 Agreement").  Again, the 2019 Agreement applied to all the Notes at issue in this litigation that were issued in 2019.  The 2019 Agreement provided the same benefits to HCM as the 2018 and 2017 Agreements.  Collectively, the 2017, 2018, and 2019 Agreements are referred to herein as

11

**App. 14**

the "Agreements."  I understand that Plaintiff claims in its Motion that Nancy Dondero and I do not agree about whether I identified the Notes subject to the Agreements. Despite unclear questioning at my deposition, I testified that I identified the Notes that were subject to the Agreements when entering into the Agreements (which is how Nancy Dondero was aware that they involved the different companies) and I specifically remember discussing and identifying the Notes to Nancy Dondero.

27.    In my years of experience in this industry, and experience working with financial auditors, although the Agreements were not disclosed to the financial auditors at HCM, such a disclosure was not necessary since it would not be considered material.  When compared to the considerable size of HCM's assets, the Agreement on such small comparative Notes was *de minimus* when viewed in light of such large assets.  Therefore, the Agreement was non-material and did not require disclosure.

28.    Prior to the commencement of any Adversary Proceedings concerning the Notes, I mentioned to Frank Waterhouse that there were mechanisms in place for forgiving the Notes, or for having them considered as compensation and not being an asset to the Debtor's estate.  This came up in the context of discussing what we called the "Pot Plan" discussion for resolving the bankruptcy. I did not discuss every detail of the Agreements, because the important point was that he was made aware that the Notes should be considered as part of my compensation in connection with a resolution of the bankruptcy.  By that time there was a great likelihood that some or all of the portfolio companies would be able to be sold for far more that their acquisition price.

29.    Further, opposing counsel was alerted on February 1, 2021 that one of the defenses in this litigation was that the Notes were subject to forgiveness as potential compensation.  In a letter from my one of my attorneys– to opposing counsel at Pachulski Stang Ziehl & Jones, LLP,

**App. 15**

the late retired Bankruptcy Judge Lynn, my lead counsel, made that disclosure.  A true and correct

copy of this letter is attached to this Declaration as "Exhibit D."

**E.      The Agreements Were Made in Good Faith.**

30.      The Agreements made between myself and Dugaboy were all entered into in good

faith.  At no point in time were any of these Agreements made with the intent to hinder or defraud

HCM as payee.  Dugaboy had the right to approve my compensation under the LPA, and it was

exercising that right when it agreed to make the Notes forgivable as compensation, provided that

I performed successfully as a HCM executive and made sure that the aforementioned illiquid assets

were sold for at-or-above cost.

**F.      HCM Waived Any Rights to Collect on the Notes When Dugaboy Made the
          Agreements.**

31.      When the Agreements were made, HCM waived any rights it had to demand

repayment of the demand Notes until it became impossible for the condition subsequent to be met.

However, I still intended to make periodic interest payments because I understood that until

forgiveness actually occurred, the notes were still bona fide notes. Also, making periodic payments

kept the Notes from becoming unreasonably large in the event the conditions for forgiveness did

not come to pass.  The term loans had requirements for interest payments to be made until the

conditions for forgiveness were met, which, as discussed below, were met.

**G.      Under its Shared Services Agreement with NexPoint, HCM was Responsible for the
          NexPoint Term Note Payments Being Made.**

32.      NexPoint and HCM entered into a written Shared Services Agreement (the

"NexPoint SSA") on January 1, 2018, in which HCM provided a broad array of services to

NexPoint, and essentially covered all functional areas of NexPoint's business other than executive

**App. 16**

and investment functions.[20]    In my experience, these types of shared services agreements are common in my industry, and exist to help consolidate function and manpower between a large entity (like HCM) and smaller entities (like NexPoint) that share overlapping ownership structures.

33.    The NexPoint SSA outlined multiple areas in which HCM would provide services for NexPoint, which resulted in HCM providing virtually the entire workforce for NexPoint's business.  Among the areas of services provided under the NexPoint SSA, HCM provided services for NexPoint's back- and middle-office divisions, legal compliance and risk divisions, tax division, administrative services division, management of NexPoint's clients and accounts, and many other divisions.[21]    Again, this type of shared services agreement covering these types of services is common in the private equity market where ownership overlaps.

34.    The result of this shared services agreement was that HCM was responsible for making debt payments on behalf of NexPoint – considered a "back and middle office" task – which included making payments on the NexPoint Term Note.  In fact, HCM made the NexPoint Term Note payments – consistent with the SSA, which specifically provided that HCM would make payments to creditors – on December 31 of 2017, 2018, and 2019, without any specific authorization or permission from any of the makers.

35.    Although HCM sought to provide notice of termination of the NexPoint SSA in November of 2020, that termination date was subsequently extended and the SSA was still active and in full effect as of December 31, 2020, the date on which the 2020 annual installment payment was due.  The letters providing for the subsequent extension of the NexPoint SSA is attached to this Declaration as "Exhibit E"[22]    Because HCM was still responsible for making these types of

---

[20] *Id.* at 04163-04181.
[21] *Id.* at 04165-04167, NexPoint SSA, Section 2.02 "Provision of Services" (a-l).
[22] See attached Exhibit B, (Letters confirming Jim Dondero's resignation as Dugaboy Family Trustee, and the appointment of Nancy Dondero as Dugaboy Family Trustee)

payments for NexPoint at that time under the active SSA, HCM was responsible for missing that payment.  The fact that HCM did not make that payment – as it had done in previous years – was surprising to me, since I never at any point directed Frank Waterhouse to cease making term payments on any Note.  In fact, I fully expected HCM's accounting staff to continue making scheduled payments on the NexPoint Note, since the SSA was still in place.  The only thing I instructed Frank Waterhouse to do was to pause payment to HCM regarding the NexPoint SSA because it came to light that NexPoint was being substantially overcharged and had already substantially overpaid.  I would not have instructed Frank Waterhouse to not make a $1.4 million installment payment on the NexPoint Term Note – which could result in a default – as the $1.4 million payment would be trivial compared to a note acceleration.

**H.    Under its Oral Shared Services Agreement with HCRE, HCM was also Responsible for the HCRE Term Note Payments Being Made.**

36.    HCRE had a similar shared services agreement (the "HCRE SSA") with HCM that was established by oral agreement.  In my experience, shared services agreements are not always in written form, but established by oral agreement and patterns of conduct.  HCM provided the same type of services to HCRE as it did to NexPoint, and orally agreed to do so.  Similar to NexPoint, HCRE simply did not have the infrastructure or manpower to run its business without the HCRE SSA.  As such, HCM provided a comprehensive array of services to HCRE that included back- and middle-office tasks like making sure HCRE's bills and loans were timely paid.  This HCRE SSA was long-standing, as HCM had provided these comprehensive services to HCRE for years, and HCRE relied heavily on HCM to provide these services.

37.    HCM – despite having routinely paid on bills and notes for HCRE – did not make the December 31, 2020 payment on the HCRE Term Note.  At no point prior to that missed payment did I ever direct any person to terminate the HCRE SSA.  Further, at no point prior to

that missed payment did I ever direct anyone at HCM to miss or skip any payment on the HCRE

Term Note.  I fully expected HCM's accounting staff to continue providing these services and

making the scheduled payments on the HCRE Term Note.

**I.     Under its Oral Shared Services Agreement with HCMS, HCM was also Responsible for the HCMS Term Note Payments Being Made.**

38.     HCMS also had a similar shared services agreement (the "HCMS SSA") with

HCM that was established by oral agreement.  In my experience, shared services agreements are

not always in written form, but established by oral agreement and patterns of conduct.  HCM

provided the same type of services to HCMS as it did to NexPoint and HCRE, and orally agreed

to do so.  Similar to NexPoint and HCRE, HCMS simply did not have the infrastructure or

manpower to run its business without the HCMS SSA.  As such, HCM provided a comprehensive

array of services to HCMS that included back- and middle-office tasks like making sure HCMS's

bills and loans were timely paid.  This HCMS SSA was long-standing, as HCM had provided these

comprehensive services to HCMS for years, and HCMS relied heavily on HCM to provide these

services.

39.     HCM – despite having routinely paid on bills and notes for HCMS – did not make

the December 31, 2020 payment on the HCMS Term Note.  At no point prior to that missed

payment did I ever direct any person to terminate the HCMS SSA.  Further, at no point prior to

that missed payment did I ever direct anyone at HCM to miss or skip any payment on the HCMS

Term Note.  I fully expected HCM's accounting staff to continue providing these services and

making the scheduled payments on the HCMS Term Note.

**J.     Payments Were Made on the NexPoint, HCRE, and HCMS Term Notes to Cure Any Defaults.**

40.     I did not know that the NexPoint, HCRE, and HCMS Term Notes were in default

until I called Frank Waterhouse from an in-person hearing in January 2021.  I was surprised,

**App. 19**

angered, and annoyed to learn that such *de minimis* amounts had not been paid on the Term Notes to keep them current. After asking Frank Waterhouse what it would take to cure them and make them current, he informed me of the amounts required, and I instructed him to make sure the payments got made and that the Term Notes were cured. Much later I learned, discussed further below, that the NexPoint and HCMS loans had been substantially prepaid so that no payment was actually due in December 2021. HCM, which was responsible for keeping track of the status of the loan, did not remind me of the prepayments in December of 2020 or January of 2021. So I pressed Frank Waterhouse, who was HCM's CFO and had the ability and authority to speak on behalf of and bind HCM, to make the payments HCM should have made if it believed that end of year payments on the Term Notes were due in 2020, and he told me the amounts needed and proceeded to make the payments. I would not have caused these payments to be made if Frank Waterhouse disagreed and told me that the payments would not cure and reinstate the loans.

41.    As a result of my conversation with Frank Waterhouse, I therefore believed that the Term Notes would be cured by the payments I directed Frank Waterhouse to make. Surely if the payments would not have cured the loans, he -- the lender's CFO -- would have told me that before making the payments. I could not have been clearer that I was flabbergasted that the payments had not been made and wanted the payment to be made as soon as possible to bring the loans current. I specifically discussed with Frank Waterhouse – HCM's CFO at the time – that I wanted these payments to act as cure payments for all three Term Notes. Waterhouse did not disagree with me that the payments would cure the missed payments, and he agreed to make the cure payments. However, HCM refused to accept the payments as cure for the defaults.

### K.    Prepayments by NexPoint and HCMS.

CORE/3522697.0002/171867762.5

**App. 20**

42.    The HCMS and NexPoint Term Notes called for annual payments to be made by December 31 of every calendar year.  Not only did HCM make the required term payments, but I also instructed several prepayments to be made on these Notes throughout the years whenever HCM needed liquidity.  I understood that the prepayments I caused to be made on the Term Notes, when cash flow required, would be applied to the next scheduled annual payments if payments were not otherwise able to be made, and any reconciliations would be conducted by the HCM so that the borrowers would not be in default as a result of their voluntary prepayments for HCM's benefit.  I know that both NexPoint and HCMS made substantial prepayments on their term loans.

43.    Between March and August of 2019, the following prepayments were made on the NexPoint Term Note: (i) $750,000.00 on March 29, 2019; (ii) $1,300,000.00 on April 16, 2019; (iii) $300,000.00 on June 4, 2019; (iv) $2,100,000.00 on June 19, 2019; (v) $630,000.00 on July 9, 2019; and (vi) $1,300,000.00 on August 13, 2019.  These payments totaled $6,380,000.00 in 2019.  Setting aside all issues of prepayment, the normal December, 2019 payment of principal and interest on the NexPoint Term Note would have been $2,273,970.54, leaving $4,106,029.46 remaining to apply as prepayments on the Note.

44.    I know that none of the payments listed above were scheduled payments, but rather, they were payments made upon request from HCM because it needed the liquid funds.  Both NexPoint and HCM intended for these payments to count as prepayments on the NexPoint Note to be applied to the December 31, 2020 annual installment payment.

45.    Similar to NexPoint, HCMS made substantial prepayments towards the HCMS Term Note between May of 2017 and December of 2020.  In fact, the prepayments were so large that the HCMS Term Note's principal was paid down by almost $14,000,000.  In that timeframe, the following prepayments were made on the HCMS Term Note: (i) $985,216.44 on June 23, 2017;

(ii) $907,296.25 on July 6, 2017; (iii) $1,031,463.70 on July 18, 2017; (iv) $1,971,260.13 on

August 25, 2017; (v) $1,500,000.00 on December 21, 2017; (vi) $160,665.94 on May 31, 2018;

(vii) $1,000,000.00 on October 8, 2018; (viii) $1,015,000.00 on May 5, 2019; (ix) $550,000.00 on

August 9, 2019; (x) $5,600,000.00 on August 21, 2019; and (xi) $65,360.49 on December 30,

2019.

46.    Similar to the NexPoint Term Note prepayments, none of these payments were

made on December 31 of any given year, nor were any of these payments made on arrears.  Instead,

these payments were intended by HCMS to be applied to the annual installment payments, and

were believed to be accepted as such, since HCM never declared the HCMS Term Note to be in

default in either 2017, 2018, or 2019.

**L.    Sale of Shares of MGM.**

47.    I understand that Plaintiff raises the issue of a sale of Plaintiff's interest in MGM in

its Motion. This sale of a small portion of Plaintiff's interest in MGM would not have implicated

the Agreements because it was for a *de minimis* amount of MGM stock and was only necessitated

as a result of the UCC not being willing to cooperate in a transaction as part of the bankruptcy

process that was agreed to by all of the other participants.

**App. 22**

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 20, 2022

_____
JAMES DONDERO

CORE/3522697.0002/171867762.5

**App. 23**

23-10911.74601

# TAB 36
## APPELLANTS' RECORD EXCERPTS

Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant Highland Capital*
*Management Fund Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re | § | |
| | § | **Case No. 19-34054-sgj11** |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 21-03082** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.** | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JAMES DONDERO

     I, James Dondero, hereby swear under oath and penalty of perjury pursuant to the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

     1.     My name is James Dondero.  I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to give this Declaration.  I have personal knowledge of the facts stated in this Declaration.

**A.    Background.**

     2.     I am currently a named Defendant in Adversary Proceedings No. 21-03003-sgj, 21-03005-sgj, 21-03006-sgj, and 21-03007-sgj, and am a fact witness in this particular Adversary Proceeding.  I have personal knowledge of the facts contained in this Declaration, and if called as a witness to testify, I could and would do so competently.

     3.     I co-founded Highland Capital Management, L.P. ("HCM") in the year 1993, and have been working in the financial services industry ("Private Equity") for over thirty (30) years. I served as HCM's President and Chief Executive Officer until my resignation on January 9, 2020.

     4.     Along with having served as CEO for HCM, I have also served as a high-level executive and controlling portfolio manager for NexPoint Advisors, L.P. ("NexPoint"), HCRE Partners, LLC ("HCRE"), Highland Capital Management Services, Inc. ("HCMS"), and the named Defendant in this particular Adversary Proceeding, Highland Capital Management Fund Advisors, L.P. ("HCMFA").  I have spent years of service to these companies as a chief executive, and am familiar with each company's internal management and operational structures and procedures.

1

**App. 303**

B.      **The 2014 and 2016 Promissory Notes.**

1.      **HCM Issued One (1) Promissory Note to HCMFA in 2014.**

5.      On February 26, 2014, HCMFA borrowed money from HCM and entered into a promissory note with HCM in the amount of $4,000,000.00 (the "2014 Note").[1] The 2014 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 1.97%, to be calculated at a daily rate equal to 1/365th per annum.  On its original terms, the 2014 Note was payable on demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that were not specified in the promissory note. Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

2.      **HCM Issued One (1) Note to HCMFA in 2016.**

6.      On February 26, 2016, HCMFA borrowed money from HCM and entered into a promissory note with HCM in the amount of $2,300,000.00 (the "2016 Note," and together with the 2014 Note, the "Notes").[2] The 2016 Note bore an interest rate equal to the long-term applicable federal interest rate at the time of 2.64%, to be calculated at a daily rate equal to 1/365th per annum. On its original terms, the 2014 Note was payable on demand by HCM, and was subject to an acceleration clause.  This promissory note, unlike typical promissory notes, was a soft note that was made between friendly affiliates, was subject to renegotiation per its own terms, was not collateralized, and was ambiguous, taken as whole, because it referred to other agreements that

---

[1] Pl. Appx. 05029-31.
[2] *Id.* at 05032-34.

CORE/3522697.0002/174810087.4                                                                                      **App. 304**

were not specified in the promissory note.  Additionally, unlike typical promissory notes of this nature, there was no personal guaranty supporting this promissory note.

**C.**    **Dugaboy, as the "Majority Interest" Approved Compensation.**

7.    HCM was formed as a limited partnership under the laws of the State of Delaware, and was governed by a Limited Partnership Agreement ("LPA").[3]  The LPA was entered into on December 24, 2015, between Strand Advisors, Inc. (the General Partner), and the following Class A Limited Partners:

(1)    The Dugaboy Investment Trust ("Dugaboy"),

(2)    The Mark and Pamela Okada Family Trust – Exempt Trust #1,

(3)    The Mark and Pamela Okada Family Trust – Exempt Trust #2, and

(4)    Mark Okada.[4]

8.    Pursuant to the LPA – specifically in Section 3.10(a) –HCM's "Majority Interest[-holder]" was entitled to approve the compensation of HCM's General Partner and any "Affiliate" of the General Partner.[5]  The LPA defines the Majority Interest as "the owners of more than fifty percent (50%) of the Percentage Interests of Class A Limited Partners."[6]  The Dugaboy Family Trust ("Dugaboy") represented the Majority Interest of the Limited Partners, owning a 74.4426% interest of the Limited Partners Class A Interest.[7]

9.    My sister Nancy Dondero has served as the Dugaboy Family Trustee since her appointment in 2015.  Attached as "Exhibit A" is a copy of Nancy Dondero's Acceptance of Appointment of Family Trustee for the Dugaboy Family Trust effective October 14, 2015, a record

---

[3] *Id.* at 00606-641.
[4] *Id.* at 00636-638.
[5] *Id.* at 00622.
[6] *Id.* at 00612.
[7] *Id.* at 00639.

**App. 305**

which was kept in the ordinary course of business and made by someone with knowledge of the appointment.  Prior to Nancy Dondero's service, Grant Scott served as Dugaboy Family Trustee until October 12, 2015.  Grant Scott's resignation letter is contained within Exhibit A.  Prior to Grant Scott's service as Dugaboy Family Trustee, I personally served as Dugaboy Family Trustee until my resignation on August 26, 2015.  Attached as "Exhibit B" is proof of my service as Family Trustee for the Dugaboy Family Trust and my subsequent resignation prior to Grant Scott's appointment, a record which was kept in the ordinary course of business and made by someone with knowledge of the document.

**D.     Dugaboy Agreed That HCM Would Not Collect on the Notes Upon Fulfillment of Conditions Subsequent, Making the Notes Potentially Deferred Compensation.**

10.     Based on my years of experience in working in private equity, I am familiar with the compensation structure of similarly situated private equity firms.  Based on this experience, I am also very familiar with the compensation structure of similarly situated executives.

11.     At HCM, as at other comparable firms, it was common practice to compensate executives with forgivable loans.  My compensation was no exception to this practice.  In fact, I was undercompensated in my position compared to similarly-situated contemporaries in my field.  I know that several other individuals may have received loans by HCM that were forgiven.  These individuals include Michiel Hurley, Tim Lawler, Pat Daugherty, Jack Yang, Paul Adkins, Gibran Mahmud, Jean-Luc Eberlin, and Appu Mundassery and this was also a common practice and another company in which I have an interest, NexBank Capital, Inc.

12.     Regarding the loan forgiven to Michiel Hurley, Hurley founded and was an executive employee of Incline Capital, LLC ("Incline"), which was the advisor for a 1940 Act Mutual Fund (the "Fund").  In May of 2011, Incline agreed to transfer its advisory contract for the Fund to HCMFA and stay on to sub-advise the Fund for HCMFA.  Incline was ultimately advanced

funds from HCMFA as an advance on fees that I believed would be earned by Incline in the future. In 2013, I – on behalf of HCMFA – agreed to forgive this debt that was owed by Incline to HCMFA. At that time, the debt owed to HCMFA by Incline was approximately $435,000. This debt was forgiven with the intent to benefit Hurley personally for the value of the services he provided through Incline.

13.     At either the end of 2014 or the beginning of 2015, I – acting on behalf of Dugaboy for HCM and also on behalf of HCMFA – entered into an agreement (the "2014 Agreement") that HCM would not collect on the 2014 Note if certain events occurred. Specifically, if one of three portfolio companies – either MGM, Cornerstone, or Trussway – were sold for above cost, or sold in a circumstance outside of my control, HCM agreed that the 2014 Note would be forgiven. The Agreement assured HCM that the monetization of these portfolio companies would have my utmost focus and attention, and served as an incentive for me to work particularly hard to make sure these assets were successful. Further, this agreement provided the additional benefit to HCM of not increasing my base salary, which I normally would have requested and obtained. However, reaching this agreement made my compensation conditional on performance, and ensured that HCM would not immediately realize a change in its financial position through an increase in my salary, something I had the right to increase.

14.     I understand that Plaintiff takes issue with the fact that I recently remembered that I was actually the Dugaboy Trustee when the 2014 Agreement was made, characterizing my recollection as some kind of last-second surprise revelation. I simply did not think about the exact time frame during which I was the Dugaboy Trustee until around the time of my deposition on May 5, 2022 – about seven years after the 2014 Agreement was made.

5

15.     At either the end of 2016 or the beginning of 2017, Nancy Dondero – on behalf of
HCM because she was the Dugaboy Trustee at that time – and myself on behalf of HCMFA,
entered into another agreement that was identical to the 2014 Agreement, and applied to the 2016
Note (the "2016 Agreement," and together with the 2014 Agreement, the "Agreements").  The
2016 Agreement provided the same benefits to the HCM as the 2014 Agreement.  I described the
2014 Agreement to Nancy when we discussed the 2016 Agreement.

16.     In my years of experience in this industry, and experience working with financial
auditors, although the Agreements were not disclosed to the financial auditors at HCM, such a
disclosure was not necessary since it would not be considered material.  When compared to the
considerable size of HCM's assets, the Agreements regarding such small obligations would have
a *de minimus* impact when viewed in light of such large assets.  Therefore, the Agreements were
non-material and did not require disclosure.  Once HCMFA was aware that an event triggering
forgiveness had occurred, in March of 2022, the HCMFA financials were modified to note the sale
of MGM to Amazon, its impact, and the dispute with Plaintiff-Debtor over the forgiveness.

**E.     The Agreements Were Never Kept Secret.**

17.     Prior to the commencement of any Adversary Proceedings concerning the Notes, I
mentioned to Frank Waterhouse that there were mechanisms in place for forgiving the Notes, or
for having them considered as compensation and not being an asset to the Debtor's estate.  This
came up in the context of discussing what we called the "Pot Plan" discussion for resolving the
bankruptcy. I did not discuss every detail of the Agreements, because the important point was that
he was made aware that the Notes should be considered as part of my compensation in connection
with a resolution of the bankruptcy.  By that time there was a great likelihood that some or all of
the portfolio companies would be able to be sold for far more that their acquisition price.

6

**App. 308**

18.     Further, opposing counsel was alerted on February 1, 2021 that one of the defenses in this litigation was that the Notes were subject to forgiveness as potential compensation.  In a letter from my one of my attorneys– to opposing counsel at Pachulski Stang Ziehl & Jones, LLP, the late retired Bankruptcy Judge Lynn, my lead counsel, made that disclosure.  A true and correct copy of this letter is attached to this Declaration as "Exhibit C."

19.     Finally, I filed Proof of Claim #188 on May 26, 2020 – well before this or any other Adversary Proceeding regarding promissory notes was initiated – that provided in "Schedule A" notice to the world that the Notes at issue in this and the other adversary proceedings concerning notes were potentially forgivable as compensation to me.   Schedule A is attached to this Declaration as "Exhibit D."  While POC #188 was eventually withdrawn, I understand that it and Schedule A remains to this day publicly available to the Plaintiff-Debtor, the Court, and really, to anyone.

**E.      The Agreements Were Made in Good Faith.**

20.     The Agreements made between myself and Dugaboy were all entered into in good faith.  At no point in time were any of these Agreements made with the intent to hinder or defraud HCM as payee.  Dugaboy had the right to approve my compensation under the LPA, and it was exercising that right when it agreed to make the Notes forgivable as compensation, provided that I performed successfully as a HCM executive and made sure that the illiquid portfolio company assets were sold for at-or-above cost.

**F.      HCM Waived Any Rights to Collect on the Notes When Dugaboy Made the Agreements.**

21.     When the Agreements were made, HCM waived any rights it had to demand repayment of the demand Notes until it became impossible for the condition subsequent to be met.  However, I still intended to make periodic interest payments because I understood that until

**App. 309**

forgiveness actually occurred, the notes were still bona fide notes. Also, making periodic payments kept the Notes from becoming unreasonably large in the event the conditions for forgiveness did not come to pass. In addition, I was always watchful that HCM had the funds it needed for its operations and obligations. Therefore, even when it was not necessary for payments to be made, I would cause payments to be made on the Notes for HCM's benefit.

**G.      Sale of Shares of MGM.**

22.      I understand that Plaintiff raises in its Motion one or more issues concerning sales of Plaintiff's interests in MGM. Initially, a small portion of HCM's interest in MGM was sold in November or 2019. I understand that Plaintiff complains that I did not declare the Notes forgiven after this small sale was made. However, this sale of a small portion of Plaintiff's interest in MGM would not have implicated the Agreements because it was for a *de minimis* amount of MGM stock and was only necessitated as a result of the UCC not being willing to cooperate in a transaction as part of the bankruptcy process that was agreed to by all of the other participants.

23.      Later, in March of 2022, the MGM was sold to Amazon, monetizing the entirety of HCM's interest in MGM. As opposed to the previous 2019 sale of HCM's interest in MGM, as noted above, I considered this sale in 2022 to trigger forgiveness of the Notes. The forgiveness of the Notes is reflected on HCMFA's April 2022 vs. March 2022 balance sheet, attached to my Declaration as "Exhibit E." In fact, the balance sheet contains a footnote relating to the alleged amount owed to HCM – the value of the Notes – reading "[a]s of 3/17/2022, the 2/26/2014 and 2/26/2016 notes were discharged due to a portfolio company sale, however, due to active litigation with HCMLP, the note(s) are still reflected on the balance sheet." I considered this to be an acknowledgment by HCMFA that a triggering event had occurred – the sale of MGM – and that the Notes should now be considered forgiven.

## H.    The LPA Did Not Prohibit the Agreements.

24.    I understand that Plaintiff also argues that the LPA prohibits deferred compensation agreements like the Agreements at issue here.  Specifically, I understand Plaintiff argues that the Agreements were not authorized under the LPA because (1) Dugaboy was not authorized to "execute" the Agreements, (2) the Agreements were not in writing, and (3) the Agreements were not objectively fair.[8]

25.    I understand that Plaintiff cites to LPA Articles 3.10(a), 6.2, and 4.1(e)(ii) for its argument.  However, I have never understood § 3.10(a) to prohibit the Majority Interest from executing any compensation agreements it makes.  Further, § 6.2 of the LPA only requires that "[a]ny notice, demand, request, or report required or permitted to be given or made to a Partner under this [LPA] shall be in writing. . ."[9]  I have never understood § 6.2 to require any compensation agreements like the Agreements at issue to be in writing, as they are not "notice[s], demand[s], request[s], or report[s]" as contemplated by the LPA.  Also, Plaintiff cites to § 4.1(e)(ii) to support its fairness argument, but the LPA only requires "[a]ny service rendered for the Partnership. . . shall be on terms that are fair and reasonable for the Partnership."[10]  However, as discussed previously in this Declaration, I understand that the Agreements were fair and reasonable to HCM, because they were given in lieu of additional cash compensation and since the three portfolio companies received my utmost attention and efforts to maximize their performance.  According to my understanding of the LPA, it in no way prohibits the Agreements.

---

[8] Amended Complaint, ¶ 89.
[9] Pl. Ex. 30, 4th LPA, § 6.2, Pl. Appx. 00633.
[10] Pl. Ex. 30, 4th LPA, § 4.1(e)(ii), Pl. Appx. 00625.

**App. 311**

**I.  Any Prepayments Were Made for HCM's Benefit.**

26.    Even though neither the 2014 or the 2016 Notes required payment to be made before demand, I occasionally caused prepayments to be made on the Notes throughout the years whenever HCM needed liquidity. I made these voluntary prepayments to aid HCM so that HCM's liquidity could be maintained.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Dated: June ___, 2022

JAMES DONDERO

**App. 312**
23-10911.74890